1  Debbie P. Kirkpatrick, Esq. (CSB No. 207112)
   SESSIONS, FISHMAN & NATHAN IN CALIFORNIA, L.L.P.
2  3667 Voltaire Street
   San Diego, CA  92106
3  Telephone:     (619) 758-1891
4  Facsimile:     (619) 222-3667

5  Attorney for Defendant

6                    UNITED STATES DISTRICT COURT

7                   SOUTHERN DISTRICT OF CALIFORNIA

8  JAMES M. KINDER,                    )    Case No. 3:07-cv-02132-H-CAB
9                                      )
              Plaintiff,                )    ANSWER AND AFFIRMATIVE
10                                     )    DEFENSES
         -against-                      )
11                                     )
12 NATIONWIDE RECOVERY SYSTEMS, LTD.,  )
                                        )
13            Defendant.                )
   _____)
14

15       NOW INTO COURT, through undersigned counsel, comes defendant, Nationwide
16 Recovery Systems, Ltd. ("NRS"), which responds to the complaint filed by plaintiff, James
17 M. Kinder.  NRS respectfully shows as follows:

18                          **GENERAL ALLEGATIONS**

19       1.     NRS denies the allegations in ¶ 1 for lack of sufficient information to justify a
20 belief therein.

21       2.     NRS admits the allegations in ¶ 2.

22       3.     The allegations in ¶ 3 do not require an affirmative response.  To the extent
23 that plaintiff alleges any facts in ¶ 3, such facts are denied.  Further, NRS denies any liability
24 asserted in ¶ 3.

25       4.     The allegations in ¶ 4 do not require an affirmative response.  To the extent
26 that plaintiff alleges any facts in ¶ 4, such facts are denied.  Further, NRS denies any liability

27
28
                                           1
   Answer and Affirmative Defenses                         Case No. 3:07-cv-02132-H-CAB

asserted in ¶ 4.

## FIRST AND ONLY CAUSE OF ACTION
[Violation of Telephone Consumer Protection Act of 1991]

5. In response to ¶ 5, NRS incorporates by reference its admissions and denials.

6. In response to ¶ 6, NRS admits that plaintiff brings this action per the Telephone Consumer Protection Act of 1991 ("TCPA"), but denies any and all liability alleged in this lawsuit.

7. In response to ¶ 7, NRS asserts that the cited statute is the best evidence of the law. To the extent that plaintiff asserts any facts in ¶ 7, such facts are denied.

8. NRS denies the allegations in ¶ 8.

9. In response to ¶ 9, NRS asserts that the cited statute is the best evidence of the law. To the extent that plaintiff asserts any facts in ¶ 9, such facts are denied.

10. NRS denies the allegations in ¶ 10.

11. In response to ¶ 11, NRS asserts that the cited statute is the best evidence of the law. To the extent that plaintiff asserts any facts in ¶ 11, such facts are denied.

12. NRS denies the allegations in ¶ 12.

13. NRS denies the allegations in ¶ 13.

14. In response to the wherefore clause, NRS denies that plaintiff is entitled to the relief sought.

## AFFIRMATIVE DEFENSES

In further response to the complaint, NRS asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

At all times relating to this lawsuit, NRS and its employees acted in good faith. To the

extent that NRS violated the law in anyway, such violations were the result of a bona fide error.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's complaint should be dismissed because the various causes of action fail to state claims upon which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**

Assuming that plaintiff suffered any damages, plaintiff has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

**FOURTH AFFIRMATIVE DEFENSE**

Any harm suffered by plaintiff was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of NRS, or for whom NRS is not responsible or liable.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff lacks standing to assert the claims asserted and/or has no right of action against NRS for the claims asserted.

**SIXTH AFFIRMATIVE DEFENSE**

Due to plaintiff's "unclean hands," plaintiff is barred or equitably estopped from asserting the claims asserted.

**SEVENTH AFFIRMATIVE DEFENSE**

As applied to NRS, the TCPA is unconstitutionally vague and imposes unconstitutional damages.

WHEREFORE, defendant, NRS, respectfully requests that this answer be deemed good and sufficient, plaintiff's lawsuit be dismissed, with prejudice, at plaintiff's cost, and

1  pursuant to federal and state law, plaintiff be ordered to pay reasonable attorney's fees and
2  costs to NRS, and for all other general and equitable relief.

3  Dated: November 14, 2007                SESSIONS, FISHMAN & NATHAN IN
4                                          CALIFORNIA, LLP

5                                          _s/ Debbie P. Kirkpatrick_____
                                            Debbie P. Kirkpatrick
6                                           Attorney for Defendant
7                                           Nationwide Recovery Systems, Ltd.
                                            E-mail: dkirkpatrick@sessions-law.biz
8

CASE NAME: KINDER v NATIONWIDE RECOVERY SYSTEMS, LTD.
CASE NO: 3:07-CV-02132-H-CAB

**PROOF OF SERVICE**

I, the undersigned, hereby certify that I am a citizen of the United States, over the age of 18 years and not a party to the within action; my business address is 3667 Voltaire Street, San Diego, California 92106. On this date I served the within:

ANSWER AND AFFIRMATIVE DEFENSES

( XX ) BY U.S. MAIL

   I served a true and correct copy of the above-named documents by mail by placing the same in a sealed envelope with postage fully prepaid, and depositing said envelope in the U.S. mail at San Diego, California. Said envelope(s) was/were addressed as listed hereafter:

( )   BY FACSIMILIE MACHINE

   I caused to be transmitted by facsimile machine a true copy of the above-named documents to the below listed. Attached hereto is the Confirmation Report confirming the status of the transmission.

( )   BY PERSONAL SERVICE

   I caused to be served by hand a true copy of the above named document as listed hereafter.

Chad Austin, Esq.
3129 India St.
San Diego, CA 92103

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: November 14, 2007

   _____
   Marilyn Winder