David Israel, Esq. (LSB No. 7174)  (SPACE BELOW FOR FILING STAMP ONLY)
Bryan C. Shartle, Esq. (LSB No. 27640)
SESSIONS, FISHMAN & NATHAN, L.L.P.
Lakeway Two, Suite 1240
3850 North Causeway Boulevard
Metairie, LA 70002-1752
Telephone: (504) 828-3700
Facsimile: (504) 828-3737

Debbie P. Kirkpatrick, Esq. (CSB No. 207112)
SESSIONS, FISHMAN & NATHAN IN CALIFORNIA, L.L.P.
3667 Voltaire Street
San Diego, CA 92106
Telephone: (619) 758-1891
Facsimile: (619) 222-3667

Attorney for Defendant

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. KINDER,<br><br>        Plaintiff,<br><br>  -against-<br><br>NATIONWIDE RECOVERY SYSTEMS, LTD.,<br><br>        Defendant. | Case No. 07-cv-2132-DMS (AJB)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CONSOLIDATION OF ACTIONS**<br><br>Date: February 8, 2008<br>Time: 1:30 p.m.<br>Place: Courtroom 10 |

## I. INTRODUCTION

Defendant, Nationwide Recovery Systems, Ltd. ("NRS"), submits this memorandum in support of its Motion for Consolidation of Actions. There are currently 9 cases pending in this Court arising from virtually identical complaints filed by plaintiff, James M. Kinder, under the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227. The

cases are:

1. *James M. Kinder v. Bankfirst*, Case No. 07cv877 DMS(POR) (low number case – filed 5/15/07);
2. *James M. Kinder v. Sprint PCS Assets LLC*, Case No. 07cv2049 WQH(JMA) (filed 10/26/07);
3. *James M. Kinder v. Asset Acceptance, LLC*, Case No. 07cv2084 DMS(AJB) (filed 10/30/07);
4. *James M. Kinder v. Astra Business Services, Inc.*, Case No. 07cv02091 H(JMA) (filed 10/31/07);
5. *James M. Kinder v. Nationwide Recovery Systems, LTD*, Case No. 07cv2132 DMS(AJB) (this case - filed 11/7/07);
6. *James M. Kinder v. Discover Card Services, Inc.*, Case No. 07cv02138 WQH(BLM) (filed 11/7/07);
7. *James M. Kinder v. Enhanced Recovery Corporation*, Case No. 07cv2152 DMS(AJB) (filed 11/8/07)
8. *James M. Kinder v. Harrah's Entertainment, Inc.*, Case No. 07cv2226 H(RBB) (filed 11/21/07); and,
9. *James M. Kinder v. Cavalry Investments, LLC*, Case No. 07cv02274 IEG(WMC) (filed 12/4/07).

The low number case was filed on May 15, 2007 and is pending before the Hon. Dana M. Sabraw. The remaining 8 cases were filed between October 26, 2007 and December 4, 2007. Three of these cases, including the instant case, have already been deemed related to the low number case and were transferred to Judge Sabraw pursuant to Local Rule 40.1.h. Common factual and legal issues predominate these cases and they should be consolidated to streamline the litigation process, preserve judicial resources and unnecessary duplication of effort by the parties, and promote consistent adjudication of the claims and defenses.

## II. PROCEDURAL HISTORY AND FACTS

Nine of plaintiff's TCPA cases are pending before this Court. All of the cases relate to telephone calls made to number 619-999-9999 (the "9s Number"), which plaintiff obtained and had allegedly assigned to his pager. As noted by this Court in *James M. Kinder v. Associates Housing Finance, LLC, et al.*, Case No. 99-02411, p. 2 (S.D. Cal. 1999), "many

companies use the number 999-9999 as a default number in their computer records for new customers without a phone number or for existing customers whose recorded number has become defunct." Plaintiff alleges the defendants in these cases violated the TCPA with each call made to the 9s Number by using an "automatic telephone dialing system" or an "artificial or prerecorded voice." Plaintiff has developed an alleged sophisticated system for tracking calls to the 9s Number and has created a business of TCPA litigation relating to these calls. Plaintiff seeks $500 for each call and $1,500 for each call that is found to have been willful. Plaintiff has filed approximately 100 lawsuits of the same type in state court.

