# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. KINDER,<br><br>                    Plaintiff,<br>vs.<br><br>NATIONWIDE RECOVERY SYSTEMS, LTD.,<br><br>                    Defendant. | CASE NO. 07CV2132<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**<br>[Doc. 7] |

Pending before the Court is Defendant's motion for partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). The Court finds this matter suitable for submission without oral argument pursuant to Local Civil Rule 71.(d)(1). Accordingly, no appearances are required at this time. Defendant's motion is granted.

Plaintiff's Complaint alleges multiple violations of 47 U.S.C. § 227 and 47 C.F.R. § 64.1200, portions of the Telephone Consumer Protection Act of 1991 (the "TCPA"). First, Plaintiff alleges Defendant violated the TCPA, and in particular, Section 227(b)(1)(A)(iii) by calling Plaintiff's number assigned to a paging service using an automatic dialing system or aritificial or pre-recorded voice. (Compl. ¶ 8). Second, Plaintiff alleges Defendant violated 47 C.F.R. 64.1200(b)(1), a regulation passed pursuant to TCPA Section 227(d), by failing to "state clearly the identity of the business, individual, or other entity that is responsible for initiating the call." (Compl. ¶ 9).

Defendant has moved for judgment on the pleadings on only the latter claim, arguing there is

1 | no private right of action for violations of Section 227(d) or for violations of the attendant regulation
2 | found at 47 C.F.R 64.1200(b)(1). The Court agrees. *See Boydston v. Asset Acceptance LLC*, 496 F.
3 | Supp. 2d 1101 (N.D. Cal. 2007); *Kopff v. Battaglia*, 425 F. Supp. 2d 76, 90-91 (D.D.C. 2006).
4 | Allegations claiming violations of those sections are stricken.
5 | **IT IS SO ORDERED.**

7 | DATED: January 23, 2008

_____
HON. DANA M. SABRAW
United States District Judge