David Israel, Esq. (LSB No. 7174)  
Bryan C. Shartle, Esq. (LSB No. 27640)  
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.  
Lakeway Two, Suite 200  
3850 North Causeway Boulevard  
Metairie, LA 70002-1752  
Telephone: (504) 828-3700  
Facsimile: (504) 828-3737  

Debbie P. Kirkpatrick, Esq. (CSB No. 207112)  
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.  
3667 Voltaire Street  
San Diego, CA 92106  
Telephone: (619) 758-1891  
Facsimile: (619) 222-3667  

Attorney for Defendant

(SPACE BELOW FOR FILING STAMP ONLY)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. KINDER, <br><br> Plaintiff, <br><br> -against- <br><br> NATIONWIDE RECOVERY SYSTEMS, LTD., <br><br> Defendant. | Case No. 07-cv-02132-DMS-AJB <br><br> Judge: Dana M. Sabraw <br> Mag. Judge: Anthony J. Battaglia <br><br> **DEFENDANT'S REPLY MEMORANDUM IN RESPONSE TO PLAINTIFF'S PARTIAL OPPOSITION TO DEFENDANT'S MOTION FOR CONSOLIDATION OF ACTIONS** <br><br> Date: February 8, 2008 <br> Time: 1:30 P.M. <br> Courtroom: 10 |

Defendant, Nationwide Recovery Systems, Ltd. ("NRS"), submits this reply memorandum in response to the partial opposition filed by plaintiff, James M. Kinder, in response to NRS's Motion for Consolidation of Actions. NRS respectfully shows:

Defendant's Reply Memorandum                                                              Case No. 07-cv-02132-DMS-AJB

1

1. With one exception, plaintiff does *not* oppose consolidation of the related actions. Like NRS, plaintiff requests that all of the related actions be consolidated, except for *James M. Kinder v. Bankfirst*, Case No. 07cv877 DMS(POR). Plaintiff alleges that he and the defendant in the *Bankfirst* case "have expended considerable attorney time and resources into the litigation and it should proceed forward as scheduled." Docket No. 17, at p. 3. NRS disagrees and requests that all of the cases be consolidated, including the *Bankfirst* case.

2. Undersigned counsel has spoken with defense counsel in the *Bankfirst* case, who supports the requested consolidation. As plaintiff admits, discovery was just issued in the *Bankfirst* case and no depositions have been scheduled. Contrary to plaintiff's contentions, the *Bankfirst* case is *not* far along.

3. In *James M. Kinder v. Harrah's Entertainment, Inc.*, Case No. 07cv2226 DMS(AJB), defendant Harrah's filed an opposition to NRS's consolidation motion. *See* Docket No. 25, Case No. 07-2226. Harrah's contends that its case should not be consolidated because different facts and claims are present in its lawsuit. *Id.* at pp. 5-8. NRS disagrees.

4. All of the cases relate to telephone calls made to number 619-999-9999 (the "9s Number"), which plaintiff obtained and had allegedly assigned to his pager. And in all of the cases, plaintiff alleges the defendant violated the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227 by calling his 9s Number.

5. The fact that the *Harrah's* lawsuit includes additional claims not included in the other lawsuits does *not* justify excluding the lawsuit from the consolidation. Indeed, these "additional claims" are related to the TCPA claims included in all of the lawsuits. The "additional claims" are merely "piggyback" claims based upon alleged violations of the TCPA, *e.g.*, plaintiff's unfair business practice claim is predicated upon an alleged violation

of the TCPA. When the TCPA claims are dismissed, these "additional claims" should likewise be dismissed as a matter of law.

6. Consolidation of the related cases under Fed. R. Civ. P. 42(a) is appropriate. Consolidation of these cases will "avoid the possible inconsistent adjudication of common factual and legal issues and lessen the time and expense required for all parties." *In re Cree, Inc., Securities Litigation,* 219 F.R.D. 369, 371 (M.D. N.C. 2003).

7. In addition to seeking consolidation of these cases, NRS will seek to stay discovery in all of the related cases, pending a ruling on plaintiff's TCPA claims. As noted in earlier filings, every court which has ruled on plaintiff's TCPA claims has dismissed the claims, including this Court in *James M. Kinder v. Associates Housing Finance, LLC, et al.*, Case No. 99-02411 (S.D. Cal. 1999) (Jones, J.). In light of these rulings, staying discovery in these cases, to avoid unnecessary costs and expenses, is appropriate.

WHEREFORE, The Court should grant NRS's Motion for Consolidation of Actions due to the common questions of law and fact involved in the related *Kinder* cases. Consolidation will promote judicial economy and consistent outcomes in these virtually identical cases.

Dated: January 30, 2008         SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.

/s/ Debbie P. Kirkpatrick
Debbie P. Kirkpatrick
Attorney for Defendant,
Nationwide Recovery Systems, Ltd.

N:\Nationwide Recovery Systems Ltd (8949)\Kinder, James (8949-07-22323)\Pleadings\Reply to Partial Opp. to Cons..doc