Chad Austin, Esq. SBN 235457
3129 India Street
San Diego, CA 92103-6014
Telephone: (619) 297-8888
Facsimile: (619) 295-1401

Attorney for Plaintiff, JAMES M. KINDER, an individual

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. KINDER,<br><br>     Plaintiff,<br><br>v.<br><br>DISCOVER CARD SERVICES, Inc. and DOES 1 through 100, inclusive,<br><br>     Defendants. | Case No. 07 CV 2132 DMS (AJB)<br><br>Judge:     Hon. Dana M. Sabraw<br>Mag. Judge:   Hon. Anthony J. Battaglia<br><br>**PLAINTIFF JAMES M. KINDER'S OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS; MEMORANDUM IN SUPPORT THEREOF**<br><br>Date:     March 21, 2008<br>Time:     1:30 p.m.<br>Courtroom:   10 |

## I. INTRODUCTION

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE THAT Plaintiff JAMES M. KINDER hereby opposes Defendant DISCOVER CARD SERVICES, Inc.'s Motion for Partial Judgment on the Pleadings, for the reasons set forth below.

///

1

CASE NO. 07 CV 2132 DMS (AJB)

## II. ARGUMENT

**A. IN ORDER FOR THE TCPA TO HAVE ANY EFFECT, THIS COURT MUST FIND THAT THERE IS A PRIVATE RIGHT OF ACTION FOR VIOLATIONS OF 47 C.F.R. §64.1200 (b)(1) AND 47 C.F.R. §64.1200 (b)(2)**

1. **Defendant's Interpretation Of The Statutory Scheme Encourages Violations Of The Telephone Consumer Protection Act [TCPA] And 47 C.F.R. §64.1200, Renders The TCPA Entirely Ineffective And Makes It Easier For TCPA Violators To Escape Liability.**

The Telephone Consumer Protection Act, in addition to other laws was passed to address a national epidemic of out of control autodialers and deceptive prerecorded and artificial voice messages that invaded the privacy of millions of Americans each day. In FCC Report and Order 03-153, paragraph 165, the FCC noted that "Congress found that automated or prerecorded telephone calls were a...nuisance" and an "invasion of privacy." The Commission further noted that telemarketing calls had increased from about 18 million per day in the United States in 1991, to approximately 104 million per day in the United States in 2003. The proliferation of invasive and offensive autodialed, prerecorded and artificial voice calls in the United States caused Congress to pass the Telephone Consumer Protection Act of 1991. Pursuant to the ameliorative goals pursued by Congress when it passed the TCPA, the FCC adopted a number of Regulations related thereto to further those same laudable goals.

Among the Regulations adopted by the FCC to enhance the TCPA's effect were 47 C.F.R. §64.1200 (b) (1) and 47 C.F.R. §64.1200 (b) (2). Those regulations require that, any time a person or entity makes a prerecorded or artificial voice message call, the beginning of the message must give the proper name of the person or entity making the call and, during or after

the message, the person or entity must leave its telephone number. 47 C.F.R. §64.1200 (b) (1); 47 C.F.R. §64.1200 (b) (2), respectively. The reasons for these requirements are clear. The Regulations were adopted so that unscrupulous scofflaws disseminating thousands of calls to innocent consumers would be identifiable. If it were not for these regulations, collection agencies and telemarketers could disseminate a constant tidal wave of anonymously autodialed and prerecorded/artificial voice calls to thousands of innocent consumers without consequence, just as they did prior to enactment of the TCPA. This is because, when a TCPA violator fails to leave its name or telephone number, it is much more difficult, if not impossible, for victims to figure out who called them. Therefore, if it were not for 47 C.F.R. §64.1200 (b) (1) and 47 C.F.R. §64.1200 (b) (2), TCPA victims would have almost no way to sue for TCPA violations because they would not know who to sue.

