1  Harvey M. Moore, #101128
   Bidna & Keys, APLC
2  5120 Campus Drive
   Newport Beach, CA 92660
3  Tel: (949) 752-7030
   Fax: (949) 752-8770
4
5  Attorneys for DFS Services LLC
   incorrectly named in the complaint as
6  Discover Card Services, Inc.

7

8                      UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10  JAMES M. KINDER,                    )    Case No. 07-cv-02132-DMS-AJB
                                        )
11              Plaintiff,              )    Judge:  Dana M. Sabraw
                                        )    Mag. Judge:  Anthony J. Battaglia
12       v.                             )
                                        )    **DEFENDANT DFS SERVICES'**
13                                      )    **REPLY MEMORANDUM IN**
                                        )    **RESPONSE TO PLAINTIFF'S**
14  DISCOVER CARD SERVICES, INC,        )    **OPPOSITION MEMORANDUM**
                                        )    **TO DEFENDANT'S MOTION**
15              Defendant.              )    **FOR PARTIAL JUDGMENT ON**
                                        )    **THE PLEADINGS**
16                                      )
                                        )
17                                      )
                                        )    Date:  March 21, 2008
18                                      )    Time:  1:30 P.M.
                                        )    Courtroom:  10
19  _____)

20                          **I.  INTRODUCTION**

21
22       Defendant, DFS Services LLC incorrectly named in the complaint as Discover Card

23  Services, Inc.("DFS"), submits this memorandum in response to the opposition memorandum

24  filed by plaintiff, James M. Kinder, in opposition to DFS's Motion for Partial Judgment on

25  the Pleadings.

26       On January 23, 2008, this Court granted Nationwide Recovery Systems' Motion for

27

28

                                        1

1    Partial Judgment on the Pleadings relying on *Boydston v. Asset Acceptance LLC*, 496

2    F.Supp.2d 1101 (N.D. Cal. 2007) and *Kopff v. Battaglia*, 425 F.Supp.2d 76, 90-91 (D.D.C.

3    2006).  Nationwide's Motion and DFS' Motion for Partial Judgment on the Pleadings are

4    identical. Kinder's Opposition to each Motion is also identical. For the same reasons the

5    Court has granted Nationwide's Motion, it should grant DFS's Motion as well.

6        Second, Plaintiff's opposition memorandum is misleading and inaccurate.  First,

7    contrary to plaintiff's argument, the Court can*not* create a private right of action for violations

8    of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, and the

9    related regulations, when Congress has specifically withheld such a private right of action.

10   Further, and again contrary to plaintiff's allegations, there is no need for the Court to create a

11   private cause of action.  As numerous courts have ruled, the states may bring an action on

12   behalf of their citizens for violations of 47 U.S.C. § 227(d) and 47 C.F.R. § 64.1200.  *See*,

13   *e.g.*, *Boydston v. Asset Acceptance LLC*, 496 F.Supp.2d 1101, 1106 (N.D. Cal. 2007).  Like

14   the TCPA, several other federal statutes do *not* have private civil remedies, but instead are

15   enforced by some federal or state regulatory agency.  *See*, *e.g.*, *Nelson v. Chase Manhattan*

16   *Mortgage Corp.*, 282 F.3d 1057 (9th Cir. 2002) (There is no private right of action to enforce

17   the provisions of section 1681s-2(a) of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et*

18   *seq.*  Section 1681s-2(d) expressly limits enforcement of subsection (a) to the federal agencies

19   and officials and state officials enumerated in § 1681s.); *Acara v. Banks*, 470 F.3d 569 (5th

20   Cir. 2006) (The Health Insurance Portability and Accountability Act (HIPAA), provides no

21   private cause of action and limits enforcement of the statute to the Secretary of Health and

22   Human Services.).  This practice is common and does *not* "encourage violations," or render

23   the federal statute or regulations "entirely ineffective," as plaintiff contends.

2

Third, the unpublished decisions cited by plaintiff are unpersuasive and have been rejected by several courts.

Fourth, as this Court ruled *in another lawsuit filed by plaintiff*, *Kinder v. Citibank*, 2000 WL 1409762 (S.D. Cal. 2000), jurisdiction over TCPA claims is *not* vested exclusively in state courts.  This Court may exercise diversity jurisdiction over TCPA claims.  *Id.*  In light of this fact, this case was properly removed to this Court per 28 U.S.C. § 1332.

## II.  LAW AND ARGUMENT SUMMARY

### A.  This Court Should Not Create A Private Cause Of Action

Plaintiff alleges, "[i]f TCPA victims have no private right of action for violations of 47 C.F.R. § 64.1200(b)(1) and 47 C.F.R. § 64.1200(b)(2), those regulations cease to have any effect."  Plaintiff's allegation is false.

