1  MARIA C. ROBERTS, State Bar No. 137907
   mroberts@sheastokes.com
2  RONALD R. GIUSSO, State Bar No. 184483
   rgiusso@sheastokes.com
3  SHEA STOKES ROBERTS & WAGNER, ALC
   510 MARKET STREET, THIRD FLOOR
4  SAN DIEGO, CALIFORNIA 92101-7025
   TELEPHONE:     (619) 232-4261
5  FACSIMILE:     (619) 232-4840

6  Attorneys for *Specially Appearing* Defendant HARRAH'S ENTERTAINMENT, INC.

7

8                    UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  JAMES M. KINDER, | CASE NO.    07-CV-2132-DMS (AJB) [Consolidated with 07 CV 2226 DMS (POR)] |
| 12           Plaintiff, | Judge:       Hon. Dana M. Sabraw |
| 13  vs. | Mag. Judge:  Hon. Anthony J. Battaglia |
| 14  HARRAH'S ENTERTAINMENT, INC. and DOES 1 through 100, inclusive, | Action Date:  October 2, 2007 |
| 15           Defendants. | *SPECIALLY APPEARING* DEFENDANT HARRAH'S ENTERTAINMENT, INC.'S ANSWER TO PLAINTIFF JAMES M. KINDER'S COMPLAINT FOR DAMAGES, INCLUDING PUNITIVE DAMAGES, INTEREST AND ATTORNEY'S FEES, AND FOR INJUNCTIVE RELIEF |

19

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

*Specially Appearing* Defendant Harrah's Entertainment, Inc. ("Harrah's Entertainment, Inc."), by its attorneys, for its answer to Plaintiff's First Amended Complaint, denies that Plaintiff is entitled to any of the relief in the form requested, or in any other form, or at all, or that Plaintiff was damaged as alleged or in any sum at all.  Harrah's Entertainment, Inc. further admits, denies, or otherwise states as follows:

1. Harrah's Entertainment, Inc. admits that Plaintiff commenced this action in the San Diego Superior Court on October 2, 2007, and that Harrah's Entertainment, Inc. removed the action to the United States District Court for the Southern District of California on November 21, 2007 pursuant to 28 *U.S.C.* sections 1332 and 1441.  Harrah's Entertainment, Inc. admits that Plaintiff has alleged that the amount in controversy in this action exceeds $75,000.00.  Harrah's Entertainment, Inc. admits that it is a resident of a state other than California.  Harrah's Entertainment, Inc. is without sufficient information or knowledge to form a belief as to the truth of the allegation that the other named defendants are residents of a state other than California.  The allegation in paragraph 1 of the First Amended Complaint, that San Diego is the proper venue for this action in that the torts complained of occurred in the City of San Diego, and because Plaintiff is a resident of San Diego, is a legal conclusion to which no response is required.  Harrah's Entertainment, Inc. is without sufficient information or knowledge to form a belief as to the truth of the allegation that Plaintiff reserves the right to file a motion for remand at a later date, and on that basis denies such allegation.  Harrah's Entertainment, Inc. denies that it was responsible for disseminating unlawful prerecorded telemarketing calls to Plaintiff as alleged in paragraph 1 of the First Amended Complaint.  Harrah's Entertainment, Inc. denies each and every remaining allegation set forth in paragraph 1 of the First Amended Complaint.

2. Harrah's Entertainment, Inc. is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint, and on that basis denies each and every allegation set forth therein.

///

1  3. Harrah's Entertainment, Inc. denies each and every allegation set forth in paragraph 3 of the First Amended Complaint.

4. Harrah's Entertainment, Inc. denies each and every allegation set forth in paragraph 4 of the First Amended Complaint.

5. Harrah's Entertainment, Inc. is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 5 of the First Amended Complaint, and on that basis denies each and every allegation set forth therein.

6. Harrah's Entertainment, Inc. is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 6 of the First Amended Complaint, and on that basis denies each and every allegation set forth therein.

7. Harrah's Entertainment, Inc. is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 7 of the First Amended Complaint, and on that basis denies each and every allegation set forth therein.

8. Harrah's Entertainment, Inc. is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 8 of the First Amended Complaint, and on that basis denies each and every allegation set forth therein.

9. Harrah's Entertainment, Inc. is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 9 of the First Amended Complaint, and on that basis denies each and every allegation set forth therein.

