David Israel, Esq. (LSB No. 7174)   (SPACE BELOW FOR FILING STAMP ONLY)
Bryan C. Shartle, Esq. (LSB No. 27640)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
Lakeway Two, Suite 200
3850 North Causeway Boulevard
Metairie, LA 70002-1752
Telephone:  (504) 828-3700
Facsimile:   (504) 828-3737

Debbie P. Kirkpatrick, Esq. (CSB No. 207112)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
3667 Voltaire Street
San Diego, CA 92106
Telephone:    (619) 758-1891
Facsimile:     (619) 222-3667

Attorney for Defendant

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. KINDER,<br><br>    Plaintiff,<br><br>  -against-<br><br>NATIONWIDE RECOVERY SYSTEMS, LTD.,<br><br>Defendant. | Case No. 07-cv-02132-DMS-AJB<br><br>Judge: Dana M. Sabraw<br>Mag. Judge: Anthony J. Battaglia<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY AND/OR FOR PROTECTIVE ORDER**<br><br>Date: N/A<br>Time: N/A<br>Courtroom: N/A |

## **I. INTRODUCTION**

Defendant, Nationwide Recovery Systems, Ltd. ("NRS"), submits this memorandum in support of its Motion to Stay and/or for Protective Order.

Memorandum of Points and Authorities in Support of     1     Case No. 3:07-cv-02132-DMS-AJB
Motion to Stay and/or for Protective Order

The Court should stay discovery in these consolidated cases filed by plaintiff, James M. Kinder, until further orders from this Court. As described in previous filings, *for over 10 years*, plaintiff has made a business of being a professional plaintiff by improperly filing lawsuits under the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227. Every court which has ruled on plaintiff's TCPA claims, including this Court in *James M. Kinder v. Associates Housing Finance, LLC, et al.*, Case No. 99-02411 (S.D. Cal. 1999) (Jones, J.), has dismissed the claims. *See* Exhibit A, *Associates Housing Finance*. Within the next 45 days, NRS intends to file a motion to dismiss plaintiff's remaining claims. No discovery will be necessary in order for plaintiff to respond to NRS's dispositive motion.

In light of this Court's ruling in *Associates Housing Finance*, and other legal deficiencies related to plaintiff's claims, the Court should stay discovery in these consolidated cases, until the Court rules on NRS's soon to-be-filed dispositive motion. By staying discovery in these cases, this Court can ensure that none of the parties are placed in the unfair position of having to respond to or issue unnecessary, expensive, and time-consuming discovery in a case involving claims this Court has previously dismissed. (Notably, the relief NRS seeks here is no different than the relief granted by Judge Ronald L. Styn in the consolidated *Kinder* lawsuits, currently pending in state court. On February 1, 2008, Judge Styn consolidated the approximately 185 *Kinder* lawsuits and stayed the litigation entirely, including all discovery, until the court rules upon the defendants' soon to-be-filed motion. Undersigned counsel in this action was designated as defense liaison/coordinating counsel in the state court litigation.)

2

Memorandum of Points and Authorities in Support of  Case No. 3:07-cv-02132-DMS-AJB
Motion to Stay and/or for Protective Order

## II. PROCEDURAL HISTORY AND FACTS

Plaintiff's TCPA claims relate to telephone calls made to number 619-999-9999 (the "9 Number"), which is allegedly the telephone number assigned to plaintiff's paging service. *See* Docket No. 1, Complaint. As noted by this Court in *Associates Housing Finance*, "many companies use the number 999-9999 as a default number in their computer records for new customers without a phone number or for existing customers whose recorded number has become defunct." Exhibit A, *Associates Housing Finance*, at p. 2, lns. 13-15.

Currently, there are 7 *Kinder* lawsuits pending in this Court, including:

1. *James M. Kinder v. Bankfirst*, Case No. 07-00877;
2. *James M. Kinder v. Asset Acceptance, LLC*, Case No. 07-02084;
3. *James M. Kinder v. Astra Business Services, Inc.*, Case No. 07-02091;
4. *James M. Kinder v. Nationwide Recovery Systems, LTD*, Case No. 07-02132 [this case];
5. *James M. Kinder v. Discover Card Services, Inc.*, Case No. 07-02138;
6. *James M. Kinder v. Enhanced Recovery Corporation*, Case No. 07-02152; and
7. *James M. Kinder v. Harrah's Entertainment, Inc.*, Case No. 07-02226.

On December 26, 2007, pursuant to Fed. R. Civ. P. 42, NRS filed a Motion for Consolidation of Actions. *See* Docket No. 14. On February 4, 2008, the Court granted NRS's consolidation motion. *See* Docket No. 28. Per the Court's order, this case was designated the "lead case." *Id.* Further, per the Court's order, all future filings in any of the cases must include the lead case number and caption and must be docketed in this case. *Id.*

Plaintiff asserts 2 TCPA claims. *See* Docket No. 1, Complaint. First, plaintiff alleges NRS violated the TCPA by calling his "number assigned to a paging service, using an automatic telephone dialing system and/or an artificial or prerecorded voice[.]" *Id.* at ¶ 8. Second, plaintiff alleges NRS violated the TCPA and 47 C.F.R. § 64.1200 by failing to

include in its "prerecorded telephone messages" NRS's business name and telephone number. *Id.* at ¶¶ 9-12.

On December 5, 2007, NRS filed a Motion for Partial Judgment on the Pleadings. *See* Docket No. 7. NRS's motion related to plaintiff's second claim that NRS violated the TCPA and 47 C.F.R. § 64.1200 by failing to include in its "prerecorded telephone messages" NRS's business name and telephone number. *Id.* On January 23, 2008, the Court granted NRS's motion and dismissed this claim. *See* Docket No. 22.

