Chad Austin, Esq. SBN 235457
3129 India Street
San Diego, CA 92103-6014
Telephone: (619) 297-8888
Facsimile: (619) 295-1401

Attorney for Plaintiff, JAMES M. KINDER, an individual

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. KINDER,<br><br>Plaintiff,<br><br>v.<br><br>ASTRA BUSINESS SERVICES, Inc. and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 07 CV 2132 DMS (AJB)<br>**Consolidated Action**<br><br>Judge:   Hon. Dana M. Sabraw<br>Mag. Judge:   Hon. Anthony J. Battaglia<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND**<br><br>Date:   April 25, 2008<br>Time:   1:30 p.m.<br>Place:   Courtroom 10 |

## I. INTRODUCTION

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE THAT Plaintiff JAMES M. KINDER hereby submits this Memorandum of Points and Authorities in Support of his Motion to Remand.

## II. STATEMENT OF FACTS

On August 20, 2007, Plaintiff commenced this action in San Diego Superior Court through his attorney, Chad Austin. *See* Plaintiff's Complaint. On October 31, 2007, Defendant

1

CASE NO. 07 CV 2132 DMS (AJB)

removed this action to this court based *solely* on federal question grounds, pursuant to 28 U.S.C. § 1441 (b). See Docket Number 1. Defendant *did not* assert Diversity of Citizenship, therefore waiving diversity of citizenship, and any other basis, as a potential jurisdictional basis for removal. Moreover, diversity does not exist among the parties in that both parties are citizens of the State of California. See Plaintiff's Complaint; Exhibit A; Declaration of Chad Austin.

### III. AUTHORITY

As federal courts have limited jurisdiction, they are presumed to lack jurisdiction unless the contrary is established. <u>Gen. Atomic Co. v. United Nuclear Corp.</u>, 655 F.2d 968, 968-69 (9th Cir. 1981). The burden of establishing subject matter jurisdiction rests with the party seeking removal. See <u>Kokkonen v. Guardian Life Ins. Co. of America</u>, 511 U.S. 375, 377 (1994). **Removal statutes are to be strictly construed and any doubts are to be resolved in favor of state court jurisdiction and remand.** See <u>Gaus v. Miles</u>, 980 F.2d 564, 566 (9th Cir. 1992).

The Court may remand an action to state court for lack of subject matter jurisdiction or for any defect in the removal procedure. See <u>28 U.S.C. § 1447(c)</u>; <u>Tengler v. Spare</u>, No. C-95-33421SI, 1995 WL 705142, at *2 (N.D. Cal. Nov. 15, 1995). Remand may be ordered sua sponte or upon a party's motion. <u>Tengler</u>, 1995 WL 705142, at *2. The Court may remand for lack of subject matter jurisdiction at any time. <u>Id.</u> See also <u>Fed. R. Civ. P. 12(h)(3)</u> ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

/ / /

/ / /

2

CASE NO. 07 CV 2132 DMS (AJB)

# IV. ARGUMENT

## A. FEDERAL QUESTION JURISDICTION UNDER SECTION 1331.

In the federal courts, subject matter jurisdiction may arise from either "federal question jurisdiction" or "diversity of citizenship" when the amount in controversy exceeds $75,000. *See Caterpillar*, 482 U.S. at 392; 28 U.S.C. §§ 1331-32. Here, Defendant removed on the basis of federal question jurisdiction *only*. *See* Notice of Removal, Docket No. 1. Defendant does not allege that there is diversity of citizenship between itself and Plaintiff. *See* 28 U.S.C. § 1332. Consequently, the Court's jurisdiction over the action turns on whether or not federal question jurisdiction exists. *See Murphy v. Lanier*, 997 F.Supp. 1348, 1349 (S.D. Cal. 1998), *aff'd* 204 F.3d 911 (9th Cir. 2000).

Federal question jurisdiction is governed by 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Generally, "[a] case arises under federal law where federal law creates the cause of action or where the vindication of a right under state law necessarily turns on some construction of federal law." *Republican Party of Guam v. Gutierrez*, 227 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 436 U.S. 1, 8-9 (1983)). "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392 (internal quotation marks omitted).

However, "alleging a violation of a federal statute is not always sufficient to invoke federal question jurisdiction." *Murphy*, 977 F. Supp. at 1349. Subject matter jurisdiction over a "formally federal cause of action may be lacking" as a result of the statute's provisions and Congressional intent. *Id.* at 1350. While section 1331 provides a general grant of subject matter jurisdiction to the district courts over actions "arising under" federal law, this grant may be circumscribed by Congress. *Id.* A federal law that creates a cause of action may assign jurisdiction over that cause of action to courts other than the district court. *Id.*

**B.     CLAIMS ARISING UNDER THE TCPA.**

In 1991, Congress amended the Communications Act of 1934 with the Telephone Consumer Protection Act of 1991 ("TCPA"). *Int'l Sci. & Tech. Inst., Inc. v. Inacom Commc'ns, Inc.*, 106 F.3d 1146, 1150 (4th Cir. 1997) (citing Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified as 47 U.S.C. § 227)). The TCPA makes it unlawful to make any call using an automatic telephone dialing system or an artificial or prerecorded voice to, *inter alia*, any number assigned to a paging service. 47 U.S.C. § 227 (b)(1)(A)(iii).

