1 | MARIA C. ROBERTS, State Bar No. 137907
mroberts@sheastokes.com
2 | RONALD R. GIUSSO, State Bar No. 184483
rgiusso@sheastokes.com
3 | SHEA STOKES ROBERTS & WAGNER, ALC
510 MARKET STREET, THIRD FLOOR
4 | SAN DIEGO, CALIFORNIA 92101-7025
TELEPHONE:      (619) 232-4261
5 | FACSIMILE:      (619) 232-4840

6 | Attorneys for Defendant HARRAH'S ENTERTAINMENT, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. KINDER,<br><br>     Plaintiff,<br><br>vs.<br><br>HARRAH'S ENTERTAINMENT, INC. and DOES 1 through 100, inclusive,<br><br>     Defendants. | CASE NO. 07-CV-2132-DMS (AJB)<br>[Consolidated with 07 CV 2226 DMS (POR)]<br><br>Judge:         Hon. Dana M. Sabraw<br>Mag. Judge:    Hon. Anthony J. Battaglia<br><br>Action Date:   October 2, 2007<br><br>DEFENDANT HARRAH'S ENTERTAINMENT, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT AND FOR AN ORDER REQUIRING PLAINTIFF TO POST A BOND IN THE AMOUNT OF $75,000<br><br>ACCOMPANYING DOCUMENTS: NOTICE OF MOTION AND MOTION; DECLARATION OF RONALD R. GIUSSO; NOTICE OF LODGMENT OF EXHIBITS; [PROPOSED] ORDER<br><br>Date:      April 18, 2008<br>Time:      1:30 p.m.<br>Courtroom: 10 |

///
///
///
///

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. PERTINENT BACKGROUND ..................................................................................... 2

    A. Facts And Procedural Background Related To This Case. ................................ 2

    B. Plaintiff's Long History Of Vexatious Litigation. ............................................. 2

    C. KINDER Has At Least Nine Cases Pending Before The Southern District, All Alleging Violations Of The Telephone Consumer Protection Act Based On Nearly Identical Facts And Circumstances. ................................................ 4

III. ARGUMENT .................................................................................................................. 6

    A. Authority Related To Vexatious Litigants. ........................................................ 6

    B. Kinder Clearly Meets All The Requirements To Be Deemed A Vexatious Litigant In This Court. ........................................................................................ 9

IV. CONCLUSION ............................................................................................................. 12

# TABLE OF AUTHORITIES

**Page**

<u>CASES</u>

*DeLong v. Hennessy*
    912 F.2d 1144 (9th Cir. 1990) .................................................................... 6, 7

*Fink v. Gomez*
    239 F.3d 989 (9th Cir. 2001) ........................................................................ 7

*Griffen v. City of Oklahoma City*
    3 F.3d 336 (10th Cir. 1993) ........................................................................ 11

*In re Billy Roy Tyler*
    839 F.2d 1290 (8th Cir. 1988) ..................................................................... 8

*In re Powell*
    851 F.2d 427 (D.C.Cir. 1998) ..................................................................... 7

*Molski v. Evergreen Dynasty Corp.*
    500 F.3d 1047 (9th Cir. 2007) ............................................................. 6, 7, 10

*Molski v. Mandarin Touch Restaurant*
    347 F.Supp.2d 860 (C.D.Cal. 2004) .................................................... passim

*Roadway Express, Inc. v. Piper*
    447 U.S. 752 (1980) ..................................................................................... 6

*Safir v. United States Lines, Inc.*
    792 F.2d 19 (2d Cir. 1986) .......................................................................... 7

*Tompkins v. Cyr*
    202 F.3d 770 (5th Cir. 2000) ..................................................................... 11

*Tripati v. Beaman*
    878 F.2d 351 (10th Cir. 1989) ..................................................................... 6

*Wilson v. Kayo Oil Co.*
    2007 WL 3203035 (S.D.Cal. 2007) ....................................................... 9, 10

