# EXHIBIT 6

1  JAMES M. KINDER
   5775 Caminito Pulsera
2  La Jolla, CA 92037-7160
   Telephone: (858) 551-8852
3  Facsimile: (858) 551-8859

4  Plaintiff in Pro Per

RECEIVED

SEP 18 2007
        JW

BUT NOT FILED

5

6

7

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        FOR THE COUNTY OF SAN DIEGO

10

11  JAMES M. KINDER,                    )    CASE NO.   GIC  818821
                                        )
12              Plaintiff,              )    COMPLAINT FOR DAMAGES FOR
                                        )    VIOLATION(S) OF TELEPHONE
13  v.                                  )    CONSUMER PROTECTION ACT OF
                                        )    1991 ("TCPA")
14                                      )    [47 U.S.C. §227 & 47 C.F.R. §64.1200]
    RITE AID CORPORATION,               )
15  and DOES 1 through 100 inclusive,   )
                                        )
16              Defendants.             )
                                        )

17

18        Plaintiff JAMES M. KINDER alleges:

19        1.     Plaintiff is bringing this action pursuant to the provisions of the Telephone

20  Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA"),

21        2.     Plaintiff is, and at all times herein mentioned was, a resident of the County

22  of San Diego, State of California.

23        3.     Defendants are, and at all times herein mentioned were, business organizations of

24  unknown form, doing business in the County of San Diego, State of California.

25        4.     Plaintiff is unaware of the true names and capacities of defendants sued herein as

26  DOES 1 through 100, inclusive, and therefore sues these defendants by such fictitious names.

27  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

28  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named

                                        1

1  defendants is responsible in some manner for the occurrences herein alleged and that plaintiff's

2  damages as herein alleged were proximately caused by their conduct.

3       5.     At all times herein mentioned each defendant was the partner, agent and employee

4  of each co-defendant herein and was at all times acting within the scope of such partnership,

5  agency and employment and each defendant ratified the conduct of each co-defendant herein.

6       6.     Even though the TCPA is a federal statute, state courts have exclusive jurisdiction

7  over private actions brought pursuant to its provisions.

8       7.     A few years ago, plaintiff, for valuable consideration, obtained the voice mail

9  telephone number (619) 999-9999. Plaintiff obtained this number so that his clients and

10  customers, as well as potential clients and customers, would easily remember it, thereby making

11  it an extremely valuable number.

12       8.     Subdivision (b)(1)(A)(iii) of section 227 of title 47 of the United States Code and

13  subdivision (a)(1)(iii) of section 64.12000 of title 47 of the Code of Federal Regulations make it

14  unlawful for any person within the United States to make any call using any automatic telephone

15  dialing system to any telephone number assigned to a paging service, cellular telephone service,

16  specialized mobile radio service, or other radio common carrier service, or any service for which

17  the called party is charged for the call.

18       9.     Defendants are primarily engaged in the business of debt collection or other

19  business activity and, in connection with such business, make telephone calls using an automatic

20  telephone dialing system.

21       10.    The telephone number (619) 999-9999 is assigned to a paging service, which also

22  provides voice mail service.

23       11.    Defendants have violated the TCPA by frequently calling plaintiff's voice mail at

24  (619) 999-9999, using an automatic telephone dialing system.

25       12     Subdivision (b)(3) of section 227 of title 47 of the United States Code permits a

26  private right of action in state court for violation of the above subsection. Plaintiff may obtain

27  relief in the form of injunctive relief, or plaintiff may recover $500.00 for each violation, or both.

28  If the court finds that defendants' violations were willful or knowing, it may, in its discretion,

Complaint for Damages for Violation(s) of Telephone Consumer Protection Act of 1991

1    award up to three times that amount.

2        13.    Defendants have made at least nine (9) calls to plaintiff's voice mail number.

3        WHEREFORE plaintiff prays for judgment against defendants, and each of them, as

4    follows:

5        1.    For an award of $500.00 for each violation of 47 U.S.C. §227 or 47 C.F.R.

6        §64.1200;

7        2.    For an award of $1,500.00 for each such violation found to have been willful;

8        3.    For costs of suit herein incurred; and

9        4.    For such further relief as the Court deems proper.

10

11    Dated: September 15, 2003

12

13

14        JAMES M. KINDER, Plaintiff in Pro Per

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint for Damages for Violation(s) of Telephone Consumer Protection Act of 1991

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
- ❑ COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814
- ❑ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
- ❑ FAMILY COURT, 1555 6TH AVE., SAN DIEGO, CA 92101-3296
- ❑ MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105
- ❑ KEARNY MESA, 8950 CLAIREMONT MESA BLVD., SAN DIEGO, CA 92123-1187
- ❑ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92083-6643
- ❑ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
- ❑ RAMONA, 1428 MONTECITO RD., RAMONA, CA 92065-5200
- ❑ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649
- ❑ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792

PLAINTIFF(S)/PETITIONER(S)

### JAMES M. KINDER

DEFENDANT(S)/RESPONDENT(S)

### RITE AID CORPORATION

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**
**(CCP 1013a(4))**

F I L E D
Clerk of the Superior Court

OCT 0 8 2003

By: C. VASQUEZ. Deputy

Judge:    **JOHN S. EINHORN**

Dept.:    24

CASE NUMBER:
**GIC818821**

I, **STEPHEN LOVE**, certify that: I am not a party to the above-entitled case; that on the date shown below, I served the following document(s):

### ORDER DENYING PERMISSION TO FILE NEW LITIGATION
### DATED: OCTOBER 7, 2003

On the parties shown below by placing a true copy in a separate envelope, addressed as shown below; each envelope was then sealed and, with postage thereon fully prepaid, deposited in the United States Postal Service at:

[X] San Diego    [ ] Vista    [ ] El Cajon    [ ] Chula Vista    [ ] Oceanside    [ ] Ramona,    California.

JAMES KINDER
5775 CAMINITO PULSERA
LA JOLLA, CA 92037-7160

**STEPHEN LOVE**
**CLERK OF THE SUPERIOR COURT**

Date:    October 8, 2003                    By: _____ , Deputy
                                                 C. Vasquez

**CLERK'S CERTIFICATE OF MAILING**

F I L E D

Clerk of the Superior Court

OCT 0 7 2003

By: C. VASQUEZ. Deputy

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| JAMES M. KINDER,<br><br>      Plaintiff,<br><br>    vs.<br><br>RITE AID CORPORATION,<br><br>      Defendant. | Case No: GIC 818821<br><br>ORDER DENYING PERMISSION TO FILE NEW LITIGATION (C.C.P. § 391.7b) |

The court has reviewed the papers filed by plaintiff on September 18, 2003. JAMES M. KINDER'S application for an order granting vexatious litigant permission to file new litigation is denied pursuant to California Code of Civil Procedure § 391.7 for the reasons stated below.

In his complaint plaintiff alleges that defendant has initiated telephone calls to his phone in violation of the federal Telephone Consumer Protection Act of 1991. The specific violation alleged is multiple calls from an automated dialing system to his voice mail, which is assigned to a paging service.

Plaintiff has not filed any declarations, nor is his Complaint verified. Without some form of evidence this court has nothing but bare allegations upon which to base it's ruling. These allegations, both in their facts and evidentiary value, are insufficient for this court to conclude this action has sufficient potential merit to allow plaintiff to proceed and is not simply filed to harass the defendant. In addition, plaintiff is aware of the factual and legal issues presented by

1

1   this action and appears to have drafted his unverified complaint ambiguously in order to avoid

2   those same issues.

3          This court takes Judicial Notice pursuant to California Evidence Code § 452 of the file in

4   case number GIC 789588.  That action involved many of the same issues as does this action.

5   This Court specifically takes Judicial Notice of the order granting summary judgment in favor of

6   the defendant wherein the court found, with respect to plaintiff's phone number, as follows: "the

7   number is not "assigned to a paging service" because it is undisputed that the number is not

8   longer used in conjunction with a pager.  Instead, the number is assigned to a voicemail service

9   and Mr. Kinder is not charged based on the amount of calls received.  The ordinary and plain

10  meaning of the term "paging service" suggests a paid service in which the user is alerted each

11  time a call is made to the number.  This is not analogous to a voicemail service in which the user

12  periodically calls the service to retrieve messages."   Because the only evidence before this court

13  is that the number is not assigned to a paging service, as is required by 47 U.S.C. 227, the

14  complaint has no merit.

