# EXHIBIT 16

# VEXATIOUS LITIGANT LIST

Prepared and Maintained by the Administrative Office of the Courts
From Prefiling Orders Received from California Courts
(Orders prohibiting future filings entered through September 28, 2007)

| LAST NAME | FIRST NAME | MIDDLE | COURT | CASE NO. | DATE | COMMENTS |
|---|---|---|---|---|---|---|
| JONES | Earl | | Los Angeles Superior Court | SCC016584 | 03/23/95 | Order states specifics. |
| JONES | Kathy | | Orange County Superior Court | SC50567 | 05/31/01 | |
| JONES | Marcus | | Court of Appeal, 2nd Dist, Div 5 | B166903 | 12/26/03 | |
| JONES | Joque | C. | San Diego Superior Court | GIC752621 | 10/06/00 | |
| JUAREZ | Robert | | Los Angeles Superior Court | EF492 | 08/20/00 | |
| JUDGE | John | E. | Los Angeles Superior Court | SEC77515 | 04/02/92 | |
| JUDGE | Kathleen | Sean | Los Angeles Superior Court | SEC77515 | 04/02/92 | |
| JUSTICE | Carlvin | | Alameda Superior Court | P255524 | 09/12/07 | |
| JUSTICE | Robert | Volney | San Diego Superior Court | PN26420 | 07/29/03 | |
| KABKOW | Howard | Arthur | Los Angeles Superior Court | BC119003 | 11/09/95 | |
| KAHOOLYZADEH | Behzad | | Los Angeles Superior Court | BC285673 | 04/15/03 | |
| KALAKAY | Michael | Steven | San Diego Municipal Court | 553376 | 01/07/94 | |
| KALAPOS | Elizabeth | | Los Angeles Superior Court | PC015995 | 03/10/97 | |
| KALLMEYER | Christine | Caroline | San Diego Superior Court | 637201 | 08/28/91 | |
| KALLMEYER, JR. | James | Gordon | San Diego Superior Court | 637201 | 08/28/91 | |
| KAPELUS | Marvin | B. | Los Angeles Superior Court | LC15468 | 02/21/97 | |
| KAPELUS | Marvin | B. | Ventura Superior Court | SC014474 | 01/24/97 | |
| KATZ | Matthew | | Los Angeles Superior Court | SC079729 | 10/17/06 | |
| KAUFMAN | Kandi | (Gail) | Contra Costa Superior Court | D9804359 | 10/05/00 | |
| KAUFMAN | Lawrence | J. | Los Angeles Superior Court | BC191095 | 09/15/98 | |
| KEITH | Joan | | San Diego Superior Court | GIE032906 | 10/19/06 | |
| KENNEDY | Sailor | J. | Los Angeles Superior Court | TC010027 | 05/06/98 | |
| KERR | Nelson | A. | Orange County Superior Court | 805925 | 08/31/99 | |
| KERR | Nelson | A. | Los Angeles Superior Court | GP011572 | 06/01/07 | Order states specifics. |
| KHAN | Teresa | I. | Santa Clara Superior Court | 105CV053109 | 02/07/06 | |
| KHOOSHABI | Sasan | Safazadeh | Los Angeles Superior Court | 93E09147 | 12/29/93 | |
| KILE | Robert | G. | Placer Municipal Court | CV29644 | 05/17/93 | |
| KINDER | James | M. | San Diego Superior Court | SC137653 | 05/21/03 | |
| KING | Jacqueline | | Sonoma Superior Court | SCV236856 | 07/10/07 | |
| KING | Will | B. | Orange County Superior Court | 03CL02874 | 04/24/03 | |
| KINSEY | Carl | M. | Los Angeles Superior Court | BC190123 | 07/20/01 | |
| KIPKIRWA | Lazarus | | Santa Clara Superior Court | CV780435 | 11/16/99 | |
| KNISLEY | Franklin | R. | Court of Appeal, 2nd Dist, Div 4 | B140372 | 09/29/00 | |

Vexatious Litigant List
BOLD = Added names

16

## VEXATIOUS LITIGANT LIST

Prepared and Maintained by the Administrative Office of the Courts
From Prefiling Orders Received from California Courts
(Orders prohibiting future filings entered through October 31, 2007)

| LAST NAME | FIRST NAME | MIDDLE | COURT | CASE NO. | DATE | COMMENTS |
|---|---|---|---|---|---|---|
| JOHNSTON | Mark | Alan | Butte Superior Court | 119136 | 07/31/97 | |
| JONES | Annamarie | | Modoc Superior Court | FL05059 | 07/06/05 | |
| JONES | Earl | | Los Angeles Superior Court | SCC016584 | 03/23/95 | Order states specifics. |
| JONES | Kathy | | Orange County Superior Court | SC50567 | 05/31/01 | |
| JONES | Marcus | | Court of Appeal, 2nd Dist. Div 5 | B166903 | 12/26/03 | |
| JONES | Joque | C. | San Diego Superior Court | GIC752621 | 10/06/00 | |
| JUAREZ | Robert | | Los Angeles Superior Court | EF492 | 08/20/00 | |
| JUDGE | John | E. | Los Angeles Superior Court | SEC77515 | 04/02/92 | |
| JUDGE | Kathleen | Sean | Los Angeles Superior Court | SEC77515 | 04/02/92 | |
| JUSTICE | Carlvin | | Alameda Superior Court | P255524 | 09/12/07 | |
| JUSTICE | Robert | Volney | San Diego Superior Court | PN26420 | 07/29/03 | |
| KABKOW | Howard | Arthur | Los Angeles Superior Court | BC119003 | 11/09/95 | |
| KAHOOLYZADEH | Behzad | | Los Angeles Superior Court | BC285673 | 04/15/03 | |
| KALAKAY | Michael | Steven | San Diego Municipal Court | 553376 | 01/07/94 | |
| KALAPOS | Elizabeth | | Los Angeles Superior Court | PC015995 | 03/10/97 | |
| KALLMEYER | Christine | Caroline | San Diego Superior Court | 637201 | 08/28/91 | |
| KALLMEYER, JR. | James | Gordon | San Diego Superior Court | 637201 | 08/28/91 | |
| KAPELUS | Marvin | B. | Los Angeles Superior Court | LC15468 | 02/21/97 | |
| KAPELUS | Marvin | B. | Ventura Superior Court | SC014474 | 01/24/97 | |
| KATZ | Matthew | | Los Angeles Superior Court | SC079729 | 10/17/06 | |
| KAUFMAN | Kandi | (Gail) | Contra Costa Superior Court | D9804359 | 10/05/00 | |
| KAUFMAN | Lawrence | J. | Los Angeles Superior Court | BC191095 | 09/15/98 | |
| KEITH | Joan | | San Diego Superior Court | GIE032906 | 10/19/06 | |
| KENNEDY | Sailor | J. | Los Angeles Superior Court | TC010027 | 05/06/98 | |
| KERR | Nelson | A. | Orange County Superior Court | 805925 | 08/31/99 | |
| KERR | Nelson | A. | Los Angeles Superior Court | GP011572 | 06/01/07 | Order states specifics. |
| KHAN | Teresa | I. | Santa Clara Superior Court | 105CV053109 | 02/07/06 | |
| KHOOSHABI | Sasan | Safarzadeh | Los Angeles Superior Court | 93E09147 | 12/29/93 | |
| KILE | Robert | G. | Placer Municipal Court | CV29644 | 05/17/93 | |
| KINDER | James | M. | San Diego Superior Court | SC137653 | 05/21/03 | |
| KING | Jacqueline | | Sonoma Superior Court | SCV236856 | 07/10/07 | |
| KING | Will | B. | Orange County Superior Court | 03CL02874 | 04/24/03 | |
| KINSEY | Carl | M. | Los Angeles Superior Court | BC190123 | 07/20/01 | |

Vexatious Litigant List
BOLD = Added names

16

## VEXATIOUS LITIGANT LIST

Prepared and Maintained by the Administrative Office of the Courts
From Prefiling Orders Received from California Courts
(Orders prohibiting future filings entered through January 31, 2008)

| LAST NAME | FIRST NAME | MIDDLE | COURT | CASE NO. | DATE | COMMENTS |
|---|---|---|---|---|---|---|
| KEITH | Joan | | San Diego Superior Court | GIE032906 | 10/19/06 | |
| KENNEDY | Sailor | J. | Los Angeles Superior Court | TC010027 | 05/06/98 | |
| KERR | Nelson | A. | Orange County Superior Court | 805925 | 08/31/99 | |
| KERR | Nelson | A. | Los Angeles Superior Court | GP011572 | 06/01/07 | Order states specifics. |
| KHAN | Teresa | I. | Santa Clara Superior Court | 105CV053109 | 02/07/06 | |
| KHOOSHABI | Sasan | Safarzadeh | Los Angeles Superior Court | 93E09147 | 12/29/93 | |
| KILE | Robert | G. | Placer Municipal Court | CV29644 | 05/17/93 | |
| KIM | Ho | Jeong | Los Angeles Superior Court | BC371416 | 10/18/07 | |
| KINDER | James | M. | San Diego Superior Court | SC137653 | 05/21/03 | |
| KING | Jacqueline | | Sonoma Superior Court | SCV236856 | 07/10/07 | |
| KING | Will | B. | Orange County Superior Court | 03CL02874 | 04/24/03 | |
| KINSEY | Carl | M. | Los Angeles Superior Court | BC190123 | 07/20/01 | |
| KIPKIRWA | Lazarus | | Santa Clara Superior Court | CV780435 | 11/16/99 | |
| KITOVER | Arkady | | San Francisco Superior Court | 400044 | 05/02/05 | |
| KITOVER | Nina | | San Francisco Superior Court | 400044 | 05/04/05 | |
| KNISLEY | Franklin | R. | Court of Appeal, 2nd Dist, Div 4 | B140372 | 09/29/00 | |
| KOBAYASHI | Yuki | | Los Angeles Superior Court | BC170895 | 11/17/00 | |
| KOBAYASHI | Yukoh | | Los Angeles Superior Court | C698162 | 10/21/92 | Limited to a specific case. |
| KOHAN | Khanbaba | | Los Angeles Superior Court | BC304625 | 03/04/04 | |
| KOHL | Barry | Steven | Court of Appeal, 2nd Dist, Div 1 | B085736 | 02/21/95 | |
| KONIECZNY | John | F. | Los Angeles Superior Court | KC019892 | 12/15/97 | |
| KOONTZ | Kenneth | Roy | Los Angeles Superior Court | YC027055 | 06/01/01 | |
| KOONTZ | Temesha | | Sacramento Superior Court | 07CP01256 | 11/26/07 | |
| KOVACEVIC | Carmen | | San Diego Superior Court | GIN017046 | 11/12/02 | |
| KOVACIC | Ninoslav | S. | San Diego Superior Court | GIC795785 | 03/07/03 | |
| KRAIN | Lawrence | S. | Orange County Superior Court | 492153 | 03/01/96 | |
| KROLL | Tillman | | Los Angeles (Pasadena) Muni Ct | 91C01142 | 07/15/91 | |
| KUTSKO | Michael | J. | San Francisco Superior Court | 920844 | 12/26/91 | |
| LABANBKOFF | Fred | G. | Sonoma Superior Court | SCV210852 | 10/21/96 | |
| LABANBKOFF | Fred | G. | Sonoma Superior Court | 211777 | 07/01/96 | |
| LACKLAND | Bobbietter | J. | Contra Costa Municipal Court | 26919 | 06/14/93 | |
| LACY | Brenda | Joyce | San Francisco Superior Court | 944947 | 10/28/92 | |
| LAFAZAN | Gwen | R. | Los Angeles Superior Court | PC023731 | 09/24/99 | |

