1  MARIA C. ROBERTS, State Bar No. 137907
   mroberts@sheastokes.com
2  RONALD R. GIUSSO, State Bar No. 184483
   mroberts@sheastokes.com
3  SHEA STOKES ROBERTS & WAGNER, ALC
   510 MARKET STREET, THIRD FLOOR
4  SAN DIEGO, CALIFORNIA 92101-7025
   TELEPHONE:  (619) 232-4261
5  FACSIMILE:   (619) 232-4840

6  Attorneys for HARRAH'S ENTERTAINMENT, INC. and *Specially Appearing* Defendants
   HARRAH'S OPERATING COMPANY, INC. and HARRAH'S MARKETING SERVICE
7  CORPORATION

8                          UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10

11

12  JAMES M. KINDER,                       CASE NO. 07-CV-2132-DMS (AJB)
                                           [Consolidated with 07 CV 2226 DMS (POR)]
            Plaintiff,
13                                         Judge:        Hon. Dana M. Sabraw
    vs.                                    Mag. Judge:   Hon. Anthony J. Battaglia
14
    HARRAH'S ENTERTAINMENT, INC.;          MEMORANDUM OF POINTS AND
15  HARRAH'S OPERATING COMPANY, INC.;      AUTHORITIES BY *SPECIALLY
    HARRAH'S MARKETING SERVICES            APPEARING* DEFENDANTS IN SUPPORT
16  CORPORATION; HARRAH'S LICENSE          OF MOTION TO DISMISS PURSUANT TO
    COMPANY, LLC; HARRAH'S LAUGHLIN,       F.R.CIV.P. RULE 12(b)(2), (6)
17  INC.; HBR REALTY COMPANY, INC. and
    DOES 1 through 100, inclusive,         ACCOMPANYING DOCUMENTS:
18                                         NOTICE OF MOTION AND MOTION;
            Defendants.                    DECLARATION OF MARIA C. ROBERTS;
19                                         DECLARATION OF MICHAEL
                                           KOSTRINSKY; NOTICE OF LODGMENT
20                                         OF EXHIBITS; AND [PROPOSED] ORDER

21                                         Date:        April 18, 2008
                                           Time:        1:30 p.m.
22                                         Courtroom:   10

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1

## **TABLE OF CONTENTS**

2

**Page**

3  I.    INTRODUCTION.................................................................................................. 1

4  II.   PERTINENT FACTS............................................................................................ 2

5  III.  AUTHORITY ON MOTION TO DISMISS........................................................ 3

6  IV.   ARGUMENT ...................................................................................................... 5

7        A.    This Court Lacks Jurisdiction Over *Specially Appearing* Defendants...................... 5

8              1.    Authority on Jurisdiction.................................................................. 5

9              2.    *Specially Appearing* Defendants Utterly Lack Sufficient Contacts
10                   With California To Be Brought Before The Court Under Either A
                     Theory Of General Or Specific Jurisdiction. ................................. 8
11
12                   (a)    *Specially Appearing* Defendants Are Foreign Corporations
                            That Lack Continuous and Systematic Contacts With
13                          California........................................................................ 8

14                   (b)    This Court May Not Exert Specific Jurisdiction Over
                            *Specially Appearing* Defendants. ................................. 9
15
16                   (c)    KINDER Is Not Entitled to An Irrebuttable Presumption
                            Regarding the Assertion that this Court has Jurisdiction over
17                          *Specially Appearing* Defendants. ................................. 11

18        B.    KINDER's Complaint Must Be Dismissed As KINDER, A Well-Known
                And Court-Ordered Vexatious Litigant, Failed To Obtain The Requisite
19              Pre-Filing Order. ........................................................................................ 12

20        C.    KINDER's Complaint Fails To State A Claim As He Has Named The
                Wrong Entity. .............................................................................................. 15
21
22  V.    CONCLUSION .................................................................................................. 16

23

24

25

26

27

28

1

## **TABLE OF AUTHORITIES**

2

**Page**

3

<u>CASES</u>

4

*Aanestad v. Beech Aircraft Corp.*
    521 F.2d 1298 (9th Cir. 1974)........................................................................ 5

5

6

*Balistreri v. Pacifica Police Department*
    901 F.2d 696 (9th Cir. 1990)........................................................................ 3

7

*Bravo v. Ismaj*
    99 Cal.App.4[th] 211 (2002)........................................................................ 14

8

9

*Burger King v. Rudzewicz*
    471 U.S. at 472-473 (1985)........................................................ 6, 7, 11

10

*Burnham v. Superior Court of California (County of Marin)*
    495 U.S. 604 (1990)........................................................................ 6

11

*Calder v. Jones*
    465 U.S. 783 (1984)........................................................................ 11

12

13

*Camerado Ins. Agency, Inc. v. Superior Court*
    12 Cal.App.4th 838 (1993)........................................................................ 14

14

*Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc.*
    334 F.3d 390 (4th Cir. 2003)........................................................................ 4

15

16

*Core-Vent Corp. v. Nobel Industries, AB*
    11 F.3d 1482 (9th Cir. 1993)........................................................................ 6

17

*Credit Lyonnais Securities, Inc. v. Alcantara*
    183 F.3d 151 (2d Cir. 1999)........................................................................ 8

18

19

*Data Disc, Inc. v. Systems Technology Associates*
    557 F.2d 1280 (9th Cir. 1977)........................................................ 4, 7, 8, 12

