```
 1  MARIA C. ROBERTS, State Bar No. 137907
    mroberts@sheastokes.com
 2  RONALD R. GIUSSO, State Bar No. 184483
    mroberts@sheastokes.com
 3  SHEA STOKES ROBERTS & WAGNER, ALC
    510 MARKET STREET, THIRD FLOOR
 4  SAN DIEGO, CALIFORNIA 92101-7025
    TELEPHONE:  (619) 232-4261
 5  FACSIMILE:   (619) 232-4840

 6  Attorneys for HARRAH'S ENTERTAINMENT, INC. and Specially Appearing Defendants
    HARRAH'S OPERATING COMPANY, INC.; HARRAH'S MARKETING SERVICE
 7  CORPORATION; HARRAH'S LAUGHLIN, INC.; HARRAH'S LICENSE COMPANY, LLC;
    and HBR REALTY COMPANY, INC.
 8
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. KINDER,<br><br>         Plaintiff,<br><br>vs.<br><br>HARRAH'S ENTERTAINMENT, INC.;<br>HARRAH'S OPERATING COMPANY, INC.;<br>HARRAH'S MARKETING SERVICES<br>CORPORATION; HARRAH'S LICENSE<br>COMPANY, LLC; HARRAH'S LAUGHLIN,<br>INC.; HBR REALTY COMPANY, INC. and<br>DOES 1 through 100, inclusive,<br><br>         Defendants. | CASE NO. 07-CV-2132-DMS (AJB)<br>[Consolidated with 07 CV 2226 DMS (POR)]<br><br>Judge:       Hon. Dana M. Sabraw<br>Mag. Judge:  Hon. Anthony J. Battaglia<br><br>MEMORANDUM OF POINTS AND<br>AUTHORITIES BY *SPECIALLY<br>APPEARING* DEFENDANTS HARRAH'S<br>LAUGHLIN, INC.; HARRAH'S LICENSE<br>COMPANY, LLC; AND HBR REALTY<br>COMPANY, INC. IN SUPPORT OF<br>MOTION TO DISMISS PURSUANT TO<br>F.R.CIV.P. RULE 12(b)(2), (6)<br><br>ACCOMPANYING DOCUMENTS:<br>NOTICE OF MOTION AND MOTION;<br>DECLARATION OF MARIA C. ROBERTS;<br>DECLARATION OF MICHAEL<br>KOSTRINSKY; NOTICE OF LODGMENT<br>OF EXHIBITS; AND [PROPOSED] ORDER<br><br>Date:       April 25, 2008<br>Time:       1:30 p.m.<br>Courtroom:  10 |

///

///

///

///

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 1

II. PERTINENT FACTS ..................................................................................................... 2

III. AUTHORITY ON MOTION TO DISMISS .................................................................. 3

IV. ARGUMENT ................................................................................................................... 5

    A. This Court Lacks Jurisdiction Over *Specially Appearing* Defendants. ................ 5

        1. Authority on Jurisdiction. ........................................................................... 5

        2. *Specially Appearing* Defendants Utterly Lack Sufficient Contacts With California To Be Brought Before The Court Under Either A Theory Of General Or Specific Jurisdiction. ......................................... 9

            (a) *Specially Appearing* Defendants Are Foreign Corporations That Lack Continuous and Systematic Contacts With California. ........................................................................................ 9

            (b) This Court May Not Exert Specific Jurisdiction Over *Specially Appearing* Defendants. ...................................................... 9

            (c) KINDER Is Not Entitled To An Irrebuttable Presumption Regarding The Assertion That This Court Has Jurisdiction Over *Specially Appearing* Defendants. ........................................... 11

    B. KINDER's Complaint Must Be Dismissed As KINDER, A Well-Known And Court-Ordered Vexatious Litigant, Failed To Obtain The Requisite Pre-Filing Order. .................................................................................................. 12

    C. KINDER's Complaint Fails To State A Claim As He Has Named The Wrong Entity. ........................................................................................................ 15

V. CONCLUSION .............................................................................................................. 15

**TABLE OF AUTHORITIES**

Page

CASES

*Aanestad v. Beech Aircraft Corp.*
    521 F.2d 1298 (9th Cir. 1974).................................................................................. 5

*Balistreri v. Pacifica Police Department*
    901 F.2d 696 (9th Cir. 1990) ...................................................................................... 4

*Bravo v. Ismaj*
    99 Cal.App.4th 211 (2002)....................................................................................... 13

*Burger King v. Rudzewicz*
    471 U.S. at 472-473 (1985)................................................................................ 6, 7, 10

*Burnham v. Superior Court of California (County of Marin)*
    495 U.S. 604 (1990) .................................................................................................. 7

*Calder v. Jones*
    465 U.S. 783 (1984) ................................................................................................ 10

*Camerado Ins. Agency, Inc. v. Superior Court*
    12 Cal.App.4th 838 (1993)...................................................................................... 13

*Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc.*
