1 | MARIA C. ROBERTS, State Bar No. 137907
mroberts@sheastokes.com
2 | RONALD R. GIUSSO, State Bar No. 184483
rgiusso@sheastokes.com
3 | SHEA STOKES ROBERTS & WAGNER, ALC
510 MARKET STREET, THIRD FLOOR
4 | SAN DIEGO, CALIFORNIA 92101-7025
TELEPHONE:     (619) 232-4261
5 | FACSIMILE:     (619) 232-4840

6 | Attorneys for HARRAH'S ENTERTAINMENT, INC. and *Specially Appearing* Defendants
7 | HARRAH'S OPERATING COMPANY, INC.; HARRAH'S MARKETING SERVICES CORPORATION; HARRAH'S LAUGHLIN, INC.; HARRAH'S LICENSE COMPANY, LLC; and HBR REALTY COMPANY, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. KINDER,<br><br>Plaintiff,<br><br>vs.<br><br>HARRAH'S ENTERTAINMENT, INC.; HARRAH'S OPERATING COMPANY, INC.; HARRAH'S MARKETING SERVICES CORPORATION; HARRAH'S LICENSE COMPANY, LLC; HARRAH'S LAUGHLIN, INC.; HBR REALTY COMPANY, INC. and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 07-CV-2132-DMS (AJB)<br>[Consolidated with 07 CV 2226 DMS (POR)]<br><br>Judge:     Hon. Dana M. Sabraw<br>Mag. Judge:  Hon. Anthony J. Battaglia<br><br>NOTICE OF LODGMENT OF EXHIBITS IN SUPPORT OF *SPECIALLY APPEARING* DEFENDANTS' MOTION TO DISMISS PURSUANT TO F.R.CIV.P. RULE 12(b)(2), (6)<br><br>ACCOMPANYING DOCUMENTS:<br>NOTICE OF MOTION AND MOTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MARIA C. ROBERTS; DECLARATION OF MICHAEL E. KOSTRINSKY; [PROPOSED] ORDER<br><br>Date:    April 25, 2008<br>Time:    1:30 p.m.<br>Courtroom:  10 |

25 | / / /

26 | / / /

27 | / / /

28 | / / /

CASE NO. 07-CV-2132-DMS (AJB)
[Consolidated with 07 CV 2226 DMS (POR)]

1    *Specially Appearing* Defendants HARRAH'S LAUGHLIN, INC., HARRAH'S LICENSE

2    COMPANY, LLC, and HBR REALTY COMPANY, INC. hereby lodge the following exhibits in

3    support of their Motion to Dismiss Pursuant to F.R.CIV.P. Rule 12(b)(2), (6).

4

5        Exhibit 1:    A true and correct copy of the Summons and Complaint for Damages,

6    including Punitive Damages, Interest, and Attorney's Fees, and for Injunctive Relief, filed by

7    Plaintiff James M. Kinder on October 2, 2007.

8

9        Exhibit 2:    A true and correct copy of the Vexatious Litigant Lists prepared and

10   maintained by the Administrative Office of the Courts, dated September 28, 2007, October 31,

11   2007, and January 31, 2008.

12

13       Exhibit 3:    A true and correct copy of the Declaration of James M. Kinder in Support

14   of Filing by Vexatious Litigant, dated May 9, 2007, filed in *Kinder v. Equidata, Inc.*, San Diego

15   County Superior Court Case No. 37-2007-00066491-CU-MC-CTL.

16

17       Exhibit 4:    A true and correct copy of the docket for San Diego County Superior Court

18   Case No. 37-2007-00076114-CU-MC-CTL.

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

-1-                    CASE NO. 07-CV-2132-DMS (AJB)
                       [Consolidated with 07 CV 2226 DMS (POR)]

1    Exhibit 5:    A true and correct copy of the Order of the United States District Court,

2  Southern District of California, granting Plaintiff James M. Kinder's motion for leave to file a first

3  amended complaint.

4
                                    SHEA STOKES ROBERTS & WAGNER, ALC
5

6
   Dated:  March 27, 2008             By:   s/Maria C. Roberts
7                                           Maria C. Roberts
                                            Ronald R. Giusso
8                                           Attorneys for HARRAH'S ENTERTAINMENT,
                                            IND. and *Specially Appearing* Defendants
9                                           HARRAH'S OPERATING COMPANY, INC.;
                                            HARRAH'S MARKETING SERVICES
10                                          CORPORATION; HARRAH'S LAUGHLIN,
11                                          INC.; HARRAH'S LICENSE COMPANY, LLC;
                                            and HBR REALTY COMPANY, INC.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

*70/1/*

## SUMMONS
### (CITACION JUDICIAL)

SUM-100

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*
Harrah's Entertainment, Inc. and DOES 1 through 100, inclusive.

