Chad Austin, Esq. SBN 235457
4632 Berwick Drive
San Diego, CA 92117
Telephone: (619) 992-7100
Facsimile: (619) 295-1401

Attorney for Plaintiff, JAMES M. KINDER, an individual

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JAMES M. KINDER,<br><br>            Plaintiff,<br><br>v.<br><br>HARRAH'S ENTERTAINMENT, Inc.;<br>HARRAH'S OPERATING COMPANY,<br>Inc.; HARRAH'S MARKETING<br>SERVICES CORPORATION; HARRAH'S<br>LICENSE COMPANY, LLC; HARRAH'S<br>LAUGHLIN, Inc.; HBR REALTY<br>COMPANY, Inc. and DOES 1 through 100,<br>inclusive,<br><br>            Defendants. | Case No. 07 CV 2132 DMS (AJB)<br>[Consolidated with 07CV2226 DMS (AJB)]<br><br>Judge:            Hon. Dana M. Sabraw<br>Mag. Judge:   Hon. Anthony J. Battaglia<br><br>**PLAINTIFF JAMES M. KINDER'S**<br>**OPPOSITION TO DEFENDANTS'**<br>**MOTION TO DISMISS;**<br>**MEMORANDUM IN SUPPORT**<br>**THEREOF**<br><br>Date:            April 25, 2008<br>Time:            1:30 p.m.<br>Courtroom:   10 |

## I. INTRODUCTION

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE

TAKE NOTICE THAT Plaintiff JAMES M. KINDER hereby opposes Defendants HARRAH'S

LICENSE COMPANY, LLC, HARRAH'S LAUGHLIN, Inc. and HBR REALTY COMPANY,

Inc.'s Motion to Dismiss, for the reasons set forth below.

1

## II. ARGUMENT

**A.   PLAINTIFF WAS NOT AND IS NOT SUBJECT TO A PRE-FILING ORDER IN SAN DIEGO SUPERIOR COURT IF HE IS REPRESENTED BY COUNSEL.**

Defendants incorrectly assert that this action was commenced in violation of a pre-filing order that required Plaintiff to obtain leave of the Presiding Judge of the San Diego Superior Court prior to commencing a new civil action in said court. The pre-filing order to which Defendants refer did not apply as Plaintiff commenced this action while represented by counsel. Defendants have not offered this order into evidence.

Attached hereto and incorporated herein by reference is Exhibit A, a ruling from now federal District Judge Janis Sammartino, in which she found that Plaintiff's action in *Kinder v. Adecco*, San Diego Superior Court Case No. GIC882000, was not commenced in violation of the pre-filing order in that he was represented by counsel.

**The Court noted when it denied Defendant HARRAH'S ENTERTAINMENT, Inc.'s previous Motion to Dismiss in this case that Harrah's had not provided any authority that an alleged violation of a *State* court pre-filing order has any legal effect in a *federal* court. Defendants *again* offer no authority that Plaintiff's alleged violation of a pre-filing order in State court has any legal effect in this federal action.** Nor have Defendants provided any authority standing for the proposition that a federal plaintiff's previous litigation history in State court has any legal effect on a subsequent federal litigation, which was *removed from State court*. Defendants also offer no authority which says that a federal plaintiff's previous State court

2

1   litigation can be a proper basis for a federal judge to find that the federal plaintiff is a vexatious

2   litigant in federal court, when that plaintiff has filed *none* of his cases at issue in federal court.

3   How can Defendants in good faith complain in this court about an internal San Diego Superior

4   Court issue when Harrah's voluntarily took this case out of the hands of the San Diego Superior

5   Court? Harrah's waived the right to litigate any of the State court issues raised in the instant

6   motion when it removed this case to federal court. Even if Defendants had not waived these

7

8   State court issues, until they establish that these issues have *any* legal effect in this federal court,

9   any and all evidence they offer to support their position regarding these State court issues is

10  irrelevant, frivolous, improper and solely calculated to prejudice the court.

11

**B.    DEFENDANTS' REPEATED TORTIOUS ACTIVITY WITHIN THE STATE OF
CALIFORNIA OVER THE COURSE OF MORE THAN THREE YEARS
SUBJECTS THEM TO THE GENERAL AND SPECIFIC JURISDICTION OF
THIS COURT.**

12

13

14

15  **1.    Authority on Jurisdiction.**

16  "A court of this state may exercise jurisdiction on any basis not inconsistent with the

17  Constitution of this state or of the United States." Cal. Code Civ. Pro. (CCP) § 410.010.

18  California's jurisdictional statute is co-extensive with federal due process requirements;

19  therefore, jurisdictional inquiries under state law and federal due process standards collapse into

20  one, and the Court considers only whether the exercise of jurisdiction over the defendant

21

22  comports with due process. *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284

23  F.3d 1114, 1123 (9th Cir. 2002).

24  / / /

25  / / /

26

27                                    3

28

Depending on the defendant's contact with California, the Court may exercise either general or specific jurisdiction. A nonresident defendant may be may be subject to general jurisdiction only if its contacts in the forum state are "substantial...continuous and systematic." *Perkins v. Benguet Mining Co.*, 342 U.S. 437, 445-446 (1952). If not subject to general jurisdiction in a state, a defendant may nonetheless be subject to specific jurisdiction in that state. The Court applies a three-part test when assessing specific jurisdiction:

> (1) The nonresident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof, or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable.

*Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987); *Bancroft & Masters, Inc.*, 223 F.3d at 1086 (9th Cir. 2000). If the plaintiff satisfies the first two prongs of the above test, the burden shifts to the defendant to "present a compelling" case demonstrating that the exercise of jurisdiction would be unreasonable. *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985).

**2.    Plaintiff Need Only Allege a Valid Jurisdiction Theory and Make Out a *Prima Facie* Case Regarding Jurisdiction to Defeat Defendants' Motion.**

Defendants' Motion to Dismiss apparently tests Plaintiff's jurisdictional theory-that Defendants made prerecorded telemarketing calls to California resident(s).

/ / /

/ / /

4

a.   **The Court Does Not Review the Evidence to Determine the Validity of Plaintiff's Theory of Jurisdiction and Plaintiff's Theory, Based on Defendants' Unlawful Telemarketing to California Residents, is Valid.**

In evaluating Plaintiff's jurisdictional theory, the Court need only determine whether the facts alleged, if true, are sufficient to establish jurisdiction. _Credit Lyonnais Securities (USA), Inc. v. Alcantra_ 183 F.3d 151, 153 (2nd Cir. 1999). Plaintiff's theory of jurisdiction, as is clearly set forth in the Complaint, is that Defendants knowingly made prerecorded telemarketing calls to Plaintiff's local San Diego wireless number assigned to a paging service.

b.   **Defendants are Liable Based on Their Unlawful, Prerecorded Telemarketing to a California Resident.**

It is unlawful for any person or entity to disseminate a prerecorded message to any number assigned to a paging service, without the called party's _express_ permission. 47 U.S.C. § 227 (b)(1)(A)(iii). Under the TCPA, the party on whose behalf a solicitation is made bears ultimate responsibility for any violations. _See_ Release Number 95-310 of the Federal Communications Commission, CC Docket No. 92-90, 10 FCC Rcd 12391 (1995), pars. 34-35. Calls placed by an agent are treated as if the telemarketer itself placed the call. _Id._ Based on this authority, Defendants are responsible for the legal violations of their prerecorded telemarketing calls to Plaintiff. Because Defendants reached out to many (but an as of yet unknown number) of California's residents, including Plaintiff, California has general and specific jurisdiction over Defendants.

c.   **Plaintiff Need Only Make a _Prima Facie_ Showing of Facts to Defeat the Motion to Dismiss to the Extent That it Contests Plaintiff's Alleged Facts.**

To the extent that the instant motion challenges Plaintiff's alleged facts, Plaintiff need only make a _prima facie_ showing of facts establishing a basis for personal jurisdiction over

5

defendants to defeat it. *Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.* 328 F.3d 1122, 1129 (9th Cir. 2003). In deciding whether Plaintiff has made a *prima facie* case, the Court must accept uncontroverted allegations in the Complaint and resolve factual conflicts in the parties' declarations in Plaintiff's favor. *WNS, Inc. v. Farron*, 884 F.2d 200, 204 (5th Cir. 1989).

Of course, where the jurisdictional facts are "intertwined with the merits of the action," determination of the jurisdictional issue may determine the merits of the action. *Data Discovery, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d, 1285-1286, fn. 2 (9th Cir. 1977). In such a case, it is *preferable* that this determination be made at trial where a plaintiff may present his case in a coherent, orderly fashion, and without the risk of prejudicing his case on the merits. *Id.*

For the many reasons set forth in this Memorandum, Plaintiff makes a *prima facie* showing of facts establishing a basis for jurisdiction over Defendants. At the very least, there is a factual conflict as to Plaintiff's and Defendants' evidence, and this conflict is decided in Plaintiff's favor. Regardless, the jurisdictional facts are so intertwined with the merits that the Court should postpone determination of the jurisdictional issue until trial, *after Plaintiff has had the benefit of proper discovery*, where Plaintiff will prove that Defendants actively and knowingly disseminated unlawful prerecorded telemarketing messages to California residents, including Plaintiff.

**3.    Because Plaintiff's Claims Arise Out of Defendants' Unlawful Telemarketing Within the State of California, California Has Jurisdiction Over Defendants.**

Plaintiff's claims arise out of Defendants' forum-related unlawful telemarketing that

6

Defendants purposefully directed towards Plaintiff in California, so this Court's exercise of personal jurisdiction over Defendants is reasonable and it comports with "fair play and substantial justice."

      **a.**    **Defendants' Contacts Resulted From Their Own Actions That Created a "Substantial Connection" Between Defendants and California and Thereby Enabled California to Exercise Personal Jurisdiction Over Defendants.**

          *i.*    ***Acts Committed Outside California "Causing Effect" Within California Suffice to Establish "Purposeful Direction."***

If a nonresident, acting outside the state, intentionally causes injuries within the state, then he must "reasonably anticipate" being haled into court in the forum state. *Calder v. Jones* (1984) 465 U.S. 783, 790, 104 S.Ct. 1482, 1487. **All that matters is that the nonresident's liability-producing acts have foreseeable consequences in the forum state.** *Burger King Corp. v. Rudzewicz* (1985) 471 U.S. 462, 479-480, 105 S.Ct. 2174, 2186.

