Chad Austin, Esq. SBN 235457
4632 Berwick Drive
San Diego, CA 92117
Telephone: (619) 992-7100
Facsimile: (619) 295-1401

Attorney for Plaintiff, JAMES M. KINDER, an individual

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. KINDER,<br><br>    Plaintiff,<br><br>v.<br><br>HARRAH'S ENTERTAINMENT, Inc.; HARRAH'S OPERATING COMPANY, Inc.; HARRAH'S MARKETING SERVICES CORPORATION; HARRAH'S LICENSE COMPANY, LLC; HARRAH'S LAUGHLIN, Inc.; HBR REALTY COMPANY, Inc. and DOES 1 through 100, inclusive,<br><br>    Defendants. | Case No. 07 CV 2132 DMS (AJB)<br>[Consolidated with 07CV2226 DMS (AJB)]<br><br>Judge:    Hon. Dana M. Sabraw<br>Mag. Judge:  Hon. Anthony J. Battaglia<br><br>**DECLARATION OF CHAD AUSTIN IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>Date:     April 25, 2008<br>Time:    1:30 p.m.<br>Courtroom:  10 |

I, CHAD AUSTIN, declare as follows:

    1.    I am an attorney at law duly licensed and admitted to practice before all courts of the State of California, the United States District Court, Southern District of California and the Ninth Circuit Court of Appeals and have been attorney of record for Plaintiff in this matter since its inception. If called as a witness, I could and would competently testify to all facts within my

1

1  personal knowledge except where stated on information and belief.

2

3    2.    I am fully familiar with all of the facts and circumstances surrounding this
4  case. This declaration is submitted in support of Plaintiff's Opposition to Defendants' Motion to
5  Dismiss. The matters stated in this declaration are true, of my own personal knowledge.
6

7

8    3.    Plaintiff has in his possession and I have personally listened to the tape recordings
9  of each and every call (7 in total) made by Defendants to Plaintiff's number assigned to a paging
10  service 619-999-9999, a San Diego, California wireless telephone number.
11

12

13    4.    One (1) of the unlawful prerecorded telemarketing calls complained of in this
14  action, which was made on October 26, 2006 at 7:24 p.m., included what clearly appeared to be a
15  man's prerecorded voice. The prerecorded voice message promoted the Harrah's Las Vegas
16  Casino. A true and correct verbatim transcript of that prerecorded message is attached hereto as
17  Exhibit B.
18

19

20    5.    On January 17, 2008, I accessed the FASTweb website, which publishes real
21  estate ownership information relating to properties around the United States. After doing a
22  "Property Profile" of 3475 Las Vegas Boulevard South, Las Vegas, Nevada, I found the
23  document a true and correct copy of which is attached hereto as Exhibit C. That document
24  names the owner of the property at said address, which is the address for the Harrah's Las Vegas
25
26  Casino in Las Vegas, Nevada, as "Harrah's Club." Also attached hereto and incorporated herein
27                                                               2
28                                                               CASE NO. 07 CV 2132 DMS (AJB)

by reference is Exhibit D, a true and correct copy of the website for Harrah's Las Vegas Casino, which lists its address as 3475 Las Vegas Boulevard South, Las Vegas, Nevada.

6. On December 11, 2007, I accessed the website for the Nevada Secretary of State and ran a search for "Harrah's Club." That search found the document a true and correct copy of which is attached hereto as Exhibit E which states that Harrah's Club is no longer a valid entity in the State of Nevada and that it merged into Harrah's Operating Company, Inc. effective August 31, 1995.

7. On January 17, 2008, I accessed the Business Portal part of the California Secretary of State's website and ran a California Business Search for Harrah's Operating Company, Inc. and found the document a true and correct copy of which is attached hereto as Exhibit F. That document states that the "agent for service of process" for Harrah's Operating Company, Inc. is "CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC – LAWYERS INCORPORATING SERVICE." The address for that agent was listed as "PO BOX 526036 SACRAMENTO, CA 95852."

