1  Chad Austin, Esq. SBN 235457
   4632 Berwick Drive
2  San Diego, CA 92117
   Telephone: (619) 992-7100
3  Facsimile: (619) 295-1401

4  Attorney for Plaintiff, JAMES M. KINDER, an individual

5

6

7

8                   UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11 JAMES M. KINDER,                        )  Case No. 07 CV 2132 DMS (AJB)
                                           )  [Consolidated with 07CV2226 DMS (AJB)]
12              Plaintiff,                 )
                                           )  Judge:      Hon. Dana M. Sabraw
13                                         )  Mag. Judge: Hon. Anthony J. Battaglia
                                           )
14  v.                                     )
                                           )  **OBJECTIONS AND MOTIONS TO**
15 HARRAH'S ENTERTAINMENT, Inc.;           )  **STRIKE EVIDENCE SUBMITTED**
   HARRAH'S OPERATING COMPANY,             )  **BY DEFENDANTS IN SUPPORT OF**
16 Inc.; HARRAH'S MARKETING                )  **THEIR MOTION TO DISMISS**
   SERVICES CORPORATION; HARRAH'S          )
17 LICENSE COMPANY, LLC; HARRAH'S          )  Date:       April 25, 2008
   LAUGHLIN, Inc.; HBR REALTY              )  Time:       1:30 p.m.
18 COMPANY, Inc. and DOES 1 through 100,   )  Courtroom:  10
   inclusive,                              )
19                                         )
                Defendants.                )
20 _____)

21      TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD: Plaintiff

22 JAMES M. KINDER hereby submits the following objections and motions to strike evidence

23 submitted by Defendants in support of their Motion to Dismiss.

24 / / /

25

26 / / /

27                                          1
28                                                    CASE NO. 07 CV 2132 DMS (AJB)

### 1. Declaration Of Michael Kostrinsky, Paragraph 2:

Paragraph 2 of the Declaration of Michael Kostrinsky states:

> "*Specially Appearing* Defendant Harrah's Entertainment, Inc. is a Delaware corporation, headquartered in Las Vegas, Nevada. It does not have offices in California; does not own property in California; does not have employees in California; and, does not conduct business in California. *Specially Appearing* Defendant Harrah's Entertainment, Inc. does not make telemarketing or other telephone calls to individuals in California using an automatic telephone dialing system, artificial or prerecorded voice, **or otherwise**."

**Grounds For Objection:**

Each and every factual statement in this paragraph lacks foundation and therefore this paragraph should be stricken in its entirety. Although Mr. Kostrinsky claims in Paragraph 1 of his Declaration to be the "Chief Litigation Officer for Harrah's Operating Company, Inc.," he does not say how this fact alone gives him any *personal* knowledge of the inner-workings, property holdings, employment records, etc., of each and every entity Plaintiff has named as a Defendant. Moreover, he cites to no specific facts or documents whatsoever, such as corporate charter documents, Secretary of State filings, employment records, phone records, contracts with telemarketing firms, or any type of documentary evidence at all, from which he allegedly draws any of this knowledge. Therefore, this entire paragraph is without foundation and conclusory.

Moreover, Mr. Kostrinsky's statement that "Harrah's Entertainment, Inc. does not make telemarketing or other telephone calls to individuals in California using an automatic telephone

2

CASE NO. 07 CV 2132 DMS (AJB)

dialing system, artificial or prerecorded voice, **or otherwise**" [bold added] is a legal conclusion and should also be stricken. Finally, given that Mr. Kostrinsky says that no one from any of the Harrah's entities has ever so much as picked up a hand set and called a California telephone number, which is entirely ridiculous, his credibility is highly questionable. In addition to the fact that this statement is so obviously not true, it makes no practical sense. How could one person possibly know the day to day job duties of every person working for the sundry Harrah's entities, which employ thousands of people? Even if Mr. Kostrinsky does possess such omniscience, he has not told the court how he acquired any of this knowledge. All that Plaintiff and the court have to go by in evaluating the declaration is that Mr. Kostrinsky is a *lawyer for the Defendant*, whose job necessarily depends on getting Defendant out of legal jams, such as the instant action.

**2.      Declaration Of Michael Kostrinsky, Paragraph 3:**

Paragraph 2 of the Declaration of Michael Kostrinsky states:

> "Harrah's Operating Company, Inc. is a Delaware corporation and is not headquartered in California. It does not have offices in California; does not own property in California; does not have employees in California; and; does not conduct business in California; Harrah's Marketing Services Corporation is a foreign; is not headquartered in California; and does not own property in California; Harrah's License Company, LLC is a foreign company and is not headquartered in California; It does not have offices in California; does not own property in California; does not have employees in California; and, does not conduct business in California. Harrah's Laughlin, Inc. is a foreign corporation and is not headquartered in California. It does not have offices in California; does

not own property in California; does not have employees in California; and, does not conduct business in California. And, HBR Realty Company, Inc. is a foreign corporation and is not headquartered in California. It does not have offices in California; does not own property in California; does not have employees in California; and, does not conduct business in California."

