Chad Austin, Esq. SBN 235457
4632 Berwick Drive
San Diego, CA 92117
Telephone: (619) 992-7100
Facsimile: (619) 295-1401

Attorney for Plaintiff, JAMES M. KINDER, an individual

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. KINDER,<br><br>Plaintiff,<br><br>v.<br><br>HARRAH'S ENTERTAINMENT, Inc. and DOES 1 through 100, inclusive,<br><br>Defendants. | Lead Case No. 07 CV 2132 DMS (AJB)<br>[Consolidated with 07CV2226 DMS (AJB)]<br><br>Judge:     Hon. Dana M. Sabraw<br>Magistrate:  Hon. Anthony J. Battaglia<br><br>**OBJECTIONS TO AND MOTIONS TO STRIKE EVIDENCE SUBMITTED BY DEFENDANT IN SUPPORT OF ITS MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT AND REQUIRE HIM TO POST A BOND**<br><br>Date:        April 25, 2008<br>Time:       1:30 p.m.<br>Courtroom:  10 |

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD: Plaintiff JAMES M. KINDER hereby submits the following objections to and motions to strike evidence submitted by Defendant in support of its Motion to Declare Plaintiff a Vexatious Litigant and to Require Him to Post a Bond.

/ / /

/ / /

1

CASE NO. 07 CV 2132 DMS (AJB)

**1.    Exhibits 1 and 2 [San Diego Superior Court website printouts]:**

Defendant has attached as Exhibits 1 and 2 printouts from the San Diego Superior Court website allegedly listing lawsuits filed therein by Plaintiff. These exhibits should be stricken in their entirety, for the same reasons.

**Grounds For Objection:**

These documents should be stricken because they are hearsay, irrelevant, lacking in foundation and have not been authenticated. Furthermore, as the "facts" therein are not properly subject to judicial notice, nor has any request for judicial notice of these documents been made by Defendant, these documents are not good evidence and should be stricken. While the existence of a document in a court file may be judicially noticed, the truth of matters asserted in such documents is not subject to judicial notice. Sosinsky v. Grant, (1992) 6 Cal.App.4th 1548. "A court *cannot* take judicial notice of the truth of *hearsay* statements just because they are part of a court record or file." Bach v. McNelis (1989) 207 Cal.App.3d 852, 865 [Emphasis in original.]. The court may take judicial notice of the existence of other court records and files, but cannot accept findings of fact contained in those files as true. See The Rutter Group, Civil Procedure Before Trial § 7:12-7:15.10.

**2.    Exhibits 3, 4, 6-14 [October 7, 2003 rulings by Judge John S. Einhorn]:**

The October 7, 2003 rulings by Judge John. S. Einhorn, which differ in text only by party name, should all be stricken for the same reasons.

**Grounds For Objection:**

These documents should be stricken because they are hearsay, irrelevant, lacking in foundation and have not been authenticated. Furthermore, as the "facts" therein are not properly subject to judicial notice, nor has any request for judicial notice of these documents been made by Defendant, these documents are not good evidence and should be stricken. While the existence of a document in a court file may be judicially noticed, the truth of matters asserted in such documents is not subject to judicial notice. *Sosinsky v. Grant,* (1992) 6 Cal.App.4th 1548. "A court *cannot* take judicial notice of the truth of *hearsay* statements just because they are part of a court record or file." *Bach v. McNelis* (1989) 207 Cal.App.3d 852, 865 [Emphasis in original.]. The court may take judicial notice of the existence of other court records and files, but cannot accept findings of fact contained in those files as true. *See* The Rutter Group, Civil Procedure Before Trial § 7:12-7:15.10.

**3. Exhibit 5:**

Defendant has attached as Exhibit 5 a completely illegible document purportedly noticing Plaintiff that it was necessary for him to obtain a pre-filing order prior to filing a TCPA suit.

**Grounds for Objection:**

In addition to the fact that there is apparently handwriting on this document that is entirely illegible, Defendant has not given Plaintiff any notice of the purported contents of this document. These documents should be stricken because they are hearsay, irrelevant, lacking in foundation and have not been authenticated. Furthermore, as the "facts" therein are not properly

1  subject to judicial notice, nor has any request for judicial notice of these documents been made
2  by Defendant, these documents are not good evidence and should be stricken. While the
3  existence of a document in a court file may be judicially noticed, the truth of matters asserted in
4  such documents is not subject to judicial notice. <u>Sosinsky v. Grant,</u> (1992) 6 Cal.App.4th 1548.
5
6  "A court *cannot* take judicial notice of the truth of *hearsay* statements just because they are part
7  of a court record or file." <u>Bach v. McNelis</u> (1989) 207 Cal.App.3d 852, 865 [Emphasis in
8  original.]. The court may take judicial notice of the existence of other court records and files, but
9  cannot accept findings of fact contained in those files as true. *See* <u>The Rutter Group, Civil
10 Procedure Before Trial § 7:12-7:15.10</u>.
11
12
13 **4.    Exhibit 16:**
14     Defendant has attached as Exhibit 16 a list purportedly created by the Judicial Council of
15 California and purportedly showing that Plaintiff is a vexatious litigant.
16
17
18     **Grounds for Objection:**
19     These documents should be stricken because they are hearsay, irrelevant, lacking in
20 foundation and have not been authenticated. Furthermore, as the "facts" therein are not properly
21 subject to judicial notice, nor has any request for judicial notice of these documents been made
22 by Defendant, these documents are not good evidence and should be stricken. While the
23 existence of a document in a court file may be judicially noticed, the truth of matters asserted in
24 such documents is not subject to judicial notice. <u>Sosinsky v. Grant,</u> (1992) 6 Cal.App.4th 1548.
25
26 "A court *cannot* take judicial notice of the truth of *hearsay* statements just because they are part
27
                                         4
28                                                              CASE NO. 07 CV 2132 DMS (AJB)

of a court record or file." <u>Bach v. McNelis</u> (1989) 207 Cal.App.3d 852, 865 [Emphasis in original.]. The court may take judicial notice of the existence of other court records and files, but cannot accept findings of fact contained in those files as true. *See* <u>The Rutter Group, Civil Procedure Before Trial § 7:12-7:15.10</u>.

**5.     Exhibit 28:**

Defendant has attached as Exhibit 28 "an article in San DiegoReader.com entitled 'City Lights' dated January 17, 2008.

**Grounds for Objection:**

This document should be stricken because it is hearsay, irrelevant, lacking in foundation and has not been authenticated.

DATED: April 11, 2008

                        By: /s/ Chad Austin
                            CHAD AUSTIN, Esq., Attorney for
                            Plaintiff, JAMES M. KINDER
                            Email: chadaustin@cox.net