1  MARIA C. ROBERTS, State Bar No. 137907
   mroberts@sheastokes.com
2  RONALD R. GIUSSO, State Bar No. 184483
   rgiusso@sheastokes.com
3  SHEA STOKES ROBERTS & WAGNER, ALC
   510 MARKET STREET, THIRD FLOOR
4  SAN DIEGO, CALIFORNIA 92101-7025
   TELEPHONE:    (619) 232-4261
5  FACSIMILE:     (619) 232-4840

6  Attorneys for HARRAH'S ENTERTAINMENT, INC. and *Specially Appearing* Defendants
   HARRAH'S OPERATING COMPANY, INC.; HARRAH'S MARKETING SERVICES
7  CORPORATION; HARRAH'S LAUGHLIN, INC.; HARRAH'S LICENSE COMPANY, LLC;
   and HBR REALTY COMPANY, INC.

8

9

10                   UNITED STATES DISTRICT COURT

11                 SOUTHERN DISTRICT OF CALIFORNIA

12

13 | JAMES M. KINDER,                          | CASE NO.        07-CV-2132-DMS (AJB)
   |                                           | [Consolidated with 07 CV 2226 DMS (POR)]
14 |             Plaintiff,                     |
   |                                           | Judge:       Hon. Dana M. Sabraw
15 | vs.                                        | Mag. Judge:  Hon. Anthony J. Battaglia
   |                                           |
16 | HARRAH'S ENTERTAINMENT, INC.;              | Action Date:   October 2, 2007
   | HARRAH'S OPERATING COMPANY, INC.;          |
17 | HARRAH'S MARKETING SERVICES                | REPLY OF HARRAH'S ENTERTAINMENT,
   | CORPORATION; HARRAH'S LICENSE              | INC. TO MOTION TO DECLARE
18 | COMPANY, LLC; HARRAH'S LAUGHLIN,           | PLAINTIFF A VEXATIOUS LITIGANT
   | INC.; HBR REALTY COMPANY, INC. and         | AND FOR AN ORDER REQUIRING
19 | DOES 1 through 100, inclusive,             | PLAINTIFF TO POST A BOND IN THE
   |                                           | AMOUNT OF $75,000
20 |             Defendants.                    |
   |                                           |
21 |                                           |
   |                                           |
22 |                                           | Date:        April 25, 2008
   |                                           | Time:        1:30 p.m.
23 |                                           | Courtroom:   10
24

25  / / /

26  / / /

27  / / /

28  / / /

4833-5955-5074.1

# I.

## **INTRODUCTION**

JAMES M. KINDER is a vexatious litigant by any definition.  This is true, regardless of whether KINDER was a vexatious litigant in the eyes of the State of California on October 2, 2007 when he filed this lawsuit against Harrah's Entertainment, Inc.  This is true, regardless of whether KINDER violated the Pre-Filing Order to which he was subject when he initiated this action.  This is true, regardless of whether any of the hundreds of other lawsuits filed by KINDER have any merit.  No matter how you look at it, JAMES M. KINDER is the textbook definition of a vexatious litigant under both state law and in the Ninth Circuit.

KINDER is a convicted felon, an attorney who was disbarred as a result of his crimes and, generally, a menace to society.  In just the past 5 years, KINDER has filed hundreds of lawsuits in which he alleged that he has been the victim of hyper-technical violations of the law (telemarketing calls to his pager), when he knowingly and intentionally sought and obtained a specific pager number that he knew would invite such calls.  This scheme was designed by KINDER as a mechanism for coercing settlements out of the defendants he sues.  There is nothing legitimate about KINDER's misuse of the judicial process.  KINDER does not try the cases he files, because when he does, he loses.  (*See*, Giusso Decl., ¶3; Exh. 28.)

After KINDER was investigated by the San Diego Police Department for engaging in unlawful conduct, KINDER began to make reports to the Police Department about one of its veteran police officers who was involved in the investigation.  KINDER's complaints were determined to be "unfounded" and he was later sued for making false complaints about the police officer.  At trial, the Court awarded the police officer more than $300,000 for KINDER's improper and defamatory complaints.  That decision was affirmed on appeal.  (*Loshonkohl v. Kinder*, 109 Cal.App.4th 510 (2003); RJN Exh. C.)  KINDER lost a second lawsuit filed against him by the same police officer in which she was awarded $900,000 as a result of KINDER's repeated harassment of her.  (Exh. 29.)

