MARIA C. ROBERTS, State Bar No. 137907
mroberts@sheastokes.com
RONALD R. GIUSSO, State Bar No. 184483
rgiusso@sheastokes.com
SHEA STOKES ROBERTS & WAGNER, ALC
510 MARKET STREET, THIRD FLOOR
SAN DIEGO, CALIFORNIA 92101-7025
TELEPHONE:   (619) 232-4261
FACSIMILE:   (619) 232-4840

Attorneys for HARRAH'S ENTERTAINMENT, INC. and *Specially Appearing* Defendants HARRAH'S OPERATING COMPANY, INC.; HARRAH'S MARKETING SERVICES CORPORATION; HARRAH'S LAUGHLIN, INC.; HARRAH'S LICENSE COMPANY, LLC; and HBR REALTY COMPANY, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. KINDER,<br><br>             Plaintiff,<br><br>vs.<br><br>HARRAH'S ENTERTAINMENT, INC.; HARRAH'S OPERATING COMPANY, INC.; HARRAH'S MARKETING SERVICES CORPORATION; HARRAH'S LICENSE COMPANY, LLC; HARRAH'S LAUGHLIN, INC.; HBR REALTY COMPANY, INC. and DOES 1 through 100, inclusive,<br><br>             Defendants. | CASE NO. 07-CV-2132-DMS (AJB)<br>[Consolidated with 07 CV 2226 DMS (POR)]<br><br>Judge:        Hon. Dana M. Sabraw<br>Mag. Judge: Hon. Anthony J. Battaglia<br><br>JOINT REPLY OF *SPECIALLY APPEARING* DEFENDANTS HARRAH'S OPERATING COMPANY, INC.; HARRAH'S MARKETING SERVICES CORPORATION; HARRAH'S LICENSE COMPANY, LLC; HARRAH'S LAUGHLIN, INC.; AND HBR REALTY COMPANY, INC.'S MOTIONS TO DISMISS PURSUANT TO F.R.CIV.P. RULE 12(b)(2), (6)<br><br>Date:          April 25, 2009<br>Time:         1:30 p.m.<br>Courtroom:  10 |

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

# I.

## INTRODUCTION

*Specially Appearing* Defendants filed two separate Motions to Dismiss under F.R.Civ.P. Rule 12, as KINDER served his First Amended Complaint on different defendants at different times. Inasmuch as KINDER's oppositions to the Motions to Dismiss are virtually identical, *Specially Appearing* Defendants submit this Joint Reply in support of their Motions to Dismiss pursuant to F.R.Civ.P. Rule 12(b)(2), (6) filed by Harrah's Operating Company, Inc., Harrah's Marketing Services Corporation, Harrah's License Company, LLC, Harrah's Laughlin, Inc., HBR Realty Company, Inc.

In what is essentially a regurgitation of the 26 subheadings and arguments KINDER previously filed in his opposition to Harrah's Entertainment, Inc.'s motion to dismiss, KINDER argues, *inter alia*, that this Court need only accept as true the allegations of the Complaint and, therefore, Plaintiff's burden on jurisdiction would be met. That is not a proper recitation of the law. In reality, the issues of whether KINDER has met his burden on the jurisdictional analysis must be decided on the basis of competent, admissible evidence. (*Data Disc, Inc. v. Systems Technology Associates*, 557 F.2 1280, 1289 (9th Cir. 1977); *see also*, *Jobe v. ATR Marketing, Inc.*, 87 F.3d 751, 753 (5th Cir. 1996); *In re Baan Co. Securities Litigation*, 245 F.Supp.2d 117, 125 (D.C. Cir. 2003).) KINDER is not entitled to some irrebuttable presumption regarding his conclusory allegations as to this Court's exercise of personal jurisdiction over *Specially Appearing* Defendants. Instead, this Court must consider whether the evidence offered by KINDER, which is solely contained in his attorney's hearsay declaration, supports the three-prongs of the specific jurisdiction test.[1] As set forth below, KINDER has failed to meet his burden, by a preponderance of the evidence that this Court may properly exercise personal jurisdiction over *Specially Appearing* Defendants.

---

[1] There is no argument by KINDER, and certainly no evidence, that any *Specially Appearing* Defendant would be subject to the Court's exercise of general personal jurisdiction.

