1  MARIA C. ROBERTS, State Bar No. 137907
   mroberts@sheastokes.com
2  RONALD R. GIUSSO, State Bar No. 184483
   rgiusso@sheastokes.com
3  SHEA STOKES ROBERTS & WAGNER, ALC
   510 MARKET STREET, THIRD FLOOR
4  SAN DIEGO, CALIFORNIA 92101-7025
   TELEPHONE:     (619) 232-4261
5  FACSIMILE:     (619) 232-4840

6  Attorneys for HARRAH'S ENTERTAINMENT, INC. and *Specially Appearing* Defendants
   HARRAH'S OPERATING COMPANY, INC.; HARRAH'S MARKETING SERVICES
7  CORPORATION; HARRAH'S LAUGHLIN, INC.; HARRAH'S LICENSE COMPANY, LLC;
   and HBR REALTY COMPANY, INC.

8

9                    UNITED STATES DISTRICT COURT

10                 SOUTHERN DISTRICT OF CALIFORNIA

11

12  JAMES M. KINDER,                      CASE NO. 07 CV 2226 DMS (POR)

13            Plaintiff,                  Judge:       Hon. Dana M. Sabraw
                                          Mag. Judge:  Hon. Louisa S. Porter
14  vs.
                                          *SPECIALLY APPEARING* DEFENDANTS'
15  HARRAH'S ENTERTAINMENT, INC.;         OBJECTIONS AND MOTION TO STRIKE
    HARRAH'S OPERATING COMPANY, INC.;     DECLARATION OF CHAD AUSTIN AND
16  HARRAH'S MARKETING SERVICES           ACCOMPANYING EXHIBITS FILED IN
    CORPORATION; HARRAH'S LICENSE         SUPPORT OF PLAINTIFF JAMES M.
17  COMPANY, LLC; HARRAH'S LAUGHLIN,      KINDER'S OPPOSITION TO MOTION TO
    INC.; HBR REALTY COMPANY, INC. and    DISMISS
18  DOES 1 through 100, inclusive,
                                          Date:        April 25, 2008
19            Defendants.                 Time:        1:30 p.m.
                                          Courtroom:   10
20

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

*Specially Appearing* Defendants Harrah's Operating Company, Inc.; Harrah's Marketing Services Corporation; Harrah's Laughlin, Inc.; Harrah's License Company, LLC; and HBR Realty Company, Inc. hereby jointly object and move to strike the following evidence presented by Plaintiff JAMES M. KINDER in support of his opposition to *Specially Appearing* Defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), (6) as follows:

### OBJECTION TO THE DECLARATION OF CHAD AUSTIN

1.    **Declaration of Chad Austin, Paragraph 3:** *Specially Appearing* Defendants object to Paragraph 3 of the Declaration of Chad Austin which states:

> "Plaintiff has in his possession and I have personally listened to the tape recordings of each and every call (7 in total) made by Defendants to Plaintiff's number assigned to a paging service 619-999-9999, a San Diego, California wireless telephone number."

**Grounds for Objection:** *Specially Appearing* Defendants object on the grounds that the information contained in paragraph 3 of the Declaration of Chad Austin is inadmissible hearsay and lacks proper foundation. Federal Rule of Evidence 801 provides that hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." (Fed.R.Evid. 801(c).) Federal Rule 801 further provides that a "statement" includes both "oral [and] written assertion[s]." (Fed.R.Evid. 801(a).)

Federal Rule of Evidence 802 provides that hearsay evidence is not admissible unless it falls under a statutorily enumerated exception to the hearsay exclusion. (Fed.R.Evid. 802.) The mere fact a statement was reproduced by electronic voice or video recording does not alter its status as hearsay. (*See, United States v. Lopez*, 584 F.2d 1175, 1179 (2d Cir. 1978) [taped telephone conversation constitutes hearsay]; *United States v. Dorrell*, 758 F.2d 427, 434 (9th Cir. 1985) [statements recorded on video tape constitute hearsay]; *see also, Duluth News-Tribune v. Mesabi Publ.*, 84 F.3d 1093, 1098 (8th Cir. 1996) ["the vague evidence of misdirected phone calls and mail is hearsay of a particularly unreliable nature given the lack of an opportunity for cross-examination of the caller or sender."].)

