1  MARIA C. ROBERTS, State Bar No. 137907
   mroberts@sheastokes.com
2  RONALD R. GIUSSO, State Bar No. 184483
   rgiusso@sheastokes.com
3  SHEA STOKES ROBERTS & WAGNER, ALC
   510 MARKET STREET, THIRD FLOOR
4  SAN DIEGO, CALIFORNIA 92101-7025
   TELEPHONE:    (619) 232-4261
5  FACSIMILE:    (619) 232-4840

6  Attorneys for HARRAH'S ENTERTAINMENT, INC. and *Specially Appearing* Defendants
   HARRAH'S OPERATING COMPANY, INC.; HARRAH'S MARKETING SERVICES
7  CORPORATION; HARRAH'S LAUGHLIN, INC.; HARRAH'S LICENSE COMPANY, LLC;
   and HBR REALTY COMPANY, INC.

8

9

10                        UNITED STATES DISTRICT COURT

11                       SOUTHERN DISTRICT OF CALIFORNIA

12

13  JAMES M. KINDER,                        CASE NO.      07-CV-2132-DMS (AJB)
                                            [Consolidated with 07 CV 2226 DMS (POR)]
14              Plaintiff,
                                            Judge:       Hon. Dana M. Sabraw
15  vs.                                     Mag. Judge:  Hon. Anthony J. Battaglia

16  HARRAH'S ENTERTAINMENT, INC.;           Action Date:  October 2, 2007
    HARRAH'S OPERATING COMPANY, INC.;
17  HARRAH'S MARKETING SERVICES             RESPONSE BY *SPECIALLY APPEARING*
    CORPORATION; HARRAH'S LICENSE           DEFENDANTS TO PLAINTIFF'S
18  COMPANY, LLC; HARRAH'S LAUGHLIN,        OBJECTIONS AND MOTIONS TO STRIKE
    INC.; HBR REALTY COMPANY, INC. and      EVIDENCE SUBMITTED BY
19  DOES 1 through 100, inclusive,          DEFENDANTS IN SUPPORT OF THEIR
                                            MOTION TO DISMISS
20              Defendants.
                                            Date:        April 25, 2008
21                                          Time:        1:30 p.m.
                                            Courtroom:   10
22

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1    JAMES M. KINDER, through his counsel, has submitted objections and motions to strike

2  evidence submitted by *Specially Appearing* Defendants in support of their Rule 12 Motions to

3  Dismiss.  KINDER has submitted two sets of objections and motions to strike which are identical.

4  Accordingly, this response to KINDER's objections and motions to strike evidence will be made

5  jointly on behalf of *Specially Appearing* Defendants Harrah's Operating Company, Inc.; Harrah's

6  Marketing Services Corporation; Harrah's License Company, LLC; Harrah's Laughlin, Inc.; and

7  HBR Realty, Inc.

8

9  **1.    Declaration of Michael E. Kostrinsky, Paragraph 2:**

10    **Response to Objection:**  Plaintiff objects to paragraph 2 of the Declaration of Michael E.

11  Kostrinsky on various bases including lack of foundation.  As set forth in Mr. Kostrinsky's

12  declaration, sworn under penalty of perjury, he is the Chief Litigation Officer for Harrah's

13  Operating Company, Inc. and, as such, has personal knowledge of not only Harrah's Operating

14  Company, Inc. but its holdings and those of all its affiliates and Harrah's Entertainment, Inc.  It is

15  not necessary for Mr. Kostrinsky to recite a litany of corporate documents or "corporate charter

16  documents, Secretary of State filings, employment records, phone records, contracts" as suggested

17  gratuitously by KINDER.  Mr. Kostrinsky's declaration is competent, it is sworn under penalty of

18  perjury, and as the Chief Litigation Officer, Mr. Kostrinsky has personal knowledge of all of the

19  facts set forth in his declaration.

