1 Chad Austin, Esq. SBN 235457
4632 Berwick Drive
2 San Diego, CA 92117
Telephone: (619) 992-7100
3 Facsimile: (619) 295-1401

4 Attorney for Plaintiff, JAMES M. KINDER, an individual

5

6

7

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11 | JAMES M. KINDER,                              ) Case No. 07 CV 2132 DMS (AJB)
   |                                               ) [Consolidated with 07CV2226 DMS (AJB)]
12 |          Plaintiff,                           )
   |                                               ) Judge:     Hon. Dana M. Sabraw
13 |                                               ) Mag. Judge: Hon. Anthony J. Battaglia
   | v.                                            )
14 |                                               ) **POINTS AND AUTHORITIES IN
   |                                               ) SUPPORT OF PLAINTIFF'S MOTION
15 | HARRAH'S ENTERTAINMENT, Inc.;                 ) TO STRIKE EVIDENCE SUBMITTED
   | HARRAH'S OPERATING COMPANY,                   ) BY DEFENDANTS IN SUPPORT OF
16 | Inc.; HARRAH'S MARKETING                      ) THEIR REPLY RESPONSE TO
   | SERVICES CORPORATION; HARRAH'S                ) PLAINTIFF'S OPPOSITION TO
17 | LICENSE COMPANY, LLC; HARRAH'S                ) MOTION TO DISMISS**
   | LAUGHLIN, Inc.; HBR REALTY                    )
18 | COMPANY, Inc. and DOES 1 through 100,         ) Date:      April 25, 2008
   | inclusive,                                    ) Time:      1:30 p.m.
19 |                                               ) Courtroom: 10
   |          Defendants.                          )
20 |_____)

21 / / /

22 / / /

23

24 / / /

25 / / /

26 / / /

27                                    1

28                                                            CASE NO. 07 CV 2132 DMS (AJB)

1. **Declaration of Ronald R. Giusso, in its entirety:**

Defendants have filed a Declaration by Ronald R. Giusso dated April 18, 2008.

**Grounds for objection:**

Mr. Giusso's declaration does not state that the matters attested to therein are based upon Mr. Giusso's personal knowledge, let alone lay any proper foundation for any personal knowledge upon which he makes his declaration. Mr. Giusso merely states that "I could and would competently testify to all facts within my personal knowledge except where stated on information and belief." (¶ 1) This is insufficient for the court to conclude that all of the matters stated in Mr. Giusso's declaration are based upon personal knowledge. In fact, it appears that Mr. Giusso is attempting to state that he would be willing to testify to those facts that *are* within his personal knowledge, but does not say which matters stated in the declaration are actually within his personal knowledge. Finally, this new evidence was submitted after Plaintiff filed his opposition to Defendants' motion and therefore constitutes an improper newly submitted matter, which should have been offered with Defendants' original moving papers, if at all. Therefore, the entirety of Mr. Giusso's declaration should be stricken.

2. **Declaration of Ronald R. Giusso, Paragraph 3:**

Paragraph 3 of the Declaration of Ronald R. Giusso states:

> "An example of KINDER's false and misleading 'evidence' submitted in support of his opposition is with respect to the casino known as Harrah's Rincon Casino and Resort. The Rincon Casino is owned and operated by the Rincon San Luiseno Band of Mission Indians – not any Harrah's entity. This information is available to any member of the public who bothers to conduct a rudimentary search."

**Grounds For Objection:**

Each and every factual statement in this paragraph lacks foundation and therefore this paragraph should be stricken in its entirety. Moreover, Mr. Giusso's comments state legal conclusions ["false and misleading 'evidence'"; "Resort is owned and operated by the Rincon San Luiseno Band of Mission Indians – not any Harrah's entity"] and offer inappropriate non-expert "opinion" testimony about the nature of Plaintiff's evidence. Finally, this new evidence was submitted after Plaintiff filed his opposition to Defendants' motion and therefore constitutes an improper newly submitted matter, which should have been offered with Defendants' original moving papers, if at all.

**3.   Exhibit 6, attached to the Declaration of Ronald R. Giusso:**

Defendants have offered as evidence "a true and correct copy of the Tribal-state Compact Between The State of California and the Rincon San Luiseno Band of Missions Indians, which indicates that the Rincon Tribe owns and operates the casino known as the Rincon Casino and Resort."

**Grounds For Objection:**

Defendants have not laid a proper foundation for this evidence nor has this evidence been authenticated. This evidence is hearsay and was submitted after Plaintiff filed his opposition to Defendants' motion and therefore constitutes an improper newly submitted matter, which should have been offered with Defendants' original moving papers, if at all.

**4.   Declaration of Ronald R. Giusso, paragraph 4:**

Mr. Giusso states "Attached hereto is a true and correct copy of the Tribal-state Compact Between The State of California and the Rincon San Luiseno Band of Missions Indians, which

3

CASE NO. 07 CV 2132 DMS (AJB)

1  indicates that the Rincon Tribe owns and operates the casino known as the Rincon Casino and
2  Resort."
3  **Grounds For Objection:**
4  Mr. Giusso has not laid a proper foundation for this statement and this statement
5  constitutes an improper legal conclusion in the form of Mr. Giusso's non-expert opinion. This
6  evidence is hearsay and was submitted after Plaintiff filed his opposition to Defendants' motion
7  and therefore constitutes an improper newly submitted matter, which should have been offered
8  with Defendants' original moving papers, if at all.
9  
10 DATED: April 22, 2008
11                                                          By: /s/ Chad Austin
                                                                CHAD AUSTIN, Esq., Attorney for
12                                                              Plaintiff, JAMES M. KINDER
                                                                Email: chadaustin@cox.net
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27                                              4
28                                                                    CASE NO. 07 CV 2132 DMS (AJB)