Chad Austin, Esq. SBN 235457
4632 Berwick Drive
San Diego, CA 92117
Telephone: (619) 992-7100
Facsimile: (619) 295-1401

Attorney for Plaintiff, JAMES M. KINDER, an individual

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. KINDER,<br><br>             Plaintiff,<br><br>v.<br><br>HARRAH'S ENTERTAINMENT, Inc.;<br>HARRAH'S OPERATING COMPANY,<br>Inc.; HARRAH'S MARKETING<br>SERVICES CORPORATION; HARRAH'S<br>LICENSE COMPANY, LLC; HARRAH'S<br>LAUGHLIN, Inc.; HBR REALTY<br>COMPANY, Inc. and DOES 1 through 100,<br>inclusive,<br><br>             Defendants. | Case No. 07 CV 2132 DMS (AJB)<br>[Consolidated with 07CV2226 DMS (AJB)]<br><br>Judge:      Hon. Dana M. Sabraw<br>Mag. Judge:  Hon. Anthony J. Battaglia<br><br>**POINTS AND AUTHORITIES IN<br>SUPPORT OF PLAINTIFF'S MOTION<br>TO STRIKE EVIDENCE SUBMITTED<br>BY DEFENDANTS IN SUPPORT OF<br>THEIR REPLY RESPONSE TO<br>PLAINTIFF'S OPPOSITION TO<br>MOTION FOR SECURITY**<br><br>Date:       April 25, 2008<br>Time:      1:30 p.m.<br>Courtroom:  10 |

/ / /

/ / /

/ / /

/ / /

/ / /

1

1.    **Declaration of Michael E. Kostrinsky, in its entirety (Exhibit A):**

Defendants have requested judicial notice of a declaration by Michael E. Kostrinsky.

**Grounds for objection:**

This document should be stricken because it is hearsay, irrelevant, lacking in foundation and has not been authenticated. Furthermore, as the "facts" therein are not properly subject to judicial notice, this document is not good evidence and should be stricken. While the existence of a document in a court file may be judicially noticed, the truth of matters asserted in such documents is not subject to judicial notice. _Sosinsky v. Grant,_ (1992) 6 Cal.App.4[th] 1548. "A court _cannot_ take judicial notice of the truth of _hearsay_ statements just because they are part of a court record or file." _Bach v. McNelis_ (1989) 207 Cal.App.3d 852, 865 [Emphasis in original.]. The court may take judicial notice of the existence of other court records and files, but cannot accept findings of fact contained in those files as true. _See_ The Rutter Group, Civil Procedure Before Trial § 7:12-7:15.10. Furthermore, this evidence was submitted after Plaintiff filed his opposition to Defendants' motion and therefore constitutes an improper newly submitted matter, which should have been offered with Defendants' original moving papers, if at all.

2.    **Order from the Court of Appeal, Fourth Appellate District Division One, State of California, Case No. D004862.  _The People v. James Michael Kinder_, Dated September 1, 1987 (Exhibit B):**

**Grounds For Objection:**

This exhibit is inadmissible in its entirety pursuant to California Evid. Code § 788, in that Plaintiff was granted a dismissal in the case which was the subject of the appeal in Case No. D004862, pursuant to Penal Code § 1203.4. Moreover, this evidence is irrelevant, without foundation, has not been authenticated and is hearsay. Finally, this evidence was submitted after

2

Plaintiff filed his opposition to Defendants' motion and therefore constitutes an improper newly submitted matter, which should have been offered with Defendants' original moving papers, if at all. Furthermore, as the "facts" therein are not properly subject to judicial notice, this document is not good evidence and should be stricken. While the existence of a document in a court file may be judicially noticed, the truth of matters asserted in such documents is not subject to judicial notice. *Sosinsky v. Grant*, (1992) 6 Cal.App.4th 1548. "A court *cannot* take judicial notice of the truth of *hearsay* statements just because they are part of a court record or file." *Bach v. McNelis* (1989) 207 Cal.App.3d 852, 865 [Emphasis in original.]. The court may take judicial notice of the existence of other court records and files, but cannot accept findings of fact contained in those files as true. *See* The Rutter Group, Civil Procedure Before Trial § 7:12-7:15.10.

**3.    *Loshonkohl v. Kinder*, 109 Cal.App.4th 510 (2003) (Exhibit C):**

**Grounds For Objection:**

Defendants have not laid a proper foundation for this evidence nor has this evidence been authenticated. This evidence is irrelevant hearsay and was submitted after Plaintiff filed his opposition to Defendants' motion and therefore constitutes an improper newly submitted matter, which should have been offered with Defendants' original moving papers, if at all. Furthermore, as the "facts" therein are not properly subject to judicial notice, this document is not good evidence and should be stricken. While the existence of a document in a court file may be judicially noticed, the truth of matters asserted in such documents is not subject to judicial notice. *Sosinsky v. Grant*, (1992) 6 Cal.App.4th 1548. "A court *cannot* take judicial notice of the truth of *hearsay* statements just because they are part of a court record or file." *Bach v. McNelis* (1989)

3

1   207 Cal.App.3d 852, 865 [Emphasis in original.].  The court may take judicial notice of the

2   existence of other court records and files, but cannot accept findings of fact contained in those

3   files as true.  *See* The Rutter Group, Civil Procedure Before Trial § 7:12-7:15.10.

