# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. KINDER,<br><br>                Plaintiff,<br><br>vs.<br><br><br>HARRAH'S ENTERTAINMENT, INC.,<br><br>                Defendant. | CASE NO. 07CV2226 (consolidated with master case no. 07cv2132)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**<br><br>[Doc. 43, 44, 52, 54, 62]<br>[Doc. 29, filed in case no 07cv2226] |

    Pending before the Court are Defendants' motions to dismiss Plaintiff's first amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), which were submitted on the papers on April 21, 2008.[1] The motions are denied for the reasons set forth below.

    Plaintiff alleges Defendants violated the Telephone Consumer Protection Act of 1991 (TCPA, found at 47 U.S.C. § 227 and 47 C.F.R. § 64.1200) by repeatedly calling Plaintiff's pager service with an automatic dialer or recorded voice. This is one of several similar lawsuits currently pending in federal court. In 2003, after filing a series of similar lawsuits in California state courts, Plaintiff was declared a "vexatious litigant" by the state of California, which subjected him to a pre-filing order requiring him to obtain leave of court before filing a complaint based on facts substantially similar to

---

[1] This order addresses two identical motions to dismiss. The first was filed by Harrah's Operating Company and Harrah's Marketing Services Corporation. (Doc. 43). The second was filed by Harrah's License Co.; Harrah's Laughlin, Inc.; and HBR Realty Co, Inc. (Doc. 44). The remaining defendant, Harrah's Entertainment, Inc., answered the complaint on February 11, 2008 (Doc. 32).

the facts asserted and claims made in the original lawsuits. *See In re Shieh,* 17 Cal. App. 4th 1154 (1993).

Defendants argue the instant case should be dismissed because Plaintiff failed to obtain leave of court to file the original complaint in compliance with the pre-filing order. Defendants present California's relevant vexatious litigant list (dated October 2007), which names Plaintiff, in support of this claim. However, Defendants point to no authority for dismissing a lawsuit currently pending in *federal* court because a plaintiff failed to follow *state* court vexatious litigation procedures. Indeed, Defendants note the "vexatious litigant statute" was "enacted by California's Legislature to ease the unreasonable burden placed upon the courts by groundless litigation." (Mot. at 12). Because Plaintiff is not litigating these consolidated cases in California state courts, Defendants' motions to dismiss on this ground are denied.

Defendants further argue the FAC must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) because Defendants are not subject to personal jurisdiction in California. If Plaintiff's allegations that Defendants repeatedly and illegally called Plaintiff's pager service are true, the claims clearly would arise out of Defendants' contacts with California and personal jurisdiction would exist. *Burger King v. Rudzewicz*, 471 U.S. 462, 472-73 (1985). However, in deciding whether personal jurisdiction exists, the court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Data Disc, Inc. v. Systems Technology Associates, Inc.,* 557 F.2d 1280, 1284 (9th Cir. 1977). Defendants claim the sworn declaration of Michael E. Kostrinsky, Chief Litigation Officer for Harrah's Operating Company, Inc. ("Kostrinsky"), directly contradicts Plaintiff's allegations.

In his declaration, Mr. Kostrinsky declares he has "personal knowledge of Harrah's Operating Company, Inc.; its holdings, and those of its affiliates and Harrah's Entertainment, Inc." (Kostrinsky Decl., ¶ 2).[2] Among other things, Kostrinsky declares that all moving-Defendants are foreign corporations; however, his declaration also reveals that each Defendant has a slightly different relationship with California. For example, while Kostrinsky declares Harrah's Operating Company, Inc. has no offices, employees, or property in California, and does not conduct business in California,

---

[2] Plaintiff's motion to strike the Kostrinsky declaration is denied. [Docs. 52, 54, 62].

1 he declares that Harrah's Marketing Services Corporation "is a foreign corporation; is not
2 headquartered in California; and does not own property in California." (*Id.* ¶ 3). The declaration does
3 not address whether Harrah's Marketing Services Corporation operates a business in California, or has
4 offices or employees in California. Moreover, absent from the Kostrinsky declaration is any assertion
5 that moving-Defendants do *not* make telemarketing or other telephone calls to individuals in California
6 using an automatic telephone dialing system, artificial or prerecorded voice, or otherwise. The absence
7 of such information is notable because Kostrinsky does affirmatively declare with respect to non-
8 moving Defendant Harrah's Entertainment, Inc., that telemarketing calls are not made to individuals
9 in California. (*Id.* ¶ 3, stating Defendant Harrah's Entertainment, Inc. "does not make telemarketing
10 or other telephone calls to individuals in California using an automatic telephone dialing system,
11 artificial or prerecorded voice, or otherwise."). Thus, even if the Kostrinsky declaration is credited in
12 its entirety, Plaintiff's allegations concerning illicit calls by the moving-Defendants remain unrebutted.

13   In addition, Plaintiff's jurisdiction-related facts comprise the facts allegedly giving rise to
14 liability. When "jurisdictional facts are intertwined with the merits," it is "preferable that [the
15 jurisdiction] determination be made at trial, where a plaintiff may present his case in a coherent,
16 orderly fashion and without the risk of prejudicing his case on the merits." *Data Discovery, Inc. v.
17 Systems Technology Associates, Inc.,* 557 F.2d 1280, 1285 n.2 (9th Cir.1977). Since no evidence has
18 been presented disputing that the moving-Defendants made the subject phone calls, Plaintiff has
19 sufficiently alleged facts which, if true, support the exercise of personal jurisdiction over Defendants.
20 *See Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clemens Ltd.*, 328 F.3d 1122, 1129 (9th Cir.
21 2003).

22   Defendants' motions to dismiss pursuant to Rules 12(b)(2) and 12(b)(6) are denied.
23 **IT IS SO ORDERED.**

25 DATED: April 25, 2008

27 HON. DANA M. SABRAW
United States District Judge