1
2
3
4
5
6
7
8
9          UNITED STATES DISTRICT COURT
10          SOUTHERN DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| 12  JAMES M. KINDER, | Case No. 07cv2226, consolidated with Master CASE NO. 07CV2132 |
| 13                              Plaintiff, | |
| 14       vs. | **ORDER DENYING DEFENDANT'S MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT** |
| 15 | |
| 16  HARRAH'S ENTERTAINMENT, INC., | |
| 17                              Defendant. | [Doc. 42, 56, 63] |

18

19       Pending before the Court is Defendant Harrah's Entertainment's motion to declare Plaintiff

20  a vexatious litigant. The issues were briefed by the parties and submitted for consideration without oral

21  argument on April 21, 2008. The motion is denied for the reasons set forth below.

22                                         **I.**

23                                  **BACKGROUND**

24       Plaintiff's Amended Complaint alleges violations of the Telephone Consumer Protection Act

25  of 1991, 47 U.S.C. § 227 ("TCPA"), and California law. The TCPA prohibits making any call using

26  an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number

27  assigned to a  paging service, cellular telephone service, or any other service for which the party is

28  charged for the call. 47 U.S.C. § 227(b)(1)(A)(iii). Plaintiff alleges Defendant violated the TCPA by

1   calling his (619) 999-9999 telephone number, which is assigned to a paging service, through use of

2   an artificial or prerecorded voice, without Plaintiff's express permission.[1]

3        Defendant contends Plaintiff obtained a phone number that disproportionately attracts

4   automatically-dialed telephone calls. (Reply at 1). Plaintiff neither admits nor denies this contention,

5   but concedes that he has filed hundreds of repetitive, substantively identical lawsuits against entities

6   that call the 999 Number. Many such lawsuits allege fewer than nine violations, and each lawsuit prays

7   for a statutory award of $500 per violation. (*See, e.g.* Exh. 3-14). Between 2000 and 2007, Plaintiff

8   filed more than 350 such cases in California state courts. In 2007, Plaintiff filed 150 such cases, and

9   at least 27 cases were filed in December 2007 alone. He was declared a vexatious litigant by the State

10  of California, and was listed on the Vexatious Litigant List prepared and maintained by the

11  Administrative Office of the Courts for the State of California for September and October 2007 (when

12  the instant lawsuit was filed) and remained on the list as recently as January 2008. His presence on

13  California's Vexatious Litigant List requires him to obtain a pre-filing order before filing future claims

14  in state court, and makes him subject to the requirement that he post a bond.

15       Plaintiff filed the present action in the San Diego County Superior Court, and Defendant

16  thereafter removed the action to this Court based on diversity jurisdiction. Defendant now seeks to

17  have Plaintiff declared a vexatious litigant in the Southern District of California.

18                                          **II.**

19                                     **DISCUSSION**

20       "The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to

21  enter pre-filing orders against vexatious litigants. *Molski v. Evergreen Dynasty Corp*, 500 F.3d 1047,

22  1056 (9th Cir. 2007), *rehearing en banc denied* 2008 U.S. App. LEXIS 7372 (April 7, 2008). Because

23  such orders can "tread on a litigant's due process right of access to the courts," they are an "extreme

24  remedy that should rarely be used." *Id.* Before declaring a plaintiff a vexatious litigant, the Court must

25  examine four factors. *Id.* at 1057. "First, the litigant must be given notice and a chance to be heard

26  before the order is entered. Second, the district court must compile an adequate record for review.

27  _____

28       [1] Plaintiff has five other actions involving similar allegations against other defendants currently pending in this District. Plaintiff also names five other "Harrah's" defendants in related actions. All of these actions have been consolidated under Case No. 07CV2132.

1    Third, the district court must make substantive findings about the frivolous or harassing nature of the

2    plaintiff's litigation. Finally, the vexatious litigant order must be narrowly tailored to closely fit the

3    specific vice encountered." *Id.* (citations omitted).

4         Of these four factors, the third factor – concerning the frivolous or harassing nature of the

5    litigation – is central to the vexatious litigant analysis. *See Molski*, 500 F.3d at 1059 (third factor "gets

6    to the heart of the vexatious litigant analysis") (citations omitted). Defendant argues Plaintiff's

7    litigation in federal court is frivolous and harassing for the following reasons: (1) he has been

8    designated a vexatious litigant in California state court, where he is subject to a pre-filing order, and

9    several times has been denied permission to file his claims; (2) he has filed many substantively

10   identical claims against many defendants; (3) his pattern of alleging only a small number of violations

11   indicates an intent to extort a settlement rather than litigate a series of small cases (Mot. at 4, 9-10);

12   and (4) he intentionally requested the 999 Number to attract violations of the TCPA so he could

13   litigate these claims for profit. These arguments are addressed in turn.

