1  MARIA C. ROBERTS, State Bar No. 137907
   mroberts@sheastokes.com
2  RONALD R. GIUSSO, State Bar No. 184483
   rgiusso@sheastokes.com
3  SHEA STOKES ROBERTS & WAGNER, ALC
   510 MARKET STREET, THIRD FLOOR
4  SAN DIEGO, CALIFORNIA 92101-7025
   TELEPHONE:     (619) 232-4261
5  FACSIMILE:     (619) 232-4840

6  Attorneys for HARRAH'S ENTERTAINMENT, INC.; HARRAH'S OPERATING COMPANY,
   INC.; HARRAH'S MARKETING SERVICES CORPORATION; HARRAH'S LAUGHLIN,
7  INC.; HARRAH'S LICENSE COMPANY, LLC; and HBR REALTY COMPANY, INC.

8

9                          UNITED STATES DISTRICT COURT

10                       SOUTHERN DISTRICT OF CALIFORNIA

11

12  JAMES M. KINDER,                          CASE NO. 07-CV-2132-DMS (AJB)
                                              [Consolidated with 07 CV 2226 DMS (POR)]
13            Plaintiff,
                                              Judge:        Hon. Dana M. Sabraw
14  vs.                                       Mag. Judge:   Hon. Anthony J. Battaglia

15  HARRAH'S ENTERTAINMENT, INC.;             MEMORANDUM OF POINTS AND
    HARRAH'S OPERATING COMPANY, INC.;         AUTHORITIES IN SUPPORT OF MOTION
16  HARRAH'S MARKETING SERVICES               BY DEFENDANTS TO REMAND ACTION
    CORPORATION; HARRAH'S LICENSE             TO STATE COURT DUE TO LACK OF
17  COMPANY, LLC; HARRAH'S LAUGHLIN,          DIVERSITY JURISDICTION
    INC.; HBR REALTY COMPANY, INC. and
18  DOES 1 through 100, inclusive,            ACCOMPANYING DOCUMENTS:
                                              NOTICE OF MOTION AND MOTION;
19            Defendants.                     DECLARATION OF RONALD R. GIUSSO;
                                              REQUEST FOR JUDICIAL NOTICE
20
                                              Date:         June 13, 2008
21                                            Time:         1:30 p.m.
                                              Courtroom:    12
22

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

4830-6209-0754.1
                                              CASE NO. 07-CV-2132-DMS (AJB)
                                              [Consolidated with 07 CV 2226 DMS (POR)]

## I.

## **INTRODUCTION**

In his recent oppositions to Defendants' motions to dismiss pursuant to F.R.Civ.P. Rule 12, KINDER admits that the total number of calls made by "Harrah's entities" to his infamous telephone number is 7. (Exhs. 3, 4.)  Previously, in his Original Complaint and his First Amended Complaint, KINDER did not identify the total number of alleged telephone calls that he claims violated the Telephone Consumer Protection Act ("TCPA"). (Exhs. 1, 2.)  Now that the total number of alleged telephone calls at issue is known and is not in dispute, it is apparent that even if KINDER makes out "willful" violations of the TCPA, the maximum he could recover for each such telephone call is $1,500.  Adding in a very liberal estimate for attorneys' fees on top of that figure still falls far short of the $75,000 amount in controversy required for this Court to maintain diversity jurisdiction over this action.  Defendants requested that KINDER stipulate to remand this action to Superior Court, but he refused claiming that punitive damages may meet the jurisdictional threshold.  Accordingly, Defendants move this Court to remand this action to San Diego County Superior Court, given KINDER's judicial admissions that the total amount in controversy at the time of removal was far short of this Court's jurisdictional threshold.