Except for one exception and the fact that each complaint involves a different defendant, the complaints in these cases are indistinguishable. The one exception involves the complaint in *James M. Kinder v. Harrah's Entertainment, Inc.*, Case No. 07cv2226 H(RBB), which asserts other causes of action in addition to the TCPA claim. Defendant Harrah's Entertainment, Inc., contends its case is sufficiently different from the other *Kinder* cases such that it should not be included in consolidation.

Otherwise, these cases arise from substantially identical events, involve the same plaintiff, require determination of substantially identical questions of law, and absent consolidation would entail unnecessary duplication of effort by the parties and the Court. Common legal issues include the applicability of the TCPA to this particular fact pattern, the reasonableness of plaintiff's actions and mitigation efforts, the applicability of equitable defenses to plaintiff's claims, and the legal sufficiency of plaintiff's complaints.

Given these common factual and legal issues, discovery and motion practice in these cases will undoubtedly be repetitive. Consolidation preserves judicial resources and serves to

streamline the litigation process. Instead of multiple depositions, motions, and experts, there can be 1 defense response to the consolidated cases. Additionally, consolidation will promote consistent adjudication of these common factual and legal issues.

### III. LAW AND ARGUMENT SUMMARY

Fed. R. Civ. P. 42(a) provides, "[i]f actions before the court involve a common question of law or fact, the court may: . . . (2) consolidate the actions." Rule 42 confers on the court broad authority to consolidate cases in order to facilitate the administration of justice and economy of time and effort for the court, counsel, and parties. *See, e.g., Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir. 1964); *MacAlister v. Guterma*, 263 F.2d 65, 68 (2d Cir. 1958). If cases pending before the court involve common questions of law and fact, and if consolidation "will prevent needless repetition, delay, or unnecessary costs, and there are no mitigating circumstances against consolidation, the motion [to consolidate] should be granted." *Mutual First, Inc. v. O'Charleys of Gulfport, Inc.*, 721 F.Supp. 281, 283 (S.D. Ala. 1989); *see also In re Cree, Inc., Securities Litigation,* 219 F.R.D. 369, 371 (M.D. N.C. 2003). Consolidation is proper where it would "avoid the possible inconsistent adjudication of common factual and legal issues and lessen the time and expense required for all parties." *In re Cree, Inc.*, 219 F.R.D. at 371. Consolidation does not require consent of the parties to the actions to be consolidated. *See Vaccaro v. Moore-McCormack Lines, Inc.*, 64 F.R.D. 395, 397 (S.D. N.Y. 1974).

Consolidation is appropriate for the virtually identical *Kinder* cases pending in this Court. As noted, consolidation will promote judicial economy by avoiding duplication of procedure—whether motion practice or trial—relating to proof of issues common to all

Memorandum of Points and Authorities in Support of   Case No. 3:07-cv-02132-DMS(AJB)
Motion for Consolidation of Actions

4

actions. Additionally, consolidation will avoid inconsistent rulings based on common issues of law and fact, particularly with respect to the applicability of the TCPA to plaintiff's unique factual circumstances, the reasonableness of plaintiff's actions and mitigation efforts, and issues related to the applicability of equitable defenses. Absent consolidation, there is substantial danger of divergent pre-trial rulings and verdicts.

Finally, there are no mitigating circumstances against consolidation. Eight out of the 9 cases were filed within weeks of each other and are in the very early stages of the litigation process. The parties could benefit significantly by saving time and costs through a consolidated discovery and motion process.

## IV.  CONCLUSION

The Court should grant NRS's Motion for Consolidation of Actions due to the common questions of law and fact involved in the pending *Kinder* cases. Consolidation will promote judicial economy and consistent outcomes in these virtually identical cases.

Dated:  December 26, 2007       **Sessions, Fishman & Nathan in California, L.L.P.**

/s/ Debbie P. Kirkpatrick
Debbie P. Kirkpatrick
Attorney for Defendant,
Nationwide Recovery Systems, Ltd.

N:\Nationwide Recovery Systems Ltd (8949)\Kinder, James (8949-07-22323)\Pleadings\Memo. in Supp. of Consolidation.doc