By giving TCPA victims a private right of action with minimum statutory damages of $500 per violation, Congress made the TCPA a consumer-friendly, victim-enforcing statute. The idea was to make it easy for victims to bring actions in Small Claims Court [or similar tribunals], without the need for hiring an attorney, to recover statutory damages for TCPA violations. Without 47 C.F.R. §64.1200 (b) (1) and 47 C.F.R. §64.1200 (b) (2), victims have no way of knowing who it is who has called them because there would be no incentive for TCPA violators to identify themselves. Under Defendant's construction of the statutory scheme, all a collection agency or telemarketing firm would have to do to avoid liability under the TCPA is secret its identity. And, this could be done at no economic risk because there is no private right of action for individual consumers for the Code of Federal Regulations identification requirements.

Defendant's construction of the statutory scheme totally emasculates 47 C.F.R. §64.1200 (b) (1) and 47 C.F.R. §64.1200 (b) (2) and, consequently, the TCPA. If TCPA victims have no private right of action for violations of 47 C.F.R. §64.1200 (b) (1) and 47 C.F.R. §64.1200 (b) (2), those regulations cease to have any effect. This, in turn, means that the TCPA has no effect because TCPA violators can gleefully continue on with their clandestine, fraudulent and abhorrent practices, laughing all the way to the bank because all they have to do to avoid civil liability is not identify themselves. This absurd result surely was not intended by Congress, which was attempting to protect consumers, not make it easier for recreant collection agencies and telemarketers to illegally invade the lives and homes of innocent Americans. Any suggestion to the contrary by Defendant flies in the face of all logic because it totally contradicts the purpose of the TCPA and shows no respect for the privacy concerns addressed by Congress therein. Defendant's interpretation of the TCPA therefore is that it creates a right without a remedy, which is completely antithetical to the purpose of the statute.

> 2. **There Is A Consensus Among State Courts Around The Country That There Is A Private Right Of Action For Violations Of The TCPA's Technical And Procedural Standards Found In The Code of Federal Regulations.**

State courts in New Jersey, Colorado, Ohio, Missouri and South Carolina have all determined that there is a private right of action for violations of the technical and procedural requirements associated with the TCPA found in the Code of Federal Regulations.

See, *Sterling Realty Co. v. Klein*, 2005 TCPA Rep. 1353 (N.J. Super. Mar. 21, 2005); *McKenna v. Accurate Comp. Svcs., Inc.*, 2002 TCPA Rep. 1135 (Colo. Dist. Feb. 24, 2003); *Bailey v. Drummond*, 2004 TCPA Rep. 1373 (Colo. D.C. Dec. 29, 2004); *Mathemaesthetics, Inc.*

4

1  v. *Lassiter Mktg. Group, LLC*, 2002 TCPA Rep. 1061 (Colo. Dist. June 6, 2002); *Charvat v.*
2  *Ryan*, 2006 TCPA Rep. 1480 (168 Ohio App.3d 78, 858 N.E.2d 845); *Charvat v. Foley*, 2006
3  TCPA Rep. 1449 (Ohio C.P. May 8, 2006); *Charvat v. Health Care Plan of America, Inc.*, 2007
4  TCPA Rep. 1534 (Ohio C.P. March 16, 2007); *Charvat v. Konah Ind., LTD*, 2005 TCPA Rep.
5
6  1681 (Ohio C.P., Sep. 13, 2005); *Charvat v. Telelytics, LLC*, 2006 TCPA Rep. 1488 (2006 Ohio
7  4623, Ohio App. 2006); *Schraut v. Rocky Mtn. Reclamation*, 2001 TCPA Rep. 1182 (Mo. Cir.
8  Dec. 18, 2007); *Agostinelli v. Roberts Mortg. Co.*, 2002 TCPA Rep. 1054 (S.C. Magis. Mar. 25,
9  2002).
10