The threshold question before the Court is:  Who has standing to assert a TCPA claim against an entity based on alleged violations of 47 C.F.R. § 64.1200(b)(1) and 47 C.F.R. § 64.1200(b)(2)?  Congress has answered this question—only the states have standing to assert these claims.  *See, e.g.*, *Boydston*, 496 F.Supp.2d at 1106; *Kopff v. Battaglia*, 425 F.Supp.2d 76, 90-91 (D. D.C. 2006); *Klein v. Vision Lab Telecommunications, Inc.*, 399 F.Supp.2d 528, 539 (S.D. N.Y. 2005); *Adler v. Vision Lab Telecommunications, Inc.*, 393 F.Supp.2d 35, 38-39 (D. D.C. 2005) ("Defendants contend the TCPA does not provide a private right of action for such a claim.  Based on the plain language of the statute, the Court agrees.  The private right of action established by § 227(b)(3) limits the right to 'an action based on a violation of *this subsection* [*i.e.,* subsection (b)] or the regulations prescribed under *this subsection.*'  47 U.S.C. § 227(b)(3) (emphasis added).  The regulations cited by plaintiffs, however, were issued pursuant to a directive in § 227(d).").

Defendant's Reply Memorandum                                    Case No. 07-cv-02132-DMS-AJB

Further, contrary to plaintiff's argument, "the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person."  *Cannon v. University of Chicago*, 441 U.S. 677, 688 (1979). "Instead, [the court's] task is limited solely to determining whether Congress intended to create the private right of action asserted . . . .   And as with any case involving the interpretation of a statute, [the] analysis must begin with the language of the statute itself." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979).  As noted, courts have ruled that the statutory language does *not* grant a private right of action, as plaintiff maintains.

**B.  Plaintiff's Unpublished Authorities Should Be Disregarded**

Plaintiff string cites several unpublished decisions for the proposition that "[s]tate courts in New Jersey, Colorado, Ohio, Missouri and South Carolina have all determined that there is a private right of action for violations of the technical and procedural requirements associated with the TCPA found in the Code of Federal Regulations."  Because the cited cases are unpublished, and copies of the decisions were not filed, undersigned counsel has been unable to review the opinions.  Regardless, several courts have found these unpublished cases to be unpersuasive and contrary to the clear statutory language.  *See*, *e.g.*, *Klein*, 399 F.Supp.2d at 540 ("We are not persuaded by plaintiffs' claim that 'there is a growing consensus among courts from different states that violations of the identification requirements under § 68.318(d) are actionable under 47 U.S.C. § 227(b).'  Nor do we find convincing the justification, if any, that these cases provide.") (citations omitted).

**C.  This Court Has Diversity Jurisdiction Over Plaintiff's TCPA Claims**

Three Federal Courts of Appeal, including the Second, Seventh, and Tenth Circuits, have ruled that diversity jurisdiction may be exercised over TCPA claims, with the Seventh

Defendant's Reply Memorandum                                              Case No. 07-cv-02132-DMS-AJB

Circuit ruling that both diversity jurisdiction *and* federal question jurisdiction may be exercised over TCPA claims. *See Gottlieb v. Carnival Corp.*, 436 F.3d 335 (2d Cir. 2006); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005); *US Fax Law Center, Inc. v. iHire, Inc.*, 476 F.3d 1112 (10th Cir. 2007).

The Ninth Circuit has ruled that federal courts may *not* exercise federal question jurisdiction over TCPA claims. *See Murphey v. Lanier*, 204 F.3d 911 (9th Cir. 2000). This Court has ruled "*Murphey* stands for [the] narrow jurisdictional [proposition] [that] . . . the generic federal question jurisdiction statute . . . does not apply [to TCPA claims]. Nothing in the Ninth Circuit's analysis suggests that the TCPA *precludes* district courts from hearing private TCPA claims where some other independent basis for federal jurisdiction exists, *such as diversity of citizenship or supplemental jurisdiction.*" *Kinder v. Citibank*, 2000 WL 1409762 (S.D. Cal. 2000) (emphasis added).

As set forth in DFS's removal pleadings, this Court has diversity jurisdiction over plaintiff's TCPA claims. In light of this fact, plaintiff's argument that "deference" should be given to the unpublished state court decisions makes no sense.

### III.  CONCLUSION

The Court should grant DFS's Motion for Partial Judgment on the Pleadings. Plaintiff's TCPA claim relating to the "prerecorded telephone messages" fails to state a claim for relief.

Dated:  February 11, 2008          Bidna & Keys, APLC

                                   /s/ Harvey M. Moore
                                   Harvey M. Moore
                                   Attorneys for DFS Services LLC
                                   incorrectly named in the complaint as
                                   Discover Card Services, Inc.

Defendant's Reply Memorandum                                   Case No. 07-cv-02132-DMS-AJB