/ / /
/ / /
/ / /

1  10.     Harrah's Entertainment, Inc. is without sufficient information or knowledge to
2  form a belief as to the truth of the allegations set forth in paragraph 10 of the First Amended
3  Complaint, and on that basis denies each and every allegation set forth therein.
4
5  11.     Harrah's Entertainment, Inc. denies each and every allegation set forth in paragraph
6  11 of the First Amended Complaint.
7
8  **ANSWER TO FIRST CAUSE OF ACTION**
9  12.     Harrah's Entertainment, Inc. incorporates by reference, as is more fully set forth
10 herein, its responses to paragraphs 1 through 11 of the First Amended Complaint.
11
12 13.     Harrah's Entertainment, Inc. admits that Plaintiff purports to bring this action
13 pursuant to provisions of the Telephone Consumer Protection Act of 1991.
14
15 14.     Harrah's Entertainment, Inc. admits that subdivision (b)(1)(A)(iii) of Section 227 of
16 Title 27 of the *United States Code* provides:  "It shall be unlawful for any person within the United
17 States, or any person outside the United States if the recipient is within the United States—(A) to
18 make any call (other than a call made for emergency purposes or made with the prior express
19 consent of the called party) using any automatic telephone dialing system or an artificial or
20 prerecorded voice . . . (iii) to any telephone number assigned to a paging service, cellular
21 telephone service, specialized mobile radio service, or other radio common carrier service, or any
22 service for which the called party is charged for the call."  Harrah's Entertainment, Inc. denies each
23 and every remaining allegation set forth in paragraph 14 of the First Amended Complaint.
24
25 15.     Harrah's Entertainment, Inc. denies each and every allegation set forth in paragraph
26 15 of the First Amended Complaint.
27 / / /
28 / / /

1  16. Harrah's Entertainment, Inc. admits that subdivision (b)(3) of section 227 of Title
2  47 of the *United States Code* provides: "A person or entity may, if otherwise permitted by the
3  laws or rules of court of a State, bring in an appropriate court of that State (A) an action based on a
4  violation of this subsection." Harrah's Entertainment, Inc. denies that Plaintiff is entitled to obtain
5  any relief in this action and denies each and every remaining allegation set forth in paragraph 16
6  of the First Amended Complaint.

## ANSWER TO SECOND CAUSE OF ACTION

9  17. Harrah's Entertainment, Inc. incorporates by reference, as is more fully set forth
10  herein, its responses to paragraphs 1 through 16 of the First Amended Complaint.

12  18. Harrah's Entertainment, Inc. admits that California *Civil Code* section
13  1770(a)(22)(A) provides: "The following unfair methods of competition and unfair or deceptive
14  acts or practices undertaken by any person in a transaction intended to result or which results in
15  the sale or lease of goods or services to any consumer are unlawful . . . (22)(A) Disseminating an
16  unsolicited prerecorded message by telephone without an unrecorded, natural voice first informing
17  the person answering the telephone of the name of the caller or the organization being represented,
18  and either the address or the telephone number of the caller, and without obtaining the consent of
19  that person to listen to the prerecorded message." Harrah's Entertainment, Inc. denies each and
20  every remaining allegation set forth in paragraph 18 of the First Amended Complaint.

22  19. Harrah's Entertainment, Inc. denies each and every allegation set forth in paragraph
23  19 of the First Amended Complaint.
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

20. Harrah's Entertainment, Inc. admits that California *Civil Code* section 1780(a)(2) provides: "Any consumer who suffers any damage as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by Section 1770 may bring an action against that person to recover or obtain any of the following: . . . (2) An order enjoining the methods, acts, or practices." Harrah's Entertainment, Inc. denies each and every remaining allegation set forth in paragraph 20 of the First Amended Complaint.

21. Harrah's Entertainment, Inc. admits that California *Civil Code* section 1780(a)(4) provides: "Any consumer who suffers any damage as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by Section 1770 may bring an action against that person to recover or obtain any of the following: . . . (4) Punitive damages." Harrah's Entertainment, Inc. denies each and every remaining allegation set forth in paragraph 21 of the First Amended Complaint.

22. Harrah's Entertainment, Inc. admits that California *Civil Code* section 1780(d) provides: "The court shall award court costs and attorney's fees to a prevailing plaintiff in litigation filed pursuant to this section. Reasonable attorney's fees may be awarded to a prevailing defendant upon a finding by the court that the plaintiff's prosecution of the action was not in good faith." Harrah's Entertainment, Inc. denies each and every remaining allegation set forth in paragraph 22 of the First Amended Complaint.

**ANSWER TO THIRD CAUSE OF ACTION**

23. Harrah's Entertainment, Inc. incorporates by reference, as is more fully set forth herein, the responses to paragraphs 1 through 22 of the First Amended Complaint.

24. Harrah's Entertainment, Inc. denies each and every allegation set forth in paragraph 24 of the First Amended Complaint.

/ / /

1  25. Harrah's Entertainment, Inc. denies each and every allegation set forth in paragraph
2  25 of the First Amended Complaint.

4  26. Harrah's Entertainment, Inc. denies each and every allegation set forth in paragraph
5  26 of the First Amended Complaint.