Following the Court's January 23, 2008 order, the only remaining claim is that NRS allegedly violated the TCPA by calling his 9 Number through the use of "an automatic telephone dialing system and/or an artificial or prerecorded voice[.]" *Most notably*, this Court has already ruled on the merit of this claim in *Associates Housing Finance*. In *Associates Housing Finance*, this Court ruled that the same type of calls made here—calls made with a "predictive dialer"—do *not* fall within the restrictions set forth in the TCPA. *See* Exhibit A, *Associates Housing Finance*, at p. 7, lns. 19-21. The Court held that a "predictive dialer is *not* an automatic telephone dialing system as defined by section 227(a)(1)(A)-(B)." *Id.* (emphasis added).

### III.  LAW AND ARGUMENT SUMMARY

"The Court has broad discretion in controlling the timing of discovery." *Dibel v. Jenny Craig, Inc.*, 2007 WL 2220987, *1 (S.D. Cal. 2007); *see also WebSideStory, Inc. v. NetRatings, Inc.*, 2007 WL 1120567, *1 (S.D. Cal. 2007) (same). "Additionally, the Federal Rules, by their plain terms, allow the court to limit discovery so as to avoid cumulation, duplication, harassment, expense and burdensomeness." *WebSideStory*, 2007 WL 1120567 at

4

Memorandum of Points and Authorities in Support of        Case No. 3:07-cv-02132-DMS-AJB
Motion to Stay and/or for Protective Order

*1. Under Fed. R. Civ. P. 26(c), a "party may seek a protective order in the court where the action is pending requesting an order 'that the disclosure or discovery not be had.'" *Lucent Technologies, Inc. v. Gateway, Inc.*, 2008 WL 183637, *2 (S.D. Cal. 2008). Specifically, Rule 26(c) provides:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (A) forbidding the disclosure or discovery;
>
> (B) specifying terms, including time and place, for the disclosure or discovery;
>
> . . . .

Fed. R. Civ. P. 26(c).

"[A court] has broad discretion to stay discovery pending decision on a dispositive motion." *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985); *see also Quair v. Bega*, 2005 WL 552537, *2 (E.D. Cal. 2005) (same). As one court has noted, "[a] decision to prevent unnecessary discovery because the case could well be decided on the parties' motions is not, on its face, fundamentally unfair to a party desiring discovery." *Ingram Corp. v. J. Ray McDermott & Co., Inc.*, 698 F.2d 1295, 1304 n. 13 (5th Cir. 1983). For example, "[a] district court may . . . continue to stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief." *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981); *see also Seven Springs Ltd. Partnership v. Fox Capital Management Corp.*, 2007 WL 1146607, *1 (E.D. Cal. 2007) ("The court may, for example, stay discovery

when it is convinced that plaintiff will be unable to state a claim for relief or if the action is moot."). The Fifth Circuit has explained why such discovery stays are appropriate:

> [A]s we have seen, the disposition of this summary judgment motion terminated the lawsuit without putting the parties to the expense of conducting broad discovery on all issues raised in the complaint. We have constantly emphasized the broad discretion which a district judge may properly exercise in discovery matters. On these facts, we see no possible abuse of discretion in the order staying general discovery until the court could determine whether the case would be resolved at the summary judgment stage.

*Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976) (citation omitted); *see also Jackson v. Northern Telecom, Inc.*, 1990 WL 39311, *1 (E.D. Pa. 1990) ("[I]n the interest of judicial economy, and with a view toward preventing possibly unnecessary and expensive discovery, this court will grant defendants' motion to stay discovery."); *Corwin v. Marney, Orton Investments*, 843 F.2d 194, 200 (5th Cir. 1988) ("It would be wasteful to allow discovery on all issues raised in a broad complaint when, for example, the case will not reach trial because of the expiration of a limitations period.").

### A. The Court Should Stay Discovery, Until Further Orders From This Court

Within the next 45 days, NRS intends to file a motion to dismiss plaintiff's remaining claims. As noted, this Court has already ruled upon the merit of plaintiff's remaining claims in *Associates Housing Finance*. *See* Exhibit A, *Associates Housing Finance*. Considering this Court's prior ruling, and other legal deficiencies regarding plaintiff's claims, the Court should stay all discovery in these consolidates cases, until the Court rules on NRS's soon to-be-filed dispositive motion. By staying discovery, the Court can manage this litigation efficiently "and with a view toward preventing possibly unnecessary and expensive discovery[.]" *Jackson*, 1990 WL 39311 at *1. As noted above, on February 1, 2008, Judge

6

Memorandum of Points and Authorities in Support of   Case No. 3:07-cv-02132-DMS-AJB
Motion to Stay and/or for Protective Order

Styn stayed the consolidated *Kinder* lawsuits pending in state court, until the defendants' motion is ruled upon. NRS requests that this Court do the same here.

## IV. CONCLUSION

The Court should grant NRS's Motion to Stay and/or for Protective Order and stay all discovery in these consolidated cases, until further orders from this Court.

Dated:  February 11, 2008          **Sessions, Fishman, Nathan & Israel, L.L.P.**

/s/ Debbie P. Kirkpatrick
Debbie P. Kirkpatrick
Attorney for Defendant,
Nationwide Recovery Systems, Ltd.

N:\Nationwide Recovery Systems Ltd (8949)\Kinder, James (8949-07-22323)\Motion to Stay\Memo in Supp. Motion to Stay.doc

7

Memorandum of Points and Authorities in Support of           Case No. 3:07-cv-02132-DMS-AJB
Motion to Stay and/or for Protective Order