Section 227(b)(3) provides a private remedy for violations of section 227(b)(1)(A)(iii) and its regulations. In particular, section 227(b)(3) provides:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State –
> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> (C) both of the above actions.

47 U.S.C. § 227(b)(3)(A)-(C).

Plaintiff is alleging violations of section 227(b)(1)(A)(iii). See Plaintiff's Complaint.

## C. THE COURT LACKS SUBJECT MATTER JURISDICTION OVER ANY CLAIMS BROUGHT PURSUANT TO SECTION 227(b)(3).

A majority of the Circuit Courts, including the Ninth Circuit, have held that the TCPA vests state courts with exclusive jurisdiction over claims brought under section 227(b)(3). See Dun-Rite Constr., Inc. v. Amazing Tickets, Inc., No. 04-3216, 2004 WL 3239533, at *2 (6th Cir. Dec. 16, 2004) ("state courts' maintenance of exclusive jurisdiction over private rights of action under the TCPA and federal courts' concomitant lack of jurisdiction to hear such private claims [is] well settled."); Murphy v. Lanier, 204 F.3d 911, 913 (9th Cir. 2000); ErieNet, Inc. v. Velocity Net, Inc., 156 F.3d 513, 520 (3d Cir. 1998); Foxhall Realty Law Offices, Inc. v. Telecomms. Premium Servs., Ltd., 156 F.3d 432, 438 (2d Cir. 1998); Nicholson v. Hooters of Augusta, Inc., 136 F.3d 1287, 1289, modified, 140 F.3d 898 (11th Cir. 1998); Chair King, Inc., v. Houston Cellular Corp., 131 F.3d 507, 514 (5th Cir. 1997); Int'l Sci., 106 F.3d at 1152.

In Murphy v. Lanier, the Ninth Circuit came to "the somewhat unusual conclusion that state courts have exclusive jurisdiction over a cause of action created by" a federal statute, specifically, section 227(b)(3) of the TCPA. Murphy v. Lanier, 204 F.3d 911, 915 (9th Cir. 2000) (quoting Int'l Sci., 106 F.3d at 1150). In Murphy, the Ninth Circuit agreed with the Fourth Circuit's finding in International Science that Congress did not intend to grant federal district courts jurisdiction over private causes of action under section 227(b)(3) of the TCPA. Id. at 913; see Int'l Sci., 106 F.3d at 115. The Fourth Circuit's holding in International Science was

5

CASE NO. 07 CV 2132 DMS (AJB)

supported by both the language of the TCPA and its legislative history. See *Int'l Sci.* 106 F.3d at 1152; *Murphy*, 204 F.3d at 913.

While section 227(b)(3) grants state courts exclusive jurisdiction over private causes of action, section 227(f)(2) explicitly confers federal district courts with exclusive jurisdiction over actions initiated by the states. *Int'l Sci.*, 106 F.3d at 1152. The Fourth Circuit found "it significant that in enacting the TCPA, Congress wrote precisely, making jurisdictional distinctions in the very same section of the Act by providing that private actions may be brought in appropriate state courts and that actions by the states must be brought in the federal courts." *Id.* Furthermore, the Fourth Circuit found that the legislative history supported the conclusion that no federal jurisdiction exists for claims initiated under section 227(b)(3) as Congress intended to provide a "speedy, effective, and inexpensive remedy." *Murphy*, 204 F.3d at 913. Private actions under the TCPA should therefore be treated as small claims resolved in state court so long as the state allows such actions. *Id.* (citing *Int'l Sci.*, 106 F.3d at 1152). Accordingly, a claim alleged under section 227(b)(3) of the TCPA does not confer federal question jurisdiction. See *Watson v. NCO Group, Inc.*, 462 F. Supp. 2d 641, 646 (E.D. Pa. 2006); *Martinez v. Ballas*, Civ. No. 04-785-PHX-RGS, 2006 WL 2547368, at *1 (D. Ariz. Aug. 31, 2006); *Brodeur v. Swan Fin. Corp.*, No. 4:05CV2418 DDN, 2006 WL 950208, at *3 (E.D. Mo. Apr. 11, 2006); *Redefining Progress v. Fax.com*, No. C 02-4057 MJJ, 2003 WL 926853, at *2 (N.D. Cal. Mar. 3, 2003).

///

District Courts within the Ninth Circuit have interpreted *Murphy* to foreclose federal question jurisdiction of TCPA claims. See *Kinder v. Citibank*, No. 99-CV-2500 W (JAH), 2000 WL 1409762, at *3 (S.D. Cal. Sept. 14, 2000) ("*Murphy* stands for two narrow propositions: (1) Congress did not intend the TCPA to confer federal district courts with jurisdiction over private actions, and (2) the general federal question statute, 28 U.S.C. § 1331, does not apply."). See also *Boydston v. Asset Acceptance, LLC*, 496 F.Supp.2d, 1101, at 1108, No. C06-04999-JCS, N.D. Cal. July 23, 2007) ("This Court is bound by the Ninth Circuit's decision in *Murphy v. Lanier*, which precludes federal question jurisdiction for claims pursuant to the TCPA. See *Murphy*, 204 F.3d at 915.").