<u>STATUTES</u>

28 *United States Code* section 1332(a) ................................................................ 2

California Code of Civil Procedure section 391 ................................................ 11

California Code of Civil Procedure section 391.1 ......................................... 2, 11

/ / /

/ / /

RULES

Federal Rule of Civil Procedure 12(b)(2)..................................................................2

Federal Rule of Civil Procedure 12(b)(6)..................................................................2

United States District Court, Southern District of California, Local Rule 83.4.2(c)............7

United States District Court, Southern District of California, Local Rule 65.1.29a)............11

## I.

## **INTRODUCTION**

On October 2, 2007, Plaintiff James M. Kinder ("KINDER") filed a complaint against Defendant Harrah's Entertainment, Inc. in San Diego County Superior Court alleging violations of the Telephone Consumer Protection Act, California *Civil Code* section 1770, Unfair Business Practices Act, and trespass to chattels. Eight other cases were also initiated by KINDER in San Diego County Superior Court at about the same time. These cases were all removed to the United States District Court for the Southern District of California. A mere cursory review of the complaints filed in each of the nine cases KINDER has pending before this Court reveals that the claims in each case allege violations of the same statutes and involve similar facts and circumstances. KINDER used the same boilerplate language in each of the nine complaints.

KINDER has filed scores of cases in California State Court based on the very same statutory violations, and based on identical facts and circumstances. A summary review of the approximately fifteen cases filed by KINDER in 2003 alone reveals that KINDER has used virtually the exact same canned language in his complaints for over five years. In 2003, as a result of his blatant pattern of vexatious litigation, the Superior Court precluded KINDER from filing any new litigation based on the Telephone Consumer Protection Act. KINDER's name was added to the List of Vexatious Litigants prepared by the Administrative Office of Courts of California in May of 2003 and has been on the list ever since, including the Vexatious Litigant Lists published in September 2007, October 2007 and January 2008. (Exh. 16.)

The countless lawsuits filed by KINDER in both state and federal court have wasted valuable judicial resources, as well as the resources of the many defendants who are victims of KINDER's calculated pattern of vexatious litigation. Because there is no doubt that KINDER is a vexatious litigant, Harrah's Entertainment, Inc. requests that this Court issue an order requiring that KINDER post a bond in the amount of no less than $75,000, representing a reasonable amount to secure the costs that will be incurred in defense of this action. (Giusso Decl., ¶ 2.)

## II.

## PERTINENT BACKGROUND

**A.    Facts And Procedural Background Related To This Case.**

On October 2, 2007, KINDER filed a complaint against Harrah's Entertainment, Inc. in San Diego County Superior Court. (Giusso Decl., ¶3.) The complaint alleged violations of the Telephone Consumer Protection Act of 1991, California *Civil Code* section 1770, California's Unfair Business Practices Act, and trespass to chattels. (Giusso Decl., ¶4.) KINDER claims Defendant violated the above statutes by calling his (619) 999-9999 telephone number which is assigned to a paging service, using an artificial or prerecorded voice, without KINDER's express permission. (Exh. 25, p. 2:21-24, 3:7-11, 3:25-27.) On November 21, 2007, Defendant removed the action to the Southern District of California based on this Court's diversity jurisdiction pursuant to 28 *U.S.C.* §1332(a). (Giusso Decl., ¶5.) On November 30, 2007, Defendant filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) and (6). (Giusso Decl., ¶6.) On December 28, 2007, KINDER filed a motion for leave to file an amended complaint seeking to add five new defendants to the action and on January 22, 2008, this Court granted KINDER's motion for leave to amend and denied the motion to dismiss. (Giusso Decl., ¶7.)