15         This court further takes note that there were factual issues as to whether the 999-9999

16  number was randomly generated or was a default number, or was otherwise intentionally entered

17  in the system, and whether a random number generator was, in fact, used.  Those same issues are

18  present here and plaintiff makes no attempt to provide this court with any evidence that they

19  would be resolved in his favor.

20         Plaintiff is has a legal education and, based thereon, is presumed to understand the legal

21  impediments these findings present in the present case..

22         Therefore, this court finds that this litigation does not have merit and has been filed for

23  the purpose of harassment and/or delay.

24         IT IS SO ORDERED.

25  Dated this 7th day of October, 2003.          By:

26                                                                      Hon. John S. Einhorn
                                                                            Judge of the Superior Court
27

28

                                                            2

EXHIBIT 7

JAMES M. KINDER
5775 Caminito Pulsera
La Jolla, CA 92037-7160
Telephone: (858) 551-8852
Facsimile: (858) 551-8859

Plaintiff in Pro Per

RECEIVED

SEP 18 2003

BUT NOT FILED

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| JAMES M. KINDER, | CASE NO. GIC 818822 |
| Plaintiff, | COMPLAINT FOR DAMAGES FOR VIOLATION(S) OF TELEPHONE CONSUMER PROTECTION ACT OF 1991 ("TCPA") |
| v. | [47 U.S.C. §227 & 47 C.F.R. §64.1200] |
| MITSUBISHI MOTORS CREDIT OF AMERICA, INC., and DOES 1 through 100, inclusive, | |
| Defendants. | |

Plaintiff JAMES M. KINDER alleges:

1.    Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

2.    Plaintiff is, and at all times herein mentioned was, a resident of the County of San Diego, State of California.

3.    Defendants are, and at all times herein mentioned were, business organizations of unknown form, doing business in the County of San Diego, State of California.

4.    Plaintiff is unaware of the true names and capacities of defendants sued herein as DOES 1 through 100, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named

1

1  defendants is responsible in some manner for the occurrences herein alleged and that plaintiff's

2  damages as herein alleged were proximately caused by their conduct.

3      5.      At all times herein mentioned each defendant was the partner, agent and employee

4  of each co-defendant herein and was at all times acting within the scope of such partnership,

5  agency and employment and each defendant ratified the conduct of each co-defendant herein.

6      6.      Even though the TCPA is a federal statute, state courts have exclusive jurisdiction

7  over private actions brought pursuant to its provisions.

8      7.      A few years ago, plaintiff, for valuable consideration, obtained the voice mail

9  telephone number (619) 999-9999. Plaintiff obtained this number so that his clients and

10  customers, as well as potential clients and customers, would easily remember it, thereby making

11  it an extremely valuable number.

12      8.      Subdivision (b)(1)(A)(iii) of section 227 of title 47 of the United States Code and

13  subdivision (a)(1)(iii) of section 64.12000 of title 47 of the Code of Federal Regulations make it

14  unlawful for any person within the United States to make any call using any automatic telephone

15  dialing system to any telephone number assigned to a paging service, cellular telephone service,

16  specialized mobile radio service, or other radio common carrier service, or any service for which

17  the called party is charged for the call.

18      9.      Defendants are primarily engaged in the business of debt collection, and in

19  connection with such business make telephone calls using an automatic telephone dialing system.

20      10.     The telephone number (619) 999-9999 is assigned to a paging service, which also

21  provides voice mail service.

22      11.     Defendants have violated the TCPA by frequently calling plaintiff's voice mail at

23  (619) 999-9999, using an automatic telephone dialing system.

24      12      Subdivision (b)(3) of section 227 of title 47 of the United States Code permits a

25  private right of action in state court for violation of the above subsection. Plaintiff may obtain

26  relief in the form of injunctive relief, or plaintiff may recover $500.00 for each violation, or both.

27  If the court finds that defendants' violations were willful or knowing, it may, in its discretion,

28  award up to three times that amount.

Complaint for Damages for Violation(s) of Telephone Consumer Protection Act of 1991

13. Defendants have made at least fifty-five (55) calls to plaintiff's voice mail number.

WHEREFORE plaintiff prays for judgment against defendants, and each of them, as follows:

1. For an award of $500.00 for each violation of 47 U.S.C. §227 or 47 C.F.R. §64.1200;

2. For an award of $1,500.00 for each such violation found to have been willful;

3. For costs of suit herein incurred; and

4. For such further relief as the Court deems proper.

Dated:   September 15, 2003

_____
JAMES M. KINDER, Plaintiff in Pro Per

---

Complaint for Damages for Violation(s) of Telephone Consumer Protection Act of 1991

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
- ❑ COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814
- ❑ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
- ❑ FAMILY COURT, 1555 6TH AVE., SAN DIEGO, CA 92101-3296
- ❑ MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105
- ❑ KEARNY MESA, 8950 CLAIREMONT MESA BLVD., SAN DIEGO, CA 92123-1187
- ❑ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92083-6643
- ❑ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
- ❑ RAMONA, 1428 MONTECITO RD., RAMONA, CA 92065-5200
- ❑ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649
- ❑ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792

F  I  L  E  D
Clerk of the Superior Court

OCT 0 8 2003

By: C. VASQUEZ. Deputy

PLAINTIFF(S)/PETITIONER(S)

**JAMES M. KINDER**

DEFENDANT(S)/RESPONDENT(S)

**MITSUBISHI MOTORS CREDIT OF AMERICA, INC.**

Judge:     JOHN S. EINHORN

Dept.:     24

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**
**(CCP 1013a(4))**

CASE NUMBER:
GIC818822

I, **STEPHEN LOVE**, certify that: I am not a party to the above-entitled case; that on the date shown below, I served the following document(s):

ORDER DENYING PERMISSION TO FILE NEW LITIGATION
DATED: OCTOBER 7, 2003

On the parties shown below by placing a true copy in a separate envelope, addressed as shown below; each envelope was then sealed and, with postage thereon fully prepaid, deposited in the United States Postal Service at:

| [X] San Diego | ❑ Vista | ❑ El Cajon | ❑ Chula Vista | ❑ Oceanside | ❑ Ramona, | California. |

JAMES KINDER
5775 CAMINITO PULSERA
LA JOLLA, CA 92037-7160

**STEPHEN LOVE**
**CLERK OF THE SUPERIOR COURT**

Date:     October 8, 2003                    By: _____ , Deputy
C. Vasquez

**CLERK'S CERTIFICATE OF MAILING**

F I L E D

Clerk of the Superior Court

OCT 0 7 2003

By: C. VASQUEZ, Deputy

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| JAMES M. KINDER,                             ) | Case No: GIC 818822 |
|                                             ) | |
|          Plaintiff,                          ) | ORDER DENYING PERMISSION TO FILE |
|                                             ) | NEW LITIGATION (C.C.P. § 391.7b) |
|          vs.                                 ) | |
|                                             ) | |
| MITSUBISHI MOTORS CREDIT of                  ) | |
| AMERICA, Inc.                                ) | |
|          Defendant.                          ) | |
| _____) | |

The court has reviewed the papers filed by plaintiff on September 18, 2003. JAMES M. KINDER'S application for an order granting vexatious litigant permission to file new litigation is denied pursuant to California Code of Civil Procedure § 391.7 for the reasons stated below.

In his complaint plaintiff alleges that defendant has initiated telephone calls to his phone in violation of the federal Telephone Consumer Protection Act of 1991. The specific violation alleged is multiple calls from an automated dialing system to his voice mail, which is assigned to a paging service.

Plaintiff has not filed any declarations, nor is his Complaint verified. Without some form of evidence this court has nothing but bare allegations upon which to base it's ruling. These allegations, both in their facts and evidentiary value, are insufficient for this court to conclude this action has sufficient potential merit to allow plaintiff to proceed and is not simply filed to harass the defendant. In addition, plaintiff is aware of the factual and legal issues presented by

1

1  this action and appears to have drafted his unverified complaint ambiguously in order to avoid

2  those same issues.