Vexatious Litigant List
BOLD = Added names

17

EXHIBIT 17

1  Chad Austin, Esq.  SBN 235457                        AUG 14 '97 PM  0347
   3129 India Street
2  San Diego, CA 92103-6014
   Telephone: (619) 297-8888
3  Facsimile: (619) 295-1401

4  Attorney for Plaintiff JAMES M. KINDER, an individual

5

6                        COPY

7

8       IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              FOR THE COUNTY OF SAN DIEGO

10

11  JAMES M.  KINDER,                    )   CASE NO.   37-2007-00073158-CU-MC-CTL
                                         )
12                Plaintiff,             )   **COMPLAINT FOR DAMAGES**
                                         )
13  v.                                   )   **Violations of Telephone Consumer**
                                         )   **Protection Act of 1991**
14  NATIONWIDE RECOVERY SYSTEMS, Ltd.,   )
    and DOES 1 through 100, inclusive,   )
15                                       )
                  Defendants.            )
16  ─────────────────────────────────────

17  COMES NOW Plaintiff JAMES M. KINDER (hereinafter referred to as "Plaintiff") who alleges

18  as follows:

19                        <u>**GENERAL ALLEGATIONS**</u>

20       1.      Plaintiff is, and at all times herein mentioned was, a resident of the County of San

21  Diego, State of California.

22       2.      Defendant NATIONWIDE RECOVERY SYSTEMS, Ltd. (hereinafter referred to

23  as "Defendant"), was at all times herein mentioned a Texas Domestic Limited Partnership, doing

24  business in the County of San Diego, State of California.

25       3.      Plaintiff is unaware of the true names and capacities of defendants sued herein as

26  DOES 1 through 100, inclusive, and therefore sues these defendants by such fictitious names.

27  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

28  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants

                                    -1-

1  is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as

2  herein alleged were proximately caused by their conduct.

3      4.    At all times herein mentioned each defendant was the partner, agent and employee

4  of each co-defendant herein and was at all times acting within the scope of such partnership, agency

5  and employment and each defendant ratified the conduct of each co-defendant herein.

6  **FIRST AND ONLY CAUSE OF ACTION**
[Violation of Telephone Consumer Protection Act of 1991]

7

8      5.    Plaintiff realleges paragraphs 1 through 4 above and incorporates them herein by

9  reference.

10      6.    Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer

11  Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

12      7.    Subdivision (b) (1) (A) (iii) of Section 227 of Title 47 of the United States Code

13  makes it unlawful for any person to "Make any call (other than a call made for emergency purposes

14  or made with the prior express consent of the called party) using any automatic telephone dialing

15  system or an artificial or prerecorded voice...to any telephone number assigned to a paging service,

16  specialized mobile radio service, or other radio common carrier service, or any service for which the

17  called party is charged for the call."

18      8.    Defendants have been calling Plaintiff's number assigned to a paging service, using

19  an Automatic Telephone Dialing System and/or an artificial or prerecorded voice on at least 186

20  occasions within the statutory period of the last 4 years, pursuant to 47 U.S.C. § 1658. These 186

21  calls are only the calls known to Plaintiff at this time and Plaintiff states on information and belief,

22  without yet having the aid of full discovery, that it is quite likely that Defendant has made many

23  more violative calls to Plaintiff's number assigned to a paging service than the 186 of which he is

24  currently aware.

25      9.    Subdivision (b) (1) of Section 64.1200 of Title 47 of the Code of Federal

26  Regulations requires that all prerecorded telephone messages disseminated within the United States

27  must "At the beginning of the message, state clearly the identity of the business, individual, or other

28  entity that is responsible for initiating the call. If a business is responsible for initiating the call, the

- 2 -

1  name under which the entity is registered to conduct business with the State Corporation

2  Commission (or comparable regulatory authority) must be stated."

3      10.    Defendants' illegal prerecorded message calls failed to comply with this requirement.

4      11.    Subdivision (b) (2) of Section 64.1200 of Title 47 of the Code of Federal

5  Regulations requires that all prerecorded telephone messages disseminated within the United States

6  must "state clearly the telephone number (other than that of the autodialer or prerecorded message

7  player that placed the call) of such business, other entity, or individual.  The telephone number may

8  not be a 900 number or any number for which charges exceed local or long distance transmission

9  charges.  For telemarketing messages to residential telephone subscribers, such telephone numbers

10  must permit any individual to make a do-not-call request during regular business hours for the

11  duration of the telemarketing campaign."

12      12.    Defendants' illegal prerecorded message calls failed to comply with this

13  requirement.

14      13.    Subdivision (b)(3) of section 227 of title 47 of the United States Code permits a

15  private right of action in state court for violations of 47 U.S.C. §227 (b) (1) (A) (iii), 47 C.F.R.

16  §64.1200 (b) (1) and 47 C.F.R. §64.1200 (b) (2).  Plaintiff is entitled to a minimum of $500.00 in

17  statutory damages for each such violation.  If the court finds that defendants' violations were willful

18  or knowing, it may, in its discretion, award up to three times that amount.

19      WHEREFORE Plaintiff prays for judgment against defendants, and each of them, as

20  follows:

21  On the FIRST AND ONLY CAUSE OF ACTION:

22      1.    For an award of $500.00 for each violation of 47 U.S.C. §227 and 47 C.F.R. §

23          64.1200;

24      2.    For an award of $1,500.00 for each such violation found to have been willful;

25      3.    For costs of suit herein incurred; and

26  ///

27  ///

28  ///

-3-

1        4.      For such other and further relief as the Court deems proper.

2    Dated: August 14, 2007

3

4

5                                              By: _____
                                                    CHAD AUSTIN, Esq.
6                                                   Attorney for Plaintiff JAMES M.
                                                    KINDER
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-

# EXHIBIT 18

1  Chad Austin, Esq.  SBN 235457
   3129 India Street
2  San Diego, CA 92103-6014
   Telephone: (619) 297-8888
3  Facsimile: (619) 295-1401

FILED
CIVIL BUSINESS OFFICE 8
CENTRAL DIVISION

07 AUG 30  PM 4: 40

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

4  Attorney for Plaintiff JAMES M. KINDER, an individual

5

6

7

8           IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF SAN DIEGO

10

11  JAMES M.  KINDER,                     CASE NO. 37-2007-00074113-CU-MC-CTL

12              Plaintiff,                **COMPLAINT FOR DAMAGES**

13  v.                                    Violations of Telephone Consumer
                                          Protection Act of 1991
14  ENHANCED RECOVERY CORPORATION,
    and DOES 1 through 100, inclusive,
15
              Defendants.
16

17  COMES NOW Plaintiff JAMES M. KINDER (hereinafter referred to as "Plaintiff") who alleges a

18  follows:

19                          GENERAL ALLEGATIONS

20       1.      Plaintiff is, and at all times herein mentioned was, a resident of the County of San

21  Diego, State of California.

22       2.      Defendant ENHANCED RECOVERY CORPORATION (hereinafter referred to a

23  "Defendant"), was at all times herein mentioned a Delaware corporation, doing business in the

24  County of San Diego, State of California.

25       3.      Plaintiff is unaware of the true names and capacities of defendants sued herein as

26  DOES 1 through 100, inclusive, and therefore sues these defendants by such fictitious names.

27  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

28  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants

                                  -1-

1  is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as

2  herein alleged were proximately caused by their conduct.

3      4.      At all times herein mentioned each defendant was the partner, agent and employee

4  of each co-defendant herein and was at all times acting within the scope of such partnership, agency

5  and employment and each defendant ratified the conduct of each co-defendant herein.

6                    **FIRST AND ONLY CAUSE OF ACTION**
                 [Violation of Telephone Consumer Protection Act of 1991]

7

8      5.      Plaintiff realleges paragraphs 1 through 4 above and incorporates them herein by

9  reference.

10     6.      Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer

11  Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

12     7.      Subdivision (b) (1) (A) (iii) of Section 227 of Title 47 of the United States Code

13  makes it unlawful for any person to "Make any call (other than a call made for emergency purposes

14  or made with the prior express consent of the called party) using any automatic telephone dialing

15  system or an artificial or prerecorded voice...to any telephone number assigned to a paging service,

16  specialized mobile radio service, or other radio common carrier service, or any service for which the

17  called party is charged for the call."

18     8.      Defendants have been calling Plaintiff's number assigned to a paging service, using

19  an Automatic Telephone Dialing System and/or an artificial or prerecorded voice on at least 326

20  occasions within the statutory period of the last 4 years, pursuant to 47 U.S.C. § 1658. These 326

21  calls are only the calls known to Plaintiff at this time and Plaintiff states on information and belief,

22  without yet having the aid of full discovery, that it is quite likely that Defendant has made many

23  more violative calls to Plaintiff's number assigned to a paging service than the 326 of which he is

24  currently aware.