20

*DeMelo v. Toche Marine, Inc.*
    711 F.2d 1260 (5th Cir. 1983)........................................................................ 8

21

22

*Dever v. Hentzen Coatings, Inc.*
    380 F.3d 1070 (8th Cir. 2004)........................................................................ 8

23

*Doe v. American National Red Cross*
    112 F.3d 1048 (9th Cir. 1997)........................................................................ 6

24

25

*Forrest v. Department of Corrections*
    150 Cal.App.4[th] 183 (2007)........................................................ 13, 15

26

*Helicoptores Nacionales de Colombia, S.A. v. Hall*
    466 U.S. 408 (1984)........................................................................ 6, 9, 11

27

28

*Hunt v. Erie Ins. Group*
    728 F.2d 1244 (9th Cir. 1984) .......................................................................... 6

*In re Baan Co. Securities Litigation*
    245 F.Supp.2d 117 (D.C.Cir. 2003) ................................................................... 4

*In re Natural Gas Anti-Trust Cases I*
    137 Cal.App.4th 387 (2006) ............................................................................. 13

*In re Shieh*
    17 Cal.App.4th 1154 (1993) ....................................................................... 14, 15

*International Shoe Co. v. Washington*
    326 U.S. 310 (1945) ................................................................................... 5, 6, 7

*Jobe v. ATR Marketing, Inc.*
    87 F.3d 751 (5th Cir. 1996) ............................................................................... 4

*Keeton v. Hustler Magazine, Inc.*
    465 U.S. 770 (1984) .......................................................................................... 6

*Khan v. Superior Court*
    204 Cal.App.3d 1168 (1988) ............................................................................. 7

*Kulko v. Superior Court of California*
    436 U.S. 84 (1978) ............................................................................................ 7

*PBA, LLC v. KPOD, Ltd.*
    112 Cal.App.4th 965 (2003) ............................................................................ 13

*Perkins v. Benguet Mining Co.*
    342 U.S. 437 (1952) .......................................................................................... 6

*Rano v. Sipa Press, Inc.*
    987 F.2d 580 (9th Cir. 1993) ....................................................................... 4, 12

*Rio Properties, Inc. v. Rio International Interlink*
    284 F.3d 1007 (9th Cir. 2002) .......................................................................... 3

*Robinson v. Overseas Military Sales Corp.*
    21 F.3d 502 (2d Cir. 1994) ................................................................................ 4

*Sibley v. Superior Court*
    16 Cal.3d 442 (1976) ........................................................................................ 7

*Vons Companies, Inc. v. Seabest Foods, Inc.*
    14 Cal.4th 434 (1996) ................................................................................... 5, 8

*Wenz v. Memery Crystal*
    55 F.3d 1503 (10th Cir. 1995) ....................................................................... 4, 8

*Wolfe v. Strankman*
    392 F.3d 358 (9th Cir. 2004) ........................................................................... 13

CASE NO. 07-CV-2132-DMS (AJB)
[Consolidated with 07 CV 2226 DMS (POR)]

1 | *Wolfgram v. Wells Fargo Bank*
      53 Cal.App.4th 43 (1997)................................................................................................ 13

2

3 | <u>STATUTES</u>

4 | California Business & Professions Code section 17200 ....................................................... 2

5 | California Civil Code section 1770................................................................................... 2

6 | California Code of Civil Procedure section 391.7 ..................................................... 12, 15

7 | California Code of Civil Procedure section 391.7(a) .......................................................... 13

8 | California Code of Civil Procedure section 410.10 ............................................................. 5

9 | Federal Rule of Civil Procedure 12.................................................................................. 3

10 | Federal Rule of Civil Procedure 12(b)(2) ............................................................... passim

11 | Federal Rule of Civil Procedure 12(b)(6) ........................................................................ 3

12 | Federal Rule of Civil Procedure 12(d) ....................................................................... 8, 12

13 | Telephone Consumer Protection Act of 1991
      47 U.S.C. section 227.................................................................................................. 2

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**I.**

## **INTRODUCTION**

JAMES M. KINDER, a former attorney and notorious "vexatious litigant," filed this action seeking statutory damages for, among other things, alleged violations of the Telephone Consumer Protection Act of 1991. (Exh. 1.) All the entities KINDER sued in this case, specifically, *Specially Appearing* Defendant Harrah's Operating Company, Inc. and *Specially Appearing* Defendant Harrah's Marketing Services Corporation, lack sufficient minimum contacts with the State of California to be subject to the jurisdiction of this Court. *Specially Appearing* Defendant Harrah's Operating Company, Inc. is a foreign corporation that does not have offices in California; does not own property in California; does not have employees in California; and, does not conduct business in California. (Kostrinsky Decl., ¶ 3.) Further, *Specially Appearing* Defendant Harrah's Marketing Services Corporation is a foreign corporation, is not headquartered in California and does not own property in California. (Kostrinsky Decl., ¶ 3.) Thus, this Court lacks any basis on which to exercise personal jurisdiction over *Specially Appearing* Defendants. Accordingly, all claims asserted by KINDER in his first amended complaint against *Specially Appearing* Defendants Harrah's Operating Company and Harrah's Marketing Services Corporation must be dismissed for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

Moreover, as a Court-ordered "vexatious litigant," KINDER is subject to a "prefiling order" by the San Diego County Superior Court, which requires that he obtain leave of Court before he files any new lawsuit. (Exh. 2.) KINDER did not do so in this case, despite his obvious knowledge of this requirement. KINDER has filed declarations "by Vexatious Litigant" in other lawsuits in support of a pre-filing order. (Exh. 3.) However, as the Superior Court docket in this action reflects, KINDER filed no such declaration and failed to obtain the requisite leave of Court from the Presiding Judge of the San Diego County Superior Court prior to the filing of the instant action on October 2, 2007. (Exh. 4.) Inasmuch as KINDER filed his lawsuit without satisfying the pre-filing order requirements to which he is subject, his Complaint is fatally flawed and fails to state a claim upon which relief could be granted.