    334 F.3d 390 (4th Cir. 2003)..................................................................................... 5

*Core-Vent Corp. v. Nobel Industries, AB*
    11 F.3d 1482 (9th Cir. 1993)..................................................................................... 6

*Credit Lyonnais Securities, Inc. v. Alcantara*
    183 F.3d 151 (2d Cir. 1999)...................................................................................... 8

*Data Disc, Inc. v. Systems Technology Associates*
    557 F.2d 1280 (9th Cir. 1977)........................................................................ 4, 7, 8, 11

*DeMelo v. Toche Marine, Inc.*
    711 F.2d 1260 (5th Cir. 1983).................................................................................... 8

*Dever v. Hentzen Coatings, Inc.*
    380 F.3d 1070 (8th Cir. 2004)................................................................................... 8

*Doe v. American National Red Cross*
    112 F.3d 1048 (9th Cir. 1997)................................................................................... 6

*Forrest v. Department of Corrections*
    150 Cal.App.4th 183 (2007)........................................................................... 12, 13, 14

*Helicoptores Nacionales de Colombia, S.A. v. Hall*
    466 U.S. 408 (1984) ......................................................................................... 6, 9, 10

*Hunt v. Erie Ins. Group*
   728 F.2d 1244 (9th Cir. 1984) .................................................................................... 6

*In re Baan Co. Securities Litigation*
   245 F.Supp.2d 117 (D.C.Cir. 2003) ........................................................................... 4

*In re Natural Gas Anti-Trust Cases I*
   137 Cal.App.4th 387 (2006) ..................................................................................... 12

*In re Shieh*
   17 Cal.App.4th 1154 (1993) ............................................................................... 13, 14

*International Shoe Co. v. Washington*
   326 U.S. 310 (1945) ............................................................................................... 6, 7

*Jobe v. ATR Marketing, Inc.*
   87 F.3d 751 (5th Cir. 1996) ........................................................................................ 4

*Keeton v. Hustler Magazine, Inc.*
   465 U.S. 770 (1984) .................................................................................................... 6

*Khan v. Superior Court*
   204 Cal.App.3d 1168 (1988) ...................................................................................... 7

*Kulko v. Superior Court of California*
   436 U.S. 84 (1978) ...................................................................................................... 7

*PBA, LLC v. KPOD, Ltd.*
   112 Cal.App.4th 965 (2003) ..................................................................................... 13

*Perkins v. Benguet Mining Co.*
   342 U.S. 437 (1952) .................................................................................................... 6

*Rano v. Sipa Press, Inc.*
   987 F.2d 580 (9th Cir. 1993) ............................................................................... 5, 11

*Rio Properties, Inc. v. Rio International Interlink*
   284 F.3d 1007 (9th Cir. 2002) .................................................................................... 3

*Robinson v. Overseas Military Sales Corp.*
   21 F.3d 502 (2d Cir. 1994) ......................................................................................... 5

*Sibley v. Superior Court*
   16 Cal.3d 442 (1976) .................................................................................................. 8

*Vons Companies, Inc. v. Seabest Foods, Inc.*
   14 Cal.4th 434 (1996) ............................................................................................ 6, 8

*Wenz v. Memery Crystal*
   55 F.3d 1503 (10th Cir. 1995) ................................................................................ 4, 8

*Wolfe v. Strankman*
   392 F.3d 358 (9th Cir. 2004) ................................................................................... 12

| | |
|---|---|
| *Wolfgram v. Wells Fargo Bank*<br>53 Cal.App.4th 43 (1997) | 13 |

STATUTES

| | |
|---|---|
| California Business & Professions Code section 17200 | 2 |
| California Civil Code section 1770 | 2 |
| California Code of Civil Procedure section 391.7 | 12, 14 |
| California Code of Civil Procedure section 391.7(a) | 12 |
| California Code of Civil Procedure section 410.10 | 5 |
| Federal Rule of Civil Procedure 12 | 3 |
| Federal Rule of Civil Procedure 12(b)(2) | 1 |
| Federal Rule of Civil Procedure 12(b)(6) | 4 |
| Federal Rule of Civil Procedure 12(d) | 8, 12 |
| Telephone Consumer Protection Act of 1991<br>47 U.S.C. section 227 | 2 |

I.