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
James M. Kinder

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Diego Superior Court<br>330 W. Broadway<br>San Diego, CA 92101<br>Central Division | CASE NUMBER:<br>*(Número del Caso):*<br>37-2007-00078114-CU-MC-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Chad Austin, Esq.                          619-297-8888    F 619-295-1401
3129 India St.
San Diego, CA 92103-6014
SBN 235457

| | | |
|---|---|---|
| DATE:<br>*(Fecha)* OCT 02 2007 | Clerk, by _____ C. Escami _____, Deputy<br>*(Secretario)*                                *(Adjunto)* | |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* Harrah's Entertainment, Inc.

   under: [X] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

Chad Austin, Esq. SBN 235457
3129 India Street
San Diego, CA 92103-6014
Telephone: (619) 297-8888
Facsimile: (619) 295-1401

Attorney for Plaintiff JAMES M. KINDER, an individual

CIVI... ...19

07 OCT -2  PM 4: 32

CLE... ...OR COURT
SA... ...COUNTY, CA

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

JAMES M. KINDER,

　　　　　　　Plaintiff,

v.

HARRAH'S ENTERTAINMENT, Inc. and
DOES 1 through 100, inclusive,

　　　　　　　Defendants.

CASE NO. 37-2007-00076114-CU-MC-CTL

**COMPLAINT FOR DAMAGES,
INCLUDING PUNITIVE DAMAGES,
INTEREST AND ATTORNEY'S FEES,
AND FOR INJUNCTIVE RELIEF**

Violations of Telephone Consumer
Protection Act of 1991
Violations of California Civil Code § 1770
(a) (22) (A)
Trespass to Chattel
Unfair Business Practices

COMES NOW Plaintiff JAMES M. KINDER (hereinafter referred to as "Plaintiff") who alleges as follows:

### GENERAL ALLEGATIONS

　　　1.　　Plaintiff is, and at all times herein mentioned was, a resident of the County of San Diego, State of California.

　　　2.　　Defendant HARRAH'S ENTERTAINMENT, Inc. (hereinafter referred to as "Defendant") was at all times herein mentioned a Delaware corporation, doing business in the County of San Diego, State of California.

　　　3.　　Plaintiff is unaware of the true names and capacities of defendants sued herein as DOES 1 through 100, inclusive, and therefore sues these defendants by such fictitious names.

-1-

1   Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

2   Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants

3   is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as

4   herein alleged were proximately caused by their conduct.

5       4.    At all times herein mentioned each defendant was the partner, agent and employee

6   of each co-defendant herein and was at all times acting within the scope of such partnership, agency

7   and employment and each defendant ratified the conduct of each co-defendant herein.

8

9                          **FIRST CAUSE OF ACTION**

               [Violation of Telephone Consumer Protection Act of 1991]

10

11       5.    Plaintiff realleges paragraphs 1 through 4 above and incorporates them herein by

12   reference.

13       6.    Plaintiff is bringing this action pursuant to the provisions of the Telephone

14   Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

15       7.    Subdivision (b) (1) (A) (iii) of Section 227 of Title 47 of the United States

16   Code makes it unlawful for any person to "Make any call (other than a call made for emergency

17   purposes or made with the prior express consent of the called party) using any automatic

18   telephone dialing system or an artificial or prerecorded voice...to any telephone number assigned

19   to a paging service, specialized mobile radio service, or other radio common carrier service, or

20   any service for which the called party is charged for the call."

21       8.    Defendants have been calling Plaintiff's number assigned to a paging service, using

22   an artificial or prerecorded voice, without Plaintiff's express permission. These calls were not made

23   for any emergency purpose, nor were these calls exempt under subdivision (c) of section 64.1200

24   of title 47 of the Code of Federal Regulations.

25       9.    Subdivision (b)(3) of section 227 of title 47 of the United States Code permits a

26   private right of action in state court for violations of 47 U.S.C. §227 (b) (1) (A) (iii). Plaintiff

27   may obtain relief in the form of injunctive relief, or Plaintiff may recover $500.00 for each

28   violation, or both.  If the court finds that defendants' violations were willful or knowing, it may,

1    in its discretion, award up to three times that amount.

2

3                    **SECOND CAUSE OF ACTION**
                [Violation(s) of California Civil Code § 1770 (a) (22) (A)]

4

5        10.    Plaintiff realleges paragraphs 1 through 9 above and incorporates them herein by

6    reference.