In *Calder v. Jones, supra,* the intentional and allegedly tortious actions of Florida residents who wrote and published a defamatory article in Florida for publication in a national magazine were expressly aimed at California, because the article targeted a California resident. Similarly, here, Plaintiff shows that Defendants' unlawful telemarketing calls were directed at a San Diego resident (the dissemination of a prerecorded telemarketing call is an intentional act). As in the *Calder* case, where a writer was deemed to have directed his actions at California notwithstanding the fact that there was no showing that he actually distributed the magazine, Defendants are deemed to have personally directed their actions at California. Although Defendants allege they had no involvement with the scheme to disseminate prerecorded telemarketing calls, Plaintiff has certainly made out a *prima facie* showing that Defendants are

7

1    not forthright in this regard.

2

3    In _Schlussel v. Schlussel_, the court held that obscene phone calls from New York to

4    California subjected the caller to California's jurisdiction. _Schlussel v. Schlussel_, (1983) 141

5    Cal.App.3d 194, 198-199. Analogously to the Schlussel case, Defendants' out-of-state conduct

6    (or in-state conduct, depending upon what is revealed in discovery), whether it was actually

7    disseminating the prerecorded telemarketing calls or hiring a third party to do same, subjects

8    Defendants to jurisdiction in California.

9

10        ii.    **_Even A Single Tortious Act May Create Jurisdiction._**

11    Even a single act may support limited personal jurisdiction over a nonresident. _McGee v._

12    _International Life Insurance Co.,_ (1957) 355 U.S. 220, 78 S.Ct. 199. For example, a single

13    unlawful prerecorded telemarketing call to a forum state resident may support the exercise of

14    specific jurisdiction over the nonresident telemarketer. _See_ Schwarzer, _et al. Cal. Prac. Guide:_

15    _Federal Civil Procedure Before Trial_ (The Rutter Group 2005), 3:208.90 _citing Internet_

16    _Doorway, Inc. v. Parks_ (SD MS 2001) 138 F.Supp.2d 773, 774 (email messages are always the

17    result of active, purposeful communications, so a single tortious email message to a forum state

18    resident may support the exercise of specific jurisdiction).

19

20        In this case, however, it was not one tortious act.  Rather, Defendants made a minimum of

21    7 illegal, prerecorded telemarketing calls to Plaintiff's number assigned to a paging service. _See_

22    Dec. of Chad Austin, ¶ 3.

23

24

25

26

27                                    8

28

iii. **_Out-of-State Electronic Transmissions May Be a Basis for Jurisdiction._**

Personal jurisdiction may be based on electronic transmissions intentionally directed to residents of the forum state and causing harm in the forum state. *See* <u>Cody v. Ward</u>, (D Ct 1997) 954 F.Supp. 43, 47 (fraudulent representations via email and telephone to forum resident). The electronic transmission of solicitations is commonplace and the courts are recognizing that such solicitations subject the sender to jurisdiction in the forum where injury results from the receipt of those solicitations. *Internet Doorway, Inc. v. Parks*, (S.D. Miss. 2001) 138 F.Supp.2d 773, 779; <u>Verizon Online Services, Inc. v. Ralsky</u>, (ED VA 2002) 203 F.Supp.2d 601, 610 (nonresident's sending millions of unsolicited email advertisements through plaintiff's Internet server in forum state constituted trespass to chattels, subjecting sender to local jurisdiction). "By sending an email solicitation to the far reaches of the earth for pecuniary gain, one does so at his own peril, and cannot then claim that it is not reasonably foreseeable that he will be haled into court in a distant jurisdiction to answer for the ramifications of that solicitation." *Internet Doorway, Inc. v. Parks*, (S.D. Miss. 2001) 138 F.Supp.2d 773, 779.

An advertiser should not be permitted to take advantage of modern technology via electronic means to engage in a tortious act with consequences in California and which harms a citizen in California, and escape traditional notions of jurisdiction because he used electronic means to carry out a long-distance tort. *See EDIAS Software Int'l, L.L.C. v. BASIS Int'l Ltd.*, (D.Ariz.1996) 947 F.Supp. 413. Of course, the dissemination of an unlawful prerecorded telemarketing call from outside the forum is analogous to the sending of an email, or any other electronic transmission, from outside the forum, and the sending creates jurisdiction.

CASE NO. 07 CV 2132 DMS (AJB)

iv. **_Courts Will More Likely Find Minimum Contacts Based on Commercial Activity._**

Defendant's telemarketing was done for commercial gain, which further militates in favor of finding that minimum contacts are satisfied. _Reliance Nat'l Indem. Co. v. Pinnacle Cas. Assurance Corp._, (M.D. Ala. 2001) 160 F.Supp.2d 1327, 1333 (holding that "E-mails, like letters and phone calls, can constitute minimum contacts, at least if the defendant or his agents send the message for pecuniary gain rather than substantially personal purposes.").

b. **Defendants Need Not Have Even Directed Their Own Activities at California to Create Jurisdiction.**

i. **_The Acts of Defendants' Third Party Telemarketer Suffice to Create Jurisdiction Even Without Defendants' Specific Direction._**

A nonresident defendant may be subject to specific jurisdiction in California based on local acts by an authorized agent. _Mitrano v. Hawes_, (4th Cir. 2004) 377 F.3d 402, 407.