8. On January 17, 2008, I accessed the Business Portal part of the California Secretary of State's website and ran a California Business Search for Harrah's Marketing Services Corporation and found the document a true and correct copy of which is attached hereto as Exhibit G. That document states that the "agent for service of process" for Harrah's Marketing Services Corporation is "CORPORATION SERVICE COMPANY WHICH WILL

3

CASE NO. 07 CV 2132 DMS (AJB)

1  DO BUSINESS IN CALIFORNIA AS CSC – LAWYERS INCORPORATING SERVICE." The
2  address for that agent was listed as "PO BOX 526036 SACRAMENTO, CA 95852."

  9. One (1) of the unlawful prerecorded telemarketing calls complained of in this action, which was made on December 9, 2003 at 10:19 a.m., was what clearly appeared to be a prerecorded telemarketing call. The prerecorded message stated that it was made on behalf of "Harrah's Rincon Casino," located in Valley Center, San Diego County, California. My investigation has revealed that the Harrah's Rincon Casino is owned by the Rincon band of Mission Indians and operated by one or more of several Harrah's entities, including but not necessarily limited to defendant HARRAH'S ENTERTAINMENT, Inc. (a Delaware corporation), HARRAH'S OPERATING COMPANY, Inc. (a Delaware corporation), HARRAH'S MARKETING SERVICES CORPORATION (a Nevada corporation) and HARRAH'S LICENSE COMPANY, LLC (a Nevada limited liability company). However, discovery will ultimately be required in order to determine exactly which Harrah's entity operates the Harrah's Rincon Casino. A true and correct verbatim transcript of the December 9, 2003 at 10:19 a.m. call is attached hereto as Exhibit H.

  10. It is absolutely untrue that Plaintiff filed a "Declaration of James M. Kinder in Support of Filing By Vexatious Litigant in" in *James M. Kinder v. Sprint PCS Assets, LLC, et al.*, United States District Court, Southern District of California, Case No. 07CV2049 WQH JMA. No such declaration was filed in that case.

4

CASE NO. 07 CV 2132 DMS (AJB)

11. It is true that, in some previous TCPA matters, I filed Declarations by my client to support the initial complaint filed therewith. That is because the clerk's office at the San Diego Superior Court ("civil business office") erroneously required same before they would accept a new filing. After jumping through the unnecessary hoop several times, as in *James M. Kinder v. Allied Interstate*, San Diego Superior Court Case No. GIC 850543 (suing for violations of the Telephone Consumer Protection Act), which filing was approved by then Presiding Judge Janis Sammartino on February 26, 2007, the civil business office no longer required my client to submit a declaration to be approved by the Presiding Judge. At some point on a date I cannot recall, a clerk with the court stated that the court's in-house legal department had advised them that as long as my client filed through counsel, no approval from the Presiding Judge was necessary. Since then, no such approval has been required by the court in any new filing by Mr. Kinder while he was represented by counsel.

12. The fact that no court approval should have ever been required when my client filed through counsel was ratified by then Presiding Judge Sammartino on June 28, 2007. In *James M. Kinder v. Adecco, Inc.*, San Diego Superior Court Case No. GIC882000, Adecco filed a Notice of Vexatious Litigant, relying on <u>In re Shieh</u>, (1993) 17 Cal.App.4th 1154, affecting an automatic stay of that litigation. I timely filed an opposition and Judge Sammartino lifted the stay, holding that the pre-filing order did not apply because Mr. Kinder had filed that action through counsel and not *In Propria Persona*. A true and correct copy of Judge Sammartino's Order is attached hereto as Exhibit A.

1     I declare under penalty of perjury under the laws of the State of California and the laws of the United States that the foregoing is true and correct and that this declaration was executed by me on April 11, 2008 in San Diego, California.

DATED: April 11, 2008

                                                By: /s/ Chad Austin  
                                                    CHAD AUSTIN, Esq., Attorney for  
                                                    Plaintiff, JAMES M. KINDER  
                                                    Email: chadaustin@cox.net

CASE NO. 07 CV 2132 DMS (AJB)