**Grounds For Objection:**

Each and every factual statement in this paragraph lacks foundation and therefore this paragraph should be stricken in its entirety. Although Mr. Kostrinsky claims in Paragraph 1 of his Declaration to be the "Chief Litigation Officer for Harrah's Operating Company, Inc.," he does not say how this fact alone gives him any *personal* knowledge of the inner-workings, property holdings, employment records, etc., of each and every entity Plaintiff has named as a Defendant. Moreover, he cites to no specific facts or documents whatsoever, such as corporate charter documents, Secretary of State filings, employment records, phone records, contracts with telemarketing firms, or any type of documentary evidence at all, from which he allegedly draws any of this knowledge. Therefore, this entire paragraph is without foundation and conclusory.

As discussed above, given that Mr. Kostrinsky says in Paragraph 2 of his Declaration that no one from any of the Harrah's entities has ever so much as picked up a hand set and called a California telephone number, which is entirely ridiculous, his credibility is highly questionable. In addition to the fact that this statement is so obviously not true, it makes no practical sense. How could one person possibly know the day to day job duties of every person working for the sundry Harrah's entities, which employ thousands of people? Even if Mr. Kostrinsky does

possess such omniscience, he has not told the court how he acquired any of this knowledge. All that Plaintiff and the court have to go by in evaluating the declaration is that Mr. Kostrinsky is a *lawyer for the Defendant*, whose job necessarily depends on getting Defendant out of legal jams, such as the instant action.

Moreover, Harrah's Marketing Services Corporation and Harrah's Operating Company, Inc. have designated agents for service of process on file with the California Secretary of State. They have *consented to suit* in the State of California and are therefore subject to *general* jurisdiction here.

**3.    Exhibit 2:**

Defendant has attached as Exhibit 2 a list purportedly created by the Judicial Council of California and purportedly proving that Plaintiff is a vexatious litigant.

**Grounds for Objection:**

These documents should be stricken because they are hearsay, irrelevant, lacking in foundation and have not been authenticated. Furthermore, as the "facts" therein are not properly subject to judicial notice, nor has any request for judicial notice of these documents been made by Defendant, these documents are not good evidence and should be stricken. While the existence of a document in a court file may be judicially noticed, the truth of matters asserted in such documents is not subject to judicial notice. <u>Sosinsky v. Grant,</u> (1992) 6 Cal.App.4th 1548. "A court *cannot* take judicial notice of the truth of *hearsay* statements just because they are part of a court record or file." <u>Bach v. McNelis</u> (1989) 207 Cal.App.3d 852, 865 [Emphasis in

5

1  original.]. The court may take judicial notice of the existence of other court records and files, but
2  cannot accept findings of fact contained in those files as true. *See* The Rutter Group, Civil
3  Procedure Before Trial § 7:12-7:15.10.

### 4.  Exhibit 3:

Defendant has attached as Exhibit 3 a copy of a declaration allegedly submitted by Plaintiff in a Telephone Consumer Protection Act filing in San Diego Superior Court.

### Grounds for Objection:

This document should be stricken because it is hearsay, irrelevant, lacking in foundation and has not been authenticated. Furthermore, as the "facts" therein are not properly subject to judicial notice, nor has any request for judicial notice of these documents been made by Defendant, these documents are not good evidence and should be stricken. While the existence of a document in a court file may be judicially noticed, the truth of matters asserted in such documents is not subject to judicial notice. *Sosinsky v. Grant*, (1992) 6 Cal.App.4th 1548. "A court *cannot* take judicial notice of the truth of *hearsay* statements just because they are part of a court record or file." *Bach v. McNelis* (1989) 207 Cal.App.3d 852, 865 [Emphasis in original.]. The court may take judicial notice of the existence of other court records and files, but cannot accept findings of fact contained in those files as true. *See* The Rutter Group, Civil Procedure Before Trial § 7:12-7:15.10.

/ / /

/ / /

**5.     Exhibit 4:**

Defendant has attached as Exhibit 4 a document purportedly reflecting the San Diego Superior Court docket in *James M. Kinder v. Harrah's Entertainment, Inc.* 37-2007-00076114-CU-MC-CTL.

**Grounds for Objection:**

This document should be stricken because it is hearsay, irrelevant, lacking in foundation and has not been authenticated. Furthermore, as the "facts" therein are not properly subject to judicial notice, nor has any request for judicial notice of these documents been made by Defendant, these documents are not good evidence and should be stricken. While the existence of a document in a court file may be judicially noticed, the truth of matters asserted in such documents is not subject to judicial notice. *Sosinsky v. Grant,* (1992) 6 Cal.App.4th 1548. "A court *cannot* take judicial notice of the truth of *hearsay* statements just because they are part of a court record or file." *Bach v. McNelis* (1989) 207 Cal.App.3d 852, 865 [Emphasis in original.]. The court may take judicial notice of the existence of other court records and files, but cannot accept findings of fact contained in those files as true. *See* The Rutter Group, Civil Procedure Before Trial § 7:12-7:15.10.

DATED: April 11, 2008

By: /s/ Chad Austin
CHAD AUSTIN, Esq., Attorney for
Plaintiff, JAMES M. KINDER
Email: chadaustin@cox.net