1    Because he has absolutely no defense to his long history of abusing the judicial process,

2  KINDER makes very generalized arguments in his opposition regarding the culpability of **other**

3  defendants.  This, of course, is entirely irrelevant to any potential liability of moving Defendant

4  Harrah's Entertainment, Inc.  The fact remains that KINDER did not submit one scintilla of

5  admissible evidence to demonstrate a probability of prevailing against Harrah's Entertainment, Inc.

6  in this action.  KINDER has not and cannot submit evidence to show that Harrah's Entertainment,

7  Inc., a holding company, ever engaged in any telemarketing activity.  KINDER did not present

8  such evidence, because he cannot.  Indeed, Harrah's Entertainment, Inc. does not telemarket, does

9  not have employees and has not engaged in any of the alleged telemarketing activity – it does not

10  conduct business in California.  (*See*, Kostrinsky Decl., ¶2.)

11

12    For purposes of this motion, the Court cannot simply accept KINDER's unsupported,

13  boilerplate allegations set forth in his complaint as true.  Rather, under the Ninth Circuit's test to

14  determine whether a plaintiff is a vexatious litigant, this Court must evaluate, among other things,

15  KINDER's litigation history, his credibility, and his motivation for bringing this particular lawsuit

16  against this moving Defendant.  In doing so, the Court cannot reach any conclusion other than that

17  KINDER squarely meets all five prongs of the Ninth Circuit's test for a vexatious litigant.

18  Furthermore, as has been shown, KINDER violated the long-standing Pre-Filing Order entered by

19  the courts of the State of California at the time he filed this action on October 2, 2007.  (Exh. 16.)

20  This fact must also be considered by the Court in evaluating whether KINDER is a vexatious

21  litigant and deciding whether to require him to post a bond of $75,000.

22

23    **II.**

24  **KINDER SATISFIES ALL FIVE FACTORS ENUMERATED**
    **BY THE NINTH CIRCUIT FOR VEXATIOUS LITIGANTS**

25

26    To avoid the real issues presented by this motion, KINDER devotes much of his opposition

27  to discussing prior rulings by the San Diego Superior Court and whether his name was properly

28  included on the Court's vexatious litigant lists in 2007 and 2008 – which are immaterial to the

instant motion. In doing so, KINDER completely ignores the <u>five factor test</u> adopted by the Ninth Circuit for deeming a party a vexatious litigant and the fact that he fits each prong of that test. (*Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1051 (9th Cir. 2007).) Again, the five factors considered by the Ninth Circuit are:

(1)    the litigant's history of litigation and in particular whether it entailed vexatious, harassing, or duplicative suits;

(2)    the litigant's motive in pursuing the litigation, for example, whether the litigant had a good faith expectation of prevailing;

(3)    whether the litigant is represented by counsel;

(4)    whether the litigant has caused unnecessary expense to the parties or placed a needless burden on the courts; and

(5)    whether other sanctions would be adequate to protect the courts and other parties. (*Molski*, 500 F.3d at 1051 (affirming District Court's application of five-factor test)[1]; *see also, Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986).)

## 1.    <u>History of Litigation</u>.

KINDER's "history of litigation" in the Southern District and in San Diego County is justifiably notorious. He is a career litigant who, as a disbarred attorney, has filed hundreds (if not thousands) of lawsuits. In that regard, KINDER is much like the plaintiff in *Molski*. (*Molski v. Mandarin Touch Restaurant*, 347 F.Supp.2d 860, 861 (C.D. Cal. 2004).) Many of KINDER's lawsuits are virtually identical to one another, seeking relief for alleged telemarketing calls made to his pager number (619) 999-9999. Thus, the "textual and factual similarity of the complaints filed by" KINDER confirm that he is filing hundreds of boilerplate complaints. (*See, Molski*, 347 F.Supp.2d at 864, *citing, In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1998).) As the moving party, Harrah's Entertainment, Inc. **is not required** to prove that the "legal and factual basis" for

_____

[1]    The Ninth Circuit recently, rejected Plaintiff's Petition for a Re-Hearing *En Banc*. (*Molski v. Evergreen Dynasty Corp.*, ___ F.3d ___, 2008 WL 919706 (Apr. 7, 2008).)