## II.

## PLAINTIFF MUST PRESENT COMPETENT EVIDENCE TO MEET HIS BURDEN ON A RULE 12 MOTION TO DISMISS

Plaintiff mis-cites his burden to establish this Court's proper exercise of personal jurisdiction over *Specially Appearing* Defendants. KINDER argues that the Court need only make its jurisdictional determination based on an assumption that the facts alleged were true. (Oppo., p. 5:3-4.) However, where a Rule 12 motion challenges the facts alleged (*i.e.*, KINDER's conclusory allegations that a number of corporate entities with the word Harrah's in it actually made or caused to be made telephone calls to his pager), the motion must, in the Court's discretion, be decided on the basis of sworn declarations or other competent evidence. (*See, Data Disc, Inc.*, 557 F.2d at 1289; *see also, Jobe,* 87 F.3d at 753; *In re Baan Co. Securities Litigation*, 245 F.Supp.2d at 125.) "[Only] well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true." (*Wenz. v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).)

Moreover, if the plaintiff's *prima facie* showing is contested by the defendant, the plaintiff will have to prove the existence of minimum contacts by a <u>preponderance of the evidence</u>. (*Rano v. Sipa Press, Inc.*, 987 F.2d 580, 587, fn. 3 (9th Cir. 1993); *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507, fn. 3 (2d Cir. 1994).)

KINDER's opposition is replete with authority from prior pleadings, citing such far-flung District Court opinions from jurisdictions as Arizona, Alabama, Connecticut, Illinois, Mississippi and Virginia, which are neither controlling nor persuasive, especially inasmuch as those Courts were analyzing their own state's jurisdictional reach. Moreover, KINDER makes such bold statements as:

> For example, a single unlawful prerecorded telemarketing call to a forum state resident may support the exercise of specific jurisdiction over the nonresident telemarketer. See Schwarzer, et al. *Cal. Prac. Guide: Federal Civil Procedure Before Trial* (The Rutter Group 2005), 3:208.90 citing *Internet Doorway, Inc. v. Parks* (SD MS 2001) 138 F.Supp.2d 773, 774. (Oppo., p. 8:13-18.)

Neither The Rutter Group, nor the Mississippi District Court case cited by KINDER stand for the proposition that "a single telemarketing call" can be enough to establish specific jurisdiction. The Rutter Group section, as cited by Plaintiff, refers to not a single telephone case or any claim brought under the TCPA, but rather deals with "e-mail messages." (The Rutter Group, *id.*) Although the Southern District of Mississippi case cited by KINDER is obviously not controlling on this Court, what KINDER fails to mention is that there was no dispute in that case that the email message was actually made by the defendant challenging jurisdiction. (*Internet Doorway, Inc.*, 138 F.Supp.2d at 776-777.)[2] Here, of course, <u>all</u> of the *Specially Appearing* Defendants dispute that they made or caused to be made any telemarketing calls to KINDER's pager, and, they have submitted competent evidence in this regard. (*See*, Kostrinsky Decl., ¶¶2, 3.)

KINDER's other authority is inapposite. KINDER proclaims that: "It is therefore well settled in the State of California that a foreign corporation hotel advertising to California residents subjects itself to specific jurisdiction in the State of California, particularly if the advertising is unlawful. (Oppo., p. 14:5-8, referring to *Snowney v. Harrah's Entertainment, Inc.*, 35 Cal.4th 1054 (2005).) In *Snowney*, the defendant was subjected to the court's specific jurisdiction based on allegations that the defendant failed to provide notice of an energy surcharge during the room reservation process. (*Id.* at 1068.) In addressing the "relatedness requirement," the Court found that such claims were "substantially connected" with defendant's forum-related contacts, particularly the use of a website and telephone number used to secure room reservations, and further noted the injuries alleged related directly to the content of defendant's advertising in California. (*Id.* at 1069 (emphasis added).) Interestingly, the portion of the *Snowney* decision KINDER cites to includes the *Snowney* Court's very detailed and specific factual findings

---

[2] Moreover, the District Court in Internet Doorway held that the tort is complete when the email is opened by the recipient, not when it is transmitted. (*Internet Doorway, Inc.*, 138 F.Supp.2d at 774.) Here, KINDER has not submitted any evidence that he ever answered the telephone call, or heard the purported message himself. Only his attorney has submitted hearsay testimony in that regard.

regarding the Respondent's website, mailing practices, the use of a toll-free telephone number, etc. (*Id.* at 1065.) While such facts may have existed in the *Snowney* cased based on the evidence submitted in that matter, KINDER's <u>dearth</u> of evidence regarding any of the *Specially Appearing* Defendant's alleged contacts with the forum – other than his attorney's incompetent, hearsay declaration – makes the contrast all the more striking. Moreover, unlike *Snowney*, KINDER has not alleged as part of his boilerplate complaint a false advertising claim against any *Specially Appearing* Defendant.