1    The Federal Rules of Evidence further provide that "[a] witness may not testify to a matter

2    unless evidence is introduced sufficient to support a finding that the witness has personal

3    knowledge of the matter." (Fed.R.Evid. 602.)  The personal knowledge requirement reflects the

4    common law's judicious demand for the most reliable sources of information.  (*See*, Fed.R.Evid.

5    602, Adv. Comm. Notes (1972); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026,

6    1028 (9th Cir. 2001) ["It is not enough for a witness to tell all [he] knows; [he] must know all [he]

7    tells."].)  The testimony of a lay witness must be based upon what he or she actually observed or

8    perceived through his or her own senses.  That is, the witness must have <u>first-hand</u> knowledge

9    acquired by <u>directly perceiving</u> the event that is the subject of his or her testimony.  (*See*,

10   Fed.R.Evid. 602, Adv. Comm. Notes (1972) [The rule requiring that a witness who testifies to a

11   fact which can be perceived by the senses must have had an opportunity to observe, and must have

12   <u>actually observed the fact</u> is a most pervasive manifestation of the common law insistence on the

13   most reliable sources of information."]; *SEC v. Singer*, 786 F.Supp. 1158, 1167 (S.D.N.Y. 1992).)

14   The statements made in the purported tape recordings are clearly statements made out of

15   court.  Through the declaration of Chad Austin, KINDER seeks to introduce these tape recorded

16   telephone calls as evidence that he was called by *Specially Appearing* Defendants.  This evidence

17   is clearly inadmissible hearsay as it constitutes statements made out of court to support the truth of

18   the propositions made in those statements—that is, that the telephone calls were made by who the

19   recordings say they were made.  As such, paragraph 3 of the Declaration of Chad Austin must be

20   stricken as inadmissible hearsay.

21   Not only are the statements from the tape recorded telephone calls hearsay, but Mr.

22   Austin's recounting of the statements also constitutes inadmissible hearsay.  Paragraph 3 of Mr.

23   Austin's declaration is clearly an out of court statement, not subject to cross examination by

24   *Specially Appearing* Defendants and contains statements offered to prove the truth of the matters

25   asserted therein.  As such, paragraph 3 of Mr. Austin's declaration constitutes inadmissible hearsay

26   and must be stricken.

27   / / /

28   / / /

1    Further, Mr. Austin lacks the requisite first-hand knowledge of the telephone calls

2  purportedly made, as he did not directly perceive the telephone call itself which is the subject of

3  his testimony.  Mr. Austin's testimony regarding the telephone call contained in paragraph 3 of his

4  declaration must therefore be stricken.

5

6  2.    **Declaration of Chad Austin, Paragraph 4:**  *Specially Appearing* Defendants object to

7  Paragraph 4 of the Declaration of Chad Austin which states:

8        "One (1) of the unlawful prerecorded telemarketing calls complained of in this

9        action, which was made on October 26, 2006 at 7:24 p.m., included what clearly

10       appeared to be a man's prerecorded voice.  The prerecorded voice message

11       promoted the Harrah's Las Vegas Casino.  A true and correct verbatim transcript of

12       that prerecorded message is attached hereto as Exhibit B."

13       **Grounds for Objection:**  *Specially Appearing* Defendants object on the grounds that the

14  information contained in paragraph 4 of the Declaration of Chad Austin and Exhibit B is

15  inadmissible hearsay and lacks proper foundation.  Federal Rule of Evidence 801 provides that

16  hearsay is "a statement, other than one made by the declarant while testifying at the trial or

17  hearing, offered in evidence to prove the truth of the matter asserted."  (Fed.R.Evid. 801(c).)

18  Federal Rule 801 further provides that a "statement" includes both "oral [and] written

19  assertion[s]."  (Fed.R.Evid. 801(a).)