20

21    The remainder of KINDER's objections to paragraph 2 of the Declaration of Michael E.

22  Kostrinsky are essentially *ad hominem* attacks and sarcasm.  For KINDER and his attorney to

23  impugn the credibility of Mr. Kostrinsky, considering KINDER's infamy, is laughable and entirely

24  inappropriate.  In any event, none of KINDER's *ad hominem* comments are grounds on which to

25  object to Mr. Kostrinsky's declaration.

26

27    KINDER's comments that it is "entirely ridiculous" for Mr. Kostrinsky to say that "no one

28  from any of the Harrah's entities has ever so much as picked up a handset and called a California

1  telephone number" misstates the language of Mr. Kostrinsky's declaration. Further, KINDER's

2  comment highlights his utter ignorance with respect to the corporate entities which he has sued.

3  He generally refers to all of the *Specially Appearing* Defendants as "Harrah's entities" without any

4  consideration or thought as to which entity might actually be responsible for the alleged, purported

5  telemarketing. This is likely because these entities were named in this lawsuit by way of nothing

6  more than his attorney's Google search for the word "Harrah's." KINDER's objections should be

7  overruled in their entirety.

8

9  **2.    Declaration of Michael E. Kostrinsky, Paragraph 3:**

10     **Response to Objection:** Plaintiff objects to paragraph 3 of the Declaration of Michael E.

11  Kostrinsky on various bases including lack of foundation. As set forth in Mr. Kostrinsky's

12  declaration, sworn under penalty of perjury, he is the Chief Litigation Officer for Harrah's

13  Operating Company, Inc. and, as such, has personal knowledge of not only Harrah's Operating

14  Company, Inc. but its holdings and those of all its affiliates and Harrah's Entertainment, Inc. It is

15  not necessary for Mr. Kostrinsky to recite a litany of corporate documents or "corporate charter

16  documents, Secretary of State filings, employment records, phone records, contracts" as suggested

17  gratuitously by KINDER. Mr. Kostrinsky's declaration is competent, it is sworn under penalty of

18  perjury, and as the Chief Litigation Officer, Mr. Kostrinsky has personal knowledge of all of the

19  facts set forth in his declaration.

20

21     The remainder of KINDER's objections to paragraph 2 of the Declaration of Michael E.

22  Kostrinsky are essentially *ad hominem* attacks and sarcasm. For KINDER and his attorney to

23  impugn the credibility of Mr. Kostrinsky, considering KINDER's infamy, is laughable and entirely

24  inappropriate. In any event, none of KINDER's *ad hominem* comments are grounds on which to

25  object to Mr. Kostrinsky's declaration.

26

27     KINDER's comments that it is "entirely ridiculous" for Mr. Kostrinsky to say that "no one

28  from any of the Harrah's entities has ever so much as picked up a handset and called a California

4815-0324-8642.1

-2-

CASE NO. 07-CV-2132-DMS (AJB)
[Consolidated with 07 CV 2226 DMS (POR)]

1    telephone number" misstates the language of Mr. Kostrinsky's declaration. Further, KINDER's

2    comment highlights his utter ignorance with respect to the corporate entities which he has sued.

3    He generally refers to all of the *Specially Appearing* Defendants as "Harrah's entities" without any

4    consideration or thought as to which entity might actually be responsible for the alleged, purported

5    telemarketing. This is likely because these entities were named in this lawsuit by way of nothing

6    more than his attorney's Google search for the word "Harrah's." KINDER's objections should be

7    overruled in their entirety.