4   **4.      Declaration of Ronald R. Giusso, in its entirety:**

5           Defendants have filed a Declaration by Ronald R. Giusso dated April 18, 2008.

6

7           **Grounds for objection:**

8           Mr. Giusso's declaration does not state that the matters attested to therein are based upon

9   Mr. Giusso's personal knowledge, let alone lay any proper foundation for any personal

10  knowledge upon which he makes his declaration.  Mr. Giusso merely states that "I could and

11  would competently testify to all facts within my personal knowledge except where stated on

12  information and belief."  (¶ 1)  This is insufficient for the court to conclude that all of the matters

13

14  stated in Mr. Giusso's declaration are based upon personal knowledge.  In fact, it appears that

15  Mr. Giusso is attempting to state that he would be willing to testify to those facts that *are* within

16  his personal knowledge, but does not say which matters stated in the declaration are actually

17  within his personal knowledge.  Finally, this new evidence was submitted after Plaintiff filed his

18  opposition to Defendants' motion and therefore constitutes an improper newly submitted matter,

19  which should have been offered with Defendants' original moving papers, if at all.  Therefore,

20  the entirety of Mr. Giusso's declaration should be stricken.

21

22  **5.      Declaration of Ronald R. Giusso, Paragraph 3:**

23          Paragraph 3 of the Declaration of Ronald R. Giusso states:

24              "KINDER's profession is the filing of lawsuits based on his (619) 999-9999 pager

25              number.  A review of the numerous lawsuits filed by KINDER discussed in this

26

27                                           4

28                                       CASE NO. 07 CV 2132 DMS (AJB)

1    motion reveals not a single case was tried on the merits in San Diego County."

2    **Grounds For Objection:**

3    Each and every factual statement in this paragraph lacks foundation and therefore this

4    paragraph should be stricken in its entirety.  Moreover, Mr. Giusso's comments here state

5    misleading and inaccurate legal conclusions ["not a single case was tried on the merits"] and

6    offer inappropriate non-expert "opinion" testimony about the nature of Plaintiff's previous

7

8    lawsuits and Defendants' allegation that Plaintiff's "profession" is filing lawsuits.  Finally, this

9    new evidence is irrelevant and was submitted after Plaintiff filed his opposition to Defendants'

10   motion and therefore constitutes an improper newly submitted matter, which should have been

11   offered with Defendants' original moving papers, if at all.

12

13   **6.    Declaration of Ronald R. Giusso, Paragraph 5:**

14   Paragraph 5 of the Declaration of Ronald R. Giusso states:

15   "I am aware that Mr. Kinder has been recently incarcerated in San Diego County

16   for an undetermined period of time."

17

18   **Grounds For Objection:**

19   This evidence should be stricken because it is without foundation and irrelevant.

20   Finally, this new evidence was submitted after Plaintiff filed his opposition to Defendants'

21   motion and therefore constitutes an improper newly submitted matter, which should have been

22   offered with Defendants' original moving papers, if at all.

23

24   / / /

25   / / /

26   / / /

27                                      5

28                                      CASE NO. 07 CV 2132 DMS (AJB)

1  **7.    Exhibit 29 ("a true and correct copy of the Union-Tribune article regarding JAMES M. KINDER, dated February 12, 2007"):**

2

3  **Grounds For Objection:**

4        This document should be stricken because it is irrelevant hearsay, is without foundation

5  and has not been authenticated.  Also, this new evidence was submitted after Plaintiff filed his

6  opposition to Defendants' motion and therefore constitutes an improper newly submitted matter,

7  which should have been offered with Defendants' original moving papers, if at all.  Finally, this

8
   evidence is misleading in that Judge Jan I. Goldsmith threw out the $900,000 judgment in that
9

10 case, on grounds of <u>insufficiency of the evidence</u> and juror misconduct.

11 **8.    Exhibit 30 ("a true and correct copy of the want-ad posted by KINDER in the San Diego Daily Transcript, from May 2006"):**

12

13 **Grounds For Objection:**

14       This document should be stricken because it is irrelevant hearsay, is without foundation

15 and has not been authenticated.  Also, this new evidence was submitted after Plaintiff filed his

16
   opposition to Defendants' motion and therefore constitutes an improper newly submitted matter,
17

18 which should have been offered with Defendants' original moving papers, if at all.

19 DATED: April 22, 2008

                                           By: /s/ Chad Austin_____
20                                             CHAD AUSTIN, Esq., Attorney for
                                              Plaintiff, JAMES M. KINDER
21                                             Email: chadaustin@cox.net

22

23

24

25

26

27                                    6

28