14         **A.    Plaintiff's State Court Litigation**.

15         First, Defendant urges the Court to consider Plaintiff's long history of litigation in California

16   courts and his status as a vexatious litigant in state court. One's status as a vexatious litigant in state

17   court, however, is irrelevant to the vexatious litigant analysis in federal court. State courts are courts

18   of general jurisdiction, while federal courts are courts of limited jurisdiction. This fundamental

19   distinction between state and federal courts virtually eliminates any chance of Plaintiff becoming a

20   vexatious litigant in federal court under the TCPA because that statute does not confer subject matter

21   jurisdiction. *See Murphy v. Lanier*, 204 F.3d 911, 915 (9th Cir. 2000) (TCPA provides no private right

22   of action in federal court). For that reason, all of Plaintiff's pending federal cases initially were filed

23   by him in state court. A small handful of Plaintiff's cases (*nine* so far) found their way into federal

24   court, but only after defendants removed them based upon diversity jurisdiction. Plaintiff has never

25   shown any interest in gaining access to the federal courts, and in fact, has successfully moved to

26   remand two of the referenced cases to state court when diversity jurisdiction was absent. (Case No.

27   07cv2091, Doc. 16; Case no. 07cv2274, Doc. 15).

28

1    Despite Defendant's request to the contrary, this Court cannot simply import a state court

2    "vexatious litigant" label and apply it to a litigant in federal court.  The California legislature "adopted

3    the Vexatious Litigant Statute in 1963 to ease the 'unreasonable burden placed upon the [state] courts

4    by groundless litigation.'" *Wolfe v. Strankman, et al.,* 392 F.3d 358 (9th Cir. 2004) (citing *Wolfgram*

5    *v. Wells Fargo Bank*, 53 Cal.App.4th 43, 61 (1997)).  The concern of the California legislature

6    regarding the burdens placed on California state courts by groundless litigation, however legitimate,

7    cannot be used against a litigant in a different court system. The federal and state courts are tasked

8    with the responsibility of managing their own caseloads, under their own body of law.

9    California's definition of vexatious litigation, for example, is far more inclusive than the

10   federal standard. Unlike the federal standard, the California standard does not require a finding that

11   the challenged litigation is "patently without merit." *See Moy v. United States,* 906 F.2d 467, 470 (9th

12   Cir. 1990). In California, a person is deemed a vexatious litigant if "in the immediately preceding

13   seven-year period [he] has commenced, prosecuted, or maintained in propia persona at least five

14   litigations other than in a small claims court that have been (I) finally determined adversely to the

15   person or (ii) unjustifiably permitted to remain pending at least two years without having been brought

16   to trial or hearing." Cal. Civ. Proc. Code § 391(b)(1). Notably, even if California's vexatious litigant

17   standard applied in federal court, which it does not, Defendant's motion still would fail as none of

18   Plaintiff's lawsuits in the Southern District of California have been adjudicated against him.  Because

19   the cases have only been pending in this District since 2007, Plaintiff has developed no track record

20   to speak of, let alone an adverse track record, in federal court.[2]

21   Finally, Defendant attaches as exhibits several orders by a California state court denying

22   Plaintiff permission to file his TCPA claims. The orders uniformly deny permission based upon

23   substantive deficiencies in the pleadings. As noted, the state court orders are irrelevant to a vexatious

24   litigant analysis in federal court. Among other things, the state court pleading standards are different

25   from the federal standards. Moreover, Defendant has not filed a motion attacking the substantive

26

27   _____

28   [2] The absence of such record negates the second factor set forth in *Molski*, 500 F.3d at 1057
(district court, sitting in the Central District of California, compiled "an adequate record for review"
where it considered approximately 400 cases filed by Molski in the Central District).

1   sufficiency of Plaintiff's pleadings, nor does it do so now.[3]

2         **B.    Plaintiff's Duplicative Lawsuits.**

3         Second, Defendant argues Plaintiff's duplicative lawsuits should weigh in favor of declaring

4   Plaintiff a vexatious litigant. In *Molski*, the plaintiff brought many hundreds of claims against

5   restaurants and other small businesses under the Americans with Disabilities Act (ADA), each alleging

6   similar accessibility-related violations. Although the court in *Molski* acknowledged plaintiff's

7   "numerous suits were probably meritorious in part [as] many of the establishments he sued were likely

8   not in compliance with the ADA," *Id.* at 1062, it held the district court did not abuse its discretion in

9   declaring the plaintiff a vexatious litigant because plaintiff made "baseless and exaggerated claims of

10  injuries" that "exceeded any legitimacy and were made for the purpose of coercing settlement." *Id.* at

11  1059-61 (noting district court found Molski "did not suffer the injuries he claimed" and "plainly lied").