## II.

## **PERTINENT FACTS**

KINDER filed his complaint against Defendant Harrah's Entertainment, Inc. on October 2, 2007 (Exh. 1.)  In his complaint, KINDER alleges violations of the Telephone Consumer Protection Act (Exh. 1 at ¶¶ 5-9), California Civil Code § 1770 (*Id.* at ¶¶ 10-15), Unfair Business Practices Act (*Id.* at ¶¶ 21-23), and an alleged trespass to chattel (*Id.* at ¶¶ 16-20).  On November 21, 2007, *Specially Appearing* Defendant Harrah's Entertainment, Inc. removed this matter to the United States District Court pursuant to 28 United States Code §§ 1332 and 1441(b).  Thereafter, on January 30, 2008, KINDER filed a First Amended Complaint and named Defendants Harrah's Operating Company, Inc.; Harrah's Marketing Services Corporation; Harrah's License Company, LLC; Harrah's Laughlin, Inc.; and HBR Realty Company, Inc.  (Exh. 2.)

1   KINDER's original complaint did not quantify the total number of telephone calls which he

2   alleges "Harrah's" made to his (619) 999-9999 telephone number. (*See generally*, Exh. 1.)  In his

3   First Amended Complaint, KINDER mentions seven telephone calls that are at issue, but does not

4   quantify the total number of telephone calls.  (Exh. 2.)

5

6   In his opposition to *Specially Appearing* Defendant's Motion to Dismiss brought pursuant

7   to F.R.Civ.P. Rule 12, KINDER's counsel, Chad Austin, declares as follows:

8   Plaintiff has in his possession, and I have personally listened to, the
    tape recordings of each and every call (**seven in total**) made by
9   Defendant to Plaintiff's number assigned to a paging service 619-
    999-9999, a San Diego, California number.  (Exh. 3 at ¶ 3.)

10

11  Attorney Austin's declaration was submitted in support of Plaintiff's opposition to the motion to

12  dismiss filed by *Specially Appearing* Defendants Harrah's Operating Company, Inc. and Harrah's

13  Marketing Services Corporation.

14

15  Attorney Austin filed an identical declaration in support of Plaintiff's opposition to the

16  F.R.Civ.P. Rule 12 Motion to Dismiss filed by *Specially Appearing* Defendants Harrah's License

17  Company, LLC; Harrah's Laughlin, Inc.; and HBR Realty Company, Inc.  (Exh. 4 at ¶ 3.)

18

19  Prior to Attorney Austin's declarations under penalty of perjury, KINDER had not

20  quantified the total number of telephone calls that he alleges were made in violation of the TCPA

21  and related statutes, by the "Harrah's entities."  (*See*, Exhs. 1, 2.)

22

23  Assuming that Plaintiff can make out a "willful" violation of the Telephone Consumer

24  Protection Act, the maximum amount of recovery on each such violation is $1,500.  (47 U.S.C.

25  § 227(b)(3).)  Inasmuch as KINDER has admitted that only **seven** telephone calls were made by

26  any "Harrah's entity" to his infamous telephone number, this means a maximum recovery of

27  $10,500.  Factoring in a liberal apportionment of attorneys' fees on top of that $10,500 figure, the

28  total amount in controversy falls far short of the jurisdictional threshold amount of this Court for

1  diversity jurisdiction. (*See*, 28 U.S.C. §1332(a).) Although KINDER has other causes of action, it
2  is doubtful that he could maintain double or triple recovery on the same telephone calls.

3

4  Counsel for Defendants attempted to meet and confer with Attorney Austin prior to filing
5  the instant motion to remand, to obtain a stipulation to remand. Although Attorney Austin did not
6  dispute that the total number of telephone calls at issue was only 7, he would not stipulate to the
7  remand and maintained that the possibility of punitive damages would put the amount in
8  controversy over $75,000. (Giusso Decl., ¶ 3.)

9

10  Based on Attorney Austin's admissions, it is apparent that, at the time of the removal of
11  this action, because there were only **seven** telephone calls made by any "Harrah's entity" to
12  KINDER's number, the jurisdictional threshold of $75,000 was never met.

13

14  **III.**

15  **AUTHORITY**

16  If it is shown that the amount in controversy was less than $75,000 at the time of removal,
17  the matter is appropriately remanded to state court. (*Sierminski v. Transouth Financial Corp.*, 216
18  F.3d 945, 949 (11th Cir. 2000).) Where the complaint contains no allegation as to the amount in
19  controversy, an admission by plaintiff or his counsel that the claim was never more than $75,000
20  may support a remand motion. (*See, Asociacion Nacional de Pescadores v. Dow*, 988 F.2d 559,
21  565 (5th Cir. 1993); *Maxom v. Texaco Refining and Marketing, Inc.* 905 F.Supp. 976, 979 (N.D.
22  OK 1995).)