11      3.    **State Court Jurisdiction Of TCPA Matters Is Exclusive And Therefore Deference Should Be Given To States' Courts' Construction Of The TCPA And Related Sections Of The Code Of Federal Regulations.**
12
13
14      Although this case was removed to this Court by Defendant based on grounds of diversity
15  of citizenship, it was originally filed in San Diego Superior Court. That is because, although the
16  TCPA is a federally created act, jurisdiction over TCPA cases is exclusive to State courts, except,
17  *possibly*, in situations of diversity of citizenship.1 The fact that State court jurisdiction of TCPA
18  matters is exclusive is obvious based on the plain language of the TCPA. "**Private right of**
19  **action** – A person may, if otherwise permitted by the laws or rules of court of a State, **bring in**
20
21  **an appropriate court of that State** – (A) an action based on a violation of this subsection or the
22  regulations prescribed under this subsection..." [Bolding, underlining added for emphasis.] 47
23  U.S.C. § 227 (b)(3).
24  / / /
25

26  _____
27  1 Although Plaintiff has not brought a Motion for Remand in this case, he reserves the right to do so at a later date.
28

Moreover, it is well settled among courts around the United States that there is exclusive State court jurisdiction over TCPA claims brought under the private right of action. "The legislative history and purpose of the TCPA support the view that Congress intended to confer exclusive jurisdiction on state courts over private rights of action...Although over forty state legislatures had enacted measures restricting unsolicited telemarketing, these measures had limited effect because states do not have jurisdiction over interstate calls." _Foxhall Realty Law Offices, Inc. v. Telecom. Prem. Serv._, (2d Cir. 1998) 156 F. 3d 432, 437.

"The TCPA is unusual in that it gives state courts exclusive jurisdiction over private rights of action [conferred by federal law] and limits [f]ederal court jurisdiction to civil actions to enforce the TCPA brought by attorneys general or the Federal Communications Commission." _Kaufman v. ACS Systems, Inc._, 110 Cal.App.4th 886, 897, 2 Cal.Rptr.3d 296 [citing _Schulman v. Chase Manhattan Bank_, (2000) 268 A.D.2d 174, 178, 710 N.Y.S.2d 368, 371.]. "At least six federal circuit courts have reached 'the somewhat unusual conclusion that state courts have exclusive jurisdiction over a [private] cause of action created by' a federal statute[, the TCPA]." _Id._ [citing _Murphey v. Lanier_, (9th Cir.2000) 204 F.3d 911, 915.] "Apparently recognizing that the exclusivity of state court jurisdiction could create a problem..., Congress avoided any constitutional issue by refusing to coerce states to hear private TCPA actions, providing instead that a person or entity may, '_if otherwise permitted by the laws or rules of court of a State_,' bring a TCPA action in an appropriate court of that state...States thus retain the ultimate decision of whether private TCPA actions will be cognizable in their courts.'" _Intern. Science & Tech. Institute v. Inacom Comm._, (4th Cir.1997) 106 F.3d 1146, 1156-1158 [italics added.]. "States

1  have been given, *subject to their consent*, exclusive subject matter jurisdiction over private

2  actions authorized by the Telephone Consumer Protection Act of 1991..." *Id at* p. 1150 [italics

3  added]; *accord*, <u>Foxhall Realty Law Office, Inc. v. Telecom. Prem. Serv.</u>, *supra*, 156 F.3d *at* pp.

4  435-438; <u>Murphy v. Lanier</u>, *supra*, 204 F.3d *at* pp. 913-915.

5

6

7  It only stands to reason that, because Congress went out of its way to show deference to

8  the way States choose to handle [or not handle, if they decide to opt out of the TCPA] TCPA

9  cases, this Court should show deference to how State courts from around the country have

10 recognized a private right of action for violations of the Code of Federal Regulations.  It is telling

11 in this regard that Defendant has cited no authority from any State court for its position that there

12 is no private right of action for violations of 47 C.F.R. §64.1200.

### III. CONCLUSION

For all of the reasons stated above, Plaintiff respectfully requests that this Court deny Defendant's Motion for Partial Judgment on the Pleadings, give the Telephone Consumer Protection Act its proper remedial construction, consistent with enforcement of its provisions, and hold Defendant accountable for its unlawful conduct.

DATED: February 5, 2008

                                       By: /s/ Chad Austin
                                            CHAD AUSTIN, Esq., Attorney for
                                            Plaintiff, JAMES M. KINDER
                                            Email: chadaustin@cox.net