7  27. Harrah's Entertainment, Inc. admits that Plaintiff purports to seek an award of
8  punitive damages. Harrah's Entertainment, Inc. denies each and every remaining allegation set
9  forth in paragraph 27 of the First Amended Complaint.

## ANSWER TO FOURTH CAUSE OF ACTION

12  28. Harrah's Entertainment, Inc. incorporates by reference, as is more fully set forth
13  herein, its responses to paragraphs 1 through 27 of the First Amended Complaint.

15  29. Harrah's Entertainment, Inc. denies each and every allegation set forth in paragraph
16  29 of the First Amended Complaint.

18  30. Harrah's Entertainment, Inc. is without sufficient information or knowledge to
19  form a belief as to the truth of the allegations set forth in paragraph 30 of the First Amended
20  Complaint, and on that basis denies each and every allegation set forth therein.
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Cause of Action)**

As a first, separate and affirmative defense to the First Amended Complaint, and to each purported cause of action contained therein, Harrah's Entertainment, Inc. alleges that the First Amended Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against Harrah's Entertainment, Inc.

### SECOND AFFIRMATIVE DEFENSE

**(Failure to Exercise Reasonable Care and Diligence)**

As a second, separate and affirmative defense to the First Amended Complaint, and to each purported cause of action contained therein, Harrah's Entertainment, Inc. alleges that Plaintiff's conduct, rather than conduct of Harrah's Entertainment, Inc., caused the losses alleged as Plaintiff failed to exercise reasonable care and diligence to avoid loss and avoid damages incurred, if any, as a result of the events alleged in Plaintiff's First Amended Complaint, and Plaintiff cannot recover for losses which might have been prevented by exercise of reasonable efforts and expenditures to avoid such loss.

### THIRD AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

As a third, separate and affirmative defense to the First Amended Complaint, and to each purported cause of action contained therein, Harrah's Entertainment, Inc. alleges that the First Amended Complaint, and each of its purported causes of action therein, is barred by the applicable statute of limitations.

/ / /

/ / /

/ / /

**FOURTH AFFIRMATIVE DEFENSE**

**(Indemnity and Contribution)**

As a fourth, separate and affirmative defense to the First Amended Complaint, and to each purported cause of action contained therein, Harrah's Entertainment, Inc. alleges that in the event it is held liable to Plaintiff, which liability is expressly denied, and any co-defendants are likewise held liable, Harrah's Entertainment, Inc. is entitled to a percentage contribution of the total liability from said co-defendants in accordance with the principles of equitable indemnity and comparative contribution.

**FIFTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

As a fifth, separate and affirmative defense to the First Amended Complaint, and to each purported cause of action contained therein, Plaintiff has acted with unclean hands, and such acts are directly related to the claims by Plaintiff and preclude Plaintiff from pursuing his claims.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

As a sixth, separate and affirmative defense to the First Amended Complaint, and to each purported cause of action contained therein, Plaintiff had the reasonable opportunity to, but failed to, mitigate his damages.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Assumption of the Risk)**

As a seventh, separate and affirmative defense to the First Amended Complaint, and to each purported cause of action contained therein, Plaintiff voluntarily assumed the hazards and risks of the harm alleged in the First Amended Complaint and that assumption of the same was the sole and proximate cause of his alleged damages, if any.

///

## EIGHTH AFFIRMATIVE DEFENSE

### (Estoppel)

As an eighth, separate and affirmative defense to the First Amended Complaint, and to each purported cause of action contained therein, Harrah's Entertainment, Inc. alleges that the Plaintiff, by reason of Plaintiff's own acts, omissions, representations and courses of conduct, is estopped from asserting, and has waived any right to assert, claims against Harrah's Entertainment, Inc.

## NINTH AFFIRMATIVE DEFENSE

### (Frivolous Action)

As a ninth, separate and affirmative defense to the First Amended Complaint, and to each purported cause of action contained therein, Harrah's Entertainment, Inc. alleges that the First Amended Complaint, and each purported cause of action therein, fails to state facts sufficient to constitute a cause of action against Harrah's Entertainment, Inc. and constitutes a frivolous action, thereby entitling Harrah's Entertainment, Inc. to payment by Plaintiff and/or Plaintiff's attorney of any reasonable expenses incurred by Harrah's Entertainment, Inc., including Harrah's Entertainment, Inc.'s attorneys' fees.

## TENTH AFFIRMATIVE DEFENSE

### (Sham Pleading)

As a tenth, separate and affirmative defense to the First Amended Complaint, and to each purported cause of action contained therein, Harrah's Entertainment, Inc. alleges that Plaintiff's First Amended Complaint is a sham pleading made against Harrah's Entertainment, Inc. not for alleged statutory violations and wrongs against Plaintiff, but solely for the financial gain of Plaintiff.