**D. DEFENDANT HAS WAIVED ANY RIGHT TO ASSERT THAT THIS COURT HAS JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP, OR ANY OTHER GROUND, AND THIS COURT DOES NOT HAVE THE POWER TO GRANT DEFENDANT LEAVE TO AMEND THE NOTICE OF REMOVAL TO ADD A *NEW ALLEGEGATION* OF DIVERSITY.**

Regardless of whether or not Defendant could have properly removed this case based on Diversity of Citizenship, Defendant failed to state that basis when it removed and it has long since waived its right to do so. Therefore, this Court does not have subject matter jurisdiction over the instant action.

Defendant was served with the summons and complaint in this case on October 1, 2007. *See* Exhibit B. Pursuant to 28 U.S.C. § 1446 (b), Defendant had until October 31, 2007 to file a Notice of Removal, stating *all* bases for jurisdiction of this case in this Court. However, when Defendant filed its Notice of Removal on October 31, 2007, it alleged only one (1) basis for subject matter jurisdiction in this court: federal question jurisdiction. *See* Defendant's Notice of

7

CASE NO. 07 CV 2132 DMS (AJB)

Removal, Docket No. 1. Therefore, Defendant has forever waived any and all right to removal based on any other jurisdictional ground. Specifically, Defendant has waived any right to assert that this court has subject matter jurisdiction based on Diversity of Citizenship.

Moreover, while procedural defects are normally waived if the party seeking remand does not file a motion to remand within 30 days of service of the notice of removal, lack of federal subject matter jurisdiction is *never* waived. 28 U.S.C. § 1447 (c); Libhart v. Santa Monica Dairy Co. (9th Cir. 1979) 592 F2d 1062, 1065.

Courts have *discretionary* power to grant the removing party leave to amend defective removal notices *within the 30-day removal period*. Defects in the form or content of the removal papers are *usually* not jurisdictional and *may* be cured by amendment after removal; e.g., to furnish the required copies of the state court file. National Audubon Society v. Department of Water & Power of Los Angeles (E.D. CA 1980) 496 F.Supp. 499, 503. Where the requisite jurisdictional grounds **are not omitted entirely**, but rather are merely defective in form, failure to state *valid* grounds for removal *may* be cured by post-removal amendment of the notice, as long as such jurisdiction in fact existed at the time of removal. See 28 U.S.C. § 1653 – "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts"; see McMahon v. Bunn-O-Matic Corp., supra, 150 F3d at 654.

However, Defendant in this case did not allege any other jurisdictional basis in its Notice of Removal and the latest date that it could have done so was October 31, 2007. Therefore,

Defendant no longer has the right to amend its Notice of Removal. Assuming, for the sake of argument, that the Court is willing to overlook Defendant's failure to comply with the 30 day time limit, Defendant's failure to allege Diversity of Citizenship, or any other jurisdictional basis, is not a *procedural* defect which can be cured by amendment nor is it a *defective allegation* of jurisdiction. To the contrary, there was *no allegation* of Diversity of Citizenship subject matter jurisdiction whatsoever. Because the removal notice must be filed within 30 days after the complaint is received (28 U.S.C. § 1447 (c)), it may *not* be amended to add a *separate* basis for removal jurisdiction *after* the 30-day period. <u>O'Halloran v. University of Washington</u> (9th Cir. 1988) 856 F2d 1375, 1381.

E. **PLAINTIFF AND DEFENDANT ARE BOTH RESIDENTS OF THE STATE OF CALIFORNIA AND THEREFORE NOT "DIVERSE."**

Plaintiff is a resident of the State of California. *See* Plaintiff's Complaint. Defendant, although incorporated in Delaware, is physically located in and has its principle place of business in the State of California. *See* Plaintiff's Complaint; Exhibit A; Declaration of Chad Austin. Therefore, there is not "diversity" among the parties. *See* <u>28 U.S.C. § 1332</u>. Because there is no diversity of citizenship among the parties and Plaintiff has established that there is no federal question subject matter jurisdiction in federal courts over TCPA claims, this Court has no basis for subject matter jurisdiction and the only proper action by the Court is to remand this case back to San Diego Superior Court, where it was originally filed.

/ / /

/ / /

/ / /

9

CASE NO. 07 CV 2132 DMS (AJB)

## V. CONCLUSION

For all of the reasons stated above, Plaintiff respectfully requests that this Court grant his Motion to Remand.

DATED: February 22, 2008

By: /s/ Chad Austin
CHAD AUSTIN, Esq., Attorney for
Plaintiff, JAMES M. KINDER
Email: chadaustin@cox.net

CASE NO. 07 CV 2132 DMS (AJB)