**B.    Plaintiff's Long History Of Vexatious Litigation.**

KINDER is a disbarred attorney who was convicted of a felony in the 1980's. KINDER has an extensive history as a vexatious litigant. (*See*, Exh. 16.) During the years 2000-2007, KINDER filed in excess of 350 cases in California state courts alone. (Exhs. 1-2.) On May 21, 2003, KINDER's name was added to the Vexatious Litigant List prepared and maintained by the Administrative Office of the Courts for the State of California, and he was prohibited from filing any future claims without obtaining a pre-filing order and being subject to posting a bond. (Exh. 16; Cal. Code Civ. Proc. §391.1.)

///

///

Starting in about 1999, KINDER started a barrage of lawsuits related to a pager number which he specifically obtained – (619) 999-9999. KINDER has admitted proudly that he is "swamped" with "autodialer" calls to this number because a computer will often default to the 999-9999 number. (Exh. 28.) Reportedly, in a 2000 deposition, KINDER explained the genesis behind the "999" lawsuits:

> Asked why he was filing so many lawsuits against companies he claimed were harassing him telephonically, Kinder replied, "I am going to sue the shit out of every one of them because they are screwing with me and they don't care."

(Exh. 28.)

Despite his status as a vexatious litigant, in September of 2003, KINDER attempted to file the following twelve actions in San Diego County Superior Court based on alleged violations of the Telephone Consumer Protection Act of 1991, each of which claimed nearly identical facts and circumstances as are alleged in the present cases based on KINDER's use of the 999-9999 telephone number:

- *James M. Kinder v. States Recovery Systems, Inc.*, Case No. GIC 818823;
- *James M. Kinder v. Household Automotive Finance*, Case No. GIC 818812;
- *James M. Kinder v. Corporate Collection Services, Inc.*, Case No. GIC 822762;
- *James M. Kinder v. Rite Aid Corporation*, Case No. GIC 818821;
- *James M. Kinder v. Mitsubishi Motors Credit.*, Case No. GIC 818822;
- *James M. Kinder v. NCO Financial Systems, Inc.*, Case No. GIC 818820;
- *James M. Kinder v. 24 Hour Fitness USA, Inc.*, Case No. GIC 818819;
- *James M. Kinder v Bay Area Credit Service, Inc.*, Case No. GIC 818818;
- *James M. Kinder v. Washington Mutual Bank*, Case No. GIC 818816;
- *James M. Kinder v. Western Collection Recovery, Inc.*, Case No. 818817;
- *James M. Kinder v. Collectech Systems, Inc.*, Case No. 818815; and
- *James M. Kinder v. Triad Financial Corporation*, Case No. GIC 818814.

(Exhs. 3-14.)

/ / /

/ / /

1  The complaints in the above-actions are virtually identical to one another, each praying for
2  an award of $500 for every violation of the Telephone Consumer Protection Act. (Exhs. 3-14.) In
3  many of these cases, KINDER alleged only nine (9) or fewer violations of the statute, making his
4  potential recovery very limited thereby essentially forcing the defendants to settle with him. (*See,*
5  *e.g.,* Exhs. 6, p. 3; 9, p. 3; 12, p. 3; 13, p. 3; 14, p. 3.) For example, in *Western Collection*
6  *Recovery, Inc.*, KINDER alleged that only two unlawful calls were made to his 999-9999
7  telephone number. (Exh. 12.) However, as a result of KINDER's status as a vexatious litigant,
8  each of the above cases was dismissed by an Order Denying Permission to File New Litigation.
9  (Exhs. 6, 9, 12-14.)