3    This court takes Judicial Notice pursuant to California Evidence Code § 452 of the file in

4  case number GIC 789588.   That action involved many of the same issues as does this action.

5  This Court specifically takes Judicial Notice of the order granting summary judgment in favor of

6  the defendant wherein the court found, with respect to plaintiff's phone number, as follows: "the

7  number is not "assigned to a paging service" because it is undisputed that the number is not

8  longer used in conjunction with a pager.  Instead, the number is assigned to a voicemail service

9  and Mr. Kinder is not charged based on the amount of calls received.  The ordinary and plain

10  meaning of the term "paging service" suggests a paid service in which the user is alerted each

11  time a call is made to the number.  This is not analogous to a voicemail service in which the user

12  periodically calls the service to retrieve messages."   Because the only evidence before this court

13  is that the number is not assigned to a paging service, as is required by 47 U.S.C. 227, the

14  complaint has no merit.

15    This court further takes note that there were factual issues as to whether the 999-9999

16  number was randomly generated or was a default number, or was otherwise intentionally entered

17  in the system, and whether a random number generator was, in fact, used.  Those same issues are

18  present here and plaintiff makes no attempt to provide this court with any evidence that they

19  would be resolved in his favor.

20    Plaintiff is has a legal education and, based thereon, is presumed to understand the legal

21  impediments these findings present in the present case..

22    Therefore, this court finds that this litigation does not have merit and has been filed for

23  the purpose of harassment and/or delay.

24    IT IS SO ORDERED.

25  Dated this 7th day of October, 2003.  By:

               **Hon. John S. Einhorn**
               Judge of the Superior Court

2

# EXHIBIT 8

JAMES M. KINDER
5775 Caminito Pulsera
La Jolla, CA 92037-7160
Telephone: (858) 551-8852
Facsimile: (858) 551-8859

Plaintiff in Pro Per

RECEIVED

SEP 18 2000

BUT NOT FILED

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| JAMES M. KINDER, | CASE NO. GIC 818820 |
| Plaintiff, | COMPLAINT FOR DAMAGES FOR VIOLATION(S) OF TELEPHONE CONSUMER PROTECTION ACT OF 1991 ("TCPA") |
| v. | [47 U.S.C. §227 & 47 C.F.R. §64.1200] |
| NCO FINANCIAL SYSTEMS, INC., and DOES 1 through 100 inclusive, | |
| Defendants. | |

Plaintiff JAMES M. KINDER alleges:

1.     Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

2.     Plaintiff is, and at all times herein mentioned was, a resident of the County of San Diego, State of California.

3.     Defendants are, and at all times herein mentioned were, business organizations of unknown form, doing business in the County of San Diego, State of California.

4.     Plaintiff is unaware of the true names and capacities of defendants sued herein as DOES 1 through 100, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named

1

Complaint for Damages for Violation(s) of Telephone Consumer Protection Act of 1991

1   defendants is responsible in some manner for the occurrences herein alleged and that plaintiff's

2   damages as herein alleged were proximately caused by their conduct.

3       5.      At all times herein mentioned each defendant was the partner, agent and employee

4   of each co-defendant herein and was at all times acting within the scope of such partnership,

5   agency and employment and each defendant ratified the conduct of each co-defendant herein.

6       6.      Even though the TCPA is a federal statute, state courts have exclusive jurisdiction

7   over private actions brought pursuant to its provisions.

8       7.      A few years ago, plaintiff, for valuable consideration, obtained the voice mail

9   telephone number (619) 999-9999. Plaintiff obtained this number so that his clients and

10  customers, as well as potential clients and customers, would easily remember it, thereby making

11  it an extremely valuable number.

12      8.      Subdivision (b)(1)(A)(iii) of section 227 of title 47 of the United States Code and

13  subdivision (a)(1)(iii) of section 64.12000 of title 47 of the Code of Federal Regulations make it

14  unlawful for any person within the United States to make any call using any automatic telephone

15  dialing system to any telephone number assigned to a paging service, cellular telephone service,

16  specialized mobile radio service, or other radio common carrier service, or any service for which

17  the called party is charged for the call.

18      9.      Defendants are primarily engaged in the business of debt collection and in

19  connection with such business make telephone calls using an automatic telephone dialing system.

20      10.     The telephone number (619) 999-9999 is assigned to a paging service, which also

21  provides voice mail service.

22      11.     Defendants have violated the TCPA by frequently calling plaintiff's voice mail at

23  (619) 999-9999, using an automatic telephone dialing system.

24      12      Subdivision (b)(3) of section 227 of title 47 of the United States Code permits a

25  private right of action in state court for violation of the above subsection. Plaintiff may obtain

26  relief in the form of injunctive relief, or plaintiff may recover $500.00 for each violation, or both.

27  If the court finds that defendants' violations were willful or knowing, it may, in its discretion,

28  award up to three times that amount.

---

2

Complaint for Damages for Violation(s) of Telephone Consumer Protection Act of 1991

1    13.    Defendants have made at least one hundred and one (101) calls to plaintiff's voice

2 mail number.

3    WHEREFORE plaintiff prays for judgment against defendants, and each of them, as

4 follows:

5    1.    For an award of $500.00 for each violation of 47 U.S.C. §227 or 47 C.F.R.

6        §64.1200;

7    2.    For an award of $1,500.00 for each such violation found to have been willful;

8    3.    For costs of suit herein incurred; and

9    4.    For such further relief as the Court deems proper.

10

11 Dated:   September 15, 2003

12

13    _____

14    JAMES M. KINDER, Plaintiff in Pro Per

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint for Damages for Violation(s) of Telephone Consumer Protection Act of 1991

F  I  L  E  D
Clerk of the Superior Court

OCT 0 7 2003

By: C. VASQUEZ, Deputy

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN DIEGO

| | | |
|---|---|---|
| JAMES M. KINDER, | ) | Case No: GIC 818820 |
| Plaintiff, | ) | ORDER DENYING PERMISSION TO FILE NEW LITIGATION (C.C.P. § 391.7b) |
| vs. | ) | |
| NCO FINANCIAL SYSTEMS INC., | ) | |
| Defendant. | ) | |

The court has reviewed the papers filed by plaintiff on September 18, 2003.  JAMES M. KINDER'S application for an order granting vexatious litigant permission to file new litigation is denied pursuant to California Code of Civil Procedure § 391.7 for the reasons stated below.

In his complaint plaintiff alleges that defendant has initiated telephone calls to his phone in violation of the federal Telephone Consumer Protection Act of 1991.  The specific violation alleged is multiple calls from an automated dialing system to his voice mail, which is assigned to a paging service.

Plaintiff has not filed any declarations, nor is his Complaint verified.  Without some form of evidence this court has nothing but bare allegations upon which to base it's ruling.  These allegations, both in their facts and evidentiary value, are insufficient for this court to conclude this action has sufficient potential merit to allow plaintiff to proceed and is not simply filed to harass the defendant.  In addition, plaintiff is aware of the factual and legal issues presented by

1  this action and appears to have drafted his unverified complaint ambiguously in order to avoid

2  those same issues.

3      This court takes Judicial Notice pursuant to California Evidence Code § 452 of the file in

4  case number GIC 789588.   That action involved many of the same issues as does this action.

5  This Court specifically takes Judicial Notice of the order granting summary judgment in favor of

6  the defendant wherein the court found, with respect to plaintiff's phone number, as follows: "the

7  number is not "assigned to a paging service" because it is undisputed that the number is not

8  longer used in conjunction with a pager.  Instead, the number is assigned to a voicemail service

9  and Mr. Kinder is not charged based on the amount of calls received.  The ordinary and plain

10  meaning of the term "paging service" suggests a paid service in which the user is alerted each

11  time a call is made to the number.  This is not analogous to a voicemail service in which the user

12  periodically calls the service to retrieve messages."   Because the only evidence before this court

13  is that the number is not assigned to a paging service, as is required by 47 U.S.C. 227, the

14  complaint has no merit.