25     9.      Subdivision (b) (1) of Section 64.1200 of Title 47 of the Code of Federal

26  Regulations requires that all prerecorded telephone messages disseminated within the United States

27  must "At the beginning of the message, state clearly the identity of the business, individual, or other

28  entity that is responsible for initiating the call.  If a business is responsible for initiating the call, the

- 2 -

1 | name under which the entity is registered to conduct business with the State Corporation

2 | Commission (or comparable regulatory authority) must be stated."

3      10.     Defendants' illegal prerecorded message calls failed to comply with this requirement.

4      11.     Subdivision (b) (2) of Section 64.1200 of Title 47 of the Code of Federal

5 | Regulations requires that all prerecorded telephone messages disseminated within the United States

6 | must "state clearly the telephone number (other than that of the autodialer or prerecorded message

7 | player that placed the call) of such business, other entity, or individual. The telephone number may

8 | not be a 900 number or any number for which charges exceed local or long distance transmission

9 | charges. For telemarketing messages to residential telephone subscribers, such telephone numbers

10 | must permit any individual to make a do-not-call request during regular business hours for the

11 | duration of the telemarketing campaign."

12      12.     Defendants' illegal prerecorded message calls failed to comply with this requirement.

13      13.     Subdivision (b)(3) of section 227 of title 47 of the United States Code permits a

14 | private right of action in state court for violations of 47 U.S.C. §227 (b) (1) (A) (iii) and 47 C.F.R.

15 | §64.1200. Plaintiff is entitled to a minimum of $500.00 in statutory damages for each such violation.

16 | If the court finds that defendants' violations were willful or knowing, it may, in its discretion, award

17 | up to three times that amount.

18       WHEREFORE Plaintiff prays for judgment against defendants, and each of them, as

19 | follows:

20 | On the FIRST AND ONLY CAUSE OF ACTION:

21      1.     For an award of $500.00 for each violation of 47 U.S.C. §227 and 47 C.F.R. §

22      64.1200;

23      2.     For an award of $1,500.00 for each such violation found to have been willful;

24      3.     For costs of suit herein incurred; and

25      4.     For such further relief as the Court deems proper.

26 | Dated: August 30, 2007

27

28

                         By: _____
                             CHAD AUSTIN, Esq.
                             Attorney for Plaintiff JAMES M.
                             KINDER

# EXHIBIT 19

1  Jonathan A. Boynton (174910)
     jboynton@knlh.com
2  Lauren E. Butz (246668)
     lbutz@knlh.com
3  **KIRBY NOONAN LANCE & HOGE LLP**
   600 West Broadway, Suite 1100
4  San Diego, California 92101-3387
   Telephone (619) 231-8666
5  Facsimile (619) 231-9593

6  Ansis V. Viksnins, Esq. (Pro Hac Vice Application Pending)
     aviksnins@lindquist.com
7  **LINDQUIST & VENNUM P.L.L.P.**
   4200 IDS Center
8  80 South Eighth Street
   Minneapolis, MN 55402
9  Tel:   (612) 371-3249
   Fax:  (612) 371-3207
10

11 Attorneys for Defendant BANKFIRST, INC.

12

13              **UNITED STATES DISTRICT COURT**

14              **SOUTHERN DISTRICT OF CALIFORNIA**

15                          '07 CV 0 8 7 7    DMS POR

16 JAMES M. KINDER,                     CASE NO.

17              Plaintiff,              **NOTICE OF REMOVAL OF CIVIL
                                        ACTION UNDER 28 U.S.C. SECTION**
18       vs.                           **1441(b) (DIVERSITY JURISDICTION)**

19 BANKFIRST, and DOES 1 through 100,
   inclusive,
20
              Defendants.
21

22       TO THE HONORABLE JUDGES OF THE ABOVE-CAPTIONED COURT AND TO

23 PLAINTIFF HEREIN AND HIS ATTORNEY OF RECORD:

24       PLEASE TAKE NOTICE that Defendant Bankfirst, Inc. ("Bankfirst" or "Defendant")

25 hereby removes to this Court the state action described below in accordance with 28 U.S.C.

26 sections 1332, 1441 and 1446, *et seq.*

27 ///

28 ///

FILED

2007 MAY 15  PM 12: 24

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

Kirby Noonan Lance & Hoge LLP
600 West Broadway, Suite 1100 San Diego, California 92101-3387

ORIGINAL

KNLH/460715.1

1 | Chad Austin, Esq. SBN 235457
3129 India Street
2 | San Diego, CA 92103-6014
Telephone: (619) 297-8888
3 | Facsimile: (619) 295-1401

4 | Attorney for Plaintiff JAMES M. KINDER, an individual

5

6

7

8 | IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | FOR THE COUNTY OF SAN DIEGO

10

11 | JAMES M. KINDER,                              ) CASE NO. 37-2007-00066491-CU-MC-CTL
                                                  )
12 |                 Plaintiff,                    ) COMPLAINT FOR DAMAGES
                                                  )
13 | v.                                            ) Violation(s) of Telephone Consumer
                                                  ) Protection Act of 1991
14 |                                               )
EQUIDATA, Inc.,                                   )
15 | and DOES 1 through 100. inclusive,            )
                                                  )
16 |                 Defendants.                   )
                                                  )
17 | _____ )

18 | COMES NOW Plaintiff JAMES M. KINDER (hereinafter referred to as "Plaintiff") who alleges as

19 | follows:

20 | **GENERAL ALLEGATIONS**

21 |         1.      Plaintiff is. and at all times herein mentioned was. a resident of the County of San

22 | Diego. State of California.

23 |         2.      Defendant EQUIDATA. Inc. (hereinafter referred to as "Defendant").

24 | was at all times herein mentioned a Virginia corporation. doing business in the County of San Diego.

25 | State of California.

26 |         3.      Plaintiff is unaware of the true names and capacities of defendants sued herein as

27 | DOES 1 through 100. inclusive. and therefore sues these defendants by such fictitious names.

28 | Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

-1-

1   Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants

2   is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as

3   herein alleged were proximately caused by their conduct.

4       4.    At all times herein mentioned each defendant was the partner, agent and employee

5   of each co-defendant herein and was at all times acting within the scope of such partnership, agency

6   and employment and each defendant ratified the conduct of each co-defendant herein.

7   **FIRST AND ONLY CAUSE OF ACTION**
    [Violation of Telephone Consumer Protection Act of 1991]

8

9       5.    Plaintiff realleges paragraphs 1 through 4 above and incorporates them herein by

10  reference.

11      6.    Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer

12  Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

13      7.    Subdivision (b) (1) (A) (iii) of Section 227 of Title 47 of the United States Code

14  makes it unlawful for any person to "Make any call (other than a call made for emergency purposes

15  or made with the prior express consent of the called party) using any automatic telephone dialing

16  system or an artificial or prerecorded voice...to any telephone number assigned to a paging service,

17  specialized mobile radio service, or other radio common carrier service, or any service for which the

18  called party is charged for the call."

19      8.    Even though the TCPA is a federal statute, state courts have exclusive jurisdiction

20  over private actions brought pursuant to its provisions.

21      9.    For the statutory period of the last 4 years, per 47 U.S.C. 1658. Defendants have been

22  calling Plaintiff's number assigned to a paging service, using an artificial or prerecorded voice,

23  without Plaintiff's express permission. These calls were not made for any emergency purpose, nor

24  were these calls exempt under subdivision (c) of section 64.1200 of title 47 of the Code of Federal

25  Regulations.

26      10.    Subdivision (b) (1) of Section 64.1200 of Title 47 of the Code of Federal

27  Regulations requires that all prerecorded telephone messages disseminated within the United States

28  must "At the beginning of the message, state clearly the identity of the business, individual, or other

1    entity that is responsible for initiating the call. If a business is responsible for initiating the call, the

2    name under which the entity is registered to conduct business with the State Corporation

3    Commission (or comparable regulatory authority) must be stated."

4        11.    Defendants' illegal prerecorded collection calls failed to comply with this

5    requirement.

6        12.    Subdivision (b)(3) of section 227 of title 47 of the United States Code permits a

7    private right of action in state court for violations of 47 U.S.C. §227 (b) (1) (A) (iii) and 47 C.F.R.

8    §64.1200 (b) (1). Plaintiff may recover $500.00 for each violation, or both. If the court finds that

9    defendants' violations were willful or knowing, it may, in its discretion, award up to three times that

10   amount.

11

12       WHEREFORE Plaintiff prays for judgment against defendants, and each of them, as

13   follows:

14   On the FIRST AND ONLY CAUSE OF ACTION:

15       1.    For an award of $500.00 for each violation of 47 U.S.C. §227 and 47 C.F.R.

16           §64.1200 (b) (1);

17       2.    For an award of $1,500.00 for each such violation found to have been willful;

18       3.    For costs of suit herein incurred; and

19       4.    For such further relief as the Court deems proper.

20

21   Dated: May 9, 2007

22

23

24                                    By: _____
                                         CHAD AUSTIN, Esq.
25                                       Attorney for Plaintiff JAMES M.
                                         KINDER
26

27

28

# EXHIBIT 20

1    Chad Austin, Esq. SBN 235457
    3129 India Street
2    San Diego, CA 92103-6014
    Telephone: (619) 297-8888
3    Facsimile: (619) 295-1401

2007 SEP 11 PM 3: 51

SAN DIEGO COUNTY, CA

4    Attorney for Plaintiff JAMES M. KINDER, an individual

5

6

7

8          **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **FOR THE COUNTY OF SAN DIEGO**

10

11    JAMES M. KINDER,           )   CASE NO. 37-2007-00074754-CU-MC-CTL

12            Plaintiff,     )   **COMPLAINT FOR DAMAGES**

13    v.                     )   **Violations of Telephone Consumer**
                              )   **Protection Act of 1991**

14    SPRINT PCS ASSETS, L.L.C., SPRINT PCS   )
    LICENSE, L.L.C. and DOES 1 through 100,   )

15    inclusive,                     )

16            Defendants.    )

17                          )

18    COMES NOW Plaintiff JAMES M. KINDER (hereinafter referred to as "Plaintiff") who alleges

19    as follows:

20                      **GENERAL ALLEGATIONS**

21        1.      Plaintiff is, and at all times herein mentioned was, a resident of the County of San

22    Diego, State of California.

23        2.      Defendants SPRINT PCS ASSETS, L.L.C. and SPRINT PCS LICENSE, L.L.C.