## II.

## PERTINENT FACTS

KINDER filed his Complaint against Harrah's Entertainment, Inc. on October 2, 2007. (Exh. 1.)  On November 21, 2007, Defendant effected a timely and proper removal of this action to the United States District Court for the Southern District of California.  (Roberts Decl., ¶ 3.)

On January 22, 2008, this Court granted KINDER's motion to file a first amended complaint adding five new defendants:  *Specially Appearing* Defendant Harrah's Operating Company, Inc.; *Specially Appearing* Defendant Harrah's Marketing Services Corporation; *Specially Appearing* Defendant Harrah's License Company, LLC; *Specially Appearing* Defendant Harrah's Laughlin, Inc.; and *Specially Appearing* Defendant HBR Realty Company, Inc.  (Exh. 5.) On January 30, 2008, KINDER filed the first amended compliant which sets forth claims for alleged violations of the Telephone Consumer Protection Act (*Id.* at ¶¶5-9), California Civil Code §1770 (*Id.* at ¶¶10-15), Unfair Business Practices Act (*Id.* at ¶¶21-23), and an alleged trespass to chattels.  (*Id.* at ¶¶16-20.)  The first amended complaint was personally served on *Specially Appearing* Defendants Harrah's Operating Company, Inc. and Harrah's Marketing Services Corporation on February 22, 2008.  (Roberts Decl., ¶ 4.)

*Specially Appearing* Defendants Harrah's Operating Company, Inc. and Harrah's Marketing Services Corporation are foreign corporations with their headquarters in Las Vegas, Nevada.  *Specially Appearing* Defendant Harrah's Operating Company, Inc. is a Delaware corporation headquartered in Las Vegas, Nevada.  It does not have offices in California; does not own property in California; does not have employees in California; and, does not conduct business in California. (Kostrinsky Decl., ¶ 3.)  Further, *Specially Appearing* Defendant Harrah's Marketing Services Corporation is a Nevada corporation headquartered in Las Vegas, Nevada.  It does not have offices in California and does not own property in California.  (Kostrinsky Decl., ¶ 3.)

/ / /

1    In 2003, JAMES KINDER was determined by the San Diego County Superior Court (in

2    San Diego Superior Court Case No. SC137653) to be a vexatious litigant.  This was no surprise

3    given the vast amount of highly questionable litigation KINDER has initiated in this county over

4    the past 20 years.  KINDER is now subject to a "prefiling order" by the San Diego County

5    Superior Court, which mandates that he obtain leave of Court prior to filing any new lawsuit.

6    (Exh. 2.)  The determination that KINDER is a vexatious litigant has not stopped him from filing

7    other meritless lawsuits.  KINDER has, in at least one other recently filed case, submitted a

8    "Declaration of James M. Kinder in Support of Filing by Vexatious Litigant."  That case involved

9    very similar allegations as those alleged in the present case against *Specially Appearing*

10    Defendants.  (Exh. 3.)  The Superior Court docket for the instant matter reflects that KINDER has

11    not filed a declaration by vexatious litigant in support of the filing of this lawsuit and did not

12    obtain leave of Court prior to filing this case on October 2, 2007.  (Exh. 4.)

13

14                                            **III.**

15                          **AUTHORITY ON MOTION TO DISMISS**

16    Rule 12 of the Federal Rules of Civil Procedure provides, in pertinent part:

17          Every defense, in law or fact, to a claim for relief in any pleading,
             whether a claim, counterclaim, cross-claim, or third-party claim,
18          shall be asserted in the responsive pleading thereto if one is
             required, except that the following defenses may at the option of the
19          pleader be made by motion: . . . (2) lack of jurisdiction over the
             person, . . . (6) failure to state a claim upon which relief can be
20          granted.

21    (F.R.Civ.P. 12(b).)  In a motion to dismiss for lack of personal jurisdiction, although a defendant

22    is the moving party, the plaintiff is the party who invoked the court's jurisdiction and, therefore,

23    the plaintiff bears the burden of proof on the necessary jurisdictional facts; *e.g.*, the existence of

24    "minimum contacts" between defendant and the forum state.  (*Rio Properties, Inc. v. Rio*

25    *International Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).)  A motion to dismiss for failure to

26    state a claim pursuant to Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal

27    theory" or "the absence of sufficient facts alleged under a cognizable legal theory."  (*Balistreri v.*

28    *Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).)

1      In ruling on a motion to dismiss for lack of personal jurisdiction Rule 12(b)(2), the Court

2  must look beyond the mere cursory factual allegations of the complaint.  In fact, Ninth Circuit

3  precedent clearly holds that where the motion challenges the facts alleged, a Rule 12(b)(2) motion

4  must be decided on the basis of competent evidence in the form of sworn declarations and other

5  discovery materials.  (*Data Disc, Inc. v. Systems Technology Associates*, 557 F.2d 1280, 1289, fn.