## INTRODUCTION

JAMES M. KINDER, a former attorney and notorious "vexatious litigant," filed this action seeking statutory damages for, among other things, alleged violations of the Telephone Consumer Protection Act of 1991. (Exh. 1.) All the entities KINDER sued in this case, specifically, *Specially Appearing* Defendant Harrah's Laughlin, Inc.; *Specially Appearing* Defendant Harrah's License Company, LLC; and *Specially Appearing* Defendant HBR Realty Company, Inc., lack sufficient minimum contacts with the State of California to be subject to the jurisdiction of this Court. *Specially Appearing* Defendant Harrah's Laughlin, Inc. is a foreign corporation that does not have offices in California; does not own property in California; does not have employees in California; and, does not conduct business in California. (Kostrinsky Decl., ¶ 3.) *Specially Appearing* Defendant Harrah's License Company, LLC is a foreign corporation that does not have offices in California; does not own property in California; does not have employees in California; and, does not conduct business in California. (Kostrinsky Decl., ¶ 3.) Further, *Specially Appearing* Defendant HBR Realty Company, Inc. is a foreign corporation that does not have offices in California; does not own property in California; does not have employees in California; and, does not conduct business in California. (Kostrinsky Decl., ¶ 3.) Thus, this Court lacks any basis on which to exercise personal jurisdiction over *Specially Appearing* Defendants. Accordingly, all claims asserted by KINDER in his first amended complaint against *Specially Appearing* Defendants Harrah's Laughlin, Inc.; Harrah's License Company, LLC; and HBR Realty Company, Inc. must be dismissed for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

Moreover, as a Court-ordered "vexatious litigant," KINDER is subject to a "prefiling order" by the San Diego County Superior Court, which requires that he obtain leave of Court before he files any new lawsuit. (Exh. 2.) KINDER did not do so in this case, despite his obvious knowledge of this requirement. KINDER has filed declarations "by Vexatious Litigant" in other lawsuits in support of a pre-filing order. (Exh. 3.) However, as the Superior Court docket in this

1 | action reflects, KINDER filed no such declaration and failed to obtain the requisite leave of Court
2 | from the Presiding Judge of the San Diego County Superior Court prior to the filing of the instant
3 | action on October 2, 2007. (Exh. 4.) Inasmuch as KINDER filed his lawsuit without satisfying
4 | the pre-filing order requirements to which he is subject, his Complaint is fatally flawed and fails to
5 | state a claim upon which relief could be granted.

## II.

## PERTINENT FACTS

KINDER filed his Complaint against Harrah's Entertainment, Inc. on October 2, 2007. (Exh. 1.) On November 21, 2007, Defendant effected a timely and proper removal of this action to the United States District Court for the Southern District of California. (Roberts Decl., ¶ 3.)

On January 22, 2008, this Court granted KINDER's motion to file a first amended complaint adding five new defendants: *Specially Appearing* Defendant Harrah's Operating Company, Inc.; *Specially Appearing* Defendant Harrah's Marketing Services Corporation; *Specially Appearing* Defendant Harrah's License Company, LLC; *Specially Appearing* Defendant Harrah's Laughlin, Inc.; and *Specially Appearing* Defendant HBR Realty Company, Inc. (Exh. 5.) On January 30, 2008, KINDER filed the first amended complaint which sets forth claims for alleged violations of the Telephone Consumer Protection Act (*Id.* at ¶¶5-9), California Civil Code §1770 (*Id.* at ¶¶10-15), Unfair Business Practices Act (*Id..* at ¶¶21-23), and an alleged trespass to chattels. (*Id.* at ¶¶16-20.) The first amended complaint was personally served on *Specially Appearing* Defendants Harrah's Laughlin, Inc.; Harrah's License Company, LLC; and HBR Realty Company, Inc. on March 7, 2008. (Roberts Decl., ¶ 4.)

*Specially Appearing* Defendants Harrah's Laughlin, Inc.; Harrah's License Company, LLC; and HBR Realty Company, Inc. are foreign corporations that are not headquartered in California. Moreover, *Specially Appearing* Defendants Harrah's Laughlin, Inc.; Harrah's License Company, LLC; and HBR Realty Company, Inc. do not have offices in California; do not own property in

1  California; do not have employees in California; and, do not conduct business in California.
2  (Kostrinsky Decl., ¶ 3.)

4  In 2003, JAMES KINDER was determined by the San Diego County Superior Court (in
5  San Diego Superior Court Case No. SC137653) to be a vexatious litigant. This was no surprise
6  given the vast amount of highly questionable litigation KINDER has initiated in this county over
7  the past 20 years. KINDER is now subject to a "prefiling order" by the San Diego County
8  Superior Court, which mandates that he obtain leave of Court prior to filing any new lawsuit.
9  (Exh. 2.) The determination that KINDER is a vexatious litigant has not stopped him from filing
10 other meritless lawsuits. KINDER has, in at least one other recently filed case, submitted a
11 "Declaration of James M. Kinder in Support of Filing by Vexatious Litigant." That case involved
12 very similar allegations as those alleged in the present case against *Specially Appearing*
13 *Defendants*. (Exh. 3.) The Superior Court docket for the instant matter reflects that KINDER has
14 not filed a declaration by vexatious litigant in support of the filing of this lawsuit and did not
15 obtain leave of Court prior to filing this case on October 2, 2007. (Exh. 4.)