7        11.    California Civil Code § 1770 (a) (22) (A) requires that all recorded messages

8    disseminated within the state be introduced by a live, natural voice giving the name of the entity

9    calling, the name of the entity being represented, an address or phone number for that entity, and

10   asking permission to play the recording.  Defendant's illegal prerecorded telemarketing calls to

11   Plaintiff failed to comply with this requirement.

12       12.    As a proximate result of defendants' violation of Civil Code section 1770,

13   plaintiff has suffered and continues to suffer damages in an amount not yet ascertained, to be

14   proven at trial.

15       13.    Civil Code section 1780 (a) (2) provides for an injunction against future conduct

16   in violation of Civil Code section 1770.

17       14.    Civil Code section 1780 (a) (4) provides for an award of punitive damages for

18   violations of Civil Code section 1770.

19       15.    Civil Code section 1780 (d) provides for an award of attorneys fees for plaintiffs

20   harmed by California Civil Code §1770 (a) (22) (A) violations.

21                    **THIRD CAUSE OF ACTION**
                        [Trespass to Chattel]

22

23       16.    Plaintiff realleges paragraphs 1 through 15 above and incorporates them herein by

24   reference.

25       17.    The conduct by defendants complained of herein, namely calling Plaintiff's

26   number assigned to a paging service, using an artificial or prerecorded voice, without Plaintiff's

27   express permission, constitutes an electronic trespass to chattel.

28       18.    At no time did Plaintiff consent to this trespass.

                                    -3-

19. As a proximate result of these intrusions, Plaintiff suffered damage in an amount according to proof.

20. In making the illegal calls described above, defendants were guilty of oppression and malice, in that defendants made said calls with the intent to vex, injure, or annoy Plaintiff or with a willful and conscious disregard of Plaintiff's rights. Plaintiff therefore seeks an award of punitive damages.

### FOURTH CAUSE OF ACTION
[Engaging in Unfair Business Practices]

21. Plaintiff realleges paragraphs 1 through 20 above and incorporates them herein by reference.

22. Because these telephone calls violate federal statutes, they are unlawful business practices within the meaning of section 17200 of the Business and Professions Code.

23. Section 17203 of the Business and Professions Code entitles Plaintiff to an injunction enjoining defendants from engaging in unfair or unlawful business practices.

WHEREFORE Plaintiff prays for judgment against defendants, and each of them, as follows:

On the FIRST CAUSE OF ACTION:

1. For an award of $500.00 for each violation of 47 U.S.C. §227;

2. For an award of $1,500.00 for each such violation found to have been willful;

On the SECOND CAUSE OF ACTION:

3. For compensatory damages according to proof;

4. For preliminary and permanent injunctions, enjoining Defendants, and each of them, from engaging in activity in violation of California Civil Code §1770 (a) (22) (A);

5 For punitive damages;

6. For attorneys fees;

///

-4-

On the THIRD CAUSE OF ACTION:

    7.    For compensatory damages according to proof;

    8.    For punitive damages;

On the FOURTH CAUSE OF ACTION:

    9.    For preliminary and permanent injunctions, enjoining Defendants, and each of them, from engaging in unfair or unlawful business practices pursuant to section 17203 of the Business and Professions Code;

On ALL CAUSES OF ACTION:

    10.    For attorney's fees pursuant to California Code of Civil Procedure § 1021.5.

    11.    For costs of suit herein incurred; and

    12.    For such further relief as the Court deems proper.

Dated: October 2, 2007

By: _____

CHAD AUSTIN, Esq.
Attorney for Plaintiff JAMES M.
KINDER

EXHIBIT 2

# VEXATIOUS LITIGANT LIST

Prepared and Maintained by the Administrative Office of the Courts
From Prefiling Orders Received from California Courts
(Orders prohibiting future filings entered through September 28, 2007)