Defendants are liable for the damages caused by unlawful telemarketing done on their behalf, even if they did not personally conduct the telemarketing, if their authorized agent did. In other words, Plaintiff need only show that Defendants hired a telemarketing firm who had their authority to send the unlawful messages that were sent to Plaintiff. Plaintiff has established that several Harrah's entities (or a telemarketing firm acting on their behalf) sent prerecorded telemarketing messages to Plaintiff promoting numerous Harrah's casinos, including Harrah's Laughlin Casino (owned by moving defendant HARRAH'S LAUGHLIN, Inc.) and Harrah's Council Bluffs Casino (owned by moving defendant HBR REALTY COMPANY, Inc.). _See_ Dec. of Chad Austin, ¶ ¶ 3, 4, 5, 7 and 8 and Ex.'s B, C, D, F, G and H.

10

1    Notably, and perhaps dispositively, Defendants do not claim that they did not hire an

2  independent third party telemarketer to engage in telemarketing in the State of California. They

3  merely claim that neither they nor their employees did. However, as noted above, the party on

4  whose behalf unlawful telemarketing is done ultimately bears responsibility for damages flowing

5  from the unlawful telemarketing.

6

7    c.    **Defendants Are Subject to Jurisdiction in California Simply Because They Placed Their Unlawful Prerecorded Telemarketing Calls in the Stream of Commerce.**

8

9    The requisite "substantial connection" for personal jurisdiction purposes will also usually

10  be found where a nonresident manufacturer sells goods or services in the forum state, even if it

11  doesn't have an office, plant or personnel locally, as long as it has "placed products in the stream

12  of interstate commerce with the expectation that they will be sold to consumers in the forum

13  state." *World-Wide Volkswagen Corp. v. Woodson* (1980) 444 U.S. 286, 297-298, 100 S.Ct. 559,

14  567; *see also* Schwarzer, *et al.*, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* (TRG 2005),

15  3:156-3:157. (a nonresident engaging in commercial activities in the forum state may be subject

16  to jurisdiction if it purposefully availed itself of the benefits and protections of state law, for

17  example by sales solicitation). "It is only reasonable for companies that distribute . . . products

18  through regional distributors in this country to anticipate being haled into court by plaintiffs in

19  their home states." *Barone Brothers v. Interstate Display Fireworks* (8th Cir. 1994) 25 F.3d 610,

20  614.

21

22  Indeed, if an adequate basis for jurisdiction exists, a non-resident may be haled into court

23  anywhere in the United States, because courts generally conclude that it would be unfair to allow

11

1    him to remain subject to personal jurisdiction only in his home state, requiring those with claims

2    against him to go to that state in order to litigate such claims.  *See CoolSavings.com, Inc. v. IQ*

3    *Commerce Corp.* (ND IL 1999) 53 F.Supp.2d 1000, 1003 (nonresident website owner may be

4    haled into court anywhere in the United States).

5

6

7        Because Defendants placed their unlawful prerecorded telemarketing calls in the stream

8    of commerce by calling a San Diego, California telephone number, they have subjected

9    themselves to suit in California for any matters relating to the dissemination of their unlawful

10   telemarketing messages.

11

12        **d.    A Hotel's Out of State Advertisements Subject it to Specific Jurisdiction in
               the State in Which it Advertises, Even if the Injury is Suffered in the State
               Where the Hotel and Foreign Corporation Reside.**

13

14        No more than advertising calculated to reach California is required to constitute

15   purposeful availment of the privileges of doing business in California.  *See United States SEC v.*

16   *Carrillo*, 115 F.3d 1540, 1545 (11th Cir. 1997).  In *Snowney v. Harrah's Entertainment, Inc.* 35

17   Cal.4th 1054, 112 P.3d 28, 29 Cal.Rptr.3d 33 (June 6, 2005), a California resident filed a class

18   action suit in Los Angeles Superior Court against various Nevada hotels, including Harrah's

19   Entertainment, Inc. (Defendant herein), alleging causes of action for California's unfair

20   competition law, breach of contract, unjust enrichment and false advertising.  The Plaintiff, Mr.

21   Snowney, alleged that the hotel had failed to provide notice of an energy surcharge imposed on

22   hotel guests.  The Los Angeles Superior Court granted a motion to quash service of summons for

23

24   lack of personal jurisdiction.  The Court of Appeal reversed, which holding was affirmed by the

25   California Supreme Court.

26

27                                    12

28

1    The California Supreme Court noted,

2         "By purposefully and successfully soliciting the business of California residents,
3         defendants could reasonably anticipate being subject to litigation in California in
         the event their solicitations caused an injury to a California resident.  (See *Burger*
4         *King*, *supra*, 471 U.S. at pp. 475-476.)