1  KINDER's complaint is totally frivolous.  Rather, courts have determined that even assuming a

2  complaint against a particular defendant is "credible," it is undermined when

3  reviewed in comparison to the plaintiff's other boilerplate lawsuits and litigious history.  (*Id.* at

4  865, *citing*, *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001).)

6  **2.**    **Motive.**

7      KINDER's **"motive"** in pursuing the instant litigation (while not addressed by KINDER) is

8  patently and eerily similar to the motive described by the Court in *Molski*:

9      The next factor to be considered is the litigant's motive in bringing the lawsuit.
   [...] Clearly, raising multiple claims, by itself, is not unethical or vexatious.
10      However, it is consistent with an overall pattern of behavior that demonstrates
   Molski's motivation is, ultimately, to extract a cash settlement.  [...] The threat of
11      significant money damages [footnote omitted] is a much more effective inducement
   to settle than merely requesting a court order to make 'readily achievable' repairs.
12      And that threat appears to be working.  Almost as startling as the sheer number of
   complaints Molski has filed, is the number of those claims that settle.  Of the
13      hundreds of cases Molski has filed in this district, not one has ever been litigated on
   the merits.  The overwhelming majority settle, with a significant minority
14      dismissed for violation of a court order, or failure to prosecute the claim.  This not
   only calls into question Molski's good faith expectation of prevailing on the merits
15      of his claim, but also suggests that he does not even have a reasonable expectation
   (or intention) of litigating the suit on the merits.  [FN 8]  Molski's *m.o.* is clear: sue,
16      settle, and move on to the next suit.

17  (*Molski*, 347 F.Supp.2d at 866.)  Without question, KINDER's professional life is devoted to the

18  filing of lawsuits based on his (619) 999-9999 pager number.  In a want-ad placed by KINDER

19  two years ago in which he was looking for a young attorney, KINDER defined his business model:

20      **Local business has immediate opening for recent admittee for civil litigation.  Must be
   aggressive.  Fax resume to 619-295-1401.**  (Exh. 30.)

21

22  The fax number in that ad, of course, belongs to JAMES M. KINDER and is the same fax number

23  used by his "recent admittee," Mr. Chad Austin, on the instant pleadings. (*Id.*; Giusso Decl., ¶4.)

24

25      Curiously, on the same date that Attorney Austin filed KINDER's opposition to the

26  vexatious litigant motion in this case, this "new admittee" filed a Notice of Change of Address in

27  which Mr. Austin changed his address from KINDER's place of business at Rainbow Rental Car,

28  Inc. on India Street, to Mr. Austin's home address.  Notwithstanding this recent "change" of

1    address, the telephone number Attorney Austin lists as his own is a telephone number registered to

2    JAMES M. KINDER and Austin's fax number is the same as the fax number listed by KINDER in

3    his business ad seeking an "aggressive recent admittee" to help him with civil litigation. (Exh.

4    30.)  There is only one reason KINDER would seek an "aggressive" young attorney (which Mr.

5    Austin was) – to assist KINDER in his scheme of filing lawsuits for improper reasons and without

6    valid motives.

7

8        A review of the numerous lawsuits filed by KINDER (as addressed in the moving papers),

9    reveals not a single case filed by KINDER was tried on the merits in San Diego County. (Giusso

10   Decl., ¶ 3.)  Even assuming for argument's sake that KINDER's filing of the complaint against

11   Defendant Harrah's Entertainment, Inc. was not frivolous (but, as discussed below, it is *per se*

12   frivolous as he has no evidence that this moving Defendant ever made any telephone calls to

13   Plaintiff), the filing of the instant lawsuit is sanctionable itself under the Court's inherent authority,

14   if it was filed for any improper purpose, such as to extort a settlement.  (*Molski*, 347 F.Supp.2d at

15   865, *citing*, *Vollmer v. Selden*, 350 F.3d 656, 660 (7th Cir. 2003).)