In any event, as set forth below, KINDER has not offered a shred of competent evidence to show any of the named *Specially Appearing* Defendants engaged in any contacts with the forum state, much less sufficient minimum contacts for this Court to exercise personal jurisdiction over multiple foreign entities. Instead, Attorney Austin has done some internet research on such things as the name of the purported owners of casinos and attested to matters on information and belief. The law is not – do a Google search, add names to amended complaint, and conduct discovery later. KINDER, as the plaintiff in this action, has a burden to establish, by a preponderance of the evidence, this Court's proper exercise of personal jurisdiction over each *Specially Appearing* Defendant. KINDER has utterly failed in this burden and Attorney Austin's Declaration does not get him any closer to meeting it.

### III.

### NONE OF KINDER'S EVIDENCE SATISFIES HIS BURDEN TO SHOW, BY A PREPONDERANCE OF THE EVIDENCE, EACH ONE OF THESE DEFENDANT'S MINIMUM CONTACTS WITH THE FORUM

Specific personal jurisdiction cannot be found unless it is shown by competent evidence that the defendant has purposefully availed itself of the forum's benefits and the "controversy is related to or arises out of a defendant's contacts with the forum." (*Burger King v. Rudzewicz*, 471 U.S. 462, 472-473 (1985); *Helicoptores Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).) Once the plaintiff establishes those first two prongs of the specific jurisdiction test, then ///

1  the third prong analyzes whether the Court's exercise of personal jurisdiction over the defendant
2  would be reasonable. (*Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984).)

####   A.   Purposeful Availment.

KINDER's evidence to meet his burden of establishing the first prong of the specific jurisdiction test (*i.e.*, that the nonresident performed an act by which it purposefully availed itself of the privileges of conducting activities in the forum) is contained entirely in the Declaration of Chad Austin. Attorney Austin's Declaration describes 7 phone calls made to KINDER's pager.

> Plaintiff has in his possession and I have personally listened to the tape recordings of each and every call (7 in total) made by Defendants to Plaintiff's number assigned to a paging service 619-999-9999, a San Diego, California wireless telephone number.

(Austin Decl., ¶3.) Attorney Austin also attaches what purport to be "verbatim" transcripts of those calls, although he does not state his basis for swearing that the transcripts are accurate. Of course, Attorney Austin did not witness or receive any of the pager calls himself.

Attorney Austin swears that the telephone calls were made promoting various casinos, including "Harrah's Laughlin," "Harrah's Rincon Casino," Harrah's Council Bluffs [Iowa]," and "Harrah's Las Vegas." (Austin Decl., ¶¶4, 6, 7, 9.) Attorney Austin's statements are inadmissible hearsay and lack proper foundation. (F.R.E. 801, 802.) He thereafter performed internet searches involving these casinos and named various corporate entities based on the results of these internet searches as defendants in the First Amended Complaint in this action. (Austin Decl., ¶¶5, 6, 8, 9.) However, neither KINDER nor his "attorney" have set forth a single piece of non-hearsay evidence that shows that each named *Specially Appearing* Defendant performed a single act in California, had anything to do with these hearsay telephone calls, or, much less, purposefully availed itself of the privileges or benefits of conducting business in the State of California. Indeed, Attorney Austin declares much of this evidence "on information and belief" or, for example, that "Harrah's License Company, LLC is or may be a necessary party to this action." (Austin Decl., ¶9.)

In contrast, *Specially Appearing* Defendants have presented competent, sworn evidence that they do not have offices in California; do not own property in California; do not have employees in California; do not make telemarketing or other telephone calls to individuals in California; and, do not conduct business in California. (*See*, Kostrinsky Decl., ¶¶2, 3.) On the other hand, Mr. Austin's declaration does contain some interesting purported facts. For example, he would have this Court believe that a casino in Council Bluffs, Iowa is engaged in telemarketing to persons residing in the (619) area code in Southern California. Why on earth an Iowa casino would engage in such behavior is hard to imagine. In any event, it need not be imagined because Mr. Austin's declaration is not competent evidence of anything, much less of the content of these purported phone calls to a pager, or that they were ever made. (*See, generally*, Austin Decl., Exh. G.)[3]