20       Federal Rule of Evidence 802 provides that hearsay evidence is not admissible unless it

21  falls under a statutorily enumerated exception to the hearsay exclusion.  (Fed.R.Evid. 802.)  The

22  mere fact a statement was reproduced by electronic voice or video recording does not alter its

23  status as hearsay.  (*See, United States v. Lopez*, 584 F2d 1175, 1179 (2nd Cir. 1978) [taped

24  telephone conversation constitutes hearsay]; *United States v. Dorrell*, 758 F2d 427, 434 (9th Cir.

25  1985) [statements recorded on video tape constitute hearsay]; *see also, Duluth News-Tribune v.*

26  *Mesabi Publ.*, 84 F.3d 1093, 1098 (8th Cir. 1996) ["the vague evidence of misdirected phone calls

27  and mail is hearsay of a particularly unreliable nature given the lack of an opportunity for cross-

28  examination of the caller or sender."].)

1    The Federal Rules of Evidence further provide that "[a] witness may not testify to a matter
2  unless evidence is introduced sufficient to support a finding that the witness has personal
3  knowledge of the matter." (Fed.R.Evid. 602.)  The personal knowledge requirement reflects the
4  common law's judicious demand for the most reliable sources of information.  (*See*, Fed.R.Evid.
5  602, Adv. Comm. Notes (1972); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026,
6  1028 (9th Cir. 2001) ["It is not enough for a witness to tell all [he] knows; [he] must know all [he]
7  tells."].)   The testimony of a lay witness must be based upon what he or she actually observed or
8  perceived through his or her own senses.  That is, the witness must have <u>first-hand</u> knowledge
9  acquired by <u>directly perceiving</u> the event that is the subject of his or her testimony.  (*See*,
10  Fed.R.Evid. 602, Adv. Comm. Notes (1972) [The rule requiring that a witness who testifies to a
11  fact which can be perceived by the senses must have had an opportunity to observe, and must have
12  <u>actually observed the fact</u> is a most pervasive manifestation of the common law insistence on the
13  most reliable sources of information."]; *SEC v. Singer*, 786 F.Supp. 1158, 1167 (S.D.N.Y. 1992).)
14    The statement made in the prerecorded telephone call that the call was made on behalf of
15  "Harrah's Las Vegas" is clearly an out of court statement offered to prove the truth of the matter
16  asserted.  The statement is offered by KINDER through the Declaration of Chad Austin, to prove
17  that the call was in fact made by "Harrah's Las Vegas."  Therefore, paragraph 4 of the Declaration
18  of Chad Austin constitutes inadmissible hearsay and must be stricken.
19    Not only are the statements from the tape recorded telephone calls hearsay, but Mr.
20  Austin's recounting of the statements also constitutes inadmissible hearsay.  Paragraph 4 of Mr.
21  Austin's declaration is clearly an out of court statement, not subject to cross examination by
22  *Specially Appearing* Defendants and contains statements offered to prove the truth of the matters
23  asserted therein.  As such, paragraph 4 of Mr. Austin's declaration constitutes inadmissible hearsay
24  and must be stricken.
25    Further, Mr. Austin lacks the requisite first-hand knowledge of the telephone call
26  purportedly made as he did not directly perceive the telephone call itself which is the subject of his
27  testimony.  Mr. Austin's testimony regarding the telephone call contained in paragraph 4 of his
28  declaration therefore lacks the proper foundation of personal knowledge and must be stricken.

3.    **Declaration of Chad Austin, Paragraph 5:** *Specially Appearing* Defendants object to

Paragraph 5 of the Declaration of Chad Austin which states:

> "On January 17, 2008, I accessed the FASTweb website, which publishes real
>
> estate ownership information relating to properties around the United States.  After
>
> doing a "Property Profile' of 3475 Las Vegas Boulevard South, Las Vegas, Nevada,
>
> I found the document, a true and correct copy which is attached hereto as Exhibit
>
> C.  That document names the owner of the property at said address, which is the
>
> address for the Harrah's Las Vegas Casino in Las Vegas, Nevada, as "Harrah's
>
> Club."  Also attached hereto and incorporated herein by referenced is Exhibit D, a
>
> true and correct copy of the website for Harrah's Las Vegas Casino, which lists its
>
> address as 3475 Las Vegas Boulevard South, Las Vegas, Nevada."