8

9         Perplexingly, KINDER also argues in his "objection" that *Specially Appearing* Defendants

10   Harrah's Marketing Services Corporation and Harrah's Operating Company, Inc. have designated

11   agents for service of process on file with the California Secretary of State, and they have therefore

12   consented to suit in the State of California, and are subject to general jurisdiction. As a

13   preliminary matter, KINDER has introduced no evidence that either Harrah's Marketing Services

14   Corporation or Harrah's Operating Company, Inc. have designated agents for service of process in

15   the State of California. More importantly, however, the fact that any foreign corporation may use

16   an agent to accept service of process in the State of California does not subject them to general

17   jurisdiction in California. To make such an argument, KINDER must be patently unaware of the

18   well-established, black letter law on general jurisdiction. To clarify, personal jurisdiction may be

19   asserted by courts in California in one of two ways – general or specific jurisdiction. (*Vons*

20   *Companies, Inc. v. Seabest Foods, Inc.*, 14 Cal.4th 434, 445 (1996).) A non-resident defendant

21   may be subject to general jurisdiction only if his or her contacts in the forum state are "substantial

22   . . . continuous and systematic." (*Perkins v. Benguet Mining Company*, 342 U.S. 437, 445-446

23   (1952); *see also, Helicoptores Nacionales de Colombia, S.A. v. Ha*ll, 466 U.S. 408, 414-415

24   (1984).) KINDER's objections and gratuitous comments regarding general jurisdiction should be

25   overruled and stricken.

26   / / /

27   / / /

28   / / /

3.    **Exhibit 2:**

**Response to Objection:** Plaintiff objects to Exhibit 2 as hearsay, irrelevant, lacking in foundation, and lacking authentication. In reality, Exhibit 2 is a list created by the Administrative Office of the Courts of the State of California that identifies all persons who are subject to pre-filing orders as of a certain date. Exhibit 2 includes those persons surrounding the alphabet "K" that were subject to pre-filing orders as of September 28, 2007; October 31, 2007; and through January 31, 2008. While it is understandable that JAMES M. KINDER would wish to confuse the Court and try to hide the fact that he has been a vexatious litigant for at least the past five years in the eyes of the State of California, the document speaks for itself, has been properly authenticated, and is wholly relevant to the issues presently before this Court. Moreover, the Court may take judicial notice of these documents as Court records. (*See*, FRE 201; *United States v. Warneke*, 199 F.3d 906, 909, fn. 1 (7th Cir. 1999); *Doran v. Eckold*, 409 F.3d 958, 962, fn. 1 (9th Cir. 2005).)

4.    **Exhibit 3:**

**Response to Objection:** Plaintiff objects to the submission of a declaration which he himself signed under penalty of perjury in the case of *James M. Kinder v. Equidata, Inc.,* San Diego County Superior Court Case No. 37-2007-00066491-CU-MC-CTL. The declaration was prepared by Attorney Chad Austin.

That Plaintiff KINDER would try to weasel out of a prior court filing that he himself signed under penalty of perjury is truly illuminating as to his character. In any event, the document was not admitted to prove the truth of the matter asserted therein, but rather, to show to the Court that Plaintiff has previously filed declarations in support of filings as a vexatious litigant, keenly aware of the fact that he was subject to the pre-filing order against him by the Administrative Office of the Court of the State of California. Indeed, the declaration was signed and presented to the Court in the *Equidata* matter while KINDER was represented by counsel. KINDER's objections in this regard should be overruled.

/ / /

1 **5.    Exhibit 4:**

2       **Response to Objection:**  For whatever reason, KINDER has objected to a copy of the San

3 Diego County Superior Court docket in the underlying action.  The document speaks for itself as a

4 court record.  No further response to KINDER's objection is warranted, and KINDER's objection

5 should be overruled in its entirety.

6

7                                        SHEA STOKES ROBERTS & WAGNER, ALC

8

9 Dated:  April 18, 2008              By:   s/Ronald R. Giusso
                                           Maria C. Roberts
10                                         Ronald R. Giusso
                                           Attorneys for HARRAH'S ENTERTAINMENT,
11                                         INC. and *Specially Appearing* Defendants
                                           HARRAH'S OPERATING COMPANY, INC.;
12                                         HARRAH'S MARKETING SERVICES
                                           CORPORATION; HARRAH'S LAUGHLIN,
13                                         INC.; HARRAH'S LICENSE COMPANY, LLC;
                                           and HBR REALTY COMPANY, INC.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28