12  Thus, *Molski* stands for the proposition that a "measured legitimate claim may cross the line into

13  frivolous litigation by asserting facts that are grossly exaggerated or totally false." *Id.* at 1060-61.

14        But repetition of lawsuits under the TCPA does not, standing alone, suggest the claims are

15  grossly exaggerated or totally false. In *Molski*, the court found that the assertion of many similar injury

16  claims was not credible because they allegedly resulted from the plaintiff's repetitive interaction with

17  the same or similar ADA violations occurring within days or hours of each other. *Id.* at 1059 ("[I]t is

18  very unlikely that Molski suffered the same injuries, often multiple times in one day, performing the

19  same activities – transferring himself from his wheelchair to the toilet or negotiating accessibility

20  obstacles.") Here, Plaintiff's alleged damages are not based upon a claim of injury; rather, he seeks

21  a statutory recovery of $500.00 for each violation of the TCPA, that is, his alleged damages are

22  triggered simply upon receipt of certain statutorily-proscribed telephone calls in an amount authorized

23  by the statute. Accordingly, Plaintiff's repeated statutory claim of damages does not suffer from the

24  same credibility problems as the injury claims presented in *Molski*.

25  ───────────────

26        [3] For the first time in its Reply, Defendant argues Plaintiff cannot prove Defendant made the
    phone calls at issue. (Reply at 5). However, this Defendant is merely one of six named defendants in
27  one of six consolidated actions pending in this Court. Thus, the argument that Defendant did not make
    the calls, even if meritorious, at most raises questions about the merits of Plaintiff's case against this
28  particular Defendant. While perhaps properly raised in a Rule 56 motion, this contention does not
    advance Defendant's argument that Plaintiff is a vexatious litigant in this District.

1          **C.      Plaintiff's Intent to Settle.**

2          Third, Defendant argues Plaintiff's strategy of alleging only a few violations per complaint

3   (and thus small damages) indicate an intent to extort settlement rather than litigate. As stated in

4   *Molski*, even if a claim for damages is legally justified, the Court may find that Plaintiff is a vexatious

5   litigant if his "litigation strategy evidence[s] an intent to harass businesses into cash settlements." *Id.*

6   at 1060. The *Molski* court found this to be the case when the plaintiff wrongfully claimed damages that

7   exceeded the statutory minimum, and were far in excess of the injuries he actually suffered. *Id.* at 1060

8   n.6 ("Because he claimed damages far in excess of his actual injuries, his exaggerated claims of

9   damages support a pre-filing order to the extent that he sought to recover more than the statutory

10  minimum of damages."). Here, Plaintiff claims only statutorily authorized damages for calls he

11  attributes to Defendant. (Case No. 07cv2226, Doc. 10-4).

12         The Court recognizes that filing a series of small lawsuits can have a coercive effect: when

13  small damages are at stake, even an innocent defendant may choose to settle rather than spend the

14  money required to exonerate itself for principle's sake. The TCPA, however, specifies neither a

15  threshold amount of damages nor a minimum number of violations that must occur before suit can be

16  brought. Thus, in the absence of evidence indicating Plaintiff is repeatedly claiming damages (a) for

17  events that did not occur, or (b) far in excess of his statutorily-authorized damages, the sheer number

18  of lawsuits for small damage amounts does not itself warrant a finding that Plaintiff is a vexatious

19  litigant. In other words, while a pattern of alleging only a small number of violations may indicate an

20  intent by Plaintiff to settle rather than litigate lawsuits, such practices – although they may be

21  troublesome, if not disturbing – cannot fairly be deemed "extortion" if the strategy complies with the

22  TCPA and does not involve false or grossly exaggerated allegations.

23         **D.      Plaintiff's Purpose in Obtaining the 999 Number.**

24         Finally, Defendant argues Plaintiff obtained the 999 Number for the express purpose of

25  attracting phone calls proscribed by the TCPA. Even if true, Defendant does not point to any provision

26  of the TCPA making such conduct a defense to the alleged violations. The cornerstone of determining

27  whether a litigant is vexatious is frivolity. *Molski*, 500 F.3d at 1059. "The plaintiff's claims must not

28  only be numerous, but also be patently without merit." *Id.* On the record presently before the Court,

1  Defendant has not established that the litigation attributed to Plaintiff in this District is an undue burden

2  on the Court, baseless, or grossly exaggerated.

3                                                    **III.**

4                                            **CONCLUSION**

5        For these reasons, the Court declines to declare Plaintiff a vexatious litigant in this District.

6  Defendant's motion is denied without prejudice.

7  **IT IS SO ORDERED.**

8

9  DATED:  April 29, 2008

10  _____

11                                    HON. DANA M. SABRAW
                                      United States District Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28