23

24  As the Court is aware, diversity jurisdiction exists only "where the matter in controversy
25  exceeds the sum or value of $75,000 exclusive of interest and costs . . ." (28 U.S.C. § 1332(a).)
26  The amount in controversy for jurisdictional purposes is determined by the amount of damages or
27  the value of the property that is the subject of the action. (*Hunt v. Washington State Apple*
28  / / /

1       *Advertising Commission*, 432 U.S. 333, 347-48 (1977); *Meisel v. Allstate Indemnification*

2 *Company*, 357 Supp.2d 1220, 1225 (E.D. CA 2005).)  If attorney fees are recoverable by a

3 plaintiff by a statute or contract, the fee claim in included in determining the amount in

4 controversy.  (*Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).)

5

6       The amount in controversy, if it includes punitive damages, is closely scrutinized by the

7 trial court.  (*See, Anthony v. Security Pacific Financial Services, Inc.*, 75 F.3d 311, 315 (7th Cir.

8 1996) (when a punitive damages claim makes up the bulk of the amount in controversy, the court

9 will "scrutinize that claim closely" to be certain jurisdiction exists).)  Indeed, courts increasingly

10 view punitive damages claims with skepticism, especially if asserted for the apparent purpose of

11 meeting the jurisdictional minimum.  (*See, State of Missouri Ex.rel. Pemiscot County v. Western*

12 *Surety Company*, 51 F.3d 170, 173 (8th Cir. 1995); *Miller v. European American Bank*, 921

13 F.Supp. 1162, 1167 (SD NY 1996); *H&D Tire and Automotive Hardware, Inc. v. Pitney Bowes,*

14 *Inc.*, 227 F.3d 326, 329 (5th Cir. 2000) (no evidence of conduct that would support punitive

15 damages award of "roughly 5-690 times actual damages").

16

17       Unlike federal question jurisdiction, the Court may "consider post-removal evidence in

18 determining whether the requisite amount is in controversy" for purposes of diversity jurisdiction.

19 (*Mattel, Inc. v. Bryant*, 441 F.Supp.2d 1081, 1093 (C.D. CA 2005), *citing*, 16 James William

20 Moore, et al., Moore's Federal Practice, § 107.14(2)(g) n. 102.1 (3rd ed. 2004); *see also, Singer v.*

21 *State Farm Mutual Auto Insurance*, 116 F.3d 373, 377 (9th Cir. 1997) (the court may consider

22 plaintiff's counsel's post-removal oral admission to court).)

23

24                                       **IV.**

25                             **ARGUMENT**

26       It is undisputed that the total number of telephone calls KINDER claims were made to his

27 (619) 999-9999 telephone number by any "Harrah's" entity is 7.  Attorney Austin, KINDER's

28 counsel, has admitted this repeatedly in recent declarations signed under penalty of perjury and

1   filed with this Court.  (Exhs. 3, 4.)  KINDER had not previously quantified the total number of

2   telephone calls that were at issue, in either his Original Complaint or the First Amended

3   Complaint.  (Exhs. 1, 2.)  Even assuming that KINDER is able to satisfy his burden to show that

4   each of those 7 purported telephone calls was made in "willful" violation of the TCPA, the

5   maximum amount of recovery would be $1,500 for each such "willful" violation – or a total of

6   $10,500.  (47 U.S.C. § 227(b)(3).)  Of course, KINDER will also seek attorneys' fees on top of

7   that figure, but even factoring a very liberal amount of attorneys' fees, the amount in controversy

8   in this action patently falls far short of the $75,000 jurisdictional threshold of this Court under

9   diversity jurisdiction.  (28 U.S.C. § 1332(a).)