/ / /

/ / /

/ / /

**TWELFTH AFFIRMATIVE DEFENSE**

**(Waiver)**

As a twelfth, separate and affirmative defense to the First Amended Complaint, and to each purported cause of action contained therein, Plaintiff, by reason of Plaintiff's own acts, omissions, representations and courses of conduct, has waived any claims against Harrah's Entertainment, Inc.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Laches)**

As a thirteenth, separate and affirmative defense to the First Amended Complaint, and to each purported cause of action contained therein, each and every cause of action asserted in the First Amended Complaint is barred by the doctrine of laches.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Consent)**

As a fourteenth, separate and affirmative defense to the First Amended Complaint, and to each purported cause of action contained therein, Harrah's Entertainment, Inc. is informed and believes and thereon alleges that the First Amended Complaint is barred because Plaintiff consented to Harrah's Entertainment, Inc.'s acts or omissions, if any.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Personal Jurisdiction)**

As a fifteenth, separate and affirmative defense to the First Amended Complaint, and to each purported cause of action contained therein, Harrah's Entertainment, Inc. alleges that this Court lacks personal jurisdiction, either general and/or specific, over Harrah's Entertainment, Inc., and that this action must be dismissed on the basis of such lack of personal jurisdiction.

/ / /

/ / /

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Improper Venue)

As a sixteenth separate and affirmative defense to the First Amended Complaint, and to each purported cause of action contained therein, Harrah's Entertainment, Inc. alleges that the present venue of this action is an improper venue and, further, that this action should be transferred, if at all, to the District of Nevada.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Obtain Leave Prior to Filing)

As a seventeenth, separate and affirmative defense to the First Amended Complaint, and to each purported cause of action contained therein, Harrah's Entertainment, Inc. alleges that Plaintiff's claim is barred as Plaintiff failed to obtain leave of court prior to filing the original Complaint in California State Court which Plaintiff was required to do as a vexatious litigant who is subject to the requirements of a Pre-Filing Order.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Bad Faith)

As an eighteenth separate and affirmative defense to the First Amended Complaint, and to each purported cause of action contained therein, Harrah's Entertainment, Inc. alleges that Plaintiff's First Amended Complaint was filed in bad faith, thereby barring Plaintiff from recovering on any cause of action in the First Amended Complaint, and entitling Defendant to recover its costs of suit incurred herein, including reasonable attorneys' fees.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

### NINETEENTH AFFIRMATIVE DEFENSE

### (Acquiescence)

As a nineteenth, separate and affirmative defense to the First Amended Complaint, and to each purported cause of action contained therein, Harrah's Entertainment, Inc. alleges that the First Amended Complaint is barred because Plaintiff acquiesced to the alleged conduct engaged in by Defendant, if any.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

As a twentieth, separate and affirmative defense to the First Amended Complaint, and to each purported cause of action contained therein, Harrah's Entertainment, Inc. alleges that the First Amended Complaint is barred because the relief sought by Plaintiff would, if granted, unjustly enrich Plaintiff.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Failure to Post a Bond)

As a twenty-first, separate and affirmative defense to the First Amended Complaint, and to each purported cause of action contained therein, Harrah's Entertainment, Inc. alleges that the First Amended Complaint is barred because Plaintiff is a vexatious litigant who failed to follow many of the procedural requirements prior to filing suit, including, but not limited to, the posting of a bond.

/ / /
/ / /
/ / /
/ / /
/ / /

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Private Right of Action)

As a twenty-second, separate and affirmative defense to the First Amended Complaint, and to each purported cause of action contained therein, Harrah's Entertainment, Inc. alleges that there is no private right of action under the statutes set forth in the First Amended Complaint, including, but not limited to, 47 U.S.C. §227.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

As a twenty-third, separate and affirmative defense to the First Amended Complaint, and to each purported cause of action contained therein, Harrah's Entertainment, Inc. alleges that it presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, yet unasserted, affirmative defenses. Harrah's Entertainment, Inc. therefore reserves the right to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

WHEREFORE, *Specially Appearing* Defendant Harrah's Entertainment, Inc. hereby prays for judgment as follows:

1. That Plaintiff take nothing by reason of his First Amended Complaint, and that judgment be entered in favor of Harrah's Entertainment, Inc.;

2. That *Specially Appearing* Defendant Harrah's Entertainment, Inc. be awarded its fees and costs of this suit incurred in the defense of this action; and

/ / /
/ / /
/ / /
/ / /

3. For such other and further relief as the Court deems just and proper.

SHEA STOKES ROBERTS & WAGNER, ALC

Dated: February 11, 2008   By:  s/Maria C. Roberts
                                Maria C. Roberts
                                Ronald R. Giusso
                                Attorneys for *Specially Appearing* Defendant
                                HARRAH'S ENTERTAINMENT, INC.