11 A review of the docket of the San Diego County Superior Court reveals that KINDER filed
12 an additional 150 cases during the year 2007. (Exh. 2.) Among the countless cases filed by
13 KINDER in 2007, at least twenty-seven cases were filed in the month of December 2007 alone;
14 every one of which was based on alleged violations of the Telephone Consumer Protection Act
15 related to KINDER's use of the 999-9999 telephone number that he intentionally requested. (*Id.*)

17 **C.  KINDER Has At Least Nine Cases Pending Before The Southern District, All Alleging Violations Of The Telephone Consumer Protection Act Based On Nearly**
18 **Identical Facts And Circumstances.**

19 In addition to the hundreds of cases KINDER has filed in California state court, there are
20 currently at least nine cases pending before this Court (all of which were removed from state
21 court) in which KINDER seeks relief under the Telephone Consumer Protection Act of 1991
22 ("TCPA") for his use of the 999-9999 telephone number:

23 • *James M. Kinder v. Nationwide Recovery Systems, Ltd.*, Case No. 07cv2123
24   DMS(AJB);

25 • *James M. Kinder v. Enhanced Recovery Corporation*, Case No. 07cv2152
26   DMS(AJB);

27 • *James M. Kinder v. Bankfirst*, Case No. 07cv877 DMS(POR);

28 • *James M. Kinder v. Sprint PCS Assets, LLC*, Case No. 07cv2049 WQH(JMA);

1     • *James M. Kinder v. Asset Acceptance, LLC*, 07cv2084 DMS(AJB);

2     • *James M. Kinder v. Astra Business Services, Inc.*, Case No. 07cv2091 H(JMA);

3     • *James M. Kinder v. Discover Card Services, Inc.*, Case No. 07cv2138

4       WHQ(JMA);

5     • *James M. Kinder v. Cavalry Investments, LLC*, Case No. 07cv2274

6       IEG(WMC); and

7     • *James M. Kinder v. Harrah's Entertainment, Inc.*, Case No. 07cv2226

8       DMS(POR).

9 (Exhs. 17-25.)

11 <u>At the time KINDER filed these lawsuits, and specifically at the time KINDER filed his action against Harrah's Entertainment, Inc. KINDER had already been deemed a vexatious litigant under California law and was subject to an order requiring him to obtain leave of court prior to filing any claims.</u> (Exh. 16.) This is evidenced by the fact that KINDER's name appears on the Vexatious Litigant Lists for September 2007, October 2007, and the current list for January 2008, as published by the Administrative Office of Courts of California. (Exh. 16.) KINDER did not obtain leave of court, as required by California law, prior to filing any of these lawsuits, including his complaint against Defendants.

20 Absent minor factual differences, KINDER's complaints in the nine cases before this Court are virtually identical, all alleging violations of the TCPA based on KINDER's 999-9999 telephone number. (Exhs. 17-25.) In fact, many of the complaints differ only in that a different defendant is named, and are completely identical in every other respect. (*See*, Exhs. 17, 18, 20, 21, 23, 24.) In fact, the only complaint currently before this Court that alleges any additional causes of action is the complaint against Defendant Harrah's Entertainment, Inc. which alleges additional causes of action under California statutory and common law. (Exh. 25.)

27 / / /

28 / / /

## III.

## ARGUMENT

### A. Authority Related To Vexatious Litigants.

The District Court has the inherent power to levy sanctions in response to abusive litigation practices. (*Molski v. Mandarin Touch Restaurant*, 347 F.Supp.2d 860, 863 (C.D.Cal. 2004)), *citing, Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765-766 (1980).) This inherent power vested in the federal courts includes the ability to issue orders requiring restrictions of pleadings filed by vexatious litigants. (*DeLong v. Hennessy*, 912 F.2d 1144, 1147 (9th Cir. 1990), *citing, Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989) (stating "there is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances").)

The Local Rules of this Court provide, "[a]n attorney in practice before this court shall not: . . . Knowingly participate in litigation or any other proceeding that is without merit or is designed to harass or drain the financial resources of the opposing party." (U.S. Dist. Ct., Local Civ. Rules, Southern Dist. Cal., rule 83.4.2(c).) In addition, the Ninth Circuit has endorsed and adopted a five factor test for determining whether a party is a vexatious litigant. (*Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1051 (9th Cir. 2007) (affirming the District Court's application of a five-factor test).) *Molski* involved a plaintiff who had filed hundreds of lawsuits throughout the course of his career as a litigant. (*Molski v. Mandarin Touch Restaurant*, 347 F.Supp.2d 860, 861 (C.D.Cal. 2004).)