15      This court further takes note that there were factual issues as to whether the 999-9999

16  number was randomly generated or was a default number, or was otherwise intentionally entered

17  in the system, and whether a random number generator was, in fact, used.  Those same issues are

18  present here and plaintiff makes no attempt to provide this court with any evidence that they

19  would be resolved in his favor.

20      Plaintiff is has a legal education and, based thereon, is presumed to understand the legal

21  impediments these findings present in the present case..

22      Therefore, this court finds that this litigation does not have merit and has been filed for

23  the purpose of harassment and/or delay.

24      IT IS SO ORDERED.

25  Dated this ___ day of October, 2003.        By:  _____

26                                                   **Hon. John S. Einhorn**
                                                     Judge of the Superior Court

27

28

2

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
- ❑ COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814
- ❑ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
- ❑ FAMILY COURT, 1555 6TH AVE., SAN DIEGO, CA 92101-3296
- ❑ MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105
- ❑ KEARNY MESA, 8950 CLAIREMONT MESA BLVD., SAN DIEGO, CA 92123-1187
- ❑ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92083-6643
- ❑ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
- ❑ RAMONA, 1428 MONTECITO RD., RAMONA, CA 92065-5200
- ❑ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649
- ❑ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792

PLAINTIFF(S)/PETITIONER(S)

### JAMES M. KINDER

DEFENDANT(S)/RESPONDENT(S)

## NCO FINANCIAL SYSTEMS, INC.

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**
(CCP 1013a(4))

F I L E D
Clerk of the Superior Court

OCT 0 8 2003

By: C. VASQUEZ, Deputy

| | |
|---|---|
| Judge: | JOHN S. EINHORN |
| Dept.: | 24 |

CASE NUMBER:
GIC818820

I, **STEPHEN LOVE**, certify that: I am not a party to the above-entitled case; that on the date shown below, I served the following document(s):

ORDER DENYING PERMISSION TO FILE NEW LITIGATION
DATED: OCTOBER 7, 2003

On the parties shown below by placing a true copy in a separate envelope, addressed as shown below; each envelope was then sealed and, with postage thereon fully prepaid, deposited in the United States Postal Service at:

[X] San Diego    [ ] Vista    [ ] El Cajon    [ ] Chula Vista    [ ] Oceanside    [ ] Ramona,    California.

JAMES KINDER
5775 CAMINITO PULSERA
LA JOLLA, CA 92037-7160

**STEPHEN LOVE**
**CLERK OF THE SUPERIOR COURT**

Date:    October 8, 2003            By: _____ , Deputy
C. Vasquez

**CLERK'S CERTIFICATE OF MAILING**

# EXHIBIT 9

1  JAMES M. KINDER
   5775 Caminito Pulsera
2  La Jolla, CA 92037-7160
   Telephone: (858) 551-8852
3  Facsimile: (858) 551-8859

4  Plaintiff in Pro Per

RECEIVED

SEP 18 2007

BUT NOT FILED

8        IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              FOR THE COUNTY OF SAN DIEGO

11  JAMES M. KINDER,                    )    CASE NO. GIC 818819
                                        )
12                  Plaintiff,          )    COMPLAINT FOR DAMAGES FOR
                                        )    VIOLATION(S) OF TELEPHONE
13                                      )    CONSUMER PROTECTION ACT OF
    v.                                  )    1991 ("TCPA")
14                                      )    [47 U.S.C. §227 & 47 C.F.R. §64.1200]
    24 HOUR FITNESS USA, INC.,          )
15  and DOES 1 through 100 inclusive,   )
                                        )
16                  Defendants.         )
                                        )
17  _____)

18        Plaintiff JAMES M. KINDER alleges:

19        1.      Plaintiff is bringing this action pursuant to the provisions of the Telephone

20  Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

21        2.      Plaintiff is, and at all times herein mentioned was, a resident of the County

22  of San Diego, State of California.

23        3.      Defendants are, and at all times herein mentioned were, business organizations of

24  unknown form, doing business in the County of San Diego, State of California.

25        4.      Plaintiff is unaware of the true names and capacities of defendants sued herein as

26  DOES 1 through 100, inclusive, and therefore sues these defendants by such fictitious names.

27  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

28  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named

                                        1

1    defendants is responsible in some manner for the occurrences herein alleged and that plaintiff's

2    damages as herein alleged were proximately caused by their conduct.

3       5.      At all times herein mentioned each defendant was the partner, agent and employee

4    of each co-defendant herein and was at all times acting within the scope of such partnership,

5    agency and employment and each defendant ratified the conduct of each co-defendant herein.

6       6.      Even though the TCPA is a federal statute, state courts have exclusive jurisdiction

7    over private actions brought pursuant to its provisions.

8       7.      A few years ago, plaintiff, for valuable consideration, obtained the voice mail

9    telephone number (619) 999-9999. Plaintiff obtained this number so that his clients and

10    customers, as well as potential clients and customers, would easily remember it, thereby making

11    it an extremely valuable number.

12       8.      Subdivision (b)(1)(A)(iii) of section 227 of title 47 of the United States Code and

13    subdivision (a)(1)(iii) of section 64.12000 of title 47 of the Code of Federal Regulations make it

14    unlawful for any person within the United States to make any call using any automatic telephone

15    dialing system to any telephone number assigned to a paging service, cellular telephone service,

16    specialized mobile radio service, or other radio common carrier service, or any service for which

17    the called party is charged for the call.

18       9.      Defendants are primarily engaged in the business of debt collection or other

19    business activity and, in connection with such business, make telephone calls using an automatic

20    telephone dialing system.

21       10.      The telephone number (619) 999-9999 is assigned to a paging service, which also

22    provides voice mail service.

23       11.      Defendants have violated the TCPA by frequently calling plaintiff's voice mail at

24    (619) 999-9999, using an automatic telephone dialing system.

25       12      Subdivision (b)(3) of section 227 of title 47 of the United States Code permits a

26    private right of action in state court for violation of the above subsection. Plaintiff may obtain

27    relief in the form of injunctive relief, or plaintiff may recover $500.00 for each violation, or both.

28    If the court finds that defendants' violations were willful or knowing, it may, in its discretion,

1   award up to three times that amount.

2          13.     Defendants have made at least nine (9) calls to plaintiff's voice mail number.

3          WHEREFORE plaintiff prays for judgment against defendants, and each of them, as

4   follows:

5          1.      For an award of $500.00 for each violation of 47 U.S.C. §227 or 47 C.F.R.

6                  §64.1200;

7          2.      For an award of $1,500.00 for each such violation found to have been willful;

8          3.      For costs of suit herein incurred; and

9          4.      For such further relief as the Court deems proper.

10

11  Dated: September 15, 2003

12

13                                              _____
                                                JAMES M. KINDER, Plaintiff in Pro Per
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint for Damages for Violation(s) of Telephone Consumer Protection Act of 1991

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
- ❑ COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814
- ❑ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
- ❑ FAMILY COURT, 1555 6TH AVE., SAN DIEGO, CA 92101-3296
- ❑ MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105
- ❑ KEARNY MESA, 8950 CLAIREMONT MESA BLVD., SAN DIEGO, CA 92123-1187
- ❑ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92083-6643
- ❑ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
- ❑ RAMONA, 1428 MONTECITO RD., RAMONA, CA 92065-5200
- ❑ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649
- ❑ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792

PLAINTIFF(S)/PETITIONER(S)

### JAMES M. KINDER

DEFENDANT(S)/RESPONDENT(S)

## 24 HOUR FITNESS USA, INC.

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**
(CCP 1013a(4))

F I L E D
Clerk of the Superior Court

**OCT 0 8 2003**

By: C. VASQUEZ. Deputy

| Judge: | JOHN S. EINHORN |
|---|---|
| Dept.: | 24 |

CASE NUMBER:
GIC818819

---

I, **STEPHEN LOVE**, certify that: I am not a party to the above-entitled case; that on the date shown below, I served the following document(s):

ORDER DENYING PERMISSION TO FILE NEW LITIGATION
DATED:  OCTOBER 7,  2003

On the parties shown below by placing a true copy in a separate envelope, addressed as shown below; each envelope was then sealed and, with postage thereon fully prepaid, deposited in the United States Postal Service at:

[X] San Diego    ❑ Vista    ❑ El Cajon    ❑ Chula Vista    ❑ Oceanside    ❑ Ramona,    California.