24    (hereinafter referred to as "Defendants"), were at all times herein mentioned Delaware limited

25    liability companies, doing business in the County of San Diego, State of California.

26        3.      Plaintiff is unaware of the true names and capacities of defendants sued herein as

27    DOES 1 through 100, inclusive, and therefore sues these defendants by such fictitious names.

28    Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

-1-

**EXHIBIT A 09**

1    Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants

2    is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as

3    herein alleged were proximately caused by their conduct.

4         4.     At all times herein mentioned each defendant was the partner, agent and employee

5    of each co-defendant herein and was at all times acting within the scope of such partnership, agency

6    and employment and each defendant ratified the conduct of each co-defendant herein.

7                  **FIRST AND ONLY CAUSE OF ACTION**

8            [Violation of Telephone Consumer Protection Act of 1991]

9         5.     Plaintiff realleges paragraphs 1 through 4 above and incorporates them herein by

10    reference.

11         6.     Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer

12    Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

13         7.     Subdivision (b) (1) (A) (iii) of Section 227 of Title 47 of the United States Code

14    makes it unlawful for any person to "Make any call (other than a call made for emergency purposes

15    or made with the prior express consent of the called party) using any automatic telephone dialing

16    system or an artificial or prerecorded voice...to any telephone number assigned to a paging service,

17    specialized mobile radio service, or other radio common carrier service, or any service for which the

18    called party is charged for the call."

19         8.     Defendants have been calling Plaintiff's number assigned to a paging service, using

20    an Automatic Telephone Dialing System and/or an artificial or prerecorded voice on at least 169

21    occasions within the statutory period of the last 4 years, pursuant to 47 U.S.C. § 1658. These 169

22    calls are only the calls known to Plaintiff at this time and Plaintiff states on information and belief,

23    without yet having the aid of full discovery, that it is quite likely that Defendant has made many

24    more violative calls to Plaintiff's number assigned to a paging service than the 169 of which he is

25    currently aware.

26         9.     Subdivision (b) (1) of Section 64.1200 of Title 47 of the Code of Federal

27    Regulations requires that all prerecorded telephone messages disseminated within the United States

28    must "At the beginning of the message, state clearly the identity of the business, individual, or other

**EXHIBIT** A 10

1   entity that is responsible for initiating the call. If a business is responsible for initiating the call, the

2   name under which the entity is registered to conduct business with the State Corporation

3   Commission (or comparable regulatory authority) must be stated."

4        10.   Defendants' illegal prerecorded message calls failed to comply with this requirement.

5        11.   Subdivision (b) (2) of Section 64.1200 of Title 47 of the Code of Federal

6   Regulations requires that all prerecorded telephone messages disseminated within the United States

7   must "state clearly the telephone number (other than that of the autodialer or prerecorded message

8   player that placed the call) of such business, other entity, or individual. The telephone number may

9   not be a 900 number or any number for which charges exceed local or long distance transmission

10  charges. For telemarketing messages to residential telephone subscribers, such telephone numbers

11  must permit any individual to make a do-not-call request during regular business hours for the

12  duration of the telemarketing campaign."

13       12.   Defendants' illegal prerecorded message calls failed to comply with this requirement.

14       13.   Subdivision (b)(3) of section 227 of title 47 of the United States Code permits a

15  private right of action in state court for violations of 47 U.S.C. §227 (b) (1) (A) (iii), 47 C.F.R.

16  §64.1200 (b) (1) and 47 C.F.R. §64.1200 (b) (2). Plaintiff is entitled to a minimum of $500.00 in

17  statutory damages for each such violation. If the court finds that defendants' violations were willful

18  or knowing, it may, in its discretion, award up to three times that amount.

19       WHEREFORE Plaintiff prays for judgment against defendants, and each of them, as

20  follows:

21  On the FIRST AND ONLY CAUSE OF ACTION:

22       1.   For an award of $500.00 for each violation of 47 U.S.C. §227 and 47 C.F.R. §

23         64.1200;

24       2.   For an award of $1,500.00 for each such violation found to have been willful;

25       3.   For costs of suit herein incurred; and

26  ///

27  ///

28  ///

                                     -3-

**EXHIBIT A 11**

1        4.    For such other and further relief as the Court deems proper.

2    Dated: September 10, 2007

3

4                                  By: _____

5                                   CHAD AUSTIN, Esq.
                               Attorney for Plaintiff JAMES M.
                               KINDER

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-

**EXHIBIT** A 12

# EXHIBIT 21



FILED
CIVIL BUSINESS OFFICE B
CENTRAL DIVISION

07 AUG 30  PM 4:40

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

1  Chad Austin, Esq.  SBN 235457
   3129 India Street
2  San Diego, CA 92103-6014
   Telephone: (619) 297-8888
3  Facsimile: (619) 295-1401

4  Attorney for Plaintiff JAMES M. KINDER, an individual

5

6

7

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       FOR THE COUNTY OF SAN DIEGO

10

11  JAMES M. KINDER,                          )  CASE NO.   37-2007-00074441-CU-MC-CTL
                                              )
12                  Plaintiff,                )  COMPLAINT FOR DAMAGES
                                              )
13  v.                                        )  Violations of Telephone Consumer
                                              )  Protection Act of 1991
14  ASSET ACCEPTANCE, LLC and DOES 1          )
    through 100, inclusive,                   )
15                                            )
                    Defendants.               )
16

17  COMES NOW Plaintiff JAMES M. KINDER (hereinafter referred to as "Plaintiff") who alleges as

18  follows:

19                              GENERAL ALLEGATIONS

20      1.      Plaintiff is, and at all times herein mentioned was, a resident of the County of San

21  Diego, State of California.

22      2.      Defendant ASSET ACCEPTANCE, LLC (hereinafter referred to as "Defendant"),

23  was at all times herein mentioned a Delaware limited liability company, doing business in the

24  County of San Diego, State of California.

25      3.      Plaintiff is unaware of the true names and capacities of defendants sued herein as

26  DOES 1 through 100, inclusive, and therefore sues these defendants by such fictitious names.

27  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

28  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants

                                        -1-

1  is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as

2  herein alleged were proximately caused by their conduct.

3      4.    At all times herein mentioned each defendant was the partner, agent and employee

4  of each co-defendant herein and was at all times acting within the scope of such partnership, agency

5  and employment and each defendant ratified the conduct of each co-defendant herein.

6  **FIRST AND ONLY CAUSE OF ACTION**<br>[Violation of Telephone Consumer Protection Act of 1991]

7

8      5.    Plaintiff realleges paragraphs 1 through 4 above and incorporates them herein by

9  reference.

10      6.    Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer

11  Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

12      7.    Subdivision (b) (1) (A) (iii) of Section 227 of Title 47 of the United States Code

13  makes it unlawful for any person to "Make any call (other than a call made for emergency purposes

14  or made with the prior express consent of the called party) using any automatic telephone dialing

15  system or an artificial or prerecorded voice...to any telephone number assigned to a paging service,

16  specialized mobile radio service, or other radio common carrier service, or any service for which the

17  called party is charged for the call."

18      8.    Defendants have been calling Plaintiff's number assigned to a paging service, using

19  an Automatic Telephone Dialing System and/or an artificial or prerecorded voice on at least 607

20  occasions within the statutory period of the last 4 years, pursuant to 47 U.S.C. § 1658. These 607

21  calls are only the calls known to Plaintiff at this time and Plaintiff states on information and belief,

22  without yet having the aid of full discovery, that it is quite likely that Defendant has made many

23  more violative calls to Plaintiff's number assigned to a paging service than the 607 of which he is

24  currently aware.

25      9.    Subdivision (b) (1) of Section 64.1200 of Title 47 of the Code of Federal

26  Regulations requires that all prerecorded telephone messages disseminated within the United States

27  must "At the beginning of the message, state clearly the identity of the business, individual, or other

28  entity that is responsible for initiating the call. If a business is responsible for initiating the call, the

- 2 -

1   name under which the entity is registered to conduct business with the State Corporation

2   Commission (or comparable regulatory authority) must be stated."

3           10.    Defendants' illegal prerecorded message calls failed to comply with this requirement.

4           11.    Subdivision (b) (2) of Section 64.1200 of Title 47 of the Code of Federal

5   Regulations requires that all prerecorded telephone messages disseminated within the United States

6   must "state clearly the telephone number (other than that of the autodialer or prerecorded message

7   player that placed the call) of such business, other entity, or individual. The telephone number may

8   not be a 900 number or any number for which charges exceed local or long distance transmission

9   charges. For telemarketing messages to residential telephone subscribers, such telephone numbers

10  must permit any individual to make a do-not-call request during regular business hours for the

11  duration of the telemarketing campaign."

12          12.    Defendants' illegal prerecorded message calls failed to comply with this requirement.

13          13.    Subdivision (b)(3) of section 227 of title 47 of the United States Code permits a

14  private right of action in state court for violations of 47 U.S.C. §227 (b) (1) (A) (iii) and 47 C.F.R.

15  §64.1200. Plaintiff is entitled to a minimum of $500.00 in statutory damages for each such violation.

16  If the court finds that defendants' violations were willful or knowing, it may, in its discretion, award

17  up to three times that amount.

18          WHEREFORE Plaintiff prays for judgment against defendants, and each of them, as

19  follows:

20  On the FIRST AND ONLY CAUSE OF ACTION:

21          1.     For an award of $500.00 for each violation of 47 U.S.C. §227 and 47 C.F.R. §

22                 64.1200;

23          2.     For an award of $1,500.00 for each such violation found to have been willful;

24          3.     For costs of suit herein incurred; and

25          4.     For such further relief as the Court deems proper.