6  5 (9th Cir. 1977); *see also, Jobe v. ATR Marketing, Inc.*, 87 F.3d 751, 753 (5th Cir. 1996) ["In

7  determining whether personal jurisdiction exists, the trial court is not restricted to a review of the

8  plaintiff's pleadings. It may . . . determine the jurisdictional issue by receiving affidavits,

9  interrogatories, depositions, oral testimony, or any combination of the recognized methods of

10  discovery."]; *In re Baan Co. Securities Litigation*, 245 F.Supp.2d 117, 125 (D.C.Cir. 2003) ["in

11  order to defeat defendants' 12(b)(2) motion, plaintiffs here must make a factual showing that

12  supports their jurisdictional allegations. <u>Conclusory statements are inadequate</u>; plaintiffs must

13  instead "allege specific acts connecting defendant with the forum," [citations], and <u>must back up</u>

14  <u>those allegations with concrete evidence</u>"].)

15

16      The Ninth Circuit has held that unless the facts forming the basis of personal jurisdiction

17  are admitted, <u>admissible evidence</u> (as opposed to mere cursory allegations or inadmissible

18  hearsay) is required.  The court cannot assume the truth of allegations in a pleading that is

19  contradicted by a sworn affidavit. (*Data Disc*, 557 F.2d at 1284; *see also, Wenz v. Memery*

20  *Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) [stating only uncontroverted "well pled facts of

21  plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as

22  true"].)

23

24      Moreover, if the plaintiff's prima facie showing is contested by the defendant, the plaintiff

25  will have to prove the existence of minimum contacts by a <u>preponderance of the evidence</u>. (*Rano*

26  *v. Sipa Press, Inc.*, 987 F.2d 580, 587, fn. 3 (9th Cir. 1993); *Carefirst of Maryland, Inc. v.*

27  *Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003); *Robinson v. Overseas Military*

28  *Sales Corp.*, 21 F.3d 502, 507, fn. 3 (2d Cir. 1994).)

1    Finally, it is in the interests of judicial economy, as well as to preserve the valuable

2  resources of a defendant, for a district court to carefully scrutinize the plaintiff's jurisdictional

3  allegations at an early stage of the litigation.  Doing so will avoid the unnecessary and burdensome

4  expense on the courts and the parties of proceeding with litigation over which the district court

5  may not even properly have jurisdiction.

6

7                                      **IV.**

8                                  **ARGUMENT**

9  **A.    This Court Lacks Jurisdiction Over *Specially Appearing* Defendants.**

10          **1.    Authority on Jurisdiction.**

11    Federal Rule of Civil Procedure 12(b)(2) permits a defendant to raise certain defenses by a

12  motion to dismiss, including, lack of personal jurisdiction.  The starting point for determining

13  whether personal jurisdiction exists for a defendant sued in federal district court is the long arm

14  statute in effect in the state in which the district court is located.  (*Aanestad v. Beech Aircraft

15  Corp.*, 521 F.2d 1298, 1300 (9th Cir. 1974).)

16

17    Under California law, a court may exercise jurisdiction "on any basis not inconsistent with

18  the Constitution of [California] or of the United States."  (California Code of Civil Procedure

19  §410.10.)  "A State court's assertion of personal jurisdiction over a nonresident defendant who has

20  not been served with process within the state comports with the requirements of the due process

21  clause of the federal Constitution if the defendant has such minimum contacts with the state that

22  the assertion of jurisdiction does not violate 'traditional notions of fair play and substantial

23  justice.'"  (*Vons Companies, Inc. v. Seabest Foods, Inc.*, 14 Cal.4th 434, 444-445 (1996), quoting,

24  *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).)

25

26    Personal jurisdiction may be asserted by courts in California in one of two ways – general

27  or specific.  (*Vons Companies, Inc.*, 14 Cal.4th at 445.)  A nonresident defendant may be subject

28  to general jurisdiction only if his or her contacts in the forum state are "substantial . . . continuous

1  and systematic." (*Perkins v. Benguet Mining Co.*, 342 U.S. 437, 445-446 (1952); *see also*,

2  *Helicoptores Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-415 (1984).) Where a

3  nonresident defendant does not have the requisite substantial and systematic contacts with the

4  forum sufficient to establish general jurisdiction, it may be subject to the specific jurisdiction of

5  that forum. However, specific jurisdiction cannot be found unless it is shown by competent

6  evidence that the defendant has purposefully availed itself of forum benefits and the "controversy

7  is related to or arises out of a defendant's contacts with the forum." (*See, Burger King v.*

8  *Rudzewicz*, 471 U.S. at 472-473 (1985); *Helicoptores*, 466 U.S. at 414.)

9

10        In order for a forum to assert specific (or "limited") jurisdiction over an out-of-state

11  defendant who has not consented to suit there, three requirements must be met:

12        1)    the nonresident must engage in an act, consummate a transaction, or perform an act

13              by which he purposefully avails himself of the privilege of conducting activities in

14              the forum, thereby invoking the benefits and protections of its laws (also referred to

15              as "purposeful availment");

16        2)    the lawsuit must arise out of the nonresident's forum-related activities; and,

17        3)    the exercise of jurisdiction must be fair and reasonable.

18  (*See, Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984); *Helicoptores*, 466 U.S. at 414;

19  *Doe v. American National Red Cross*, 112 F.3d 1048, 1051(9th Cir. 1997); *Core-Vent Corp. v.*

20  *Nobel Industries, AB*, 11 F.3d 1482, 1485 (9th Cir. 1993); *Hunt v. Erie Ins. Group*, 728 F.2d 1244,

21  1247 (9th Cir. 1984).)