## III.

## AUTHORITY ON MOTION TO DISMISS

Rule 12 of the Federal Rules of Civil Procedure provides, in pertinent part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (2) lack of jurisdiction over the person, . . . (6) failure to state a claim upon which relief can be granted.

(F.R.Civ.P. 12(b).) In a motion to dismiss for lack of personal jurisdiction, although a defendant is the moving party, the plaintiff is the party who invoked the court's jurisdiction and, therefore, the plaintiff bears the burden of proof on the necessary jurisdictional facts; *e.g.*, the existence of "minimum contacts" between defendant and the forum state. (*Rio Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).) A motion to dismiss for failure to

state a claim pursuant to Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." (*Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).)

In ruling on a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the Court must look beyond the mere cursory factual allegations of the complaint. In fact, Ninth Circuit precedent clearly holds that where the motion challenges the facts alleged, a Rule 12(b)(2) motion must be decided on the basis of competent evidence in the form of sworn declarations and other discovery materials. (*Data Disc, Inc. v. Systems Technology Associates*, 557 F.2d 1280, 1289, fn. 5 (9th Cir. 1977); *see also, Jobe v. ATR Marketing, Inc.*, 87 F.3d 751, 753 (5th Cir. 1996) ["In determining whether personal jurisdiction exists, the trial court is not restricted to a review of the plaintiff's pleadings. It may . . . determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery."]; *In re Baan Co. Securities Litigation*, 245 F.Supp.2d 117, 125 (D.C.Cir. 2003) ["in order to defeat defendants' 12(b)(2) motion, plaintiffs here must make a factual showing that supports their jurisdictional allegations. <u>Conclusory statements are inadequate</u>; plaintiffs must instead "allege specific acts connecting defendant with the forum," [citations], and <u>must back up those allegations with concrete evidence</u>"].)

The Ninth Circuit has held that unless the facts forming the basis of personal jurisdiction are admitted, <u>admissible evidence</u> (as opposed to mere cursory allegations or inadmissible hearsay) is required. The court cannot assume the truth of allegations in a pleading that is contradicted by a sworn affidavit. (*Data Disc*, 557 F.2d at 1284; *see also, Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) [stating only uncontroverted "well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true"].)

/ / /

/ / /

Moreover, if the plaintiff's prima facie showing is contested by the defendant, the plaintiff will have to prove the existence of minimum contacts by a <u>preponderance of the evidence</u>. (*Rano v. Sipa Press, Inc.*, 987 F.2d 580, 587, fn. 3 (9th Cir. 1993); *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507, fn. 3 (2d Cir. 1994).)

Finally, it is in the interests of judicial economy, as well as to preserve the valuable resources of a defendant, for a district court to carefully scrutinize the plaintiff's jurisdictional allegations at an early stage of the litigation. Doing so will avoid the unnecessary and burdensome expense on the courts and the parties of proceeding with litigation over which the district court may not even properly have jurisdiction.

## IV.

## ARGUMENT

### A. **This Court Lacks Jurisdiction Over *Specially Appearing* Defendants.**

#### 1. **Authority on Jurisdiction.**

Federal Rule of Civil Procedure 12(b)(2) permits a defendant to raise certain defenses by a motion to dismiss, including, lack of personal jurisdiction. The starting point for determining whether personal jurisdiction exists for a defendant sued in federal district court is the long arm statute in effect in the state in which the district court is located. (*Aanestad v. Beech Aircraft Corp.*, 521 F.2d 1298, 1300 (9th Cir. 1974).)

Under California law, a court may exercise jurisdiction "on any basis not inconsistent with the Constitution of [California] or of the United States." (California Code of Civil Procedure §410.10.) "A State court's assertion of personal jurisdiction over a nonresident defendant who has not been served with process within the state comports with the requirements of the due process clause of the federal Constitution if the defendant has such minimum contacts with the state that the assertion of jurisdiction does not violate 'traditional notions of fair play and substantial

-5-   CASE NO. 07-CV-2132-DMS (AJB)
[Consolidated with 07 CV 2226 DMS (POR)]

justice.'" (*Vons Companies, Inc. v. Seabest Foods, Inc.*, 14 Cal.4th 434, 444-445 (1996), quoting, *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).)