| LAST NAME | FIRST NAME | MIDDLE | COURT | CASE NO. | DATE | COMMENTS |
|---|---|---|---|---|---|---|
| JONES | Earl | | Los Angeles Superior Court | SCC016584 | 03/23/95 | Order states specifics. |
| JONES | Kathy | | Orange County Superior Court | SC50567 | 05/31/01 | |
| JONES | Marcus | C. | Court of Appeal, 2nd Dist, Div 5 | B166903 | 12/26/03 | |
| JUAREZ | Joque | | San Diego Superior Court | GIC752621 | 10/06/00 | |
| JUDGE | Robert | E. | Los Angeles Superior Court | EF492 | 08/20/00 | |
| JUDGE | John | Sean | Los Angeles Superior Court | SEC77515 | 04/02/92 | |
| JUSTICE | Kathleen | | Los Angeles Superior Court | SEC77515 | 04/02/92 | |
| JUSTICE | Carlvin | Volney | Alameda Superior Court | P255524 | 09/12/07 | |
| KABKOW | Robert | Arthur | San Diego Superior Court | PN26420 | 07/29/03 | |
| KAHOOLYZADEH | Howard | | Los Angeles Superior Court | BC119003 | 11/09/95 | |
| KALAKAY | Behzad | Steven | Los Angeles Superior Court | BC286673 | 04/15/03 | |
| KALAPOS | Michael | | San Diego Municipal Court | 553376 | 01/07/94 | |
| KALLMEYER | Elizabeth | Caroline | Los Angeles Superior Court | PC015995 | 03/10/97 | |
| KALLMEYER, JR. | Christine | Gordon | San Diego Superior Court | 637201 | 08/28/91 | |
| KAPELUS | James | | San Diego Superior Court | 637201 | 08/28/91 | |
| KAPELUS | Marvin | B. | Los Angeles Superior Court | LC15468 | 02/21/97 | |
| KATZ | Marvin | B. | Ventura Superior Court | SC014474 | 01/24/97 | |
| KAUFMAN | Matthew | | Los Angeles Superior Court | SC079729 | 10/17/06 | |
| KAUFMAN | Kandi | (Gail) | Contra Costa Superior Court | D9804359 | 10/05/00 | |
| KEITH | Lawrence | J. | Los Angeles Superior Court | BC191095 | 09/15/98 | |
| KENNEDY | Joan | J. | San Diego Superior Court | GIE032906 | 10/19/06 | |
| KERR | Sailor | A. | Los Angeles Superior Court | TC010027 | 05/06/98 | |
| KERR | Nelson | A. | Orange County Superior Court | 805925 | 08/31/99 | |
| KHAN | Nelson | I. | Los Angeles Superior Court | GP011572 | 06/01/07 | |
| KHOOSHABI | Teresa | | Santa Clara Superior Court | 105CV053109 | 02/07/06 | Order states specifics. |
| KILE | Sasan | Safafzadeh | Los Angeles Superior Court | 93E09147 | 12/29/93 | |
| KINDER | Robert | G. | Placer Municipal Court | CV29644 | 05/17/93 | |
| KING | James | M. | San Diego Superior Court | SC137653 | 05/21/03 | |
| KING | Jacqueline | | Sonoma Superior Court | SCV236656 | 07/10/07 | |
| KINSEY | Will | B. | Orange County Superior Court | 03CL02874 | 04/24/03 | |
| KIPKIRWA | Carl | M. | Los Angeles Superior Court | BC190123 | 07/20/01 | |
| KNISLEY | Lazarus | | Santa Clara Superior Court | CV780435 | 11/16/99 | |
| | Franklin | R. | Court of Appeal, 2nd Dist, Div 4 | B140372 | 09/29/00 | |

16

Vexatious Litigant List
BOLD = Added names

9/29/2007

## VEXATIOUS LITIGANT LIST

Prepared and Maintained by the Administrative Office of the Courts
From Prefiling Orders Received from California Courts
(Orders prohibiting future filings entered through October 31, 2007)