5         Cases holding that claims for injuries suffered during a plaintiff's stay at a hotel or
6         resort are not related to and do not arise from that hotel's or resort's advertising in
         the forum state are inapposite.[Citations in footnote omitted].  As an initial matter,
7         most, if not all, of these cases did not apply the substantial connection test
         established in *Vons*.  In any event, even if we agree with the holdings in these
8         cases, [Citations in footnote omitted] they are distinguishable.  Unlike the injuries
9         suffered by the plaintiffs in those cases, the injury allegedly suffered by plaintiff in
         this case relates *directly* to the content of defendants' advertising in California.
10        As such, the connection between plaintiff's claims and defendants' contacts is far
11        closer than the connection between the claims and contacts alleged in the cases
         cited above.  Indeed, some courts that have refused to exercise jurisdiction where
12        a plaintiff suffered an injury during a stay at a hotel or resort acknowledge that
13        they would have reached a different conclusion if that plaintiff had alleged false
         advertising or fraud.  (See *Smith*, *supra*, 1997 WL 162156 at p. *6 [suggesting
14        that claims of false advertising or fraudulent misrepresentation would meet the
         relatedness requirement]; *Oberlies*, *supra*, 633 N.W.2d at p. 417 ["A foreign
15        corporation that advertises in Michigan can reasonably expect to be called to
16        defend suits in Michigan charging unlawful advertising or alleging that the
         advertising, itself, directly injured a Michigan resident"].)  Accordingly, we
17        conclude that plaintiff has met the relatedness requirement."  *Id at* 37-38.

18

19        The California Supreme Court also stated in a footnote that "Several courts have reached

20   the…conclusion—that injuries suffered during a stay at a hotel or resort *are* related to and *do*

21   arise from that hotel's or resort's advertising in the forum state.  (See, e.g., *Nowak v. Tak How*

22   *Investments, Ltd.* (1st Cir. 1996) 94 F.3d 708, 715-716; *Mallon v. Walt Disney World Co.*

23   (D.Conn. 1998) 42 F.Supp.2d 143, 147; *O'Brien v. Okemo Mountain, Inc.* (D.Conn. 1998) 17

24   F.Supp.2d 98, 101; *Rooney v. Walt Disney World Co.* (D.Mass. 2003) 2003 WL 22937728, p. *4;

25   *Sigros v. Walt Disney World Co.* (D.Mass. 2001) 129 F.Supp.2d 56, 67; *Shoppers Food*

26

27                                        13

28

1    *Warehouse, supra*, 746 A.2d at p. 336; *Tatro v. Manor Care, Inc.* (Mass. 1994) 625 N.E.2d 549,

2    553-554; *Radigan v. Innisbrook Resort & Golf Club* (N.J.Sup.Ct.App.Div. 1977) 375 A.2d 1229,

3    1231.)" *Id.*

4

5

6    It is therefore well settled in the State of California that a foreign corporation hotel

7    advertising to California residents subjects itself to specific jurisdiction in the State of California,

8    particularly if the advertising is unlawful.  Because Plaintiff's claims relate to an illegal

9    advertising method, unlawful prerecorded telemarketing, directed at California residents,

10    Defendants and the other Harrah's entities are absolutely subject to specific jurisdiction in the

11    State of California.

12

13    **4.    This Litigation Arises From Defendants' Contacts.**

14    Because this litigation is one to recover damages for violation of the TCPA related to

15    unlawful prerecorded telemarketing calls made by defendants to Plaintiff in violation of the

16    TCPA, Plaintiff meets this prerequisite for the establishment of personal jurisdiction.

17

18    **5.    Defendants Fail to Meet Their Burden of Showing That California's Exercise of
         Personal Jurisdiction Over Defendants Is Unreasonable.**

19    The burden is on the nonresident to prove that the forum's exercise of jurisdiction would

20    not comport with "fair play and substantial justice."  *Amoco Egypt Oil Co. v. Leonis Navigation*

21

22    *Co.* (9th Cir. 1993) 1 F.3d 848, 851.

23    **a.    The Extent of Defendants' Purposeful Interjection.**

24    "Where a defendant who purposefully has directed his activities at forum residents seeks

25    to defeat jurisdiction, he must present a compelling case that the presence of some other

26

27                                              14

28

considerations would render jurisdiction unreasonable." *Burger King*, 471 U.S. at 477.  As set forth above, Defendants, either directly or through an agent, purposefully directed prerecorded telemarketing into California.  Defendants' purposeful interjection is particularly offensive, because it electronically trespassed onto Plaintiff's private property.  Senator Hollings called automated calls "telephone terrorism." 137 Cong.Rec. S16,205 (daily ed. Nov. 7, 1991) (statement of Sen. Hollings) ("It is telephone terrorism, and it has got to stop.") Defendants' unilateral interjection into California is a form of electronic trespass on California property and should be addressed in a California court.  This factor weighs in favor of jurisdiction.

    **b.**    **The Burden on Defendants in Defending in the Forum.**

    In the context of the "fair play" analysis, the U.S. Supreme Court has noted that "modern transportation and communication have made it much less burdensome for a party sued to defend himself in a State where he engages in economic activity." *McGee v. International Life Insurance Co.*, 355 U.S. 220, 223 (1957).  Progress in communications and transportation has made the defense of a suit in a foreign tribunal less burdensome. *Hanson v. Denckla*, 357 U.S. 235, 250-251 (1958).