16

17       KINDER's improper purpose/motive in initiating this case against Harrah's Entertainment,

18   Inc. is nothing more than to "sue, settle, and move on to the next suit."  This is underscored by the

19   glaring absence of any piece of evidence whatsoever to show that Harrah's Entertainment, Inc. has

20   ever engaged in any form of telemarketing activities or any showing that it is liable for the claims

21   asserted against it.  KINDER did not submit evidence to prove his claims, because Harrah's

22   Entertainment, Inc. is a holding company which does not make telemarketing or other calls using

23   any form of a telephone dialing system, artificial, prerecorded voice or other. (*See*, Kostrinsky

24   Decl., ¶2.)[2]  Thus, the likelihood of KINDER prevailing in this case is nil.

25

26   _____

27   [2]    The Declaration of Mr. Kostrinsky was filed in support of the Rule 12 Motions to Dismiss which are also on
     calendar for April 25, 2008. (*See*, accompanying Request for Judicial Notice, Exh. A.)

28

1    This is true regardless of whether KINDER may or may not prevail against any other

2  defendant he has sued in the numerous consolidated proceedings. Federal law requires KINDER

3  to make a showing **in this case** of an expectation of actually prevailing on the merits of the claims

4  asserted against moving Defendant, Harrah's Entertainment, Inc. (*See*, *Molski*, 347 F.Supp.2d at

5  866.) In evaluating whether KINDER will prevail, it is not proper for the Court to consider the

6  merits of KINDER's claim against **any other party**. Rather, the Court must focus on the claims

7  asserted in this case against this Defendant and his purpose/motive in filing this case. (*See*, *id.* at

8  865-866.) KINDER's failure to produce any competent evidence to show a likelihood of

9  prevailing against Harrah's Entertainment, Inc. demonstrates that the only motive he could

10  possibly have pursuing Harrah's Entertainment, Inc. is to squeeze out a settlement. Such an

11  extortionary motive is improper as a matter of law. (*Molski*, *id.*, *citing*, *Vollmer*, *id.*)

12

13    It is also important for the Court to consider relative to KINDER's motive (the <u>second</u>

14  prong), and his commensurate expectation of prevailing on the merits, that KINDER's

15  "considerable history of making questionable claims" could lead the trier of fact to reasonably

16  refuse to give credit to his testimony. Exactly as in *Molski*, where a plaintiff lacks credibility, it

17  "further weakens the likelihood of [Plaintiff] prevailing on the merits of his claims." (*Molski*, 347

18  F.Supp.2d at 865, fn. 8.) Thus, KINDER, a former disbarred attorney and convicted felon, cannot

19  have a reasonable expectation of prevailing on the merits. Given his unlikelihood of prevailing,

20  KINDER's "sue, settle, and move on to the next suit" motive is all too obvious. (*See*, *Molski*, *id.*)

21  The fact that KINDER has also been found by the courts in California of filing unfounded

22  complaints about police officers and has engaged in a pattern of repeatedly harassing a police

23  officer, will also not bear well for KINDER in his claims. (Exh. 29; RJN, Exh. C.)

24

25    KINDER had the opportunity to present competent evidence of a proper motive and that

26  his allegations against Harrah's Entertainment, Inc. have merit. KINDER squandered his

27  opportunity and instead argued that Harrah's Entertainment, Inc. "could have purchased a

28  Telcordia number suppression program." (Oppo., p. 15:21-23.) Instead of presenting one piece of

1  competent evidence to this Court that Harrah's Entertainment, Inc. -- which is nothing more than a

2  holding company that neither conducts business, nor has employees -- ever engages in

3  telemarketing conduct, KINDER suggests sarcastically that Harrah's Entertainment, Inc. should

4  have purchased certain computer software. (*See*, Kostrinsky Decl., ¶2.) KINDER's arguments

5  regarding number-blocking software and wireless numbers have no materiality whatsoever to the

6  issues presently before this Court, and further evidence his improper motive.[3]

7

8  **3.      Representation by Counsel.**

9          With respect to the third prong of the Ninth Circuit test, KINDER is represented in his

10  lawsuit against Harrah's Entertainment, Inc. by Attorney Austin. KINDER's opposition discusses

11  Code of Civil Procedure §391, which is not the statute under which this motion was brought.

12  Nonetheless, KINDER argues that he cannot be deemed a vexatious litigant under CCP §391,

13  because he is allegedly represented by an attorney. (Oppo., p. 9:25-10:2.) To be sure, the

14  opposite is true under the analysis of the Ninth Circuit.[4] Under federal law, District Courts are

15  more protective of the rights of *pro se* litigants than of litigants who are represented by counsel.