KINDER's opposition goes on to make much ado that even if *Specially Appearing* Defendants do not conduct telemarketing calls themselves, and do not conduct business in California, they might have an "agent" that does so. (Oppo., p. 11:1-3.) Such unequivocal speculation by KINDER and "evidence" of internet searches by Attorney Austin do not meet KINDER's burden to establish by competent evidence that each *Specially Appearing* Defendant purposefully availed itself of any of the benefits of conducting business in California – especially in the face of the sworn evidence presented by *Specially Appearing* Defendants that they do not conduct business in California. (*See*, Kostrinsky Decl., ¶¶2, 3.)[4]

///

///

---

[3] Another example of KINDER's false and misleading "evidence" is with respect to the casino known as Harrah's Rincon Casino and Resort. The Rincon Casino and Resort is owned and operated by the Rincon San Luiseno Band of Mission Indians – not any Harrah's entity. This information is available to any member of the public who bothers to conduct a rudimentary search. (Giusso Decl., ¶ 3; Exh. 6.)

[4] There is not even a declaration by KINDER, who purportedly received the telephone calls dating as far back as 5 years ago, attesting to any of this evidence. One is left to wonder whether that is because KINDER himself has never listened to the calls, whether they were never received, or if KINDER is simply unavailable to sign a declaration.

B. **Relatedness.**

As to the second prong of the jurisdictional analysis, which it is his burden to establish, KINDER states merely that because "defendants" made telephone calls to KINDER, Plaintiff has met his burden. (Oppo., p. 14:14-16.) Once again, KINDER has provided no evidence to this Court, other than the hearsay contained in Attorney Austin's declaration, that any of the Specially Appearing Defendants ever made or caused to be made a single telephone call to KINDER's pager. On the other hand, *Specially Appearing* Defendants have shown this Court that they do not have offices in California; do not own property in California; do not have employees in California; do not make telemarketing or other telephone calls to individuals in California; and, do not conduct business in California. (*See*, Kostrinsky Decl., ¶¶2, 3.) "If only one side of the conflict was supported by affidavit, our task would be relatively easy, for we may not assume the truth of allegations in a pleading which are contradicted by affidavit." (*Data Disc*, 557 F.2d at 1284, *citing*, *Taylor v. Portland Paramount Corp.*, 383 F.2d 634, 639 (9th Cir. 1967).) KINDER, who has not even offered any evidence himself, has failed in his burden to establish the second prong of the jurisdictional test.[5]

C. **Reasonableness.**

Whether it is reasonable to exercise personal jurisdiction over *Specially Appearing* Defendants is only considered by the Court if, and only if, KINDER has met his burden to establish the first two prongs of the specific personal jurisdiction test (which he has not). (*See*, *Vons Companies Inc. v. Seabest Foods, Inc.*, 14 Cal.4th 434, 449 (1996).)

///

///

---

[5] And, KINDER does not meet his burden to establish the second prong of the jurisdictional analysis by simply arguing that he has not yet developed enough evidence and he should be allowed to take jurisdictional discovery of multiple foreign corporations. (Oppo., p. 18.) KINDER's argument that he is "entitled" to discovery fails as he has not shown that discovery would demonstrate facts sufficient to constitute a basis for jurisdiction. (*See*, *Orchid Biosciences, Inc. v. St. Louis University*, 198 F.R.D. 670, 673 (S.D. Cal. 2001), *citing*, *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 n. 24 (9th Cir. 1977); *Data Disc., Inc. v. Sys. Tech. Associates, Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977).)

As to the burden on the defendant in defending in the forum, KINDER cites 50-year old authority that hails advances in "modern transportation." (*See*, Oppo., p. 15:11-18.) KINDER also argues astonishingly that it would not be inconvenient for *Specially Appearing* Defendants to litigate this matter in California. (Oppo., p. 15:23-24.) Of course, to suggest that *Specially Appearing* Defendants, none of whom conduct business in California, would not be inconvenienced by a trial in this action in California is simply silly.

In addition, KINDER goes on to argue:

> Further, Plaintiff expects to prove that Defendants and the other Harrah's entities named as defendants made a lot of money from their illegal activities and that the cost of defending this lawsuit is a relatively small percentage of that profit. This factor weighs in favor of jurisdiction.

(Oppo., p. 16:8-10.) KINDER fails to cite to any authority that says a defendant's "money" would support the exercise of personal jurisdiction. Of course, KINDER's bootstrapping logic, that he may eventually prove liability for "illegal activities" does not support the third prong of the jurisdictional test. Moreover, the only telephone calls at issue are a purported 7 calls to KINDER, based on Attorney Austin's declaration. This is not a representative action, nor a class action, and there is certainly no basis for KINDER to conduct discovery as to any named defendant's finances or profit.