**Grounds for Objection:** *Specially Appearing* Defendants object on the grounds that the

information contained in paragraph 5 of the Declaration of Chad Austin and Exhibit D is

inadmissible hearsay and lacks proper foundation.  Federal Rule of Evidence 801 provides that

hearsay is "a statement, other than one made by the declarant while testifying at the trial or

hearing, offered in evidence to prove the truth of the matter asserted."  (Fed.R.Evid. 801(c).)

Federal Rule 801 further provides that a "statement" includes both "oral [and] written

assertion[s]."  (Fed.R.Evid. 801(a).)

Federal Rule of Evidence 802 provides that hearsay evidence is not admissible unless it

falls under a statutorily enumerated exception to the hearsay exclusion.  (Fed.R.Evid. 802.)  The

Federal Rules of Evidence further provide that "[a] witness may not testify to a matter unless

evidence is introduced sufficient to support a finding that the witness has personal knowledge of

the matter."  (Fed.R.Evid. 602.)  The personal knowledge requirement reflects the common law's

judicious demand for the most reliable sources of information.  (*See,* Fed.R.Evid. 602, Adv.

Comm. Notes (1972); *Carmen v. San Francisco Unified School Dist.,* 237 F.3d 1026, 1028 (9th

Cir. 2001) ["It is not enough for a witness to tell all [he] knows; [he] must know all [he] tells."].)

The FASTweb printout is clearly an out-of-court statement offered to purportedly show the owner

of a piece of real property in Las Vegas.  There is no evidence that the property is the correct

1 | address for the casino known as "Harrah's Las Vegas." Normally, when one wants to show

2 | property ownership, one attaches publicly available documents from a governmental agency.

3 | KINDER's out-of-court statements prove nothings. What is more, the declaration of Attorney

4 | Austin refers to some entity called "Harrah's Club" which is not even a party to this lawsuit.

5 | Because it is hearsay, lacks foundation, and does not even relate to an entity at issue in this

6 | litigation, the entirety of paragraph 5 and its accompanying Exhibit D should be stricken.

7 |

8 | 4.      **Declaration of Chad Austin, Paragraph 6**: *Specially Appearing* Defendants object to

9 | Paragraph 6 of the Declaration of Chad Austin which states:

10 | "On December 11, 2007, I accessed the website for the Nevada Secretary of State

11 | and ran a search for "Harrah's Club." That search found the document, a true and

12 | correct copy of which is attached hereto as Exhibit E, which states that Harrah's

13 | Club is no longer a valid entity in the State of Nevada and that it merged into

14 | Harrah's Operating Company, Inc. effective August 31, 1995."

15 | **Grounds for Objection**: *Specially Appearing* Defendants object on the grounds that the

16 | information contained in paragraph 6 of the Declaration of Chad Austin and Exhibit E is

17 | inadmissible hearsay and lacks proper foundation. Federal Rule of Evidence 801 provides that

18 | hearsay is "a statement, other than one made by the declarant while testifying at the trial or

19 | hearing, offered in evidence to prove the truth of the matter asserted." (Fed.R.Evid. 801(c).)

20 | Federal Rule 801 further provides that a "statement" includes both "oral [and] written

21 | assertion[s]." (Fed.R.Evid. 801(a).)

22 | Federal Rule of Evidence 802 provides that hearsay evidence is not admissible unless it

23 | falls under a statutorily enumerated exception to the hearsay exclusion. (Fed.R.Evid. 802.) The

24 | Federal Rules of Evidence further provide that "[a] witness may not testify to a matter unless

25 | evidence is introduced sufficient to support a finding that the witness has personal knowledge of

26 | the matter." (Fed.R.Evid. 602.) The personal knowledge requirement reflects the common law's

27 | judicious demand for the most reliable sources of information. (*See*, Fed.R.Evid. 602, Adv.