10

11          The Ninth Circuit has recognized that a plaintiff's counsel's admission regarding the

12   jurisdictional amount in controversy, was properly considered by the District Court in determining

13   whether diversity jurisdiction existed.  (*Singer v. State Farm*, 116 F.3d at 376.)  Here, Attorney

14   Austin has admitted repeatedly, under penalty of perjury, that the total amount of damages

15   KINDER could recover for the telephone calls purportedly at issue is $10,500 (assuming a $1,500

16   "willful" violation for each of the 7 alleged telephone calls).  (Exhs. 3, 4.)  The fact that KINDER

17   only claimed 7 total telephone calls was missing from his Original Complaint.  (*See*, Exh. 1.)

18   Thus, at the time of removal of this action on November 21, 2007, there was <u>less than</u> $75,000 in

19   controversy – a fact which Harrah's Entertainment, Inc. was unaware of because KINDER failed

20   to quantify his damages in his Original Complaint.  Where an original complaint does not specify

21   damages (as with KINDER's Original Complaint), a plaintiff's post removal admission that

22   establishes the amount in controversy is less than $75,000 has been held to show a lack of removal

23   jurisdiction.  (*Asociacion Nacional de Pescadores*, 988 F.2d at 565.)

24

25          Counsel for Defendants attempted to meet and confer with Attorney Austin prior to filing

26   the instant motion to remand, to obtain a stipulation to remand.  Although Attorney Austin did not

27   dispute that the total number of telephone calls at issue was only 7, he maintained that the

28   possibility of punitive damages might put the amount in controversy over $75,000.  (Giusso Decl.,

1    ¶ 3.)  However, as noted above, trying to maintain diversity jurisdiction by factoring in a

2    speculative punitive damages claim is very closely scrutinized by the trial court.  (*Anthony v.*

3    *Security Pacific Financial Services, Inc.*, 75 F.3d at 315; *State of Missouri Ex.rel. Pemiscot*

4    *County*, 51 F.3d at 173; *Miller v. European American Bank*, 921 F.Supp. at 1167; *H&D Tire and*

5    *Automotive Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d at 329.)  Indeed, considering the facts

6    of this case, *i.e.*, are that some "Harrah's" entity allegedly made 7 phone calls to a pager number

7    that was never answered by KINDER, it is highly improbable that a trier of fact would find such

8    conduct warrants punitive damages.  Given that the total amount of damages for "willful"

9    violations of the TCPA is $10,500, to find that the jurisdictional amount in controversy is met

10   based purely on a speculation of punitive damages, would be essentially turning a blind eye to the

11   diversity jurisdiction requirements of the United States Code.

12

13            Inasmuch as KINDER's total claim for damages can be liberally estimated at $10,500, it is

14   crystal clear that the amount in controversy in this action does not meet the threshold amount of

15   $75,000 and that this Court lacks diversity jurisdiction.  This case should be appropriately

16   remanded back to the Superior Court of San Diego County.

17   / / /

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

## V.

## CONCLUSION

Because the total number of alleged telephone calls at issue is known and is not in dispute, it is apparent that even if KINDER makes out "willful" violations of the TCPA, the maximum he could recover for each such telephone call is $1,500. The undisputed facts, which were not set forth in the Original Complaint at the time of removal, patently indicate that the amount in controversy falls far short of the $75,000 amount in controversy required for this Court to maintain diversity jurisdiction over this action. This is true even factoring in a generous estimate for attorneys' fees on top of that figure. Therefore, this Court is respectfully requested to remand this action back to the Superior Court of San Diego County as it is apparent that diversity jurisdiction is lacking.

SHEA STOKES ROBERTS & WAGNER, ALC

Dated: May 13, 2008                    By:    s/Maria C. Roberts
                                              Maria C. Roberts
                                              Ronald R. Giusso
                                              Attorneys for HARRAH'S ENTERTAINMENT,
                                              INC.; HARRAH'S OPERATING COMPANY,
                                              INC.; HARRAH'S MARKETING SERVICES
                                              CORPORATION; HARRAH'S LAUGHLIN,
                                              INC.; HARRAH'S LICENSE COMPANY, LLC;
                                              and HBR REALTY COMPANY, INC.