In determining that the plaintiff was a vexatious litigant, the District Court adopted the following five factor tests used by the Second Circuit Court of Appeals:

  (1)  the litigant's history of litigation and in particular whether it entailed vexatious, harassing, or duplicative suits;

  (2)  the litigant's motive in pursuing the litigation, for example, whether the litigant had a good faith expectation of prevailing;

  (3)  whether the litigant is represented by counsel;

(4) whether the litigant has caused unnecessary expense to the parties or placed a needless burden on the courts; and

(5) whether other sanctions would be adequate to protect the courts and other parties.

(*Id.* at 863-864, *citing, Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986).) The Ninth Circuit in *Molski* subsequently affirmed the District Court's determination that the plaintiff was a vexatious litigant required to obtain leave of court before filing any further claims. (*Molski v. Evergreen Dynasty Corp.*, 500 F.3d at 1051.)

In analyzing the first of the five factors, the district court noted that the plaintiff was a career litigant who had previously filed hundreds of lawsuits, most of which ended in settlement. (*Molski v. Mandarin Touch Restaurant*, 347 F.Supp.2d 860, 861 (C.D.Cal. 2004).) The court stated that while "litigiousness alone is insufficient to justify a restriction on filing activities, it is a factor the Court considers indicative of an intent to harass." (*Id.* at 864, *citing, DeLong v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990).) In its analysis of the first factor, the court noted that the "textual and factual similarity of the complaints filed by the Plaintiff" was "indicative of an intent to harass, as it suggests that Plaintiff is filing boilerplate complaints." (*Molski*, 347 F.Supp.2d at 864, *citing, In re Powell*, 851 F.2d 427, 431 (D.C.Cir. 1998).)

Most important, however, in the District Court's analysis of the first factor is the fact that, "[a]lthough [the] complaint appears credible standing alone, its validity [was] undermined when viewed alongside [the plaintiff's] other complaints." (*Id.*) The court emphatically stated: "for purposes of imposing sanctions under the inherent power of the court, a finding of bad faith does not require that the legal and factual basis for the action prove totally frivolous; <u>where a litigant is substantially motivated by vindictiveness, obduracy, or mala fides, the assertion of a colorable claim will not bar the assessment of sanctions</u>." (*Id.* at 865 (emphasis added)], *citing, Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001).)

///

///

Analyzing the second factor—the litigant's motive in bringing the lawsuit—the district court stated that while "raising multiple claims, by itself is not unethical or vexatious. . . . it is consistent with an overall pattern of behavior that demonstrates [the plaintiff's] motivation is, ultimately, to extract a cash settlement." (*Id.* at 866.) The court further noted that the plaintiff's pattern of filing multiple claims based on identical facts and circumstances "suggests that he does not even have a reasonable expectation (or intention) of litigating the suit on the merits." (*Id.*)

With respect to the third factor, whether the litigant is represented by counsel, the district court stated that "[a]lthough courts are generally protective of *pro se* litigants, this same protection does not apply to litigants represented by counsel, and thus this factor also weighs against Plaintiff." (*Id.*) Moreover, the court, without need for any discussion, easily found the fourth factor, the burden on the courts, to weigh heavily against the plaintiff because he "had filed a countless number of vexatious claims." (*Id.*)

Finally, the District Court found the fifth and final factor—the adequacy of other sanctions—weighed heavily in favor of issuing a pre-filing review order against the plaintiff. The district court stated:

> As noted, Plaintiff's filings appear meritorious when examined individually. Their vexatious nature is revealed only when viewed in the aggregate. Thus, <u>the only effective way to put a reviewing judge on notice of Plaintiff's history is to require [the plaintiff] to file a copy of this order with every new complaint that he seeks to file</u>. This would allow the reviewing judge to assess whether [the plaintiff] had raised a bona fide claim . . . or whether he was merely bringing another vexatious claim in order to strong arm a business into settling.