---

JAMES KINDER
5775 CAMINITO PULSERA
LA JOLLA, CA  92037-7160

---

STEPHEN LOVE
CLERK OF THE SUPERIOR COURT

Date:    October 8, 2003                    By: _____ , Deputy
                                                          C. Vasquez

**CLERK'S CERTIFICATE OF MAILING**

1

2

3

4

5

6

7

8

9

10

F   I      L      E  D

Clerk of the Superior Court

OCT 0 7 2003

By: C. VASQUEZ, Deputy

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN DIEGO

11 JAMES M. KINDER,                          )    Case No: GIC 818819
                                             )
12              Plaintiff,                    )    ORDER DENYING PERMISSION TO FILE
                                             )    NEW LITIGATION (C.C.P. § 391.7b)
13       vs.                                  )
                                             )
14 24 HOUR FITNESS USA INC.,                  )
                                             )
15              Defendant.                    )
                                             )

16

17       The court has reviewed the papers filed by plaintiff on September 18, 2003. JAMES M.

18 KINDER'S application for an order granting vexatious litigant permission to file new litigation

19 is denied pursuant to California Code of Civil Procedure § 391.7 for the reasons stated below.

20       In his complaint plaintiff alleges that defendant has initiated telephone calls to his phone

21 in violation of the federal Telephone Consumer Protection Act of 1991. The specific violation

22 alleged is multiple calls from an automated dialing system to his voice mail, which is assigned to

23 a paging service.

24       Plaintiff has not filed any declarations, nor is his Complaint verified. Without some form

25 of evidence this court has nothing but bare allegations upon which to base it's ruling. These

26 allegations, both in their facts and evidentiary value, are insufficient for this court to conclude

27 this action has sufficient potential merit to allow plaintiff to proceed and is not simply filed to

28 harass the defendant. In addition, plaintiff is aware of the factual and legal issues presented by

1

1  this action and appears to have drafted his unverified complaint ambiguously in order to avoid

2  those same issues.

3        This court takes Judicial Notice pursuant to California Evidence Code § 452 of the file in

4  case number GIC 789588.   That action involved many of the same issues as does this action.

5  This Court specifically takes Judicial Notice of the order granting summary judgment in favor of

6  the defendant wherein the court found, with respect to plaintiff's phone number, as follows: "the

7  number is not "assigned to a paging service" because it is undisputed that the number is not

8  longer used in conjunction with a pager.  Instead, the number is assigned to a voicemail service

9  and Mr. Kinder is not charged based on the amount of calls received.  The ordinary and plain

10  meaning of the term "paging service" suggests a paid service in which the user is alerted each

11  time a call is made to the number.  This is not analogous to a voicemail service in which the user

12  periodically calls the service to retrieve messages."   Because the only evidence before this court

13  is that the number is not assigned to a paging service, as is required by 47 U.S.C. 227, the

14  complaint has no merit.

15        This court further takes note that there were factual issues as to whether the 999-9999

16  number was randomly generated or was a default number, or was otherwise intentionally entered

17  in the system, and whether a random number generator was, in fact, used.  Those same issues are

18  present here and plaintiff makes no attempt to provide this court with any evidence that they

19  would be resolved in his favor.

20        Plaintiff is has a legal education and, based thereon, is presumed to understand the legal

21  impediments these findings present in the present case..

22        Therefore, this court finds that this litigation does not have merit and has been filed for

23  the purpose of harassment and/or delay.

24        IT IS SO ORDERED.

25  Dated this __7th__ day of October, 2003.     By: _____

26                                        **Hon. John S. Einhorn**

27                                       Judge of the Superior Court

28

# EXHIBIT 10

1  JAMES M. KINDER
   5775 Caminito Pulsera
2  La Jolla, CA  92037-7160
   Telephone:  (858) 551-8852
3  Facsimile:  (858) 551-8859

4  Plaintiff in Pro Per

RECEIVED

SEP 18 2002

BUT NOT FILED

5

6

7

8         **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9             **FOR THE COUNTY OF SAN DIEGO**

10

11  JAMES M.  KINDER,                    )    CASE NO. GIC 818818
                                         )
12              Plaintiff,               )    COMPLAINT FOR DAMAGES FOR
                                         )    VIOLATION(S) OF TELEPHONE
13                                       )    CONSUMER PROTECTION ACT OF
    v.                                   )    1991 ("TCPA")
14                                       )    [47 U.S.C. §227 & 47 C.F.R. §64.1200]
    BAY AREA CREDIT SERVICE, INC.,       )
15  and DOES 1 through 100 inclusive,    )
                                         )
16              Defendants.              )
                                         )
17

18         Plaintiff JAMES M. KINDER alleges:

19         1.    Plaintiff is bringing this action pursuant to the provisions of the Telephone

20  Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

21         2.    Plaintiff is, and at all times herein mentioned was, a resident of the County

22  of San Diego, State of California.

23         3.    Defendants are, and at all times herein mentioned were, business organizations of

24  unknown form, doing business in the County of San Diego, State of California.

25         4.    Plaintiff is unaware of the true names and capacities of defendants sued herein as

26  DOES 1 through 100, inclusive, and therefore sues these defendants by such fictitious names.

27  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

28  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named

                                         1
   Complaint for Damages for Violation(s) of Telephone Consumer Protection Act of 1991

1     defendants is responsible in some manner for the occurrences herein alleged and that plaintiff's

2     damages as herein alleged were proximately caused by their conduct.

3          5.      At all times herein mentioned each defendant was the partner, agent and employee

4     of each co-defendant herein and was at all times acting within the scope of such partnership,

5     agency and employment and each defendant ratified the conduct of each co-defendant herein.

6          6.      Even though the TCPA is a federal statute, state courts have exclusive jurisdiction

7     over private actions brought pursuant to its provisions.

8          7.      A few years ago, plaintiff, for valuable consideration, obtained the voice mail

9     telephone number (619) 999-9999. Plaintiff obtained this number so that his clients and

10     customers, as well as potential clients and customers, would easily remember it, thereby making

11     it an extremely valuable number.

12          8.      Subdivision (b)(1)(A)(iii) of section 227 of title 47 of the United States Code and

13     subdivision (a)(1)(iii) of section 64.12000 of title 47 of the Code of Federal Regulations make it

14     unlawful for any person within the United States to make any call using any automatic telephone

15     dialing system to any telephone number assigned to a paging service, cellular telephone service,

16     specialized mobile radio service, or other radio common carrier service, or any service for which

17     the called party is charged for the call.

18          9.      Defendants are primarily engaged in the business of debt collection and in

19     connection with such business make telephone calls using an automatic telephone dialing system.

20          10.      The telephone number (619) 999-9999 is assigned to a paging service, which also

21     provides voice mail service.

22          11.      Defendants have violated the TCPA by frequently calling plaintiff's voice mail at

23     (619) 999-9999, using an automatic telephone dialing system.

24          12      Subdivision (b)(3) of section 227 of title 47 of the United States Code permits a

25     private right of action in state court for violation of the above subsection. Plaintiff may obtain

26     relief in the form of injunctive relief, or plaintiff may recover $500.00 for each violation, or both.

27     If the court finds that defendants' violations were willful or knowing, it may, in its discretion,

28     award up to three times that amount.

Complaint for Damages for Violation(s) of Telephone Consumer Protection Act of 1991

1    13.    Defendants have made at least twelve (12) calls to plaintiff's voice mail number.

2    WHEREFORE plaintiff prays for judgment against defendants, and each of them, as

3    follows:

4    1.    For an award of $500.00 for each violation of 47 U.S.C. §227 or 47 C.F.R.

5        §64.1200;

6    2.    For an award of $1,500.00 for each such violation found to have been willful;

7    3.    For costs of suit herein incurred; and

8    4.    For such further relief as the Court deems proper.