26  Dated: August 30, 2007

27                                          By: _____
                                                CHAD AUSTIN, Esq.
28                                              Attorney for Plaintiff JAMES M.
                                                KINDER

-3-

# EXHIBIT 22

Chad Austin, Esq.  SBN 235457
3129 India Street
San Diego, CA 92103-6014
Telephone: (619) 297-8888
Facsimile: (619) 295-1401

Attorney for Plaintiff JAMES M. KINDER, an individual;

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| JAMES M. KINDER, | CASE NO. 37-2007-00073375-CU-MC-CTL |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| v. | Violations of Telephone Consumer Protection Act of 1991 |
| ASTRA BUSINESS SERVICES, Inc. and DOES 1 through 100, inclusive, | |
| Defendants. | |

COMES NOW Plaintiff JAMES M. KINDER (hereinafter referred to as "Plaintiff") who alleges as follows:

## GENERAL ALLEGATIONS

1.    Plaintiff is, and at all times herein mentioned was, a resident of the County of San Diego, State of California.

2.    Defendant ASTRA BUSINESS SERVICES, Inc. (hereinafter referred to as "Defendant"), was at all times herein mentioned a Delaware corporation, doing business in the County of San Diego, State of California.

3.    Plaintiff is unaware of the true names and capacities of defendants sued herein as DOES 1 through 100, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

-1-

1  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants

2  is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as

3  herein alleged were proximately caused by their conduct.

4      4.    At all times herein mentioned each defendant was the partner, agent and employee

5  of each co-defendant herein and was at all times acting within the scope of such partnership, agency

6  and employment and each defendant ratified the conduct of each co-defendant herein.

7                          FIRST AND ONLY CAUSE OF ACTION
                     [Violation of Telephone Consumer Protection Act of 1991]

8

9      5.    Plaintiff realleges paragraphs 1 through 4 above and incorporates them herein by

10  reference.

11      6.    Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer

12  Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

13      7.    Subdivision (b) (1) (A) (iii) of Section 227 of Title 47 of the United States Code

14  makes it unlawful for any person to "Make any call (other than a call made for emergency purposes

15  or made with the prior express consent of the called party) using any automatic telephone dialing

16  system or an artificial or prerecorded voice...to any telephone number assigned to a paging service,

17  specialized mobile radio service, or other radio common carrier service, or any service for which the

18  called party is charged for the call."

19      8.    Defendants have been calling Plaintiff's number assigned to a paging service, using

20  an Automatic Telephone Dialing System and/or an artificial or prerecorded voice on at least 73

21  occasions within the statutory period of the last 4 years, pursuant to 47 U.S.C. § 1658. These 73

22  calls are only the calls known to Plaintiff at this time and Plaintiff states on information and belief,

23  without yet having the aid of full discovery, that it is quite likely that Defendant has made many

24  more violative calls to Plaintiff's number assigned to a paging service than the 73 of which he is

25  currently aware.

26      9.    Subdivision (b) (1) of Section 64.1200 of Title 47 of the Code of Federal

27  Regulations requires that all prerecorded telephone messages disseminated within the United States

28  must "At the beginning of the message, state clearly the identity of the business, individual, or other

- 2 -

entity that is responsible for initiating the call. If a business is responsible for initiating the call, the name under which the entity is registered to conduct business with the State Corporation Commission (or comparable regulatory authority) must be stated."

10.    Defendants' illegal prerecorded message calls failed to comply with this requirement.

11.    Subdivision (b)(3) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations of 47 U.S.C. §227 (b) (1) (A) (iii) and 47 C.F.R. §64.1200 (b) (1). Plaintiff is entitled to a minimum of $500.00 in statutory damages for each such violation. If the court finds that defendants' violations were willful or knowing, it may, in its discretion, award up to three times that amount.

WHEREFORE Plaintiff prays for judgment against defendants, and each of them, as follows:

On the FIRST AND ONLY CAUSE OF ACTION:

1.    For an award of $500.00 for each violation of 47 U.S.C. §227 and 47 C.F.R. § 64.1200;

2.    For an award of $1,500.00 for each such violation found to have been willful;

3.    For costs of suit herein incurred; and

4.    For such other and further relief as the Court deems proper.

Dated: August 20, 2007

By: _____
CHAD AUSTIN, Esq.
Attorney for Plaintiff JAMES M. KINDER

-3-

# EXHIBIT 23

1   Chad Austin, Esq.  SBN 235457
    3129 India Street
2   San Diego, CA 92103-6014
    Telephone: (619) 297-8888
3   Facsimile: (619) 295-1401

4   Attorney for Plaintiff JAMES M. KINDER, an individual

5

6

7

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       FOR THE COUNTY OF SAN DIEGO

10                                                    37-2007-00076045-CU-MC-CTL

11  JAMES M. KINDER,                    )   CASE NO.
                                        )
12              Plaintiff,              )   **COMPLAINT FOR DAMAGES**
                                        )
13  v.                                  )   **Violations of Telephone Consumer**
                                        )   **Protection Act of 1991**
14  DISCOVER CARD SERVICES, Inc. and    )
    DOES 1 through 100, inclusive,      )
15                                      )
                                        )
16              Defendants.             )
    _____)

17      COMES NOW Plaintiff JAMES M. KINDER (hereinafter referred to as "Plaintiff") who alleges as

18  follows:

19                          __GENERAL ALLEGATIONS__

20      1.      Plaintiff is, and at all times herein mentioned was, a resident of the County of San

21  Diego, State of California.

22      2.      Defendant DISCOVER CARD SERVICES, Inc. (hereinafter referred to as

23  "Defendant"), was at all times herein mentioned a Delaware corporation, doing business in the

24  County of San Diego, State of California.

25      3.      Plaintiff is unaware of the true names and capacities of defendants sued herein as

26  DOES 1 through 100, inclusive, and therefore sues these defendants by such fictitious names.

27  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

28  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants

                                      -1-

1 | is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as

2 | herein alleged were proximately caused by their conduct.

3 |     4.    At all times herein mentioned each defendant was the partner, agent and employee

4 | of each co-defendant herein and was at all times acting within the scope of such partnership, agency

5 | and employment and each defendant ratified the conduct of each co-defendant herein.

6 | **FIRST AND ONLY CAUSE OF ACTION**<br>[Violation of Telephone Consumer Protection Act of 1991]

7 |

8 |     5.    Plaintiff realleges paragraphs 1 through 4 above and incorporates them herein by

9 | reference.

10 |     6.    Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer

11 | Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

12 |     7.    Subdivision (b) (1) (A) (iii) of Section 227 of Title 47 of the United States Code

13 | makes it unlawful for any person to "Make any call (other than a call made for emergency purposes

14 | or made with the prior express consent of the called party) using any automatic telephone dialing

15 | system or an artificial or prerecorded voice...to any telephone number assigned to a paging service,

16 | specialized mobile radio service, or other radio common carrier service, or any service for which the

17 | called party is charged for the call."

18 |     8.    Defendants have been calling Plaintiff's number assigned to a paging service, using

19 | an Automatic Telephone Dialing System and/or an artificial or prerecorded voice on at least 78

20 | occasions within the statutory period of the last 4 years, pursuant to 47 U.S.C. § 1658. These 78

21 | calls are only the calls known to Plaintiff at this time and Plaintiff states on information and belief,

22 | without yet having the aid of full discovery, that it is quite likely that Defendant has made many

23 | more violative calls to Plaintiff's number assigned to a paging service than the 78 of which he is

24 | currently aware.

25 |     9.    Subdivision (b) (1) of Section 64.1200 of Title 47 of the Code of Federal

26 | Regulations requires that all prerecorded telephone messages disseminated within the United States

27 | must "At the beginning of the message, state clearly the identity of the business, individual, or other

28 | entity that is responsible for initiating the call. If a business is responsible for initiating the call, the

- 2 -

1  name under which the entity is registered to conduct business with the State Corporation

2  Commission (or comparable regulatory authority) must be stated."

3         10.    Defendants' illegal prerecorded message calls failed to comply with this requirement.

4         11.    Subdivision (b) (2) of Section 64.1200 of Title 47 of the Code of Federal

5  Regulations requires that all prerecorded telephone messages disseminated within the United States

6  must "state clearly the telephone number (other than that of the autodialer or prerecorded message

7  player that placed the call) of such business, other entity, or individual. The telephone number may

8  not be a 900 number or any number for which charges exceed local or long distance transmission

9  charges. For telemarketing messages to residential telephone subscribers, such telephone numbers

10  must permit any individual to make a do-not-call request during regular business hours for the

11  duration of the telemarketing campaign."

12         12.    Defendants' illegal prerecorded message calls failed to comply with this requirement.

13         13.    Subdivision (b)(3) of section 227 of title 47 of the United States Code permits a

14  private right of action in state court for violations of 47 U.S.C. §227 (b) (1) (A) (iii) and 47 C.F.R.

15  §64.1200. Plaintiff is entitled to a minimum of $500.00 in statutory damages for each such violation.

16  If the court finds that defendants' violations were willful or knowing, it may, in its discretion, award

17  up to three times that amount.

18         WHEREFORE Plaintiff prays for judgment against defendants, and each of them, as

19  follows:

20  On the FIRST AND ONLY CAUSE OF ACTION:

21         1.    For an award of $500.00 for each violation of 47 U.S.C. §227 and 47 C.F.R. §

22              64.1200;

23         2.    For an award of $1,500.00 for each such violation found to have been willful;

24         3.    For costs of suit herein incurred; and

25         4.    For such further relief as the Court deems proper.

26  Dated: October 1, 2007

27                            By: _____

28                            CHAD AUSTIN, Esq.
                              Attorney for Plaintiff JAMES M.
                              KINDER

# EXHIBIT 24

1  Chad Austin, Esq.  SBN 235457
   3129 India Street
2  San Diego, CA 92103-6014
   Telephone: (619) 297-8888
3  Facsimile: (619) 295-1401

4  Attorney for Plaintiff JAMES M. KINDER, an individual

5

6

7

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        FOR THE COUNTY OF SAN DIEGO

10

11  JAMES M.  KINDER,                    )  CASE NO.
                                         )
12                 Plaintiff,            )  COMPLAINT FOR DAMAGES
                                         )
13  v.                                   )  Violations of Telephone Consumer
                                         )  Protection Act of 1991
14  CAVALRY INVESTMENTS, LLC dba         )
    CAVALRY PORTFOLIO SERVICES and       )
15  and DOES 1 through 100, inclusive,   )
                                         )
16                 Defendants.           )
                                         )
17  _____

18  COMES NOW Plaintiff JAMES M. KINDER (hereinafter referred to as "Plaintiff") who alleges

19  as follows:

20                          **GENERAL ALLEGATIONS**

21          1.      Plaintiff is, and at all times herein mentioned was, a resident of the County of San

22  Diego, State of California.

23          2.      Defendant CAVALRY INVESTMENTS, LLC dba CAVALRY PORTFOLIO

24  SERVICES (hereinafter referred to as "Defendant"), was at all times herein mentioned a Delaware

25  Limited Liability Company, doing business in the County of San Diego, State of California.

26          3.      Plaintiff is unaware of the true names and capacities of defendants sued herein as

27  DOES 1 through 100, inclusive, and therefore sues these defendants by such fictitious names.

28  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

                                      -1-

1 | Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants

2 | is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as

3 | herein alleged were proximately caused by their conduct.