22

23        In determining whether such "minimum contacts" exist for a valid assertion of jurisdiction

24  over a non-consenting non-resident, who is not present in the forum, a court must look at "the

25  quality and nature of [the nonresident's] activity in relation to the forum [to determine whether it]

26  renders such jurisdiction consistent with traditional notions of fair play and substantial justice."

27  (*Burnham v. Superior Court of California (County of Marin)*, 495 U.S. 604, 618 (1990);

28  *International Shoe*, 326 U.S. at 316, 319.) A court will also examine the nature and quality of the

1  defendant's contacts in relation to the cause of action.  (*Data Disc, Inc. v. Systems Technology*

2  *Assocs.*, 557 F.2d 1280, 1287 (9th Cir. 1977).)

3

4        The ultimate determination rests on some conduct by which the non-resident has

5  purposefully availed himself of the privilege of conducting activities within the forum state to

6  invoke its benefits and protections, and a sufficient relationship or nexus between the non-resident

7  and the forum state such that it is reasonable and fair to require the nonresident to appear locally to

8  conduct a defense.  (*Kulko v. Superior Court of California*, 436 U.S. 84, 93-94, 96-97, 98 (1978);

9  *Khan v. Superior Court*, 204 Cal.App.3d 1168, 1175-1176 (1988).)  This latter "fairness" finding

10  requires a balancing of the burden or inconvenience to the non-resident against the resident

11  plaintiff's interest in obtaining effective relief, and the state's interest in adjudicating the particular

12  dispute, which ultimately turns on the nature and quality of the nonresident's forum-related

13  activity.  (*Kulko*, 436 U.S. at 94; *see also*, *Khan*, 204 Cal.App.3d at 1179-1180.)

14

15        As with any standard that requires a determination of "reasonableness," the "minimum

16  contacts" test of *International Shoe* is not to be applied mechanically; rather, a court must weigh

17  the facts of each case.  (*Kulko*, 436 U.S. at 92, 98.)  Furthermore, as explained by the United

18  States Supreme Court, each individual has a liberty interest in not being subject to the judgments

19  of a forum with which he or she has established no meaningful minimum "contacts, ties or

20  relations."  (*Burger King Corp.*, 471 U.S. at 471-472, quoting, *International Shoe*, 326 U.S. at

21  319.)  As a matter of fairness, a defendant should not be "hailed into a jurisdiction solely as the

22  result of 'random,' 'fortuitous,' or 'attenuated' contacts."  (*Burger King Corp.*, 471 U.S. at 475.)

23

24        When jurisdiction is challenged by a non-resident defendant, the burden is on the plaintiff

25  to demonstrate sufficient "minimum contacts" exist between the defendant and forum state to

26  justify the imposition of jurisdiction.  (*Sibley v. Superior Court*, 16 Cal.3d 442, 445 (1976).)  Only

27  where plaintiff is able to meet this burden does the burden shift to the defendant to demonstrate

28  ///

1  that the exercise of jurisdiction would be unreasonable. (*Vons Companies, Inc.*, 14 Cal.4th at

2  449.)

3

4      Finally, motions to dismiss under Rule 12(b)(2) may test either the plaintiff's theory of

5  jurisdiction or the facts supporting such theory. (*Credit Lyonnais Securities, Inc. v. Alcantara*,

6  183 F.3d 151, 153 (2d Cir. 1999).)  Where the motion to dismiss challenges the facts alleged, a

7  Rule 12(b)(2) motion must be decided on the basis of competent evidence. (*Data Disc, Inc. v.*

8  *Systems Technology Associates, Inc.*, 557 F.2d 1280, 1289 (9th Cir. 1977).)  The court cannot

9  assume the truth of allegations in a pleading that is contradicted by a sworn affidavit. (*Data Disc,*

10  *Inc.*, 557 F.2d at 1284; *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) [holding

11  only uncontroverted "well pled facts of plaintiff's complaint, as distinguished from mere cursory

12  allegations, must be accepted as true"]; *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1074 (8th

13  Cir. 2004) [same].)

14

15      Where declarations submitted on the motion to dismiss raise issues of credibility or

16  disputed facts, the court may order a preliminary hearing pursuant to Federal Rule 12(d) to resolve

17  any contested issues. (Fed.R.Civ.P. 12(d).)  In such a situation, the plaintiff is obligated to

18  establish the requisite jurisdictional facts by a preponderance of the evidence, just at it would have

19  to do at trial. (*Data Disc, Inc.*, 557 F.2d at 1285; *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260,

20  1271, fn. 12 (5th Cir. 1983) [stating that where the facts are contested, a full evidentiary on hearing

21  on jurisdiction must be afforded].)

22

23  **2.    *Specially Appearing* Defendants Utterly Lack Sufficient Contacts With**

24  **California To Be Brought Before The Court Under Either A Theory Of**
    **General Or Specific Jurisdiction.**

25      **(a)    *Specially Appearing* Defendants Are Foreign Corporations That Lack**
        **Continuous and Systematic Contacts With California.**

26

27      As noted above, a Court may exercise general jurisdiction over a defendant who has

28  substantial, continuous, and systematic contacts with the forum state. (*Helicoptores*, 466 U.S. at

-8-                     CASE NO. 07-CV-2132-DMS (AJB)
                        [Consolidated with 07 CV 2226 DMS (POR)]

414-415.)  Here, *Specially Appearing* Defendants utterly lack sufficient contacts with California to support this Court's assertion of general jurisdiction over them.  *Specially Appearing* Defendants are foreign corporations, all with their headquarters in Las Vegas, Nevada.  (*See*, Kostrinsky Decl., ¶ 3.)