Personal jurisdiction may be asserted by courts in California in one of two ways -- general or specific. (*Vons Companies, Inc.*, 14 Cal.4th at 445.) A nonresident defendant may be subject to general jurisdiction only if his or her contacts in the forum state are "substantial . . . continuous and systematic." (*Perkins v. Benguet Mining Co.*, 342 U.S. 437, 445-446 (1952); *see also, Helicoptores Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-415 (1984).) Where a nonresident defendant does not have the requisite substantial and systematic contacts with the forum sufficient to establish general jurisdiction, it may be subject to the specific jurisdiction of that forum. However, specific jurisdiction cannot be found unless it is shown by competent evidence that the defendant has purposefully availed itself of forum benefits and the "controversy is related to or arises out of a defendant's contacts with the forum." (*See, Burger King v. Rudzewicz*, 471 U.S. at 472-473 (1985); *Helicoptores*, 466 U.S. at 414.)

In order for a forum to assert specific (or "limited") jurisdiction over an out-of-state defendant who has not consented to suit there, three requirements must be met:

1) the nonresident must engage in an act, consummate a transaction, or perform an act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws (also referred to as "purposeful availment");

2) the lawsuit must arise out of the nonresident's forum-related activities; and,

3) the exercise of jurisdiction must be fair and reasonable.

(*See, Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984); *Helicoptores*, 466 U.S. at 414; *Doe v. American National Red Cross*, 112 F.3d 1048, 1051 (9th Cir. 1997); *Core-Vent Corp. v. Nobel Industries, AB*, 11 F.3d 1482, 1485 (9th Cir. 1993); *Hunt v. Erie Ins. Group*, 728 F.2d 1244, 1247 (9th Cir. 1984).)

/ / /

In determining whether such "minimum contacts" exist for a valid assertion of jurisdiction over a non-consenting non-resident, who is not present in the forum, a court must look at "the quality and nature of [the nonresident's] activity in relation to the forum [to determine whether it] renders such jurisdiction consistent with traditional notions of fair play and substantial justice." (*Burnham v. Superior Court of California (County of Marin)*, 495 U.S. 604, 618 (1990); *International Shoe*, 326 U.S. at 316, 319.) A court will also examine the nature and quality of the defendant's contacts in relation to the cause of action. (*Data Disc, Inc. v. Systems Technology Assocs.*, 557 F.2d 1280, 1287 (9th Cir. 1977).)

The ultimate determination rests on some conduct by which the non-resident has purposefully availed himself of the privilege of conducting activities within the forum state to invoke its benefits and protections, and a sufficient relationship or nexus between the non-resident and the forum state such that it is reasonable and fair to require the nonresident to appear locally to conduct a defense. (*Kulko v. Superior Court of California*, 436 U.S. 84, 93-94, 96-97, 98 (1978); *Khan v. Superior Court*, 204 Cal.App.3d 1168, 1175-1176 (1988).) This latter "fairness" finding requires a balancing of the burden or inconvenience to the non-resident against the resident plaintiff's interest in obtaining effective relief, and the state's interest in adjudicating the particular dispute, which ultimately turns on the nature and quality of the nonresident's forum-related activity. (*Kulko*, 436 U.S. at 94; *see also, Khan*, 204 Cal.App.3d at 1179-1180.)

As with any standard that requires a determination of "reasonableness," the "minimum contacts" test of *International Shoe* is not to be applied mechanically; rather, a court must weigh the facts of each case. (*Kulko*, 436 U.S. at 92, 98.) Furthermore, as explained by the United States Supreme Court, each individual has a liberty interest in not being subject to the judgments of a forum with which he or she has established no meaningful minimum "contacts, ties or relations." (*Burger King Corp.*, 471 U.S. at 471-472, quoting, *International Shoe*, 326 U.S. at 319.) As a matter of fairness, a defendant should not be "hailed into a jurisdiction solely as the result of 'random,' 'fortuitous,' or 'attenuated' contacts." (*Burger King Corp.*, 471 U.S. at 475.)

4838-70C
-7-
CASE NO. 07-CV-2132-DMS (AJB)
[Consolidated with 07 CV 2226 DMS (POR)]

When jurisdiction is challenged by a non-resident defendant, the burden is on the plaintiff to demonstrate sufficient "minimum contacts" exist between the defendant and forum state to justify the imposition of jurisdiction. (*Sibley v. Superior Court*, 16 Cal.3d 442, 445 (1976).) Only where plaintiff is able to meet this burden does the burden shift to the defendant to demonstrate that the exercise of jurisdiction would be unreasonable. (*Vons Companies, Inc.*, 14 Cal.4th at 449.)

Finally, motions to dismiss under Rule 12(b)(2) may test either the plaintiff's theory of jurisdiction or the facts supporting such theory. (*Credit Lyonnais Securities, Inc. v. Alcantara*, 183 F.3d 151, 153 (2d Cir. 1999).) Where the motion to dismiss challenges the facts alleged, a Rule 12(b)(2) motion must be decided on the basis of competent evidence. (*Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1289 (9th Cir. 1977).) The court cannot assume the truth of allegations in a pleading that is contradicted by a sworn affidavit. (*Data Disc, Inc.*, 557 F.2d at 1284; *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) [holding only uncontroverted "well pled facts of plaintiff's complaint, as distinguished from mere cursory allegations, must be accepted as true"]; *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1074 (8th Cir. 2004) [same].)