| LAST NAME | FIRST NAME | MIDDLE | COURT | CASE NO. | DATE | COMMENTS |
|---|---|---|---|---|---|---|
| JOHNSTON | Mark | Alan | Butte Superior Court | 119136 | 07/31/97 | |
| JONES | Annamarie | | Modoc Superior Court | FL05059 | 07/06/05 | |
| JONES | Earl | | Los Angeles Superior Court | SCC016584 | 03/23/95 | Order states specifics. |
| JONES | Kathy | | Orange County Superior Court | SC50567 | 05/31/01 | |
| JONES | Marcus | | Court of Appeal, 2nd Dist, Div 5 | B166903 | 12/26/03 | |
| JONES | Joque | C. | San Diego Superior Court | GIC752621 | 10/06/00 | |
| JUAREZ | Robert | | Los Angeles Superior Court | EF492 | 08/20/00 | |
| JUDGE | John | E. | Los Angeles Superior Court | SEC77515 | 04/02/92 | |
| JUDGE | Kathleen | Sean | Los Angeles Superior Court | SEC77515 | 04/02/92 | |
| JUSTICE | Carlvin | | Alameda Superior Court | P255524 | 09/12/07 | |
| JUSTICE | Robert | Volney | San Diego Superior Court | PN26420 | 07/29/03 | |
| KABKOW | Howard | Arthur | Los Angeles Superior Court | BC119003 | 11/09/95 | |
| KAHOOLYZADEH | Behzad | | Los Angeles Superior Court | BC285873 | 04/15/03 | |
| KALAKAY | Michael | Steven | San Diego Municipal Court | 553376 | 01/07/94 | |
| KALAPOS | Elizabeth | | Los Angeles Superior Court | PC015995 | 03/10/97 | |
| KALLMEYER | Christine | Caroline | San Diego Superior Court | 637201 | 08/28/91 | |
| KALLMEYER, JR. | James | Gordon | San Diego Superior Court | 637201 | 08/28/91 | |
| KAPELUS | Marvin | B. | Los Angeles Superior Court | LC15468 | 02/21/97 | |
| KAPELUS | Marvin | B. | Ventura Superior Court | SC014474 | 01/24/97 | |
| KATZ | Matthew | | Los Angeles Superior Court | SC079729 | 10/17/06 | |
| KAUFMAN | Kandi | (Gail) | Contra Costa Superior Court | D9804359 | 10/05/00 | |
| KAUFMAN | Lawrence | J. | Los Angeles Superior Court | BC191095 | 09/15/98 | |
| KEITH | Joan | | San Diego Superior Court | GIE032906 | 10/19/06 | |
| KENNEDY | Sailor | J. | Los Angeles Superior Court | TC010027 | 05/06/98 | |
| KERR | Nelson | A. | Orange County Superior Court | 805925 | 08/31/99 | |
| KERR | Nelson | A. | Los Angeles Superior Court | GP011572 | 06/01/07 | Order states specifics. |
| KHAN | Teresa | I. | Santa Clara Superior Court | 105CV053109 | 02/07/06 | |
| KHOOSHABI | Sasan | Safarzadeh | Los Angeles Superior Court | 93E09147 | 12/29/93 | |
| KILE | Robert | G. | Placer Municipal Court | CV29644 | 05/17/93 | |
| KINDER | James | M. | San Diego Superior Court | SC137653 | 05/21/03 | |
| KING | Jacqueline | | Sonoma Superior Court | SCV236856 | 07/10/07 | |
| KING | Will | B. | Orange County Superior Court | 03CL02874 | 04/24/03 | |
| KINSEY | Carl | M. | Los Angeles Superior Court | BC190123 | 07/20/01 | |

16

Vexatious Litigant List
BOLD = Added names

10/31/2007

## VEXATIOUS LITIGANT LIST

Prepared and Maintained by the Administrative Office of the Courts
From Prefiling Orders Received from California Courts
(Orders prohibiting future filings entered through January 31, 2008)

| LAST NAME | FIRST NAME | MIDDLE | COURT | CASE NO. | DATE | COMMENTS |
|---|---|---|---|---|---|---|
| KEITH | Joan | | San Diego Superior Court | GIE032906 | 10/19/06 | |
| KENNEDY | Sailor | J. | Los Angeles Superior Court | TC010027 | 05/06/98 | |
| KERR | Nelson | A. | Orange County Superior Court | 805925 | 08/31/99 | |
| KERR | Nelson | A. | Los Angeles Superior Court | GP011572 | 06/01/07 | Order states specifics. |
| KHAN | Teresa | I. | Santa Clara Superior Court | 105CV053109 | 02/07/06 | |
| KHOOSHABI | Sasan | Safarzadeh | Los Angeles Superior Court | 93E09147 | 12/29/93 | |
| KILE | Robert | G. | Placer Municipal Court | CV29644 | 05/17/93 | |
| KIM | Ho | Jeong | Los Angeles Superior Court | BC371416 | 10/18/07 | |
| KINDER | James | M. | San Diego Superior Court | SC137653 | 05/21/03 | |
| KING | Jacqueline | | Sonoma Superior Court | SCV236856 | 07/10/07 | |
| KINSEY | Will | B. | Orange County Superior Court | 03CL02874 | 04/24/03 | |
| KIPKIRWA | Carl | M. | Los Angeles Superior Court | BC190123 | 07/20/01 | |
| KITOVER | Lazarus | | Santa Clara Superior Court | CV780435 | 11/16/99 | |
| KITOVER | Arkady | | San Francisco Superior Court | 400044 | 05/02/05 | |
| KNISLEY | Nina | | San Francisco Superior Court | 400044 | 05/04/05 | |
| KOBAYASHI | Franklin | R. | Court of Appeal, 2nd Dist, Div 4 | B140372 | 09/29/00 | |
| KOBAYASHI | Yuki | | Los Angeles Superior Court | BC170895 | 11/17/00 | |
| KOHAN | Yukoh | | Los Angeles Superior Court | C698162 | 10/21/92 | Limited to a specific case. |
| KOHL | Khanbaba | | Los Angeles Superior Court | BC304625 | 03/04/04 | |
| KONIECZNY | Barry | Steven | Court of Appeal, 2nd Dist, Div 1 | B085736 | 02/21/95 | |
| KOONTZ | John | F. | Los Angeles Superior Court | KC019892 | 12/15/97 | |
| KOONTZ | Kenneth | Roy | Los Angeles Superior Court | YC027055 | 06/01/01 | |
| KOVACEVIC | Temesha | | Sacramento Superior Court | 07CP01256 | 11/26/07 | |
| KOVACIC | Carmen | | San Diego Superior Court | GIN017046 | 11/12/02 | |
| KRAIN | Ninoslav | S. | San Diego Superior Court | GIC795785 | 03/07/03 | |
| KROLL | Lawrence | S. | Orange County Superior Court | 492153 | 03/01/96 | |
| KUTSKO | Tillman | | Los Angeles (Pasadena) Muni Ct | 91C01142 | 07/15/91 | |
| LABANBKOFF | Michael | J. | San Francisco Superior Court | 920844 | 12/26/91 | |
| LABANBKOFF | Fred | G. | Sonoma Superior Court | SCV210852 | 10/21/96 | |
| LACKLAND | Fred | G. | Sonoma Superior Court | 211777 | 07/01/96 | |
| LACY | Bobbietter | J. | Contra Costa Municipal Court | 26919 | 06/14/93 | |
| LAFAZAN | Brenda | Joyce | San Francisco Superior Court | 944947 | 10/28/92 | |
| | Gwen | R. | Los Angeles Superior Court | PC023731 | 09/24/99 | |