    Further, Defendants must demonstrate that litigating this dispute in California would be so "gravely difficult and inconvenient" that they would be at a severe disadvantage in comparison to" Plaintiff. *Burger King* 471 U.S. at 477. Defendants have not even attempted to do so.  Defendants do not argue that California litigation would be more inconvenient than litigation elsewhere.  Defendants do not suggest that the burden on them would be substantially different for them in California as opposed to Nevada or Delaware.  In the absence of an

15

expected trial of some length, there seems to be little difference whether Defendants retain

counsel in California or in Nevada or Delaware to appear on their behalf. Regardless,

Defendants can not be heard to complain of inconvenience when it was they that made the

decision to send illegal advertising into California rather than limit that illegal advertising to their

home state of Nevada.

Further, Plaintiff expects to prove that Defendants and the other Harrah's entities named

as defendants made a lot of money from their illegal activities and that the cost of defending this

lawsuit is a relatively small percentage of that profit. This factor weighs in favor of jurisdiction.

**c.    The Extent of Conflict With the Sovereignty of the Defendants' State.**

In this case, Plaintiff has brought a cause of action for violation of the federal Telephone

Consumer Protection Act. As this federal law applies everywhere in the United States, this factor

is irrelevant. This factor weighs in favor of jurisdiction.

**d.    The Forum State's Interest in Adjudicating the Dispute.**

A state generally has a "manifest interest" in providing its residents with a convenient

forum for redressing injuries inflicted by out-of-state actors. *Burger King*, 471 U.S. at 473.

When the TCPA's prohibitions are violated, the injury is visited upon the recipient of the call in

California, and California has an interest in protecting its citizens from such harms in an efficient

and meaningful manner. The effectiveness of the TCPA, in particular, would be severely

undercut if defendants could control the choice of forum to the detriment of their victims.

Virtually no TCPA cases would be prosecuted if the defendants were not liable where they

caused their damage. Creative defendants could safely avoid responsibility by secreting their

16

operations far away from the locations to which they are bombarding persons with illegal faxes and phone calls. California has a strong interest in protecting its citizens from such machinations.

Therefore, both the State's and Plaintiff's interest in this forum is substantial, and the "interstate judicial system's interest" in enforcing the uniform federal law is furthered by finding proper jurisdiction over a TCPA cause of action where the call to the consumer was received. Defendant does not even argue that California has no interest in protecting its citizens from its unlawful conduct. This factor weighs in favor of jurisdiction.

**e.    The Most Efficient Judicial Resolution of the Controversy.**

The most efficient judicial resolution of this controversy would be for California courts to try this matter rather than having the parties go through the routine of re-filing in Delaware.

**f.    The Importance of the Forum to Plaintiff's Interest in Convenient and Effective Relief.**

For the same reasons that the forum has an interest in adjudicating the dispute, it has an interest in providing convenient and effective relief. For all of the above reasons, the exercise of personal jurisdiction would be fair and reasonable under the circumstances of this case.

**6.    Fewer Minimum Contacts Are Required When Reasonableness Dictates.**

Personal jurisdiction may be established with a lesser showing of minimum contacts if considerations of reasonableness dictate. *Ochoa v. J.B. Martin & Sons Farms, Inc.*, (9th Cir. 2002) 287 F.3d 1182, 1188, fn. 2.

Plaintiff has demonstrated that six of the seven factors courts consider in determining

17

1    "reasonableness" weigh in favor of California's exercise of jurisdiction.  *See Burger King Corp.*

2    *v. Rudzewicz*, 471 U.S. 462, 476-77 (1985).  So, although Defendants' purposeful aiming of their

3    unlawful telemarketing calls to a San Diego telephone number suffices for the exercise of

4    jurisdiction, even an attenuated showing of "purposeful availment" would suffice given the

5    reasonableness of California exercising jurisdiction.

6

7    **C.    IF PLAINTIFF HAS FAILED TO MAKE A SHOWING OF PERSONAL
          JURISDICTION, THE COURT MAY POSTPONE ITS RULING ON THE**

8    **INSTANT MOTION TO ALLOW HIM TO CONDUCT JURISDICTIONAL
          DISCOVERY.**

9

10    If Plaintiff's evidence does not suffice to convince the Court that the instant Motion

11    should be denied, Plaintiff requests permission to conduct limited discovery of jurisdictional

12    facts.  Where the motion to dismiss is made at the outset of the case, the court may continue the

13    hearing in order to permit such discovery.  *See Orchid Biosciences, Inc. v. St. Louis University*

14    (SD CA 2001) 198 F.R.D. 670, 672-673.

15

16

17    Plaintiff is entitled to this discovery by making a "*prima facie* showing of personal

18    jurisdiction." *Central States, Southeast & Southwest Areas Pension Fund v. Reimer Express*

19    *World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000).  In this case, if the Court is inclined to grant the

20    Motion to Dismiss, Plaintiff requests that the Court order a reasonable period of time for

21    jurisdictional discovery to be conducted.  Alternatively, Plaintiff requests leave to amend his

22

23    Complaint.

24    / / /

25    / / /

26

27                                                        18

28                                                        CASE NO. 07 CV 2132 DMS (AJB)

### III. CONCLUSION

Plaintiff has more than amply made out a *prima facie* case that Defendants were involved with the illegal telemarketing scheme. Plaintiff has offered uncontroverted evidence that he received an unlawful prerecorded telemarketing call promoting Harrah's Laughlin Casino, owned by moving defendant HARRAH'S LAUGHLIN, Inc. and an unlawful prerecorded telemarketing call promoting Harrah's Council Bluffs Casino, owned by moving defendant HBR REALTY COMPANY, Inc. Moreover, Plaintiff has provided uncontroverted evidence that he received an unlawful prerecorded telemarketing call promoting Harrah's Rincon Casino and that one or more Harrah's entities operates Harrah's Rincon Casino (which is obvious, given that the casino is named "*Harrah's* Rincon Casino"). Finally, Defendants have offered no evidence that they did not hire a third party telemarketer to engage in telemarketing in the State of California. Given that Plaintiff has as of yet been denied any right to discovery, his *prima facie* showing more than amply demonstrates facts sufficient to call Defendants into California to answer for their unlawful conduct.