16  (*Molski*, 347 F.Supp.2d at 866, *citing, Iwachiw v. N.Y. City Board of Elections*, 273 F.Supp.2d

17  224, 228 (E.D.N.Y. 2003).) Inasmuch as KINDER is represented by counsel in this action, the

18  third prong of the Ninth Circuit's test weighs completely against KINDER.

19

20  **4.      Burden and Expense to the Court and Parties.**

21          KINDER does not even contest the fact that the hundreds of civil actions he has filed in

22  San Diego County and the Southern District unquestionably satisfy the fourth prong of the Ninth

23  Circuit's vexatious litigant test. However, in an attempt to distinguish himself from the plaintiff in

24

25  [3]    Whether the famous telephone number is assigned to a pager number appears to be in doubt, as KINDER did not
submit a "Declaration." (Oppo., p. 6:10-12.) While it is known that KINDER was recently incarcerated, it is

26  improper for Plaintiff's counsel to cite to evidence that has not been submitted to this Court. (Giusso Decl., ¶5.)

27  [4]    This is, of course, in line with this Court's previous order in this regard that, "…filing subsequent lawsuits
through counsel does not exempt him from the requirements of the pre-filing order. *In re Shieh*, 17 Cal.App.4th at

28  1166." (Exh. 16 at p. 2, fn. 2.)

1  *Molski*, KINDER argues that most of his lawsuits were filed in Superior Court and, therefore, he

2  has not availed himself of the "federal court system." (Oppo., p. 13:18.) It is disingenuous for

3  KINDER to argue that, after filing a lawsuit against a foreign corporate entity (against whom

4  KINDER has not provided a shred of evidence), the burden on this Court should be discounted

5  because the case was originally filed in state court. Moreover, this issue utterly ignores the

6  expense to and burden upon Harrah's Entertainment. Inc. There is no "get out of jail free" card for

7  a vexatious litigant simply because the case was timely and properly removed to District Court,

8  and KINDER has cited to none.

9

10  **5.    Inadequacy of Other Sanctions.**

11         As in *Molski*, if a plaintiff meets all of the other criteria of the Ninth Circuit's vexatious

12  litigant test, other sanctions to protect the court and other parties - other than an order deeming

13  plaintiff a vexatious litigant - are inadequate. (*Molski*, 347 F.Supp.2d at 866-867.) "Thus, the

14  only effective way to put a reviewing judge on notice of Plaintiff's history is to require [Plaintiff]

15  to file a copy of this order with every new complaint that he seeks to file. This would allow the

16  reviewing judge to assess whether [Plaintiff] had raised a bona fide claim … or whether he was

17  merely bringing another vexatious claim in order to strong arm a business into settling." (*Molski*,

18  *id.*, citing, *In re Billy Roy Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988).) Moreover, given the

19  complete lack of any evidence linking Harrah's Entertainment, Inc. to any of KINDER's claims, it

20  is clear that no other relief other than (1) an order deeming KINDER a vexatious litigant and (2)

21  requiring the posting of a security in the amount of $75,000, would "be adequate to protect the

22  court and other parties" and to protect this moving Defendant. (*Molski*, 500 F.3d at 1051.)

23

24  **6.    KINDER'S Attempt to Distinguish *Molski* Is Unavailing.**

25         KINDER's attempt to distinguish *Molski* fails. His first argument is that, unlike the

26  Plaintiff in *Molski*, he has not made "false accusations," *i.e.*, he is credible. (Oppo., p. 11:16.) In

27  fact, KINDER has made false accusations in this case. As shown by moving Defendant, it did not

28  and cannot make telemarketing calls as KINDER has alleged in his complaint. (*See*, Kostrinsky

1   Decl., ¶2.)  This is underscored by the lack of any evidence submitted by KINDER to prove that

2   Harrah's Entertainment, Inc., engaged in the alleged conduct.  Moreover, KINDER has a long-

3   standing reputation for not being credible: he has filed hundreds of similar lawsuits; he is a

4   convicted felon; he was disbarred from the practice of law; he was found to have made countless

5   false complaints about police activity; and he was found to have engaged in repeated harassing

6   behavior against a police officer.  The potential for impeachment on these types of issues must be

7   considered by this Court.[5]  (*See*, *Molski* 347 F.Supp.2d at 865, fn. 8.)  It is not the job of Harrah's

8   Entertainment, Inc. to prove that KINDER is lying.  Rather, it is KINDER who has not come close

9   to meeting his burden of showing that his claims are meritorious and that he will likely prevail.