Subjecting *Specially Appearing* Defendants, all of whom are foreign entities with no offices, no employees and which do not conduct business in California, would place an enormous burden on Defendants. Such a ruling would fundamentally alter the personal jurisdiction analysis by allowing the location of a plaintiff to control where a defendant could be sued. Personal jurisdiction focuses on a defendant's contacts with a given forum, not simply where a plaintiff is located. (*Calder v. Jones*, 465 U.S. 783 (1984); *Helicoptores*, 466 U.S. at 46-417.) Where, as here, a defendant does not conduct business in the forum, and its employees do not engage in the acts alleged in the Complaint, whether in California or otherwise, a plaintiff's location in the forum

///

cannot reasonably form the basis for personal jurisdiction over that defendant. (*See, Burger King Corp.*, 471 U.S. at 475.) California has little interest in adjudicating this dispute given these facts.

KINDER has had his opportunity to allege facts or present evidence that would support his burden of showing this Court's proper exercise of personal jurisdiction over each of the *Specially Appearing* Defendants. Instead of presenting competent evidence to this Court, he has submitted only the hearsay declaration of his attorney, which falls far short of a plaintiff's burden to prove the first two prongs of the specific jurisdiction test. Attorney Austin has offered hearsay testimony regarding purported calls made to a pager as far back as 5 years ago. Astonishingly, no declaration and no evidence has been offered by KINDER himself. Without question, KINDER has failed to present admissible, competent evidence to support this Court's exercise of specific personal jurisdiction over each of the *Specially Appearing* Defendants.

## IV.

### KINDER VIOLATED THE PRE-FILING ORDER WHICH WAS IN EFFECT AGAINST HIM WHEN HE FILED THE INSTANT ACTION IN SUPERIOR COURT.

KINDER argues that: "The pre-filing order to which Defendants refer did not apply as Plaintiff commenced this action while represented by counsel." Not true. This Court has already ruled that even assuming KINDER was represented by Attorney Austin, the pre-filing order would be applicable. "Plaintiff also argues that any pre-filing order does not apply because Plaintiff commenced this action while represented by counsel. Plaintiff is incorrect. California Code of Civil Procedure §391, which sets forth the scheme for dealing with vexatious litigants, restricts the initial classification of vexatious litigants to persons acting *in propria persona*. However, once a person is declared a vexatious litigant, filing subsequent lawsuits through counsel does not exempt him from the requirements of the pre-filing order. *In re Shieh*, 17 Cal.App.4th at 1166." (Exh. 6 at p. 2, fn. 2.) KINDER argues further that *Specially Appearing* Defendants waived all rights with respect to KINDER's violation of the pre-filing order when the underlying action was removed to
///

1  District Court. KINDER cites to no law or authority to support this proposition, because none
2  exists.

4  In any event, it is undisputed that KINDER did not obtain permission from the Superior
5  Court prior to filing his Complaint. Evidence has been introduced which shows unequivocally
6  that KINDER was on the Vexatious Litigant List and subject to a pre-filing order when this
7  lawsuit was filed on October 2, 2007. (Exh. 2.) While it is true that such an undisputed fact is not
8  controlling on this Court, it evidences that KINDER's initial filing of the operative complaint
9  failed to comply with the requirements imposed upon him as a Vexatious Litigant. Such abusive
10 litigation tactics should not be countenanced by this Court.

## V.

## CONCLUSION

KINDER has failed to establish, by a preponderance of the evidence, that each of the *Specially Appearing* Defendants have purposefully availed themselves of the benefits of conducting activities in California, or that any of Plaintiff's claims arise out of such activity. The only evidence Plaintiff has submitted is that which is contained in his attorney's declaration which is incompetent, lacks foundation, and is hearsay. Accordingly, KINDER has not met his burden to establish this Court's proper exercise of specific personal jurisdiction over each of the *Specially Appearing* Defendants. For these and all of the foregoing reasons, KINDER's action against each of the *Specially Appearing* Defendants must be dismissed.

SHEA STOKES ROBERTS & WAGNER, ALC

Dated: April 18, 2008    By:   s/Maria C. Roberts
                               Maria C. Roberts
                               Ronald R. Giusso
                               Attorneys for HARRAH'S ENTERTAINMENT,
                               INC. and *Specially Appearing* Defendants