28 | Comm. Notes (1972); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1028 (9th

1    Cir. 2001) ["It is not enough for a witness to tell all [he] knows; [he] must know all [he] tells."].)

2    What is more, the declaration of Attorney Austin refers to some entity called "Harrah's Club"

3    which is not even a party to this lawsuit.  Because it is hearsay, lacks foundation, and does not

4    even relate to an entity at issue in this litigation, the entirety of paragraph 6 and its accompanying

5    Exhibit E should be stricken.

6

7    5.        **Declaration of Chad Austin, Paragraph 9:**  *Specially Appearing* Defendants object to

8    Paragraph 9 of the Declaration of Chad Austin which states:

9                "One (1) of the unlawful prerecorded telemarketing calls complained of in this

10               action, which was made on December 9, 2003 at 10:19 a.m., was what clearly

11               appeared to be a prerecorded telemarketing call.  The prerecorded message stated

12               that it was made on behalf of "Harrah's Rincon Casino," located in Valley Center,

13               San Diego, County, California. My investigation has revealed that the Harrah's

14               Rincon Casino is owned by the Rincon Band of Mission Indians and operated by

15               one or more of several Harrah's entities, including but not necessarily limited to

16               defendant HARRAH'S ENTERTAINMENT, Inc. (a Delaware corporation),

17               HARRAH'S OPERATING COMPANY, Inc. (a Delaware corporation),

18               HARRAH'S MARKETING SERVICES CORPORATION (a Nevada corporation)

19               and HARRAH'S LICENSE COMPANY, LLC (a Nevada limited liability

20               company).  However, discovery will ultimately be required in order to determine

21               exactly which Harrah's entity operates the Harrah's Rincon Casino.  A true and

22               correct verbatim transcript of the December 9, 2003 at 10:00 a.m. call is attached

23               hereto as Exhibit H.

24           **Grounds for Objection:**  *Specially Appearing* Defendants object on the grounds that the

25    information contained in paragraph 9 of the Declaration of Chad Austin and Exhibit H is

26    inadmissible hearsay and lacks proper foundation.  Federal Rule of Evidence 801 provides that

27    hearsay is "a statement, other than one made by the declarant while testifying at the trial or

28    hearing, offered in evidence to prove the truth of the matter asserted." (Fed.R.Evid. 801(c).)

1    Federal Rule 801 further provides that a "statement" includes both "oral [and] written

2    assertion[s]." (Fed.R.Evid. 801(a).)

3         Federal Rule of Evidence 802 provides that hearsay evidence is not admissible unless it

4    falls under a statutorily enumerated exception to the hearsay exclusion. (Fed.R.Evid. 802.) The

5    mere fact a statement was reproduced by electronic voice or video recording does not alter its

6    status as hearsay. (*See, United States v. Lopez*, 584 F2d 1175, 1179 (2nd Cir. 1978) [taped

7    telephone conversation constitutes hearsay]; *United States v. Dorrell*, 758 F2d 427, 434 (9th Cir.

8    1985) [statements recorded on video tape constitute hearsay]; *see also, Duluth News-Tribune v.*

9    *Mesabi Publ.*, 84 F.3d 1093, 1098 (8th Cir. 1996) ["the vague evidence of misdirected phone calls

10   and mail is hearsay of a particularly unreliable nature given the lack of an opportunity for cross-

11   examination of the caller or sender."].)

12        The Federal Rules of Evidence further provide that "[a] witness may not testify to a matter

13   unless evidence is introduced sufficient to support a finding that the witness has personal

14   knowledge of the matter." (Fed.R.Evid. 602.) The personal knowledge requirement reflects the

15   common law's judicious demand for the most reliable sources of information. (*See*, Fed.R.Evid.