(*Id.* at 866-867, *citing, In re Billy Roy Tyler*, 839 F.2d 1290, 1293-1294 (8th Cir. 1988).)

/ / /
/ / /
/ / /
/ / /
/ / /

The district court's analysis in *Molski* has been followed recently by numerous decisions in the Southern District. For example, in *Wilson v. Kayo Oil Co.*, the Southern District cited *Molski* and ordered the vexatious plaintiff "to show cause why the Court should not 'exercise its inherent power' to declare [the plaintiff] a vexatious litigant, impose a pre-filing order on his attorneys, or award monetary sanctions to [the defendants]." (*Wilson v. Kayo Oil Co.*, 2007 WL 3203035 (S.D.Cal. 2007), *citing*, *Molski*, 347 F.Supp.2d at 867.)

B. **Kinder Clearly Meets All The Requirements To Be Deemed A Vexatious Litigant In This Court.**

As the District Court found in *Molski*, KINDER's filing of "boilerplate complaints" indicates an intent to harass Defendant. (*Molski*, 860 F.Supp.2d at 865.) As stated above, and as evidenced by the numerous exhibits accompanying this motion, KINDER's complaints could hardly be more "textually and factually similar." In fact, the only difference between many of the complaint is the name of the defendant. (Exhs. 17, 18, 20, 21, 23, 24.) Thus, KINDER's bad faith intent to harass Defendant cannot be overcome by any argument by KINDER that his individual claims have merit.

The District Court's reasoning in *Molski* as to the second factor—the litigant's motive in bringing the lawsuit—can also be applied to the instant case. As did the plaintiff in *Molski*, KINDER has demonstrated an extensive and calculated pattern of filing multiple claims alleging the same statutory violations and based on identical facts and circumstances. Accordingly, this Court may infer that KINDER does not even have a reasonable expectation or intention of litigating this suit on the merits.

The fact that KINDER is purportedly represented by Attorney Chad Austin, in this matter does not protect KINDER from this Court issuing a pre-filing review order as to all future claims he may file. In fact, as the District Court in *Molski* clearly stated, courts are not generally protective of litigants represented by counsel. (*Id.* at 865.) Further, as this Court noted in a recent

1 order in this case: "once a person is declared a vexatious litigant, filing subsequent lawsuits
2 through counsel does not exempt him from the requirements of [a] pre-filing order." (Exh. 26, p.
3 2, fn. 2.) Moreover, KINDER himself is a former attorney who should know well the
4 consequences of such egregious abuse of the judicial system. (Exh. 27.)

6       Regarding the fourth factor in the District Court's analysis in *Molski*, it is clear that
7 KINDER's pattern of vexatious litigation has long been a burden on both state and federal courts
8 in California. As noted above, KINDER currently has at least 150 cases pending in state and
9 federal court in San Diego constituting a massive waste of valuable judicial resources. Such
10 conduct should not be countenanced by this Court.

12       Finally, the only effective way to deter KINDER from continuing in his present course of
13 conduct, and wasting the valuable resources of the Court and the resources of the defendants who
14 become the victims of vexatious lawsuits, is for this Court to issue an order deeming him a
15 vexatious litigant and requiring him to post a bond should he decide to continue to prosecute the
16 instant action.