9

10    Dated:    September 15, 2003

11

12

13    JAMES M. KINDER, Plaintiff in Pro Per

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

Complaint for Damages for Violation(s) of Telephone Consumer Protection Act of 1991

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**<br>❑ COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814<br>❑ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827<br>❑ FAMILY COURT, 1555 6TH AVE., SAN DIEGO, CA 92101-3296<br>❑ MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105<br>❑ KEARNY MESA, 8950 CLAIREMONT MESA BLVD., SAN DIEGO, CA 92123-1187<br>❑ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92083-6643<br>❑ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941<br>❑ RAMONA, 1428 MONTECITO RD., RAMONA, CA 92065-5200<br>❑ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649<br>❑ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792 | F I L E D<br>Clerk of the Superior Court<br>OCT 08 2003<br>By: C. VASQUEZ, Deputy |
| **PLAINTIFF(S)/PETITIONER(S)**<br><br>JAMES M. KINDER | |
| **DEFENDANT(S)/RESPONDENT(S)**<br>BAY AREA CREDIT SERVICE, INC. | Judge: **JOHN S. EINHORN**<br>Dept.: **24** |
| **CLERK'S CERTIFICATE OF SERVICE BY MAIL**<br>(CCP 1013a(4)) | CASE NUMBER:<br>**GIC818818** |

I, **STEPHEN LOVE**, certify that: I am not a party to the above-entitled case; that on the date shown below, I served the following document(s):

ORDER DENYING PERMISSION TO FILE NEW LITIGATION
DATED: OCTOBER 7, 2003

On the parties shown below by placing a true copy in a separate envelope, addressed as shown below; each envelope was then sealed and, with postage thereon fully prepaid, deposited in the United States Postal Service at:

| [X] San Diego | ☐ Vista | ☐ El Cajon | ☐ Chula Vista | ☐ Oceanside | ☐ Ramona, | California. |

JAMES KINDER
5775 CAMINITO PULSERA
LA JOLLA, CA 92037-7160

**STEPHEN LOVE**
**CLERK OF THE SUPERIOR COURT**

Date: October 8, 2003          By: _____, Deputy
C. Vasquez

**CLERK'S CERTIFICATE OF MAILING**

F I L E D
Clerk of the Superior Court

OCT 07 2003

By: C. VASQUEZ, Deputy

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| JAMES M. KINDER, | Case No: GIC 818818 |
| Plaintiff, | ORDER DENYING PERMISSION TO FILE NEW LITIGATION (C.C.P. § 391.7b) |
| vs. | |
| BAY AREA CREDIT SERVICE INC., | |
| Defendant. | |

The court has reviewed the papers filed by plaintiff on September 18, 2003. JAMES M. KINDER'S application for an order granting vexatious litigant permission to file new litigation is denied pursuant to California Code of Civil Procedure § 391.7 for the reasons stated below.

In his complaint plaintiff alleges that defendant has initiated telephone calls to his phone in violation of the federal Telephone Consumer Protection Act of 1991. The specific violation alleged is multiple calls from an automated dialing system to his voice mail, which is assigned to a paging service.

Plaintiff has not filed any declarations, nor is his Complaint verified. Without some form of evidence this court has nothing but bare allegations upon which to base it's ruling. These allegations, both in their facts and evidentiary value, are insufficient for this court to conclude this action has sufficient potential merit to allow plaintiff to proceed and is not simply filed to harass the defendant. In addition, plaintiff is aware of the factual and legal issues presented by

1

1  this action and appears to have drafted his unverified complaint ambiguously in order to avoid

2  those same issues.

3          This court takes Judicial Notice pursuant to California Evidence Code § 452 of the file in

4  case number GIC 789588.   That action involved many of the same issues as does this action.

5  This Court specifically takes Judicial Notice of the order granting summary judgment in favor of

6  the defendant wherein the court found, with respect to plaintiff's phone number, as follows: "the

7  number is not "assigned to a paging service" because it is undisputed that the number is not

8  longer used in conjunction with a pager.   Instead, the number is assigned to a voicemail service

9  and Mr. Kinder is not charged based on the amount of calls received.   The ordinary and plain

10  meaning of the term "paging service" suggests a paid service in which the user is alerted each

11  time a call is made to the number.   This is not analogous to a voicemail service in which the user

12  periodically calls the service to retrieve messages."   Because the only evidence before this court

13  is that the number is not assigned to a paging service, as is required by 47 U.S.C. 227, the

14  complaint has no merit.

15          This court further takes note that there were factual issues as to whether the 999-9999

16  number was randomly generated or was a default number, or was otherwise intentionally entered

17  in the system, and whether a random number generator was, in fact, used.  Those same issues are

18  present here and plaintiff makes no attempt to provide this court with any evidence that they

19  would be resolved in his favor.

20          Plaintiff is has a legal education and, based thereon, is presumed to understand the legal

21  impediments these findings present in the present case..

22          Therefore, this court finds that this litigation does not have merit and has been filed for

23  the purpose of harassment and/or delay.

24          IT IS SO ORDERED.

25  Dated this ___ day of October, 2003.          By:  _____

26                                                    **Hon. John S. Einhorn**
                                                     Judge of the Superior Court

27

28

# EXHIBIT 11

1  JAMES M. KINDER
   5775 Caminito Pulsera
2  La Jolla, CA  92037-7160
   Telephone:  (858) 551-8852
3  Facsimile:   (858) 551-8859

4  Plaintiff in Pro Per

RECEIVED

SEP 18 2007

BUT NOT FILED

8           IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF SAN DIEGO

11  JAMES M.  KINDER,                    )    CASE NO. GIC 818816
                                         )
12                    Plaintiff,         )    COMPLAINT FOR DAMAGES FOR
                                         )    VIOLATION(S) OF TELEPHONE
13                                       )    CONSUMER PROTECTION ACT OF
    v.                                   )    1991 ("TCPA")
14                                       )
    WASHINGTON MUTUAL BANK, (1)          )
15  WASHINGTON MUTUAL FINANCE, (2)       )
    NORTH AMERICAN MORTGAGE              )
16     COMPANY, (3)                      )
    and DOES 1 through 100 inclusive,    )
17                                       )
                      Defendants.        )
18  _____     )

19         Plaintiff JAMES M. KINDER alleges:

20         1.      Plaintiff is bringing this action pursuant to the provisions of the Telephone

21  Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

22         2.      Plaintiff is, and at all times herein mentioned was, a resident of the County

23  of San Diego, State of California.

24         3.      Defendants are, and at all times herein mentioned were, business organizations of

25  unknown form, doing business in the County of San Diego, State of California.

26         4.      Plaintiff is unaware of the true names and capacities of defendants sued herein as

27  DOES 1 through 100, inclusive, and therefore sues these defendants by such fictitious names.

28  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

                                        1
        Complaint for Damages for Violation(s) of Telephone Consumer Protection Act of 1991

1   Plaintiff is informed and believes and thereon alleges that each of the fictitiously named

2   defendants is responsible in some manner for the occurrences herein alleged and that plaintiff's

3   damages as herein alleged were proximately caused by their conduct.

4       5.      At all times herein mentioned each defendant was the partner, agent and employee

5   of each co-defendant herein and was at all times acting within the scope of such partnership,

6   agency and employment and each defendant ratified the conduct of each co-defendant herein.

7       6.      Even though the TCPA is a federal statute, state courts have exclusive jurisdiction

8   over private actions brought pursuant to its provisions.

9       7.      A few years ago, plaintiff, for valuable consideration, obtained the voice mail

10  telephone number (619) 999-9999. Plaintiff obtained this number so that his clients and

11  customers, as well as potential clients and customers, would easily remember it, thereby making

12  it an extremely valuable number.

13      8.      Subdivision (b)(1)(A)(iii) of section 227 of title 47 of the United States Code and

14  subdivision (a)(1)(iii) of section 64.12000 of title 47 of the Code of Federal Regulations make it

15  unlawful for any person within the United States to make any call using any automatic telephone

16  dialing system to any telephone number assigned to a paging service, cellular telephone service,

17  specialized mobile radio service, or other radio common carrier service, or any service for which

18  the called party is charged for the call.