4 |     4.    At all times herein mentioned each defendant was the partner, agent and employee

5 | of each co-defendant herein and was at all times acting within the scope of such partnership, agency

6 | and employment and each defendant ratified the conduct of each co-defendant herein.

7 | **FIRST AND ONLY CAUSE OF ACTION**<br>[Violation of Telephone Consumer Protection Act of 1991]

8 |

9 |     5.    Plaintiff realleges paragraphs 1 through 4 above and incorporates them herein by

10 | reference.

11 |     6.    Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer

12 | Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

13 |     7.    Subdivision (b) (1) (A) (iii) of Section 227 of Title 47 of the United States Code

14 | makes it unlawful for any person to "Make any call (other than a call made for emergency purposes

15 | or made with the prior express consent of the called party) using any automatic telephone dialing

16 | system or an artificial or prerecorded voice...to any telephone number assigned to a paging service,

17 | specialized mobile radio service, or other radio common carrier service, or any service for which the

18 | called party is charged for the call."

19 |     8.    Defendants have been calling Plaintiff's number assigned to a paging service, using

20 | an Automatic Telephone Dialing System and/or an artificial or prerecorded voice on at least 45

21 | occasions within the statutory period of the last 4 years, pursuant to 47 U.S.C. § 1658. These 45

22 | calls are only the calls known to Plaintiff at this time and Plaintiff states on information and belief,

23 | without yet having the aid of full discovery, that it is quite likely that Defendant has made many

24 | more violative calls to Plaintiff's number assigned to a paging service than the 45 of which he is

25 | currently aware.

26 |     9.    .Subdivision (b) (1) of Section 64.1200 of Title 47 of the Code of Federal

27 | Regulations requires that all prerecorded telephone messages disseminated within the United States

28 | must "At the beginning of the message, state clearly the identity of the business, individual, or other

- 2 -

1  entity that is responsible for initiating the call. If a business is responsible for initiating the call, the

2  name under which the entity is registered to conduct business with the State Corporation

3  Commission (or comparable regulatory authority) must be stated."

4       10.    All 45 of Defendants' known illegal prerecorded message calls failed to comply with

5  this requirement.

6       11.    Subdivision (b) (2) of Section 64.1200 of Title 47 of the Code of Federal

7  Regulations requires that all prerecorded telephone messages disseminated within the United States

8  must "state clearly the telephone number (other than that of the autodialer or prerecorded message

9  player that placed the call) of such business, other entity, or individual. The telephone number may

10  not be a 900 number or any number for which charges exceed local or long distance transmission

11  charges. For telemarketing messages to residential telephone subscribers, such telephone numbers

12  must permit any individual to make a do-not-call request during regular business hours for the

13  duration of the telemarketing campaign."

14       12.    Three (3) of Defendants' 45 known illegal prerecorded message calls failed to

15  comply with this requirement.

16       13.    Subdivision (b)(3) of section 227 of title 47 of the United States Code permits a

17  private right of action in state court for violations of 47 U.S.C. §227 (b) (1) (A) (iii), 47 C.F.R.

18  §64.1200 (b) (1) and 47 C.F.R. §64.1200 (b) (2). Plaintiff is entitled to a minimum of $500.00 in

19  statutory damages for each such violation. If the court finds that defendants' violations were willful

20  or knowing, it may, in its discretion, award up to three times that amount.

21       WHEREFORE Plaintiff prays for judgment against defendants, and each of them, as

22  follows:

23  On the FIRST AND ONLY CAUSE OF ACTION:

24       1.    For an award of $500.00 for each violation of 47 U.S.C. §227 and 47 C.F.R. §

25           64.1200;

26       2.    For an award of $1,500.00 for each such violation found to have been willful;

27       3.    For costs of suit herein incurred; and

28  / / /

   / / /                 -3-

1      4.    For such other and further relief as the Court deems proper.

2   Dated: August        , 2007

3

4

5                                          By:_____

6                                             CHAD AUSTIN, Esq.
                                              Attorney for Plaintiff JAMES M.
7                                             KINDER

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 25

1  Chad Austin, Esq. SBN 235457
   3129 India Street
2  San Diego, CA 92103-6014
   Telephone: (619) 297-8888
3  Facsimile: (619) 295-1401

4  Attorney for Plaintiff JAMES M. KINDER, an individual

5

6

7

8            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF SAN DIEGO

10

11  JAMES M. KINDER,                    )  CASE NO. 37-2007-00078114-CU-MC-CTL
                                        )
12                    Plaintiff,        )  COMPLAINT FOR DAMAGES,
                                        )  INCLUDING PUNITIVE DAMAGES,
13  v.                                  )  INTEREST AND ATTORNEY'S FEES,
                                        )  AND FOR INJUNCTIVE RELIEF
14                                      )
    HARRAH'S ENTERTAINMENT, Inc. and    )  Violations of Telephone Consumer
15  DOES 1 through 100, inclusive,      )  Protection Act of 1991
                                        )  Violations of California Civil Code § 1770
16                    Defendants.       )  (a) (22) (A)
                                        )  Trespass to Chattel
17                                      )  Unfair Business Practices

18

19  COMES NOW Plaintiff JAMES M. KINDER (hereinafter referred to as "Plaintiff") who alleges as

20  follows:

21                          GENERAL ALLEGATIONS

22       1.     Plaintiff is, and at all times herein mentioned was, a resident of the County of San

23  Diego, State of California.

24       2.     Defendant HARRAH'S ENTERTAINMENT, Inc. (hereinafter referred to as

25  "Defendant") was at all times herein mentioned a Delaware corporation, doing business in the

26  County of San Diego, State of California.

27       3.     Plaintiff is unaware of the true names and capacities of defendants sued herein as

28  DOES 1 through 100, inclusive, and therefore sues these defendants by such fictitious names.

                                    -1-

1   Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

2   Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants

3   is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as

4   herein alleged were proximately caused by their conduct.

5       4.    At all times herein mentioned each defendant was the partner, agent and employee

6   of each co-defendant herein and was at all times acting within the scope of such partnership, agency

7   and employment and each defendant ratified the conduct of each co-defendant herein.

8

9             **FIRST CAUSE OF ACTION**
    [Violation of Telephone Consumer Protection Act of 1991]

10

11      5.    Plaintiff realleges paragraphs 1 through 4 above and incorporates them herein by

12  reference.

13      6.    Plaintiff is bringing this action pursuant to the provisions of the Telephone

14  Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

15      7.    Subdivision (b) (1) (A) (iii) of Section 227 of Title 47 of the United States

16  Code makes it unlawful for any person to "Make any call (other than a call made for emergency

17  purposes or made with the prior express consent of the called party) using any automatic

18  telephone dialing system or an artificial or prerecorded voice...to any telephone number assigned

19  to a paging service, specialized mobile radio service, or other radio common carrier service, or

20  any service for which the called party is charged for the call."

21      8.    Defendants have been calling Plaintiff's number assigned to a paging service, using

22  an artificial or prerecorded voice, without Plaintiff's express permission. These calls were not made

23  for any emergency purpose, nor were these calls exempt under subdivision (c) of section 64.1200

24  of title 47 of the Code of Federal Regulations.

25      9.    Subdivision (b)(3) of section 227 of title 47 of the United States Code permits a

26  private right of action in state court for violations of 47 U.S.C. §227 (b) (1) (A) (iii). Plaintiff

27  may obtain relief in the form of injunctive relief, or Plaintiff may recover $500.00 for each

28  violation, or both. If the court finds that defendants' violations were willful or knowing, it may,

1   in its discretion, award up to three times that amount.

2

3                        **SECOND CAUSE OF ACTION**
                [Violation(s) of California Civil Code § 1770 (a) (22) (A)]
4

5       10.     Plaintiff realleges paragraphs 1 through 9 above and incorporates them herein by

6   reference.

7       11.     California Civil Code § 1770 (a) (22) (A) requires that all recorded messages

8   disseminated within the state be introduced by a live, natural voice giving the name of the entity

9   calling, the name of the entity being represented, an address or phone number for that entity, and

10  asking permission to play the recording.  Defendant's illegal prerecorded telemarketing calls to

11  Plaintiff failed to comply with this requirement.

12      12.     As a proximate result of defendants' violation of Civil Code section 1770,

13  plaintiff has suffered and continues to suffer damages in an amount not yet ascertained, to be

14  proven at trial.

15      13.     Civil Code section 1780 (a) (2) provides for an injunction against future conduct

16  in violation of Civil Code section 1770.

17      14.     Civil Code section 1780 (a) (4) provides for an award of punitive damages for

18  violations of Civil Code section 1770.

19      15.     Civil Code section 1780 (d) provides for an award of attorneys fees for plaintiffs

20  harmed by California Civil Code §1770 (a) (22) (A) violations.

21                         **THIRD CAUSE OF ACTION**
                              [Trespass to Chattel]
22

23      16.     Plaintiff realleges paragraphs 1 through 15 above and incorporates them herein by

24  reference.

25      17.     The conduct by defendants complained of herein, namely calling Plaintiff's

26  number assigned to a paging service, using an artificial or prerecorded voice, without Plaintiff's

27  express permission, constitutes an electronic trespass to chattel.

28      18.     At no time did Plaintiff consent to this trespass.

                                  -3-

19.    As a proximate result of these intrusions, Plaintiff suffered damage in an amount according to proof.

20.    In making the illegal calls described above, defendants were guilty of oppression and malice, in that defendants made said calls with the intent to vex, injure, or annoy Plaintiff or with a willful and conscious disregard of Plaintiff's rights. Plaintiff therefore seeks an award of punitive damages.