*Specially Appearing* Defendant Harrah's Operating Company, Inc. does not have offices in California, does not own property in California, does not have employees in California, and does not conduct business in California.  (Kostrinsky Decl., ¶ 3.)  *Specially Appearing* Defendant has absolutely no case-related contacts with California in this matter, and KINDER can present no competent, admissible evidence that would suggest otherwise.  (*Id.*)  The competent evidence submitted by *Specially Appearing* Defendant Harrah's Operating Company, Inc. clearly shows that *Specially Appearing* Defendant Harrah's Operating Company, Inc. does not have the requisite continuous and systematic contacts with California to support this Court's exercise of jurisdiction over it.  (See, *id.*)

*Specially Appearing* Defendant Harrah's Marketing Services Corporation is a foreign corporation with its headquarters in Las Vegas, Nevada and does not own property in California. (Kostrinsky Decl., ¶ 3.)  *Specially Appearing* Defendant Harrah's Marketing Services Corporation has absolutely no case-related contacts with California in this matter, and KINDER can present no competent, admissible evidence that would suggest otherwise.  (See, *Id.*)  Accordingly, *Specially Appearing* Defendant Harrah's Marketing Services Corporation does not have the requisite systematic and continuous contacts with California which would justify this Court's exercise of general jurisdiction over it.  (*See*, *Helicoptores,* 466 U.S. at 414-415.)

              **(b)**      **This Court May Not Exert Specific Jurisdiction Over *Specially Appearing* Defendants.**

*Specially Appearing* Defendant Harrah's Operating Company, Inc. has submitted competent evidence that it does not have offices in California, does not own property in

1   California, does not have employees in California, and does not conduct business in California.

2   (Kostrinsky Decl., ¶ 3.)  Accordingly, *Specially Appearing* Defendant Harrah's Operating

3   Company, Inc. has not purposefully availed itself of the benefits and protections of the laws of the

4   State of California.  Further, KINDER cannot allege any forum-related activities of *Specially*

5   *Appearing* Defendant Harrah's Operating Company, Inc. in California out of which KINDER's

6   claims arise.  The only claims KINDER makes in this regard constitute mere conclusory

7   allegations unsupported by competent, admissible evidence.  Accordingly, KINDER cannot allege

8   facts which meet either of the first two prongs the specific jurisdiction analysis.  This Court,

9   therefore, has no basis on which it can exercise specific jurisdiction over *Specially Appearing*

10  Defendant Harrah's Operating Company, Inc.

11

12       *Specially Appearing* Defendant Harrah's Marketing Services Corporation has submitted

13  competent evidence that it is a foreign corporation that does not own property in California.  (*Id.*)

14  Specially *Appearing* Defendants has absolutely no case-related contacts with California in this

15  matter and KINDER can present no competent, admissible evidence to the contrary.  (*See, id.*)

16  *Specially Appearing* Defendant Harrah's Marketing Services Corporation, therefore, has no **case-**

17  **related contacts** that show it purposefully availed itself of the benefits and protections associated

18  with doing business in California.  (*See,* Kostrinsky Decl., ¶ 3.)  Moreover, KINDER cannot allege

19  any forum-related activities of *Specially Appearing* Defendant Harrah's Marketing Services

20  Corporation in California out of which KINDER's claims arise.  The only claim KINDER makes

21  in this regard constitutes a mere conclusory allegation that *Specially Appearing* Defendant

22  Harrah's Marketing Services Corporation may own and operate Harrah's Rincon Casino. (FAC, ¶

23  4.)  However, *Specially Appearing* Defendant Harrah's Marketing Services Corporation has

24  submitted sworn declaration testimony which directly contradicts KINDER's baseless claim.

25  Accordingly, KINDER cannot allege facts which meet either of the first two prongs the specific

26  jurisdiction analysis.  This Court, therefore, has no basis on which it can exercise specific

27  jurisdiction over *Specially Appearing* Defendant Harrah's Marketing Services Corporation.

28  / / /

1    Moreover, any exercise of such jurisdiction would offend notions of fair play and

2    substantial justice for several reasons. (*Burger King*, 471 U.S. at 477.) This court should consider

3    the burden on the defendants, the forum state's interest in adjudicating the dispute, the plaintiff's

4    interest in obtaining convenient and effective relief, the interstate judicial system's interest in

5    obtaining the most efficient resolution of controversies and the shared interest of the several states

6    in furthering fundamental substantive social policies. (*Id.*)

7

8    Subjecting *Specially Appearing* Defendants to jurisdiction in California under the

9    circumstances would place an enormous burden on defendants. Such a ruling would allow any

10   plaintiff, in any location, to sue defendant even when that defendant does not conduct any business

11   in the forum. Furthermore, this result would fundamentally alter the personal jurisdiction analysis

12   by allowing the location of plaintiff to control where a defendant could be sued. Personal

13   jurisdiction must focus on a **defendant's** contacts with a given forum, not simply where a plaintiff

14   is located. (*Calder v. Jones*, 465 U.S. 783 (1984); *Helicopteros*, 466 U.S. at 46-417.) Where, as

15   here, a defendant does not conduct business in the forum, and its employees do not engage in the

16   acts alleged in the Complaint, whether in California or otherwise, a plaintiff's location in the forum

17   cannot reasonably form the basis for personal jurisdiction over that defendant. California has

18   little, if any, interest in adjudicating this dispute given these facts. Thus, KINDER'S case must be

19   dismissed for lack of personal jurisdiction.