Where declarations submitted on the motion to dismiss raise issues of credibility or disputed facts, the court may order a preliminary hearing pursuant to Federal Rule 12(d) to resolve any contested issues. (Fed.R.Civ.P. 12(d).) In such a situation, the plaintiff is obligated to establish the requisite jurisdictional facts by a preponderance of the evidence, just at it would have to do at trial. (*Data Disc, Inc.*, 557 F.2d at 1285; *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1271, fn. 12 (5th Cir. 1983) [stating that where the facts are contested, a full evidentiary on hearing on jurisdiction must be afforded].)

/ / /
/ / /
/ / /

2. **_Specially Appearing_ Defendants Utterly Lack Sufficient Contacts With California To Be Brought Before The Court Under Either A Theory Of General Or Specific Jurisdiction.**

    (a) **_Specially Appearing_ Defendants Are Foreign Corporations That Lack Continuous and Systematic Contacts With California.**

As noted above, a Court may exercise general jurisdiction over a defendant who has substantial, continuous, and systematic contacts with the forum state. (*Helicoptores,* 466 U.S. at 414-415.) Here, *Specially Appearing* Defendants utterly lack sufficient contacts with California to support this Court's assertion of general jurisdiction over them. *Specially Appearing* Defendants are foreign corporations that are not headquartered in California. (*See,* Kostrinsky Decl., ¶ 3.)

*Specially Appearing* Defendants Harrah's Laughlin, Inc.; Harrah's License Company, LLC; and HBR Realty Company, Inc. do not have offices in California, do not own property in California, do not have employees in California, and do not conduct business in California. (Kostrinsky Decl., ¶ 3.) *Specially Appearing* Defendants have absolutely no case-related contacts with California in this matter, and KINDER can present no competent, admissible evidence that would suggest otherwise. (*Id.*) The competent evidence submitted by *Specially Appearing* Defendants clearly shows that *Specially Appearing* Defendants do not have the requisite continuous and systematic contacts with California to support this Court's exercise of jurisdiction over them. (*See, id*; *see, Helicoptores,* 466 U.S. at 414-415.)

    (b) **This Court May Not Exert Specific Jurisdiction Over _Specially Appearing_ Defendants.**

*Specially Appearing* Defendants Harrah's Laughlin, Inc.; Harrah's License Company, LLC; and HBR Realty Company, Inc. have submitted competent evidence in the form of sworn declaration testimony that they do not have offices in California, do not own property in California, do not have employees in California, and do not conduct business in California. (Kostrinsky Decl., ¶ 3.) This competent, admissible evidence directly contradicts the claims made

///

by KINDER which purport to form the basis of this Court's exercise of jurisdiction over *Specially Appearing* Defendants.

*Specially Appearing* Defendants have not purposefully availed themselves of the benefits and protections of the laws of the State of California. Further, KINDER cannot allege any forum-related activities of *Specially Appearing* Defendants in California out of which KINDER's claims arise. The only claims KINDER makes in this regard constitute mere conclusory allegations unsupported by competent, admissible evidence. Accordingly, KINDER cannot allege facts which meet either of the first two prongs of the specific jurisdiction analysis. This Court, therefore, has no basis on which it can exercise specific personal jurisdiction over *Specially Appearing* Defendants Harrah's Laughlin, Inc.; Harrah's License Company, LLC; and HBR Realty Company, Inc.

Moreover, any exercise of such jurisdiction would offend notions of fair play and substantial justice for several reasons. (*Burger King*, 471 U.S. at 477.) This Court should consider the burden on the defendants, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several states in furthering fundamental substantive social policies. (*Id.*)

Subjecting *Specially Appearing* Defendants to jurisdiction in California under the circumstances would place an enormous burden on Defendants. Such a ruling would allow any plaintiff, in any location, to sue a defendant even when that defendant does not conduct any business in the forum. Furthermore, this result would fundamentally alter the personal jurisdiction analysis by allowing the location of a plaintiff to control where a defendant could be sued. Personal jurisdiction must focus on a **defendant's** contacts with a given forum, not simply where a plaintiff is located. (*Calder v. Jones*, 465 U.S. 783 (1984); *Helicopteros*, 466 U.S. at 46-417.) Where, as here, a defendant does not conduct business in the forum, and its employees do not

engage in the acts alleged in the Complaint, whether in California or otherwise, a plaintiff's location in the forum cannot reasonably form the basis for personal jurisdiction over that defendant. California has little, if any, interest in adjudicating this dispute given these facts. Thus, KINDER'S case must be dismissed for lack of personal jurisdiction.

### (c) KINDER Is Not Entitled To An Irrebuttable Presumption Regarding The Assertion That This Court Has Jurisdiction Over *Specially Appearing* Defendants.