Vexatious Litigant List
BOLD = Added names

17

EXHIBIT 3

1   Chad Austin, Esq. SBN 235457
3129 India Street
2   San Diego, CA 92103-6014
    Telephone: (619) 297-8888
3   Facsimile: (619) 295-1401

4   Attorney for Plaintiff,
    JAMES M. KINDER, an individual

5

6

7

8           IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               FOR THE COUNTY OF SAN DIEGO

10

11  JAMES M. KINDER,            Case No.   37-2007-00066491-CU-MC-CTL

12          Plaintiff,         DECLARATION OF JAMES M.
                          KINDER IN SUPPORT OF FILING BY
13                          VEXATIOUS LITIGANT
    v.

14

15  EQUIDATA, Inc.,
    and DOES 1 through 100, inclusive,
16
              Defendants.
17

18      I, JAMES M. KINDER, declare as follows:

19       1.     I have received from Defendant at least 70 Telephone Consumer Protection Act

20  violative calls as set forth below.

21       2.      This action has merit because the calls complained of herein are a direct,

22  unequivocal and absolute violation of the Telephone Consumer Protection Act as set forth in

23  relevant part below.

24  TITLE 47 > CHAPTER 5 > SUBCHAPTER II > Part I > §§ 227

25

26  §§ 227. Restrictions on use of telephone equipment

    (b) Restrictions on use of automated telephone equipment
27
    (1) Prohibitions
28

<center>1</center>
<center>Declaration of James M. Kinder</center>

1   It shall be unlawful for any person within the United States, or any person outside the
2   United States if the recipient is within the United States——

3   (A) to make any call (other than a call made for emergency purposes or made with the prior
    express consent of the called party) using any automatic telephone dialing system or an
4   artificial or prerecorded voice——

5   (iii) to any telephone number assigned to a paging service, cellular telephone service,
6   specialized mobile radio service, or other radio common carrier service, or any service for which
    the called party is charged for the call;
7
           3.       The Telephone Consumer Protection Act, in paragraph (b)(3), set forth below
8
    specifically grants me a remedy of a minimum of $500.00 for each and every one of these
9
    violative calls, as set forth immediately below, with a possibility of treble damages in the
10
    discretion of the court.
11
    (3) Private right of action
12
13  A person or entity may, if otherwise permitted by the laws or rules of court of a State,
    bring in an appropriate court of that State——
14
15  (A) an action based on a violation of this subsection or the regulations prescribed under this
    subsection to enjoin such violation,
16
    (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in
17  damages for each such violation, whichever is greater, or
18  (C) both such actions.

19  If the court finds that the defendant willfully or knowingly violated this subsection or the
    regulations prescribed under this subsection, the court may, in its discretion, increase the amount
20  of the award to an amount equal to not more than 3 times the amount available under
21  subparagraph (B) of this paragraph.

22         4.       The number to which Defendant's calls were made and received is a number
23  assigned to a paging service.
24         5.       There are at minimum 70 known calls made from Defendant to my number
25  assigned to a paging service between February 24, 2003 and present.
26         6.       Each and every one of these minimum of 70 known calls is a violation of law in
27  that each and every call is autodialer generated and contained an artificial or prerecorded
28  voice.

                                           2
                          Declaration of James M. Kinder

1     7.   I am not the intended call recipient of any of these calls. In other words, each and

2 every one of these calls is an attempt to contact someone other than me in an attempt to collect a

3 debt. I do not know the name or names of all the intended call recipients but I have verified by

4 telephonic contact with Defendant that I am not nor have I ever been the intended call recipient.