Defendants cannot complain that they have been sued in California--they targeted their illegal telemarketing scheme at California, caused actionable harms to California residents, and are responsible for their own actions. Defendants' Motion to Dismiss must therefore be denied.

DATED: April 11, 2008

By: /s/ Chad Austin_____
    CHAD AUSTIN, Esq., Attorney for
    Plaintiff, JAMES M. KINDER
    Email: chadaustin@cox.net

19

1

## TABLE OF CONTENTS

2

**Page**

3      I.     INTRODUCTION..............................................................................1

4      II.    ARGUMENT...................................................................................2

5          A.    Plaintiff Was Not and is Not Subject to a Pre-Filing Order in San Diego
6              Superior Court if He is Represented by Counsel.......................................2

7          B.    Defendants' Repeated Tortious Activity Within the State of California
        Over the Course of More Than Three Years Subjects Them to the General
8              and Specific Jurisdiction of this Court....................................................3

9              1.    Authority on Jurisdiction...................................................3
10

11             2.    Plaintiff Need Only Allege a Valid Jurisdiction Theory and Make
            Out a *Prima Facie* Case Regarding Jurisdiction to Defeat
12                 Defendants' Motion......................................................4

13                 a.    The Court Does Not Review the Evidence to Determine
14                     the Validity of Plaintiff's Theory of Jurisdiction and
                Plaintiff's Theory, Based on Defendants' Unlawful
15                     Telemarketing to California Residents, is Valid.......................5

16                 b.    Defendants are Liable Based on Their Unlawful, Prerecorded
17                     Telemarketing to a California Resident...............................5

18                 c.    Plaintiff Need Only Make a *Prima Facie* Showing of Facts
                to Defeat the Motion to Dismiss to the Extent That it
19                     Contests Plaintiff's Alleged Facts....................................5

20             3.    Because Plaintiff's Claims Arise Out of Defendants' Unlawful
21                 Telemarketing Within the State of California, California Has
22                 Jurisdiction Over Defendants..............................................6

23                 a.    Defendants' Contacts Resulted From Their Own Actions That
                Created a "Substantial Connection" Between Defendants and
24                     California and Thereby Enabled California to Exercise
25                     Personal Jurisdiction Over Defendants...............................7

26                     i.    Acts Committed Outside California "Causing
                    Effect" Within California Suffice to Establish

27

28

CASE NO. 07 CV 2132 DMS (AJB)

"Purposeful Direction"...........................................7

ii.    Even A Single Tortious Act May Create Jurisdiction........8

iii.   Out-of-State Electronic Transmissions May Be a Basis
       for Jurisdiction.........................................9

iv.    Courts Will More Likely Find Minimum Contacts
       Based on Commercial Activity.............................10

b.    Defendants Need Not Have Even Directed Their Own
      Activities at California to Create Jurisdiction.........................10

i.    The Acts of Defendants' Third Party Telemarketer
      Suffice to Create Jurisdiction Even Without
      Defendants' Specific Direction..............................10

c.    Defendants are Subject to Jurisdiction in California Simply
      Because They Placed Their Unlawful Prerecorded
      Telemarketing Call in the Stream of Commerce....................11

d.    A Hotel's Out of State Advertisements Subject it to
      Specific Jurisdiction in the State in Which it Advertises,
      Even if the Injury is Suffered in the State Where the Hotel
      and Foreign Corporation Reside.......................................12

4.    This Litigation Arises From Defendants' Contacts..........................14

5.    Defendants Fail to Meet Their Burden of Showing That California's
      Exercise of Personal Jurisdiction Over Defendants Is Unreasonable.......14

a.    The Extent of Defendants' Purposeful Interjection.............14

b.    The Burden on Defendants in Defending in the Forum.............15

c.    The Extent of Conflict With the Sovereignty of the
      Defendants' State....................................................16

d.    The Forum State's Interest in Adjudicating the Dispute...........16

e.    The Most Efficient Judicial Resolution of the Controversy........ 17

f.    The Importance of the Forum to Plaintiff's Interest in
      Convenient and Effective Relief......................................17

21

6.    Fewer Minimum Contacts Are Required When
Reasonableness Dictates...................................…..……….. 17

C.    If Plaintiff has Failed to Make a Showing of Personal Jurisdiction, the Court
May Postpone its Ruling on the Instant Motion to Allow Him to Conduct
Jurisdictional Discovery.................................................…...……..18

III.    CONCLUSION.................................................................................…..19

CASE NO. 07 CV 2132 DMS (AJB)