10

11      KINDER also argues that *Molski* is distinguishable, because this action was removed to

12  federal court whereas *Molski* was filed in federal court.  That is a distinction without meaning.

13  KINDER offers no law whatsoever to support this proposition, because none exists.  There is no

14  free-pass to vexatious litigants whose cases are lawfully removed to the District Court. The fact

15  remains that KINDER satisfies the Ninth Circuit's five prong test to be deemed a vexatious

16  litigant, and, therefore, an order should issue requiring him to post a bond of $75,000.

---

[5]  KINDER's counsel, in the Opposition, states "Defendant also offers no proof of any 'felony conviction.' So there is no ambiguity, JAMES M. KINDER was convicted of the felonies of Forgery (Penal Code §470) and Preparation of a False Writing (Penal Code §134) in connection with the following facts (which are a matter of public record):

"Kinder is an attorney.  In October 1983, he hired a new attorney, Steven Murtough, to review and bring up to date personal injury files. If Murtough had questions, Kinder would give him direction.  In the course of reviewing the Patricia Bradley wrongful death file, Murtough noted nothing had been done on the case for over two years. ... In response to Murtough's concern, Kinder told him not to worry about the Bradley matter, that he had gotten Pat Bradley more money than she had ever seen or deserved.  Murtough, out of curiosity [*sic*], asked how this occurred.  Kinder told him he married Pat to William after William was dead.  Murtough asked him how this was done, and Kinder responded he was a licensed, ordained minister and there was a procedure with a certain type of marriage where the recording of the marriage is delayed. [...] Kinder then used the certificate [of marriage] to obtain life insurance benefits for Patricia Bradley, as William's widow." (RJN, Exh. B, pp. 2-3.)

### III.

### KINDER FILED THIS ACTION IN VIOLATION OF A PRE-FILING ORDER

This Court noted in its prior Order on Harrah's Entertainment, Inc.'s Rule 12 motion:

> Defendant argues the instant case should be dismissed because Plaintiff failed to obtain leave of court to file the Complaint in compliance with the pre-filing order. However, Defendant offers no evidence, and Plaintiff has not admitted, that Plaintiff was subject to the pre-filing order on October 7, 2007 when he filed this lawsuit in state court. Defendant's uncontroverted evidence demonstrates only that Plaintiff was labeled a vexatious litigant as of September 28, 2007. (Exh. 26 at 2:2-6.)

Accordingly, Harrah's Entertainment, Inc. submitted, with the instant motion, a copy of the List of Vexatious Litigants from California's Administrative Office of the Courts, indicating those persons subject to a pre-filing order for October 2007 and through January 2008. JAMES M. KINDER's name is on the list in October 2007 and remained on the list after the first of the year. (Exh. 16.) Thus, at the time of filing this action, it cannot be disputed that KINDER was a vexatious litigant subject to a Pre-Filing Order in California. KINDER's complaint, therefore, was *per se* frivolous and failed to meet the requirements of the Pre-Filing Order to which he was subject. While such an undisputed fact is not controlling, it certainly supports this Court's exercise of its inherent power to levy sanctions in response to abusive litigation practices. (*See*, *Molski*, 347 F.Supp.2d at 863, *citing*, *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765-766 (1980).)

### IV.

### KINDER DOES NOT DISPUTE THE SUFFICIENCY OF THE AMOUNT OF THE REQUESTED BOND

KINDER has conceded that if the Court orders a bond to be posted, a reasonable amount to post as security is $75,000. Unless this Court orders that KINDER post a bond for the mounting costs that Harrah's Entertainment, Inc. is facing in this action, there will likely be no remedy and no way for Harrah's Entertainment, Inc. to recover such costs later. KINDER, and his attorney, have made several bold statements, albeit unsupported by evidence, that liability against Harrah's Entertainment, Inc. will be a piece of cake. If that is true, then KINDER should have no qualm or trouble in posting a bond since the money will be in secure hands.

1

SHEA STOKES ROBERTS & WAGNER, ALC

2

3  Dated:  April 18, 2008          By:  s/Maria C. Roberts

4                                       Maria C. Roberts
                                         Ronald R. Giusso
5                                        Attorneys for HARRAH'S ENTERTAINMENT,
                                         INC. and *Specially Appearing* Defendants

6                                                .

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28