16   602, Adv. Comm. Notes (1972); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026,

17   1028 (9th Cir. 2001) ["It is not enough for a witness to tell all [he] knows; [he] must know all [he]

18   tells."].) The testimony of a lay witness must be based upon what he or she actually observed or

19   perceived through his or her own senses. That is, the witness must have <u>first-hand</u> knowledge

20   acquired by <u>directly perceiving</u> the event that is the subject of his or her testimony. (*See*,

21   Fed.R.Evid. 602, Adv. Comm. Notes (1972) [The rule requiring that a witness who testifies to a

22   fact which can be perceived by the senses must have had an opportunity to observe, and must have

23   <u>actually observed the fact</u> is a most pervasive manifestation of the common law insistence on the

24   most reliable sources of information."]; *SEC v. Singer*, 786 F.Supp. 1158, 1167 (S.D.N.Y. 1992).)

25        The statement made in the prerecorded telephone call that the call was made on behalf of

26   "Harrah's Rincon Casino" is clearly an out of court statement offered to prove the truth of the

27   matter asserted. The statement is offered by KINDER through the Declaration of Chad Austin, to

28   / / /

1    prove that the call was in fact made by "Harrah's Rincon Casino." Therefore, paragraph 4 of the

2    Declaration of Chad Austin constitutes inadmissible hearsay and must be stricken.

3         Not only are the statements from the tape recorded telephone calls hearsay, but Mr.

4    Austin's recounting of the statements also constitutes inadmissible hearsay. Paragraph 4 of Mr.

5    Austin's declaration is clearly an out of court statement, not subject to cross examination by

6    *Specially Appearing* Defendants and contains statements offered to prove the truth of the matters

7    asserted therein. As such, paragraph 4 of Mr. Austin's declaration constitutes inadmissible hearsay

8    and must be stricken.

9         Further, Mr. Austin lacks the requisite first-hand knowledge of the telephone call

10    purportedly made as he did not directly perceive the telephone call itself which is the subject of his

11    testimony. Mr. Austin's testimony regarding the telephone call contained in paragraph 4 of his

12    declaration therefore lacks the proper foundation of personal knowledge and must be stricken.

13

14    6.      **Declaration of Chad Austin, Paragraph 10:** *Specially Appearing* Defendants object to

15    Paragraph 10 of the Declaration of Chad Austin which states:

16          "It is absolutely untrue that Plaintiff filed a "Declaration of James M. Kinder in

17          Support of Filing By Vexatious Litigant in" in *James M. Kinder v. Sprint PCS*

18          *Assets, LLC, et al.,* United States District Court, Southern District of California,

19          Case No. 07CV2049 WQH JMA. No such declaration was filed in that case.

20        **Grounds for Objection:** *Specially Appearing* Defendant's Notice of Lodgment of

21    Exhibits filed in support of the motion to dismiss includes the following exhibit:

22          Exhibit 3: A true and correct copy of the Declaration of James M. Kinder in

23          Support of Filing by Vexatious Litigant, dated May 9, 2007, filed in *Kinder v.*

24          *Equidata, Inc.,* San Diego County Superior Court Case No. 37-2007-00066491-

25          CU-MC-CTL.

26        While Mr. Austin may be correct that no such declaration was filed in the case of *Kinder v.*

27    *Sprint PCS Assets, LLC, Specially Appearing* Defendants attached a declaration of KINDER from

28    / / /

1 | the case of *Kinder v. Equidata, Inc.*, a true and correct copy of which was attached to the Notice of

2 | Lodgment filed in support of the motion to dismiss as Exhibit 3.

3 |

4 | 7. **Declaration of Chad Austin, Paragraph 11:** *Specially Appearing* Defendants object to

5 | Paragraph 11 of the Declaration of Chad Austin which states:

6 |      "It is true that, in some previous TCPA matters, I filed Declarations by my client to

7 |      support the initial complaint filed herewith.  That is because the clerks' office at the

8 |      San Diego Superior Court ("civil business office") erroneously required same

9 |      before they would accept a new filing.  After jumping through the unnecessary

10 |      hoop several times, as in *James M. Kinder v. Allied Interstate,* San Diego Superior

11 |      Court Case No. GIC 850543 (suing for violations of the Telephone Consumer

12 |      Protection Act), which filing was approved by then Presiding Judge Janis

13 |      Sammartino on February 26, 2007, the civil business no longer required my client

14 |      to submit a declaration to be approved by the Presiding Judge.  At some point on a

15 |      date I cannot recall, a clerk with the court stated that the court's in-house legal

16 |      department had advised them that as long as my client filed through counsel, no

17 |      approval from the Presiding Judge was necessary.  Since then, no such approval has

18 |      been required by the court in any new filing by Mr. Kinder while he was

19 |      represented by counsel.