18 **C.**    **This Court Should Issue An Order That KINDER Be Required To Post A Bond Of No Less Than $75,000.**

20       It is undisputed that KINDER was already deemed a vexatious litigant in 2003 by the San
21 Diego County Superior Court, and that his name remained on the vexatious litigants' list of the
22 Administrative Office of the Courts at the time he filed the instant action. (Exh. 16.)
23 Notwithstanding these facts, there is ample reason for this Court to deem KINDER a vexatious
24 litigant on its own. (*See, Molski v. Evergreen Dynasty Corp.*, 500 F.3d at 1051; *Wilson v. Kayo
25 Oil Co.*, 2007 WL 3203035 (S.D.Cal. 2007).) It is equally undisputed that KINDER failed to
26 obtain a pre-filing order prior to filing the instant action on October 2, 2007. (Giusso Decl., ¶ 8.)
27 Thus, the original Complaint filed in this action, before it was removed to this District Court, was
28 *per se* frivolous.

1   This Court may impose sanctions under state law for frivolous pleadings filed in state court
2   before removal – *i.e.*, the Original Complaint in this action. (*See, Tompkins v. Cyr*, 202 F.3d 770,
3   787 (5th Cir. 2000); *see also, Griffen v. City of Oklahoma City*, 3 F.3d 336, 341 (10th Cir. 1993).)
4   California Code of Civil Procedure §391, provides in pertinent part:

> In any litigation pending in any court of this state, at any time until final judgment is entered, a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security.

7   (Cal. Code Civ. Proc. §391.1.) The Local Rules of this district provide that the Court may require
8   a party "to furnish security for costs which may be awarded against such party in an amount and
9   on such terms as are appropriate." (Local Civ. Rules, Southern Dist. Cal., rule 65.1.2(a).)

11   KINDER is one of the most litigious people in San Diego. He is infamous in San Diego
12   courts, both federal and state. He has made an industry out of the "999" litigation, based on a
13   telephone number that he chose himself, hoping to be able to use it to "sue the shit" out of
14   companies whom he alleges have telephoned his number. (Exh. 28.) On numerous occasions,
15   these *pro forma* "999" lawsuits have been dismissed uniformly because Courts found KINDER's
16   unverified allegations to be insufficient to conclude that his claims had "sufficient potential merit
17   to allow plaintiff to proceed and is not simply filed to harass the defendant." (Exhs. 6, 9, 12-14.)

19   This Court may order a "state court" sanction in the form of a bond/security as required for
20   vexatious litigants under Cal. Code of Civil Procedure §391.1. Alternatively, under this Court's
21   inherent sanction authority, and the authority under the Local Rules, the Court may require the
22   posting of such a bond. KINDER is truly the archetypical vexatious litigant. He is the exact type
23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

of litigant that California's vexatious litigant statute, and federal law concerning vexatious litigants, is supposed to address. In this case, given these facts, it is necessary for this Court to issue an Order requiring KINDER to post a bond/security in the amount of $75,000 if he chooses to continue to prosecute the instant action.[1]

## IV.

## CONCLUSION

In order to deter KINDER from continuing to engage in this obvious pattern of harassing and vexatious litigation conduct, Harrah's Entertainment, Inc. respectfully requests this Court issue an order requiring KINDER to post a bond in an amount of no less than $75,000, to secure the costs which will be reasonably incurred by Defendant (and as yet-unserved Defendants) in the defense of this action.

SHEA STOKES ROBERTS & WAGNER, ALC

Dated: March 6, 2008            By:   s/Maria C. Roberts
                                      Maria C. Roberts
                                      Ronald R. Giusso
                                      Attorneys for Defendant
                                      HARRAH'S ENTERTAINMENT, INC.

---

[1] As set forth in the accompanying Declaration of Ronald R. Giusso, $75,000 is a reasonable amount to require KINDER to post as security for the continued prosecution of this action as Defendant Harrah's Entertainment, Inc., and additional as yet-unserved *Specially Appearing* Defendants, expect to incur at least that amount in costs related to investigation, research and defense of KINDER's claims, forensic analysis of the alleged telephone calls and transcripts, and other necessary means to defend against KINDER's claims. (Giusso Decl., ¶ 2.)