19      9.      Defendants are primarily engaged in the business of debt collection and, in

20  connection with such business, make telephone calls using an automatic telephone dialing

21  system.

22      10.     The telephone number (619) 999-9999 is assigned to a paging service, which also

23  provides voice mail service.

24      11.     Defendants have violated the TCPA by frequently calling plaintiff's voice mail at

25  (619) 999-9999, using an automatic telephone dialing system.

26      12      Subdivision (b)(3) of section 227 of title 47 of the United States Code permits a

27  private right of action in state court for violation of the above subsection. Plaintiff may obtain

28  relief in the form of injunctive relief, or plaintiff may recover $500.00 for each violation, or both.

2

1  If the court finds that defendants' violations were willful or knowing, it may, in its discretion,

2  award up to three times that amount.

3        13.    Defendants have made at least twenty-four (24) calls to plaintiff's voice mail

4  number.

5        WHEREFORE plaintiff prays for judgment against defendants, and each of them, as

6  follows:

7        1.    For an award of $500.00 for each violation of 47 U.S.C. §227 or 47 C.F.R.

8            §64.1200;

9        2.    For an award of $1,500.00 for each such violation found to have been willful;

10        3.    For costs of suit herein incurred; and

11        4.    For such further relief as the Court deems proper.

12

13  Dated: September 15, 2003

14

15



16  JAMES M. KINDER, Plaintiff in Pro Per

17

18

19

20

21

22

23

24

25

26

27

28

Complaint for Damages for Violation(s) of Telephone Consumer Protection Act of 1991

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
- ❑ COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814
- ❑ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
- ❑ FAMILY COURT, 1555 6TH AVE., SAN DIEGO, CA 92101-3296
- ❑ MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105
- ❑ KEARNY MESA, 8950 CLAIREMONT MESA BLVD., SAN DIEGO, CA 92123-1187
- ❑ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92083-6643
- ❑ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
- ❑ RAMONA, 1428 MONTECITO RD., RAMONA, CA 92065-5200
- ❑ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649
- ❑ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792

PLAINTIFF(S)/PETITIONER(S)

### JAMES M. KINDER

DEFENDANT(S)/RESPONDENT(S)

## WASHINGTON MUTUAL BANK, et al

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**
(CCP 1013a(4))

F   I   L   E   D
Clerk of the Superior Court

OCT 08 2003

By: C. VASQUEZ, Deputy

Judge:    **JOHN S. EINHORN**

Dept.:    **24**

CASE NUMBER:

**GIC818816**

I, **STEPHEN LOVE**, certify that: I am not a party to the above-entitled case; that on the date shown below, I served the following document(s):

ORDER DENYING PERMISSION TO FILE NEW LITIGATION
DATED: OCTOBER 7, 2003

On the parties shown below by placing a true copy in a separate envelope, addressed as shown below; each envelope was then sealed and, with postage thereon fully prepaid, deposited in the United States Postal Service at:

[X] San Diego    [ ] Vista    [ ] El Cajon    [ ] Chula Vista    [ ] Oceanside    [ ] Ramona,    California.

JAMES KINDER
5775 CAMINITO PULSERA
LA JOLLA, CA 92037-7160

**STEPHEN LOVE**
**CLERK OF THE SUPERIOR COURT**

Date:    October 8, 2003

By: _____ , Deputy
C. Vasquez

**CLERK'S CERTIFICATE OF MAILING**

F  I    L    E    D
Clerk of the Superior Court

OCT 0 7 2003

By: C. VASQUEZ, Deputy

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| JAMES M. KINDER, | Case No: GIC 818816 |
| Plaintiff, | ORDER DENYING PERMISSION TO FILE NEW LITIGATION (C.C.P. § 391.7b) |
| vs. | |
| WASHINGTON MUTUAL BANK, | |
| Defendant. | |

The court has reviewed the papers filed by plaintiff on September 18, 2003. JAMES M. KINDER'S application for an order granting vexatious litigant permission to file new litigation is denied pursuant to California Code of Civil Procedure § 391.7 for the reasons stated below.

In his complaint plaintiff alleges that defendant has initiated telephone calls to his phone in violation of the federal Telephone Consumer Protection Act of 1991. The specific violation alleged is multiple calls from an automated dialing system to his voice mail, which is assigned to a paging service.

Plaintiff has not filed any declarations, nor is his Complaint verified. Without some form of evidence this court has nothing but bare allegations upon which to base it's ruling. These allegations, both in their facts and evidentiary value, are insufficient for this court to conclude this action has sufficient potential merit to allow plaintiff to proceed and is not simply filed to harass the defendant. In addition, plaintiff is aware of the factual and legal issues presented by

1

1 | this action and appears to have drafted his unverified complaint ambiguously in order to avoid
2 | those same issues.

3 |       This court takes Judicial Notice pursuant to California Evidence Code § 452 of the file in
4 | case number GIC 789588. That action involved many of the same issues as does this action.
5 | This Court specifically takes Judicial Notice of the order granting summary judgment in favor of
6 | the defendant wherein the court found, with respect to plaintiff's phone number, as follows: "the
7 | number is not "assigned to a paging service" because it is undisputed that the number is not
8 | longer used in conjunction with a pager. Instead, the number is assigned to a voicemail service
9 | and Mr. Kinder is not charged based on the amount of calls received. The ordinary and plain
10 | meaning of the term "paging service" suggests a paid service in which the user is alerted each
11 | time a call is made to the number. This is not analogous to a voicemail service in which the user
12 | periodically calls the service to retrieve messages." Because the only evidence before this court
13 | is that the number is not assigned to a paging service, as is required by 47 U.S.C. 227, the
14 | complaint has no merit.

15 |       This court further takes note that there were factual issues as to whether the 999-9999
16 | number was randomly generated or was a default number, or was otherwise intentionally entered
17 | in the system, and whether a random number generator was, in fact, used. Those same issues are
18 | present here and plaintiff makes no attempt to provide this court with any evidence that they
19 | would be resolved in his favor.

20 |       Plaintiff is has a legal education and, based thereon, is presumed to understand the legal
21 | impediments these findings present in the present case..

22 |       Therefore, this court finds that this litigation does not have merit and has been filed for
23 | the purpose of harassment and/or delay.

24 |       IT IS SO ORDERED.
25 | Dated this ___ day of October, 2003.        By: _____
26 |                                    **Hon. John S. Einhorn**
27 |                                    Judge of the Superior Court
28 |

EXHIBIT 12

1   JAMES M. KINDER
    5775 Caminito Pulsera
2   La Jolla, CA 92037-7160
    Telephone: (858) 551-8852
3   Facsimile: (858) 551-8859

4   Plaintiff in Pro Per

RECEIVED

SEP 18 2007

BUT NOT FILED

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        FOR THE COUNTY OF SAN DIEGO

10

11  JAMES M. KINDER,                    )   CASE NO. GIC 818817
                                        )
12             Plaintiff,               )   COMPLAINT FOR DAMAGES FOR
                                        )   VIOLATION(S) OF TELEPHONE
13                                      )   CONSUMER PROTECTION ACT OF
    v.                                  )   1991 ("TCPA")
14                                      )   [47 U.S.C. §227 & 47 C.F.R. §64.1200]
    WESTERN COLLECTION RECOVERY, INC.)
15  and DOES 1 through 100, inclusive,  )
                                        )
16             Defendants.              )
                                        )
17  _____)

18          Plaintiff JAMES M. KINDER alleges:

19          1.      Plaintiff is bringing this action pursuant to the provisions of the Telephone

20  Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

21          2.      Plaintiff is, and at all times herein mentioned was, a resident of the County

22  of San Diego, State of California.

23          3.      Defendants are, and at all times herein mentioned were, business organizations of

24  unknown form, doing business in the County of San Diego, State of California.

25          4.      Plaintiff is unaware of the true names and capacities of defendants sued herein as

26  DOES 1 through 100, inclusive, and therefore sues these defendants by such fictitious names.

27  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

28  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named

                                            1
      Complaint for Damages for Violation(s) of Telephone Consumer Protection Act of 1991

1  defendants is responsible in some manner for the occurrences herein alleged and that plaintiff's

2  damages as herein alleged were proximately caused by their conduct.