### FOURTH CAUSE OF ACTION
[Engaging in Unfair Business Practices]

21.    Plaintiff realleges paragraphs 1 through 20 above and incorporates them herein by reference.

22.    Because these telephone calls violate federal statutes, they are unlawful business practices within the meaning of section 17200 of the Business and Professions Code.

23.    Section 17203 of the Business and Professions Code entitles Plaintiff to an injunction enjoining defendants from engaging in unfair or unlawful business practices.

WHEREFORE Plaintiff prays for judgment against defendants, and each of them, as follows:

On the FIRST CAUSE OF ACTION:

1.    For an award of $500.00 for each violation of 47 U.S.C. §227;

2.    For an award of $1,500.00 for each such violation found to have been willful;

On the SECOND CAUSE OF ACTION:

3.    For compensatory damages according to proof;

4.    For preliminary and permanent injunctions, enjoining Defendants, and each of them, from engaging in activity in violation of California Civil Code §1770 (a) (22) (A);

5    For punitive damages;

6.    For attorneys fees;

///

-4-

1    On the THIRD CAUSE OF ACTION:

2         7.    For compensatory damages according to proof;

3         8.    For punitive damages;

4    On the FOURTH CAUSE OF ACTION:

5         9.    For preliminary and permanent injunctions, enjoining Defendants, and each of

6               them, from engaging in unfair or unlawful business practices pursuant to section

7               17203 of the Business and Professions Code;

8    On ALL CAUSES OF ACTION:

9         10.   For attorney's fees pursuant to California Code of Civil Procedure § 1021.5.

10        11.   For costs of suit herein incurred; and

11        12.   For such further relief as the Court deems proper.

12   Dated: October 2, 2007

13

14                                          By: _____

15                                               CHAD AUSTIN, Esq.
                                                 Attorney for Plaintiff JAMES M.
16                                               KINDER

17

18

19

20

21

22

23

24

25

26

27

28

-5-

# EXHIBIT 26

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. KINDER,<br><br>         Plaintiff,<br><br>  vs.<br><br>HARRAH'S ENTERTAINMENT, INC.,<br><br>         Defendant. | CASE NO. 07CV2226<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>[Doc. 5, 14-3] |

  Pending before the Court is Defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), which is currently set for hearing on January 25, 2008. The Court finds this matter suitable for submission without oral argument pursuant to Local Civil Rule 71.(d)(1). Accordingly, no appearances are required at this time. The motion is denied.[1]

  Plaintiff alleges Defendant violated the Telephone Consumer Protection Act of 1991 (TCPA, found at 47 U.S.C. § 227 and 47 C.F.R. § 64.1200) by repeatedly calling Plaintiff's pager service with an automatic dialer or recorded voice. This is one of several similar lawsuits currently pending in federal court. In 2003, after filing several similar lawsuits in California state courts, Plaintiff was declared a "vexatious litigant" by the state of California, which subjected him to a pre-filing order requiring him to obtain leave of the court before filing a complaint based on facts substantially similar

---

[1] Defendant also moved to strike most of the contents of the declaration of Chad Austin and accompanying exhibits. (Doc. 14-3). That motion is denied as moot, since consideration of those exhibits was not necessary for ruling on this motion.

1 | to the facts asserted and claims made in the original lawsuits. *See In re Shieh*, 17 Cal. App. 4th 1154

2 | (1993). Defendant argues the instant case should be dismissed because Plaintiff failed to obtain leave

3 | of court to file the Complaint in compliance with the pre-filing order. However, Defendant offers no

4 | evidence, and Plaintiff has not admitted, that Plaintiff was subject to the pre-filing order on October

5 | 7, 2007 when he filed this lawsuit in state court. Defendant's uncontroverted evidence demonstrates

6 | only that Plaintiff was labeled a vexatious litigant as of September 28, 2007. Moreover, Defendant

7 | points to no authority for dismissing a lawsuit currently in *federal* court because a Plaintiff failed to

8 | follow state court vexatious litigation procedures. Accordingly, Defendant's motion to dismiss on

9 | grounds of failure to obtain leave of the court before filing is denied without prejudice, to be

10 | reconsidered if appropriate.[2]

11 | Defendant next argues the Court lacks personal jurisdiction over Defendant because Defendant

12 | does not have sufficient minimum contacts with California. However, if Plaintiff's allegations that

13 | Defendant repeatedly and illegally called Plaintiff's pager service are true, the claims arise out of

14 | Defendant's contacts with California and personal jurisdiction exists. *Burger King v. Rudzewicz*, 471

15 | U.S. at 472-73 (1985). The facts giving rise to jurisdiction are therefore the same facts that, if proven,

16 | lend merit to Plaintiff's case.

17 | When "jurisdictional facts are intertwined with the merits," it is "preferable that [the

18 | jurisdiction] determination be made at trial, where a plaintiff may present his case in a coherent,

19 | orderly fashion and without the risk of prejudicing his case on the merits." *Data Discovery, Inc. v.*

20 | *Systems Technology Associates, Inc.*, 557 F.2d 1280, 1285 n.2 (9th Cir.1977). Since the Court is

21 | therefore not holding an evidentiary hearing before ruling on the motion, it is enough that Plaintiff

22 | alleged facts which, if true, are sufficient to support the exercise of personal jurisdiction over

23 | Defendant. *See Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clemens Ltd.*, 328 F.3d 1122, 1129

24 | (9th Cir. 2003).

25 |

26 | [2] Plaintiff also argues that any pre-filing order does not apply because Plaintiff commenced this
action while represented by counsel. Plaintiff is incorrect. California Code of Civil Procedure § 391,
27 | which sets forth the scheme for dealing with vexatious litigants, restricts the *initial classification* of
vexatious litigants to persons acting *in propia persona*. However, once a person is declared a vexatious
28 | litigant, filing subsequent lawsuits through counsel does not exempt him from the requirements of the
pre-filing order. *In re Shieh*, 17 Cal. App. 4th at 1166. (The plaintiff "clearly fit[] the definition of a
vexatious litigant" even though he "presently [was] represented by counsel.")

- 2 -

1    Defendant further argues Plaintiff fails to state a claim under Federal Rule of Civil Procedure

2    12(b)(6) because he named the wrong party to the action. In support of this statement, Defendant

3    produced a declaration by Defendant's Chief Litigation Officer, who declares under penalty of perjury

4    that Harrah's Entertainment, Inc. "does not make telemarketing or other telephone calls to individuals

5    in California using an automatic telephone dialing system, artificial or prerecorded voice, or

6    otherwise." (Kostrinsky Decl., ¶ 3). In ruling on a motion to dismiss, the Court may not weigh

7    evidence, and instead must take all allegations as true. Plaintiff properly alleged Defendant made the

8    phone calls at issue. Accordingly, Defendant's motion to dismiss on grounds that Plaintiff named the

9    wrong Defendant is denied. Defendant shall respond to the Complaint in accordance with applicable

10   law.

11   **IT IS SO ORDERED.**

12

13   DATED:  January 22, 2008

14                                                    _____

15                                                    HON. DANA M. SABRAW
                                                     United States District Judge
16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -

07CV2226

# EXHIBIT 27



# THE STATE BAR OF CALIFORNIA

Friday, February 1, 2008

Home > Attorney Search > Attorney Profile

State Bar Home

## ATTORNEY SEARCH

## James Michael Kinder - #66425

### Current Status: Resigned

**This member is resigned and may not practice law in California.**

See below for more details.

### Profile Information

| | | | |
|---|---|---|---|
| **Bar Number** | 66425 | | |
| **Address** | 444 W "C" St #300 | **Phone Number** | Not Available |
| | San Diego, CA 92101 | **Fax Number** | Not Available |
| | | **e-mail** | Not Available |
| **District** | District 9 | **Undergraduate School** | Ball State Univ; Muncie IN |
| **County** | San Diego | **Law School** | Western State Univ; CA |
| **Sections** | None | | |

### Status History

| Effective Date | Status Change |
|---|---|
| *Present* | Resigned |
| 3/25/1989 | Resigned |
| 8/15/1986 | Not Eligible To Practice Law |
| 12/16/1975 | Admitted to The State Bar of California |

Explanation of member status

### Actions Affecting Eligibility to Practice Law

| Effective Date | Description | Case Number | Resulting Status |
|---|---|---|---|
| **Disciplinary and Related Actions** | | | |
| 3/25/1989 | Resignation with charges pending | 89-Q-10071 | Resigned |
| 1/30/1989 | Vol.inactive(tender of resign.w/charges) | 89-Q-10071 | Not Eligible To Practice Law |
| 8/15/1986 | Interim suspension after conviction | 88-C-11166 | Not Eligible To Practice Law |
| **Administrative Actions** | | | |

This member has no public record of administrative actions.

Copies of official attorney discipline records are available upon request.

Explanation of common actions

Start New Search >

Contact Us    Site Map    Privacy Policy    Notices    © 2008 The State Bar of California

# EXHIBIT 28

January 17, 2008; Phone Wars | City Lights | www.sdreader.com                    Page 1 of 6

## Chevy Request A Quote

Official Chevrolet Buying Service Courtesy Chevrolet Big Discounts!
GMBuyPower.com

Ads by Google

---

**SanDiegoReader**.com                                Search [          ]      Entir

| | |
|---|---|
| Home | Th |
| Classifieds | 2 f |
| Coupons | **Pa** |
| Contests | Wir |
| Job Giant | Ma |
| Page 9 | Am |
| Recent Comments | Bui |

# City Lights

> **Visit Don Bauder's new blog for more San Diego politics and user comments!**

**Send this story to a friend**

**Comment?**

Published on January 17, 2008

**Phone Wars**
By Don Bauder

Former president George H.W. Bush pledged to make the U.S. a "kinder and gentler nation." He was not thinking of James Kinder of La Jolla, a onetime lawyer who resigned from the state bar in 1989 after being recommended for disbarment. For one thing, Kinder's name rhymes with "tinder," not "binder." For another, Kinder has continued filing lawsuits by the hundreds, even after his run-in with the bar and, later, being named a vexatious litigant, or chronic court abuser, by superior court in 2003.

Kinder's presence won't make any place gentler. For example, in a deposition that he took under penalty of perjury in the year 2000, Kinder referred to a judge who had denied his claim as "the old fart judge pro tem." Asked why he was filing so many lawsuits against companies he claimed were harassing him telephonically, Kinder replied, "I am going to sue the shit out of every one of them because they are screwing with me and they don't care." When asked how many calls he had received from a company he was suing, Kinder replied, "Shit, I don't know. I get so fuckin' pissed off about this."