20

21           (c)     **KINDER Is Not Entitled to An Irrebuttable Presumption Regarding
22                   the Assertion that this Court has Jurisdiction over *Specially Appearing*
                     Defendants.**

23           KINDER is not entitled to an irrebuttable presumption regarding his conclusory allegations

24   which for the basis of this Court's exercise of jurisdiction over *Specially Appearing* Defendants.

25   In support of this motion, *Specially Appearing* Defendants have submitted sworn declaration

26   testimony that directly contradicts all of KINDER's conclusory allegations which form the basis

27   for his assertion of this Court's jurisdiction. In deciding a motion to dismiss for lack of personal

28   jurisdiction the Court cannot assume the truth of allegations in a pleading that is contradicted by a

-11-                    CASE NO. 07-CV-2132-DMS (AJB)
                        [Consolidated with 07 CV 2226 DMS (POR)]

1  sworn declaration.  (*Data Disc, Inc.*, 557 F.2d at 1284.)  The allegations in the first amended

2  complaint upon which KINDER bases his claim that this Court has jurisdiction over *Specially*

3  *Appearing* Defendants are completely unsubstantiated by any admissible evidence.  Further,

4  KINDER cannot offer any admissible evidence to counter the competent evidence submitted by

5  *Specially Appearing* Defendants.  Therefore, KINDER cannot meet his burden of establishing a

6  basis for this Court's exercise of jurisdiction by a preponderance of the evidence.  (*See, Rano v.*

7  *Sipa Press, Inc.*, 987 F.2d 580, 587, fn. 3 (9th Cir. 1993).)

8

9       Moreover, *Specially Appearing* Defendants anticipate KINDER will attempt to meet this

10  burden by submitting evidence constituting nothing more than inadmissible hearsay statements of

11  his attorney stating he "heard" audio recording and has seen information on various websites, none

12  of which constitute proper admissible evidence.  Accordingly, this Court should not consider such

13  evidence in support of KINDER's claim that this Court has jurisdiction over *Specially Appearing*

14  Defendants.

15

16       In the event this Court finds KINDER's mere cursory allegations of jurisdiction sufficient

17  to survive the instant motion to dismiss, this Court should hold an evidentiary hearing pursuant to

18  Federal Rule 12(d) in order to evaluate whether KINDER can meet his burden of establishing

19  minimum contacts by a preponderance of evidence.

20

21  **B.**     **KINDER's Complaint Must Be Dismissed As KINDER, A Well-Known And Court-
             Ordered Vexatious Litigant, Failed To Obtain The Requisite Pre-Filing Order.**

22

23       California Code of Civil Procedure §391.7 provides, in pertinent part:

24            In addition to any other relief provided in this title, the court may, on
             its own motion or the motion of any party, enter **a prefiling order**

25            which prohibits a vexatious litigant from filing any new litigation in
             the courts of this state in propria persona without first obtaining

26            leave of the presiding judge of the court where the litigation is
             proposed to be filed.  Disobedience of the order by a vexatious

27            litigant may be punished as a contempt of court.

28  ///

-12-

1  (Code of Civil Procedure §391.7(a) (emphasis added).)  The "vexatious litigant statute" was

2  enacted by California's Legislature to ease the unreasonable burden placed upon the courts by

3  groundless litigation.  (*Wolfe v. Strankman*, 392 F.3d 358, 360-361 (9th Cir. 2004); *see also, In re*

4  *Natural Gas Anti-Trust Cases I*, 137 Cal.App.4th 387, 393-394 (2006) (stating the pre-filing order

5  component of the vexatious litigant statute is necessary method of curbing those for whom

6  litigation has become a game; it does not deny the vexatious litigant access to the courts).)

7

8         It is well established that failure to follow the requirements of any prefiling order by a

9  vexatious litigant are grounds for dismissal of the action.  (*Forrest v. Department of Corrections*,

10  150 Cal.App.4th 183, 195 (2007) (stating the vexatious litigant statute authorizes trial court to

11  issue prefiling order prohibiting the filing of "new litigation" without court permission and allows

12  for dismissal of pending action for violation of that order, even if new litigation appears to be

13  meritorious).)  In the recent *Forrest* case, the California Court of Appeal dismissed a wrongful

14  termination action filed by an employee who had been designated a vexatious litigant, and who

15  violated a prefiling order prohibiting the filing of new litigation without court permission. The

16  Court of Appeal noted:

17              To the extent [section 391.7] keeps vexatious litigants from clogging
                courts, it is closer to 'licensing or permit systems which are
18              administered pursuant to narrowly drawn, reasonable and definite
                standards' which represent 'government's only practical means of
19              managing competing uses of public facilities.  [Citation.]"
                (*Wolfram v. Wells Fargo Bank*, 53 Cal.App.4th 43, 60 (1997).
20              Granted, "[w]hen a vexatious litigant knocks on the courthouse door
                with a colorable claim, he may enter."  (*PBA, LLC v. KPOD, Ltd.*,
21              112 Cal.App.4th 965, 975 (2003).  But that entry may be
                conditioned on representation by counsel or permission from the
22              presiding judge to proceed pro se along with the posting of security.
                (§ 391.7, subds.(a) & (b).)  When those conditions are not met,
23              dismissal may be an appropriate remedy even if the lawsuit is
                meritorious.  (§ 391.7, subds.(a) & (c).)
24

25  (*Forrest*, 150 Cal.App.4th at 198 (internal quotations and citations omitted).)