KINDER is not entitled to an irrebuttable presumption regarding his conclusory allegations which form the basis of this Court's exercise of jurisdiction over *Specially Appearing* Defendants. In support of this motion, *Specially Appearing* Defendants have submitted sworn declaration testimony that directly contradicts all of KINDER's conclusory allegations which form the basis for his assertion of this Court's jurisdiction. In deciding a motion to dismiss for lack of personal jurisdiction, the Court cannot assume the truth of allegations in a pleading that is contradicted by a sworn declaration. (*Data Disc, Inc.*, 557 F.2d at 1284.) The allegations in the first amended complaint upon which KINDER bases his claim that this Court has jurisdiction over *Specially Appearing* Defendants are completely unsubstantiated by any admissible evidence. Further, KINDER cannot offer any admissible evidence to counter the competent evidence submitted by *Specially Appearing* Defendants. Therefore, KINDER cannot meet his burden of establishing a basis for this Court's exercise of jurisdiction by a preponderance of the evidence. (*See, Rano v. Sipa Press, Inc.*, 987 F.2d 580, 587, fn. 3 (9th Cir. 1993).)

Moreover, *Specially Appearing* Defendants anticipate KINDER will attempt to meet this burden by submitting evidence constituting nothing more than inadmissible hearsay statements of his attorney stating he "heard" audio recordings and has seen information on various websites, none of which constitute proper admissible evidence. Accordingly, this Court should not consider such evidence in support of KINDER's claim that this Court has jurisdiction over *Specially Appearing* Defendants.

///

1    In the event this Court finds KINDER's mere cursory allegations of jurisdiction sufficient
2 to survive the instant motion to dismiss, this Court should hold an evidentiary hearing pursuant to
3 Federal Rule 12(d) in order to evaluate whether KINDER can meet his burden of establishing
4 minimum contacts by a preponderance of evidence.

6  **B.   KINDER's Complaint Must Be Dismissed As KINDER, A Well-Known And Court-Ordered Vexatious Litigant, Failed To Obtain The Requisite Pre-Filing Order.**

8    California Code of Civil Procedure §391.7 provides, in pertinent part:

> In addition to any other relief provided in this title, the court may, on its own motion or the motion of any party, enter **a prefiling order** which prohibits a vexatious litigant from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding judge of the court where the litigation is proposed to be filed. Disobedience of the order by a vexatious litigant may be punished as a contempt of court.

13 (Code of Civil Procedure §391.7(a) (emphasis added).) The "vexatious litigant statute" was
14 enacted by California's Legislature to ease the unreasonable burden placed upon the courts by
15 groundless litigation. (*Wolfe v. Strankman*, 392 F.3d 358, 360-361 (9th Cir. 2004); *see also, In re*
16 *Natural Gas Anti-Trust Cases I*, 137 Cal.App.4th 387, 393-394 (2006) (stating the pre-filing order
17 component of the vexatious litigant statute is a necessary method of curbing those for whom
18 litigation has become a game; it does not deny the vexatious litigant access to the courts).)

20    It is well established that failure to follow the requirements of any prefiling order by a
21 vexatious litigant is grounds for dismissal of the action. (*Forrest v. Department of Corrections*,
22 150 Cal.App.4th 183, 195 (2007) (stating the vexatious litigant statute authorizes trial court to
23 issue prefiling order prohibiting the filing of "new litigation" without court permission and allows
24 for dismissal of pending action for violation of that order, even if new litigation appears to be
25 meritorious).) In the recent *Forrest* case, the California Court of Appeal dismissed a wrongful
26 termination action filed by an employee who had been designated a vexatious litigant, and who
27 violated a prefiling order prohibiting the filing of new litigation without court permission. The
28 Court of Appeal noted:

> To the extent [section 391.7] keeps vexatious litigants from clogging courts, it is closer to 'licensing or permit systems which are administered pursuant to narrowly drawn, reasonable and definite standards' which represent 'government's only practical means of managing competing uses of public facilities. [Citation.]" (*Wolfgram v. Wells Fargo Bank*, 53 Cal.App.4th 43, 60 (1997). Granted, "[w]hen a vexatious litigant knocks on the courthouse door with a colorable claim, he may enter." (*PBA, LLC v. KPOD, Ltd.*, 112 Cal.App.4th 965, 975 (2003). But that entry may be conditioned on representation by counsel or permission from the presiding judge to proceed pro se along with the posting of security. (§ 391.7, subds.(a) & (b).) When those conditions are not met, dismissal may be an appropriate remedy even if the lawsuit is meritorious. (§ 391.7, subds.(a) & (c).)

(*Forrest*, 150 Cal.App.4th at 198 (internal quotations and citations omitted).)