5     8.   In order for the Court to permit the filing of this action, I am required to

6 demonstrate that I have stated a cause of action against the Defendant. Clearly I have stated a

7 cause of action in that each and every one of the minimum of 70 known calls was a call made to

8 a number assigned to a paging service, was autodialer generated and utilized a prerecorded voice.

9 Moreover, I have time and date stamped audio recordings of each of these calls.

10     9.   The defendants have absolutely no defense available to them whatsoever in that I

11 have never given them permission to call me, I have no established business relationship with

12 Defendants and I am not the intended call recipient of any of their calls.

13     10.   These autodialer generated prerecorded calls to my number assigned to a paging

14 service could have been easily avoided had Defendant properly "scrubbed" my number assigned

15 to a paging service from Defendant's database pursuant to the required methods set forth in FCC

16 Report and Order 03-153, paragraphs 160 through 171.

17     11.   In FCC Report and Order 03-153, paragraph 172, the Commission specifically

18 stated "Finally, we reject proposals to create a good faith exception for inadvertent autodialed or

19 prerecorded calls made to wireless numbers and proposals to create implied consent because we

20 find that there are adequate solutions in the marketplace to enable telemarketers to identify

21 wireless numbers."

22     12.   The "adequate solutions" referred to in the above paragraph are commercially

23 available lists of wireless numbers from several different companies that include lists of numbers

24 assigned to a paging service that cannot be lawfully called with an autodialer or with messages

25 that contain a prerecorded or artificial voice message.

26     13.   Each of these 70 calls was made solely for the private business purpose of

27 Defendant in that they are attempts to collect a debt but are calling my number assigned to a

28 paging service without properly scrubbing.

1       14.     If I am not allowed to file these lawsuits I am at the mercy of approximately 1000

2  companies who make high volume autodialer generated calls to my number assigned to a paging

3  service thereby rendering virtually useless my private number.

4       15.     The statute of limitations for Telephone Consumer Protection Act causes of action

5  is 4 years, per 28 U.S.C. §1658. All calls in the complaint against Defendant are within the

6  statute of limitations by fact or written agreement.

7       16.     This lawsuit is not intended in any way to be vexatious but is intended to recover

8  the statutory sanctions set forth in the Telephone Consumer Protection Act as well as to provide

9  incentive for the Defendants to stop calling my number assigned to a paging service.

10      I declare under penalty of perjury that the foregoing is true and correct and that this document

11  was signed in San Diego, California.

12  Dated: May 9, 2007

13

14                        By:

15                        JAMES M. KINDER

16

17

18

19

20

21

22

23

24

25

26

27

28

4

Declaration of James M. Kinder

**PROOF OF SERVICE**

**James M. Kinder v. Bankfirst**
**San Diego Superior Court Case No. GIC881285**

   I, the undersigned, declare: That I am, and was at the time of service of the papers herein referred to, over the age of eighteen years, and not a party to the action; and I am employed in the County of San Diego, California. My business address is 600 West Broadway, Suite 1100, San Diego, California 92101-3387.

   On May 14, 2007, at San Diego, California, I served the following document(s) described as **ANSWER TO UNVERIFIED COMPLAINT** on the parties in said action by placing a true copy thereof in a separate sealed envelope for each addressee named hereafter, addressed to each such addressee respectively as stated on the attached service list, which reflects the address last given by each such addressee on any document filed in the action and served on this office.

Chad Austin, Esq.                          Attorneys for Plaintiff
Law Office of Chad Austin                  JAMES M. KINDER
3129 India Street
San Diego, CA  92103
Tel:   (619) 297-888
Cell:  (619) 992-7100
Fax:  (619) 295-1401

☒    **BY MAIL:** I am readily familiar with our business practice for collecting, processing and mailing correspondence and pleadings with the United States Postal Service. Such correspondence and pleadings are deposited with the United States Postal Service on the same day that they are placed for mailing in the ordinary course of business. I sealed each envelope and, with the postage thereon fully prepaid, placed it for mailing in accord with our business' practice. (C.C.P. § 1013(a) and (b))

☒    **STATE COURT:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 14, 2007, at San Diego, California.

Virginia Soto Perez

Kirby Noonan Lance & Hoge LLP
600 West Broadway, Suite 1100 San Diego, California 92101-3387

KNLHM460915.1

PROOF OF SERVICE

<div style="writing-mode: vertical">Kirby Noonan Lance & Hoge LLP
600 West Broadway, Suite 1100 San Diego, California 92101-3387</div>

<center>**PROOF OF SERVICE**</center>

James M. Kinder v. Bankfirst
U.S. District Court Case No. _____

I, the undersigned, declare: That I am, and was at the time of service of the papers herein referred to, over the age of eighteen years, and not a party to the action; and I am employed in the County of San Diego, California. My business address is 600 West Broadway, Suite 1100, San Diego, California 92101-3387.