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amoco Egypt Oil Co. v. Leonis Navigation Co.*
(9th Cir. 1993) 1 F.3d 848……………………………………………….……….14

*Bancroft & Masters, Inc.*
(9th Cir. 2000) 223 F.3d at 1086…………………………………………..….4

*Barone Brothers v. Interstate Display Fireworks*
(8th Cir. 1994) 25 F.3d 610……….…………………………………….....…..11

*Burger King Corp. v. Rudzewicz*
(1985) 471 U.S. 462, 105 S.Ct. 2174…………...……………..……..4, 7, 13, 15, 16, 18

*Calder v. Jones*
(1984) 465 U.S. 783, 104 S.Ct. 1482……………………….....…………………….…….7

*Cody v. Ward*
(D Ct 1997) 954 F.Supp. 43……………………………………………………….9

*CoolSavings.com, Inc. v. IQ Commerce Corp.*
(ND IL 1999) 53 F.Supp.2d 1000……………………………..……………………12

*Credit Lyonnais Securities (USA), Inc. v. Alcantara*
(2nd Cir. 1999) 183 F.3d 151……………………………………………………….5

*Data Discovery, Inc. v. Systems Technology Associates. Inc.*
(9th Cir. 1977) 557 F.2d 1285………………………………………….……….6

*EDIAS Software Int'l, L.L.C. v. BASIS Int'l Ltd.*
(D.Ariz.1996) 947 F.Supp. 413……………………………………………….9

*Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*
(9th Cir. 2002) 284 F.3d 1114……………………………………......………....3

*Hanson v. Denckla*
(1958) 357 U.S. 235…………………………………………………………..15

*Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.*
(9th Cir. 2003) 328 F.3d 1122……………………………………….……………..6

CASE NO. 07 CV 2132 DMS (AJB)

*Internet Doorway, Inc. v. Parks*
  (SD MS 2001) 138 F.Supp.2d 773………………………………………….……..8, 9

*Lake v. Lake*
  (9th Cir. 1987) 817 F.2d 1416……………………………………………………...4

*Mallon v. Walt Disney World Co.*
  (D.Conn. 1998) 42 F.Supp.2d 143……………………………………………..13

*McGee v. International Life Insurance Co.*
  (1957) 355 U.S. 220……………………………………………………...……..8, 15

*Mitrano v. Hawes*
  (4th Cir. 2004) 377 F.3d 402…………………………………………………....10

*Nowak v. Tak How Investments, Ltd.*
  (1st Cir. 1996) 94 F.3d 708……………………………………………………13

*O'Brien v. Okemo Mountain, Inc.*
  (D.Conn. 1998) 17 F.Supp.2d 98…………………………………………..……13

*Ochoa v. J.B. Martin & Sons Farms, Inc.*
  (9th Cir. 2002) 287 F.3d 1182…………………………………………………17

*Perkins v. Benguet Mining Co.*
  (1952) 342 U.S. 437……………………………………………………………...4

*Radigan v. Innisbrook Resort & Golf Club*
  (N.J.Sup.Ct.App.Div. 1977) 375 A.2d 1229……………………………………..14

*Reliance Nat'l Indem. Co. v. Pinnacle Cas. Assurance Corp.*
  (M.D. Ala. 2001) 160 F.Supp.2d 1327…………………………….............…………10

*Rooney v. Walt Disney World Co.*
  (D.Mass. 2003) 2003 WL 22937728…………………………………………….13

*Schlussel v. Schlussel*
  (1983) 141 Cal.App.3d 194………………………………………...…………..8

*Sigros v. Walt Disney World Co.*
  (D.Mass. 2001) 129 F.Supp.2d 56……………………………………………13

/ / /

24

*Snowney v. Harrah's Entertainment, Inc.*
    35 Cal.4th 1054, 112 P.3d 28, 29 Cal.Rptr.3d 33 (June 6, 2005)……….…..………12, 13, 14

*Tatro v. Manor Care, Inc.*
    (Mass. 1994) 625 N.E.2d 549……………………………………………………………14

*United States SEC v. Carrillo*
    (11th Cir. 1997) 115 F.3d 1540……………………………………………...…………12

*Verizon Online Services, Inc. v. Ralsky*
    (ED VA 2002) 203 F.Supp.2d 601.................................................................................9

*WNS, Inc. v. Farron*
    (5th Cir. 1989) 884 F.2d 200…………………………………………………………6

*World-Wide Volkswagen Corp. v. Woodson*
    (1980) 444 U.S. 286……………………………………………………………...………11

**Statutes**

47 U.S.C. §227(b)(1)(a)(iii)……………………………………………...………….5

Cal. Code Civ. Pro. §410.010……………………………………………….……………3

**Other Authority**

Release Number 95-310 of the Federal Communications Commission,
    CC Docket No. 92-90, 10 FCC Rcd 12391 (1995), pars. 34-35…………………….………5

Schwarzer, *et al. Cal. Prac. Guide: Federal Civil Procedure Before Trial*
    (The Rutter Group 2005), 3:208.90…………………………………………...……….8
Schwarzer, *et al.*, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial*
    (TRG 2005), 3:156-3:157…………………………………………………..………..11

137 Cong.Rec. S16, 205 (daily ed. Nov. 7, 1991)……………………………….…………15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CASE NO. 07 CV 2132 DMS (AJB)