20 |     **Grounds for Objection:**  Federal Rule of Evidence 402 states that only relevant evidence

21 | is admissible. (Fed.R.Evid. 402.)  The statements made by Mr. Austin in paragraph 11 of his

22 | declaration are wholly irrelevant to the present action.  Whether he filed declarations in support of

23 | KINDER in previous actions has no bearing whatsoever on any issue in the present case.

24 | Accordingly, paragraph 11 of the Declaration of Chad Austin must be stricken.

25 | / / /

26 | / / /

27 | / / /

28 | / / /

8.    **Declaration of Chad Austin, Paragraph 12:**  *Specially Appearing* Defendants object to

Paragraph 12 of the Declaration of Chad Austin which states:

> "The fact that no court approval should have ever been required when my client
> filed through counsel was ratified by then Presiding Judge Sammartino on June 28,
> 2007. In *James M. Kinder v. Adecco, Inc.*, San Diego Superior Court Case No.
> GIC882000, Adecco filed a Notice of Vexatious Litigant, relying on In re Shieh,
> (1993) 17 Cal.App.4th 1154, affecting an automatic stay of that litigation.  I timely
> filed an opposition and Judge Sammartino lifted the stay, holding that the pre-filing
> order did not apply because Mr. Kinder had filed that action through counsel and
> not *In Propria Persoan.*  A true and correct copy of Judge Sammartino's Order is
> attached hereto as Exhibit A."

**Grounds for Objection:**  Federal Rule of Evidence 402 states that only relevant evidence

is admissible.  (Fed.R.Evid. 402.)  The statements made by Mr. Austin in paragraph 12 of his

declaration are wholly irrelevant to the present action.  Issues litigated by KINDER in prior cases

have no bearing on any issue in the present case.  Accordingly, paragraph 12 of the Declaration of

Chad Austin must be stricken.


**OBJECTIONS TO EVIDENCE SUBMITTED BY JAMES M. KINDER IN SUPPORT OF**

**HIS OPPOSITION TO *SPECIALLY APPEARING* DEFENDANTS' MOTION TO DISMISS**

9.    **Exhibit B:**  *Specially Appearing* Defendants object to the introduction into evidence of

Exhibit B, filed in support of James M. Kinder's opposition to *Specially Appearing* Defendants'

motion to dismiss which is "A true and correct verbatim transcript of that prerecorded message."

**Grounds for Objection:**  *Specially Appearing* Defendants object on the grounds that

Exhibit B constitutes inadmissible hearsay.  Federal Rule of Evidence 801 provides that hearsay is

"a statement, other than one made by the declarant while testifying at the trial or hearing, offered

in evidence to prove the truth of the matter asserted."  (Fed.R.Evid. 801(c).)  Federal Rule 801

further provides that a "statement" includes both "oral [and] written assertion[s]."  (Fed.R.Evid.

801(a).)  The mere fact a statement was reproduced by electronic voice or video recording does

1  not alter its status as hearsay. (*See*, *United States v. Lopez*, 584 F2d 1175, 1179 (2nd Cir. 1978)

2  [taped telephone conversation constitutes hearsay]; *United States v. Dorrell*, 758 F2d 427, 434

3  (9th Cir. 1985) [statements recorded on video tape constitute hearsay]; *see also*, *Duluth News-*

4  *Tribune v. Mesabi Publ.*, 84 F.3d 1093, 1098 (8th Cir. 1996) ["the vague evidence of misdirected

5  phone calls and mail is hearsay of a particularly unreliable nature given the lack of an opportunity

6  for cross-examination of the caller or sender."].)