3       5.     At all times herein mentioned each defendant was the partner, agent and employee

4  of each co-defendant herein and was at all times acting within the scope of such partnership,

5  agency and employment and each defendant ratified the conduct of each co-defendant herein.

6       6.     Even though the TCPA is a federal statute, state courts have exclusive jurisdiction

7  over private actions brought pursuant to its provisions.

8       7.     A few years ago, plaintiff, for valuable consideration, obtained the voice mail

9  telephone number (619) 999-9999. Plaintiff obtained this number so that his clients and

10  customers, as well as potential clients and customers, would easily remember it, thereby making

11  it an extremely valuable number.

12       8.     Subdivision (b)(1)(A)(iii) of section 227 of title 47 of the United States Code and

13  subdivision (a)(1)(iii) of section 64.12000 of title 47 of the Code of Federal Regulations make it

14  unlawful for any person within the United States to make any call using any automatic telephone

15  dialing system to any telephone number assigned to a paging service, cellular telephone service,

16  specialized mobile radio service, or other radio common carrier service, or any service for which

17  the called party is charged for the call.

18       9.     Defendants are primarily engaged in the business of debt collection, and in

19  connection with such business make telephone calls using an automatic telephone dialing system.

20       10.     The telephone number (619) 999-9999 is assigned to a paging service, which also

21  provides voice mail service.

22       11.     Defendants have violated the TCPA by frequently calling plaintiff's voice mail at

23  (619) 999-9999, using an automatic telephone dialing system.

24       12     Subdivision (b)(3) of section 227 of title 47 of the United States Code permits a

25  private right of action in state court for violation of the above subsection. Plaintiff may obtain

26  relief in the form of injunctive relief, or plaintiff may recover $500.00 for each violation, or both.

27  If the court finds that defendants' violations were willful or knowing, it may, in its discretion,

28  award up to three times that amount.

2

---

Complaint for Damages for Violation(s) of Telephone Consumer Protection Act of 1991

13.     Defendants have made at least two (2) calls to plaintiff's voice mail number.

WHEREFORE plaintiff prays for judgment against defendants, and each of them, as follows:

1.     For an award of $500.00 for each violation of 47 U.S.C. §227 or 47 C.F.R. §64.1200;

2.     For an award of $1,500.00 for each such violation found to have been willful;

3.     For costs of suit herein incurred; and

4.     For such further relief as the Court deems proper.


Dated: September 15, 2003

JAMES M. KINDER, Plaintiff in Pro Per

---

3

Complaint for Damages for Violation(s) of Telephone Consumer Protection Act of 1991

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| ❑  COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814<br>❑  HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827<br>❑  FAMILY COURT, 1555 6TH AVE., SAN DIEGO, CA 92101-3296<br>❑  MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105<br>❑  KEARNY MESA, 8950 CLAIREMONT MESA BLVD., SAN DIEGO, CA 92123-1187<br>❑  NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92083-6643<br>❑  EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941<br>❑  RAMONA, 1428 MONTECITO RD., RAMONA, CA 92065-5200<br>❑  SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649<br>❑  JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792 | **F I L E D**<br>Clerk of the Superior Court<br><br>OCT 08 2003<br><br>By: C. VASQUEZ, Deputy |

| PLAINTIFF(S)/PETITIONER(S)<br><br>**JAMES M. KINDER** | |
|---|---|
| DEFENDANT(S)/RESPONDENT(S)<br><br>**WESTERN COLLECTION RECOVERY INC.** | Judge:  **JOHN S. EINHORN**<br>Dept.:  **24** |
| **CLERK'S CERTIFICATE OF SERVICE BY MAIL**<br>(CCP 1013a(4)) | CASE NUMBER:<br>**GIC818817** |

I, **STEPHEN LOVE**, certify that: I am not a party to the above-entitled case; that on the date shown below, I served the following document(s):

**ORDER DENYING PERMISSION TO FILE NEW LITIGATION**
**DATED: OCTOBER 7, 2003**

On the parties shown below by placing a true copy in a separate envelope, addressed as shown below; each envelope was then sealed and, with postage thereon fully prepaid, deposited in the United States Postal Service at:

[X] San Diego   [ ] Vista   [ ] El Cajon   [ ] Chula Vista   [ ] Oceanside   [ ] Ramona,   California.

| JAMES KINDER<br>5775 CAMINITO PULSERA<br>LA JOLLA, CA 92037-7160 | |
|---|---|
| | |

**STEPHEN LOVE**
**CLERK OF THE SUPERIOR COURT**

Date:  October 8, 2003      By: _____ , Deputy
                                       C. Vasquez

**CLERK'S CERTIFICATE OF MAILING**

1

F I L E D
Clerk of the Superior Court

OCT 0 7 2003

By: C. VASQUEZ, Deputy

2

3

4

5

6

7

8          THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              IN AND FOR THE COUNTY OF SAN DIEGO

10

11   JAMES M. KINDER,                    )   Case No: GIC 818817
                                         )
12              Plaintiff,               )   ORDER DENYING PERMISSION TO FILE
                                         )   NEW LITIGATION (C.C.P. § 391.7b)
13         vs.                           )
                                         )
14   WESTERN COLLECTION RECOVERY Inc, )
                                         )
15              Defendant.               )
     ────────────────────────────────── )

16

17         The court has reviewed the papers filed by plaintiff on September 18, 2003.  JAMES M.

18   KINDER'S application for an order granting vexatious litigant permission to file new litigation

19   is denied pursuant to California Code of Civil Procedure § 391.7 for the reasons stated below.

20         In his complaint plaintiff alleges that defendant has initiated telephone calls to his phone

21   in violation of the federal Telephone Consumer Protection Act of 1991.  The specific violation

22   alleged is multiple calls from an automated dialing system to his voice mail, which is assigned to

23   a paging service.

24         Plaintiff has not filed any declarations, nor is his Complaint verified.  Without some form

25   of evidence this court has nothing but bare allegations upon which to base it's ruling.  These

26   allegations, both in their facts and evidentiary value, are insufficient for this court to conclude

27   this action has sufficient potential merit to allow plaintiff to proceed and is not simply filed to

28   harass the defendant.  In addition, plaintiff is aware of the factual and legal issues presented by

1

1  this action and appears to have drafted his unverified complaint ambiguously in order to avoid
2  those same issues.

3      This court takes Judicial Notice pursuant to California Evidence Code § 452 of the file in
4  case number GIC 789588.   That action involved many of the same issues as does this action.
5  This Court specifically takes Judicial Notice of the order granting summary judgment in favor of
6  the defendant wherein the court found, with respect to plaintiff's phone number, as follows: "the
7  number is not "assigned to a paging service" because it is undisputed that the number is not
8  longer used in conjunction with a pager.  Instead, the number is assigned to a voicemail service
9  and Mr. Kinder is not charged based on the amount of calls received.  The ordinary and plain
10  meaning of the term "paging service" suggests a paid service in which the user is alerted each
11  time a call is made to the number.  This is not analogous to a voicemail service in which the user
12  periodically calls the service to retrieve messages."   Because the only evidence before this court
13  is that the number is not assigned to a paging service, as is required by 47 U.S.C. 227, the
14  complaint has no merit.

15      This court further takes note that there were factual issues as to whether the 999-9999
16  number was randomly generated or was a default number, or was otherwise intentionally entered
17  in the system, and whether a random number generator was, in fact, used.  Those same issues are
18  present here and plaintiff makes no attempt to provide this court with any evidence that they
19  would be resolved in his favor.

20      Plaintiff is has a legal education and, based thereon, is presumed to understand the legal
21  impediments these findings present in the present case..

22      Therefore, this court finds that this litigation does not have merit and has been filed for
23  the purpose of harassment and/or delay.

24      IT IS SO ORDERED.
25  Dated this ____day of October, 2003.        By: _____
26                                                  **Hon. John S. Einhorn**
                                                    Judge of the Superior Court
27

28