Since the late 1970s, Kinder has been involved in well over 600 lawsuits, overwhelmingly as the plaintiff, in superior court and small claims court. On February 1, in the courtroom of Judge Ronald L. Styn, 85 companies and organizations will ask to have their cases combined. They have been named defendants in individual Kinder suits. The

Articles
As I Hear It
Back When
Best Buys
Blog Diego
Blog World
City Lights
Club Crawler
Cover Story
Crasher
Crush
Diary of a Diva
Dumped
Extras
Letters
Like Wow!
Matthew Alice
Obermeyer

Calendar
Concerts / Videos
Events
Movies
Music
Restaurants
Theater

Off the Cuff

Picture Story

Reading

Remote Control

Roam-O-Rama

Say What

Seen On DVD

Sheep and Goats

Sporting Box

Surf Diego

T.G.I.F.

Yo DJ


Guides

Baja

Best Of

Health & Beauty

Legal

Real Estate

Tickets

Travel

Wedding


Online Ads

Display Ads

Contact Us

**Book Online & Save!**

Tickets | Car Rentals

Lodging | Packages

Check In: | Check Out:
mm/dd/yyyy | mm/dd/yyyy

Rooms: Adults: Children:
1 | 1 | 0

*Or call us toll-free*
US: (877) 230-0078

defendants include some hefty outfits: Wells Fargo, JPMorgan Chase, General Motors Acceptance, Time Warner Cable, Blockbuster, Travelers Insurance, and Microsoft. The defendants won't talk, but the word is that a bundling of these cases is a certainty. You see, in Kinder's own words, judges are "fuckin' pissed off" too.

Here's Kinder's game: In 1996, he got the phone number 619-999-9999 for his pager. Immediately, he began getting swamped with autodialer calls. Within three years, he launched the lawsuit binge. There are several reasons why calls may flood into a 999-9999 number. One is that a collection agency, say, that doesn't have a number for someone it wants to reach has to put something in the computer on the phone number line. If the blank isn't filled in, the computer will balk like a mule. So an area code plus 999-9999 is put in the blanks. The 999-9999 number is the default or "dead air" number for most autodialers. Also, some people filling out a form, but not wanting to receive calls, will plug in 999-9999. Clerks who haven't been given a phone number will write in the 9s too.

After he got hundreds of calls, Kinder began recording the calls and suing those who made them under the Telephone Consumer Protection Act of 1991, which was signed into law by the aforementioned President George H.W. Bush. This federal law restricts telemarketers in the use of automatic dialing systems and prerecorded voice messages. Among many other things, it bans early-morning and late-evening solicitation calls. Kinder has elaborate systems to monitor the calls he receives, and then he goes to court to collect money, usually $500 to $1500 per autodialer call to a receiver that he calls a pager. Although the protection act is federal, most lawsuits filed under it are in state courts.

Kinder has claimed in a deposition that he received as many as 63,000 calls one month. The volume is down to 4000 to 5000 now. He has insisted in these depositions that the calls drive him absolutely crazy. Consistently, he is asked: if you are going crazy, why don't you get rid of that number? He replies that such a number is a valuable marketing tool for his various businesses. In fact, when I interviewed him, that was the only question he would answer: "I have a B.S. in marketing. This is the most valuable telephone number in the San Diego area code, so I am not willing to give up my number. It is an unforgettable number," he said. In a deposition, he said it was worth $2 million to $3 million.

He claims in depositions that he represents the little people against telemarketers, but his opponents argue that he is abusing the court system to make money. Many defendants have simply settled, but others won't. He claims he sued one company for $75 million. It fought. Other defendants say they are not telemarketers; for example, they may be a doctor's office trying to reach a patient with a reminder of an upcoming appointment. And the Telephone Consumer Protection

Act often does not apply in suits Kinder files, say defendants.

Kinder's credibility is not helped by his record. In July 1988, the hearing panel of the State Bar of California recommended that he be disbarred after being convicted of crimes involving moral turpitude. (He got a five-year stayed sentence.) He had been a personal injury lawyer. In 1979, according to the panel, Kinder forged a document certifying that his client had married a man. Problem: the groom was dead. The bride got the dead groom's benefits, and Kinder took one-third of them, or $3300, according to the panel. Kinder had officially tied the knot as a minister of the Universal Life Church, a Modesto-based mail-order operation that hands out minister's ordinations almost immediately for free. (The so-called church would go on to lose money in San Diego's J. David pyramid scheme of the 1980s.) According to the bar panel, Kinder concealed the crime for six years and then tried to get the faux widow not to sing to the police.

The panel also noted two occasions on which Kinder warned opposing lawyers that he would counsel his clients to make untrue statements. Kinder had an alcohol problem in those years, and a psychiatrist testified that he was in treatment and could practice law. But the panel said the "bad faith, dishonesty, concealment, and overreaching" added up to moral turpitude, and he should be disbarred. Early the next year, he resigned and went on to operate Rainbow Towing, Rainbow Rent-A-Car, Rainbow Carpet Cleaning, and Rainbow Auto Repair from an unimposing building at 3129 India Street.

He soon ran into other problems. Rainbow was parking cars all over the street. In the late 1990s, Dona Loshonkohl Hufford of the San Diego Police Department began ticketing those cars. Kinder filed numerous complaints against her. She countersued and was awarded $350,000 and got a restraining order against him. Early last year, she won another $900,000 from him. Her boyfriend was dying as a result of a bad auto accident. At the accident scene, as she held him in her arms, Kinder stared her down. The court sided with her.

From Rainbow's humble headquarters, Kinder began the lawsuits in 1999, suing in propria persona, or on his own behalf, but in 2003 he was declared a vexatious litigant, or one who repeatedly files groundless suits. Then he hired two young lawyers. The Kinder team still operates from the India Street office, monitoring calls and suing the so-called offenders.

In a typical letter, one of his lawyers, Chad Austin, wrote Equidata of Newport News, Virginia, in February of last year, claiming that it had made 64 autodialer calls to Kinder's so-called pager and owed $64,000. His letter to Kenneth Copeland Ministries of Newark, Texas, also in February, demanded $10,000. Both have been named in the suits that the defense seeks to consolidate February 1. Austin refused comment.

Defendants in those suits charge that the paging function has been disconnected and replaced by a sophisticated computer system with multiple tape recorders and date/time stamps.

Los Angeles lawyer Andrew Struve is defending U.S. HealthWorks in the ongoing case. It is charged with making 223 calls. The telephone protection law "was a well-intentioned law designed to prevent people from receiving unsolicited calls from telemarketers where the receiver gets charged," says Struve. Kinder claims his device is a pager, and he has to pay for incoming calls, "but it is not a pager." Struve's client consists of doctors trying to contact patients.

Ronald Stargis, a Sacramento lawyer, won against Kinder in small-claims court. Stargis was able to show that a dialing machine used by a collection agency was "not statutorily defined as an automated dialing device," he said.

As the current case proceeds, such arguments will ring out in superior court. Call it Kindergarten.

Return to City Lights main page.

**Send this story to a friend**

---

## Comments

Posted by **legal eyes** on 01/17/08 @ 7:37 pm

We see his dumb ass almost every day at the Hall of Justice...He is a joke! OOPs don't you DARE print my info, he might sue me!!!!

> Reply by **Don Bauder**
>
> Your identity will remain a secret. Best, Don Bauder

Posted by **Billy Bob Henry** on 01/17/08 @ 10:22 pm

I remember the case about the parking tickets and the lawsuit the traffic cop won, and I was wondering how this guy was going to pay. By the sound of it I guess he is "judgment proof"...lol.

> Reply by **Don Bauder**
>
> In one of his depositions, he said he had plenty of money because he had invested in real estate while his personal injury law operation was thriving. Best, Don Bauder

Posted by **Beetle B** on 01/17/08 @ 11:45 pm

And who is paying for these new case filings at over $300.00 per case? Is it Kinder's legal "dream team" or is he filing fee waivers and letting the taxpayers of San Diego County pick up the tab??? hmhmmhhmmmm

> Reply by **Don Bauder**
>
> As stated in previous post, he has said in a deposition that he is wealthy. The suits are filed by his lawyers, since he is deemed a vexatious litigant. Best, Don Bauder

Posted by **shizzyfinn** on 01/18/08 @ 8:44 am

this particular lawyer sounds like a disease. i hope, though, that this article is not used as an indictment of all trial lawyers, most of whom pursue legitimate cases and bring about a lot of public good. most trial lawyers do good work, and help average people with relatively little power get justice in the face of resistance from monied interests. So hopefully the angst will stay focused on abusers like Kinder, and not the system itself.

> Reply by **Don Bauder**
>
> I think trial lawyers often go too far, but if the regulatory agencies continue to be emasculated, the public has nowhere else to turn. Best, Don Bauder

Posted by **Fed up with telemarketers** on 01/18/08 @ 8:59 am

As much as Kinder sounds like a epic tool, I'm glad he's putting it to the telemarketers. I keep getting the same automated call, every other night. "your car warranty has expired... blah blah blah". Driving me crazy. Wouldn't mind getting $500 bucks per call. Yes, I'm on the do not call registry. Yes I get tons of calls for mortgage refi's, the car warranty folks, medical crap, you name it.

> Reply by **Don Bauder**
>
> I have spent much of my journalistic years attacking telemarketers. But I don't buy into Kinder's scheme. He claims he won't drop that 999-9999 number because it's such a good marketing tool. But he obviously uses it just to give himself fodder for lawsuits. Best, Don Bauder

## Sound Off

Please note that all fields are required. Your email address will not be displayed.

**Your Name** *(Real name or pseudonym)*

**Your E-Mail** *(Will not be displayed)*

**Your Comment** *(1000 character limit, all formatting will be stripped)*

Submit Comment

Advertisement
Ads by Google

# <u>Chevy Request A Quote</u>

Official Chevrolet Buying Service
Courtesy Chevrolet Big Discounts!

GMBuyPower.com

San Diego's best source for the arts, entertainment, and classified ads.
©2008 San Diego Reader. All rights reserved. 619-235-3000.
Contact Us | Disclaimer | Privacy Policy | RSS/XML | GA