26

27         Indeed, the scope of California's vexatious litigant statute is broad, and extends beyond

28  mere cases filed *in propria persona* by a vexatious litigant, especially where that vexatious litigant

1   is an attorney (or, as here, a former attorney).  (*In re Shieh*, 17 Cal.App.4th 1154, 1166-1167

2   (1993) (after it was determined that attorney was vexatious litigant, prefiling order prohibiting him

3   from filing any new litigation without first obtaining leave of presiding judge of court in which he

4   proposed to file would not be limited to attorney's *in propria persona* activities, but rather would

5   include litigation filed through counsel, in view of attorney's history of drafting documents filed

6   on his behalf by other attorneys and using those attorneys as mere puppets); *see also, Bravo v.*

7   *Ismaj*, 99 Cal.App.4th 211, 219 (2002) (Court of Appeal presumes the order declaring a litigant

8   vexatious is correct and implies finding necessary to support the judgment); *Camerado Ins.*

9   *Agency, Inc. v. Superior Court*, 12 Cal.App.4th 838, 840 (1993) (vexatious litigants can be

10  required to post security under § 391.3 in a pending action although represented by counsel).)

11

12      The Administrative Office of the Courts in California maintains a "Vexatious Litigant" list

13  of all persons who are prohibited from filing new lawsuits without first obtaining leave of Court

14  (from prefiling orders the Administrative Office of the Courts receives from California Superior

15  Courts).  <u>JAMES M. KINDER appeared on that list as a vexatious litigant at the time he filed the</u>

16  <u>initial complaint in this action.</u>[1]  (Exh. 2 (showing KINDER's name as appearing on the

17  "Vexatious Litigant List" for the months of September 2007, October 2007, and January 2008).)

18

19      KINDER has provided absolutely no evidence that he properly obtained leave of court

20  prior to filing the instant action.  In an almost identical lawsuit alleging violations of the

21  Telephone Consumer Protections Act, *James M. Kinder v. Sprint PCS Assets, LLC, et al.*, United

22  States District Court, Southern District of California, Case No. 07CV2049 WQH JMA, KINDER

23  submitted a "Declaration of James M. Kinder in Support of Filing by Vexatious Litigant."  (Exh.

24  3.)  In that sworn declaration, KINDER admits that he is a vexatious litigant, and sets forth what

25  he believes are facts to justify the Presiding Judge of the San Diego Superior Court granting him

26

27  [1]    James M. Kinder, San Diego County Superior Court, Case No. SC137653, 5/21/03.

28

-14-                     CASE NO. 07-CV-2132-DMS (AJB)
                         [Consolidated with 07 CV 2226 DMS (POR)]

1 | leave to file the case a pre-filing order in that case from the Presiding Judge of the San Diego

2 | County Superior Court. (*Id.*) He filed no such declaration in this action. (*See*, Exh. 4.)

3 |

4 | As a former attorney who was licensed in California before being disbarred, KINDER

5 | knows full well that prior to filing any new complaint in the San Diego County Superior Court (or,

6 | for that matter, any court in the State of California), he is subject to a prefiling order requiring

7 | leave of court to file a new lawsuit. The requirements imposed upon vexatious litigants – such as

8 | KINDER – are very straightforward. (CCP § 391.7.) KINDER failed to follow those

9 | requirements. KINDER, a court ordered vexatious litigant, failed to obtain the requisite prefiling

10 | order before filing the instant action in the San Diego County Superior Court. The underlying

11 | action, therefore, is improper and must be dismissed. (*See, Forrest*, 150 Cal.App.4th at 195; *In re*

12 | *Shieh*, 17 Cal.App.4th 1154, 1166-1167 (1993).)

13 |

14 | **C.**    **KINDER's Complaint Fails To State A Claim As He Has Named The Wrong Entity.**

15 | *Specially Appearing* Defendants owe Plaintiff no duty of care. As noted above, *Specially*

16 | *Appearing* Defendants are foreign corporations headquartered in Las Vegas, Nevada. *Specially*

17 | *Appearing* Defendants do not have offices in California, do not own property in California, do not

18 | have employees in California, and, do not conduct business in California. (*See*, Kostrinsky Decl.,

19 | ¶ 3.) In his eagerness to file yet another lawsuit, KINDER has named the wrong entities. Thus,

20 | Plaintiff's claims fail as a matter of law, and his Complaint must be dismissed.

21 | / / /

22 | / / /

23 | / / /

24 | / / /

25 | / / /

26 | / / /

27 | / / /

28 | / / /

CASE NO. 07-CV-2132-DMS (AJB)
[Consolidated with 07 CV 2226 DMS (POR)]

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**V.**

**CONCLUSION**

Based on the foregoing, *Specially Appearing* Defendants' motion to dismiss should be granted inasmuch as this Court lacks personal jurisdiction over *Specially Appearing* Defendants, which are not even the correct entities based on KINDER's allegations. Moreover, KINDER failed to obtain the requisite pre-filing order before filing this action.

SHEA STOKES ROBERTS & WAGNER, ALC

Dated: March 13, 2008    By:  s/Ronald R. Giusso

Maria C. Roberts
Ronald R. Giusso
Attorneys for *Specially Appearing* Defendants
HARRAH'S OPERATING COMPANY, INC.;
and HARRAH'S MARKETING SERVICES
CORPORATION