Indeed, the scope of California's vexatious litigant statute is broad, and extends beyond mere cases filed *in propria persona* by a vexatious litigant, especially where that vexatious litigant is an attorney (or, as here, a former attorney). (*In re Shieh*, 17 Cal.App.4th 1154, 1166-1167 (1993) (after it was determined that attorney was vexatious litigant, prefiling order prohibiting him from filing any new litigation without first obtaining leave of presiding judge of court in which he proposed to file would not be limited to attorney's *in propria persona* activities, but rather would include litigation filed through counsel, in view of attorney's history of drafting documents filed on his behalf by other attorneys and using those attorneys as mere puppets); *see also, Bravo v. Ismaj*, 99 Cal.App.4th 211, 219 (2002) (Court of Appeal presumes the order declaring a litigant vexatious is correct and implies finding necessary to support the judgment); *Camerado Ins. Agency, Inc. v. Superior Court*, 12 Cal.App.4th 838, 840 (1993) (vexatious litigants can be required to post security under § 391.3 in a pending action although represented by counsel).)

The Administrative Office of the Courts in California maintains a "Vexatious Litigant" list of all persons who are prohibited from filing new lawsuits without first obtaining leave of Court (from prefiling orders the Administrative Office of the Courts receives from California Superior

Courts). <u>JAMES M. KINDER appeared on that list as a vexatious litigant at the time he filed the initial complaint in this action.</u>[1] (Exh. 2 (showing KINDER's name as appearing on the "Vexatious Litigant List" for the months of September 2007, October 2007, and January 2008).)

KINDER has provided absolutely no evidence that he properly obtained leave of court prior to filing the instant action. In an almost identical lawsuit alleging violations of the Telephone Consumer Protections Act, *James M. Kinder v. Sprint PCS Assets, LLC, et al.*, United States District Court, Southern District of California, Case No. 07CV2049 WQH JMA, KINDER submitted a "Declaration of James M. Kinder in Support of Filing by Vexatious Litigant." (Exh. 3.) In that sworn declaration, KINDER admits that he is a vexatious litigant, and sets forth what he believes are facts to justify the Presiding Judge of the San Diego Superior Court granting him leave to file the case in a pre-filing order in that case from the Presiding Judge of the San Diego County Superior Court. (*Id.*) He filed no such declaration in this action. (*See*, Exh. 4.)

As a former attorney who was licensed in California before being disbarred, KINDER knows full well that prior to filing any new complaint in the San Diego County Superior Court (or, for that matter, any court in the State of California), he is subject to a prefiling order requiring leave of court to file a new lawsuit. The requirements imposed upon vexatious litigants -- such as KINDER -- are very straightforward. (CCP § 391.7.) KINDER failed to follow those requirements. KINDER, a court-ordered vexatious litigant, failed to obtain the requisite prefiling order before filing the instant action in the San Diego County Superior Court. The underlying action, therefore, is improper and must be dismissed. (*See, Forrest*, 150 Cal.App.4th at 195; *In re Shieh*, 17 Cal.App.4th 1154, 1166-1167 (1993).)

///

///

---

[1] James M. Kinder, San Diego County Superior Court, Case No. SC137653, 5/21/03.

-14-   CASE NO. 07-CV-2132-DMS (AJB)
[Consolidated with 07 CV 2226 DMS (POR)]

1  C.  **KINDER's Complaint Fails To State A Claim As He Has Named The Wrong Entity.**

*Specially Appearing* Defendants owe Plaintiff no duty of care. As noted above, *Specially Appearing* Defendants are foreign corporations that are not headquartered in California. *Specially Appearing* Defendants do not have offices in California, do not own property in California, do not have employees in California, and, do not conduct business in California. (*See*, Kostrinsky Decl., ¶ 3.) In his eagerness to file yet another lawsuit, KINDER has named the wrong entities. Thus, Plaintiff's claims fail as a matter of law, and his Complaint must be dismissed.

## V.

## CONCLUSION

Based on the foregoing, *Specially Appearing* Defendants' motion to dismiss should be granted inasmuch as this Court lacks personal jurisdiction over *Specially Appearing* Defendants, which are not even the correct entities based on KINDER's allegations. Moreover, KINDER failed to obtain the requisite pre-filing order before filing this action.

SHEA STOKES ROBERTS & WAGNER, ALC

Dated: March 27, 2008    By:  s/Maria C. Roberts
                               Maria C. Roberts
                               Ronald R. Giusso
                               Attorneys for HARRAH'S ENTERTAINMENT,
                               INC. and *Specially Appearing* Defendants
                               HARRAH'S OPERATING COMPANY, INC.;
                               HARRAH'S MARKETING SERVICES
                               CORPORATION; HARRAH'S LAUGHLIN,
                               INC.; HARRAH'S LICENSE COMPANY, LLC;
                               and HBR REALTY COMPANY, INC.