On May 15, 2007, at San Diego, California, I served the following document(s) described as **(1) CIVIL COVER SHEET; and (2) NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTION 1441(b) (DIVERSITY JURISDICTION)** on the parties in said action by placing a true copy thereof in a separate sealed envelope for each addressee named hereafter, addressed to each such addressee respectively as stated on the attached service list, which reflects the address last given by each such addressee on any document filed in the action and served on this office.

| | |
|---|---|
| Chad Austin, Esq. | Attorneys for Plaintiff |
| Law Office of Chad Austin | JAMES M. KINDER |
| 3129 India Street | |
| San Diego, CA  92103 | |
| Tel:   (619) 297-888 | |
| Cell:  (619) 992-7100 | |
| Fax:  (619) 295-1401 | |

☒   **BY MAIL:** I am readily familiar with our business practice for collecting, processing and mailing correspondence and pleadings with the United States Postal Service. Such correspondence and pleadings are deposited with the United States Postal Service on the same day that they are placed for mailing in the ordinary course of business. I sealed each envelope and, with the postage thereon fully prepaid, placed it for mailing in accord with our business' practice. (C.C.P. § 1013(a) and (b))

☒   **FEDERAL COURT:** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 15, 2007, at San Diego, California.


Virginia Soto Perez

KNLH\460965.1

EXHIBIT 4

Page: 2

## Case Header

Case Number: 37-2007-00076114-CU-MC-CTL
Case Title: James M Kinder vs. Harrah's Entertainment Inc

Case Category: Civil - Unlimited
Case Type: Misc Complaints - Other

Case Age: 56 days
Next Event Type:

Filing Date: 10/02/2007
Case Status: Pending

Location: Central

Judicial Officer:
Department:
Next Event Date:

## Register of Actions Notice

| ROA# | Entry Date | Short/Long Entry | Filed By |
|------|------------|------------------|----------|
| 3 | 10/02/2007 | Original Summons filed by Kinder, James M on 10/02/2007. Refers to: Harrah's Entertainment Inc | Kinder James (Plaintiff) |
| 4 | 10/02/2007 | Civil Case Cover Sheet filed by Kinder, James M on 10/02/2007. Refers to: Harrah's Entertainment Inc | Kinder James (Plaintiff) |
| 2 | 10/02/2007 | Complaint filed by Kinder, James M on 10/02/2007. Refers to: Harrah's Entertainment Inc | Kinder James (Plaintiff) |
| 1 | 10/02/2007 | Summons issued. Refers to: | |
| 5 | 10/02/2007 | Case assigned to Judicial Officer Nevitt, William. Refers to: | |
| 6 | 11/21/2007 | Notice - Other (Notice to Adverse Party of Removal of Action to Federal Court) filed by Harrah's Entertainment Inc on 11/21/2007. Refers to: Kinder James | Harrah's Entertainment Inc (Defendant) |

This printout does not constitute a Register of Actions

# EXHIBIT 5



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

JAMES M. KINDER,

                                   Plaintiff,

    vs.

HARRAH'S ENTERTAINMENT, INC.,

                                   Defendant.

CASE NO. 07CV2226

**ORDER VACATING HEARING DATE AND GRANTING PLAINTIFF'S MOTION TO FILE A FIRST AMENDED COMPLAINT**
[Doc. 12]

Pending before the Court is Plaintiff's Motion to File a First Amended Complaint. A hearing on the matter is currently scheduled for January 25, 2008. The Court finds this matter suitable for submission without oral argument pursuant to Local Civil Rule 7.1(d)(1). Accordingly, no appearances are required at this time.

Plaintiff brings this motion after Defendant filed a motion to dismiss, but before Defendant filed any responsive pleading within the meaning of Federal Rule of Civil Procedure 15(a). Rule 15(a) allows a party to amend "once as a matter of course at any time before a responsive pleading is served." Moreover, if either of the parties moves for leave to amend, it should be "freely given when justice so requires." Fed. R. Civ. Proc. 15(a). Although Plaintiff did not attach a proposed amendment, the text of his motion clearly indicates he wishes to add additional defendants to the existing claims. Under the liberal standard set forth in Rule 15, the Court grants leave to amend the Complaint to add

- 1 -

07CV2226

1    additional defendants.

2    **IT IS SO ORDERED.**

3

4    DATED: January 22, 2008

5

6

7                      HON. DANA M. SABRAW
                      United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07CV2226