7      Federal Rule of Evidence 802 provides that hearsay evidence is not admissible unless it

8  falls under a statutorily enumerated exception to the hearsay exclusion. (Fed.R.Evid. 802.)

9      Federal Rule of Evidence 1002 provides, "[t]o prove the content of a writing, recording, or

10  photograph, the original writing, recording or photograph is required, except as otherwise

11  provided in these rules or by Act of Congress." (Fed.R.Evid. 1002.)

12      The transcript of the prerecorded telephone call purportedly made to KINDER clearly

13  constitutes a "statement" within the meaning of Federal Rule 801(a). Further, the transcript is

14  being offered to prove the truth of the statements made therein, namely, that the identified caller in

15  the transcript did in fact call KINDER. Because the transcript is an out of court statement offered

16  into evidence to prove the truth of the matter asserted, it must be excluded.

17      Further, the transcript violates Federal Rule 1002 in that it is not purported to be an

18  original and must be excluded based thereon.

19

20  10.    **Exhibit H:**  *Specially Appearing* Defendants object to the introduction into evidence of

21  Exhibit H, filed in support of James M. Kinder's opposition to *Specially Appearing* Defendants'

22  motions to dismiss which is "A true can correct verbatim transcript of the December 9, 2003 at

23  10:19 a.m. call."

24      **Grounds for Objection:** *Specially Appearing* Defendants object on the grounds that

25  Exhibit H constitutes inadmissible hearsay. Federal Rule of Evidence 801 provides that hearsay is

26  "a statement, other than one made by the declarant while testifying at the trial or hearing, offered

27  in evidence to prove the truth of the matter asserted." (Fed.R.Evid. 801(c).) Federal Rule 801

28  further provides that a "statement" includes both "oral [and] written assertion[s]." (Fed.R.Evid.

1  801(a).) The mere fact a statement was reproduced by electronic voice or video recording does

2  not alter its status as hearsay. (*See*, *United States v. Lopez*, 584 F2d 1175, 1179 (2nd Cir. 1978)

3  [taped telephone conversation constitutes hearsay]; *United States v. Dorrell*, 758 F2d 427, 434

4  (9th Cir. 1985) [statements recorded on video tape constitute hearsay]; *see also*, *Duluth News-*

5  *Tribune v. Mesabi Publ.*, 84 F.3d 1093, 1098 (8th Cir. 1996) ["the vague evidence of misdirected

6  phone calls and mail is hearsay of a particularly unreliable nature given the lack of an opportunity

7  for cross-examination of the caller or sender."].)

8        Federal Rule of Evidence 802 provides that hearsay evidence is not admissible unless it

9  falls under a statutorily enumerated exception to the hearsay exclusion. (Fed.R.Evid. 802.)

10        Federal Rule of Evidence 1002 provides, "[t]o prove the content of a writing, recording, or

11  photograph, the original writing, recording or photograph is required, except as otherwise

12  provided in these rules or by Act of Congress." (Fed.R.Evid. 1002.)

13        The transcript of the prerecorded telephone call purportedly made to KINDER clearly

14  constitutes a "statement" within the meaning of Federal Rule 801(a). Further, the transcript is

15  being offered to prove the truth of the statements made therein, namely, that the identified caller in

16  the transcript did in fact call KINDER. Because the transcript is an out of court statement offered

17  into evidence to prove the truth of the matter asserted, it must be excluded. Further, the transcript

18  violates Federal Rule 1002 in that it is not purported to be an original and must be excluded based

19  thereon.

20

21                    SHEA STOKES ROBERTS & WAGNER, ALC

22

23  Dated: April 18, 2008        By:  /s/Ronald R. Giusso

24                         Maria C. Roberts
                       Ronald R. Giusso

25                         Attorneys for HARRAH'S ENTERTAINMENT,
                       INC. and *Specially Appearing* Defendants

26                         HARRAH'S OPERATING COMPANY, INC.;
                       HARRAH'S MARKETING SERVICES

27                         CORPORATION; HARRAH'S LAUGHLIN,
                       INC.; HARRAH'S LICENSE COMPANY, LLC;

28                         and HBR REALTY COMPANY, INC.