Chad Austin, Esq. SBN 235457
4632 Berwick Drive
San Diego, CA 92117
Telephone: (619) 992-7100
Facsimile: (619) 295-1401

Attorney for Plaintiff, JAMES M. KINDER, an individual

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. KINDER, <br><br> Plaintiff, <br><br> v. <br><br> HARRAH'S ENTERTAINMENT, Inc.; HARRAH'S OPERATING COMPANY, Inc.; HARRAH'S MARKETING SERVICES CORPORATION; HARRAH'S LICENSE COMPANY, LLC; HARRAH'S LAUGHLIN, Inc.; HBR REALTY COMPANY, Inc. and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No. 07 CV 2132 DMS (AJB) <br> [Consolidated with 07CV2226 DMS (AJB)] <br><br> Judge: Hon. Dana M. Sabraw <br> Mag. Judge: Hon. Anthony J. Battaglia <br><br> **PLAINTIFF JAMES M. KINDER'S OPPOSITION TO DEFENDANTS' MOTION TO REMAND ACTION REMOVED TO FEDERAL COURT BY DEFENDANT HARRAH'S ENTERTAINMENT, Inc.** <br><br> [NO ORAL ARGUMENT] <br><br> Date: June 13, 2008 <br> Time: 1:30 p.m. <br> Courtroom: 10 |

## I. INTRODUCTION

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE THAT Plaintiff JAMES M. KINDER hereby opposes Defendants HARRAH'S ENTERTAINMENT, Inc., HARRAH'S OPERATING COMPANY, Inc., HARRAH'S MARKETING SERVICES CORPORATION, HARRAH'S LICENSE COMPANY, LLC,

1

CASE NO. 07 CV 2132 DMS (AJB)

HARRAH'S LAUGHLIN, Inc. and HBR REALTY COMPANY, Inc.'s Motion to Remand, for the reasons set forth below.

## II. ARGUMENT

Defendant HARRAH'S ENTERTAINMENT, Inc. ("HARRAH'S") removed this case to federal court on November 21, 2007 on the basis of diversity jurisdiction. HARRAH'S Notice of Removal stated that because Plaintiff's complaint sought damages and attorney's fees "**It is facially apparent that Plaintiff's claims more likely than not exceed $75,000 based on the list of damages**." (Exh. A at p. 2, line 27 through p. 3, line 1.) (Bold added.) HARRAH'S made this statement even in light of its alleged ignorance of the number of calls Plaintiff was aware HARRAH'S had made. When it removed this action, HARRAH'S invoked this Court's jurisdiction by alleging that Diversity Jurisdiction existed *regardless* of the number of calls it made (because, as HARRAH'S now alleges, it did not know at the time it removed this case how many calls were at issue and thus *must have* assumed, and is therefore deemed to have *admitted*, that the number of calls was irrelevant).

Now, apparently unhappy with its choice of forum, HARRAH'S claims that because "the total number of alleged telephone calls at issue is known and is not in dispute, it is apparent that" the amount in controversy in this case "falls far short of the $75,000 amount in controversy required for this Court to maintain diversity jurisdiction over this action." (Motion to Remand [Document 66-2], p. 1, lines 7-12.)

/ / /

/ / /

HARRAH'S fails to acknowledge or explain the fact that its Notice of Removal admitted that the amount in controversy requirement was satisfied and that it was satisfied *regardless* of the number of calls it made, because of Plaintiff's prayer for attorney's fees. HARRAH'S also fails to explain why, after unsuccessfully moving this Court for a **$75,000** bond as expected defense costs and attorney's fees in this case, it *now* claims that there is less than $75,000 in controversy.

HARRAH'S incorrectly states that Plaintiff's First Amended Complaint ("FAC") "did not identify the total number of alleged telephone calls that he claims violated the Telephone Consumer Protection Act…Now that the total number of alleged telephone calls at issue is known and is not in dispute it is apparent that" the amount in controversy in this case "falls far short of the $75,000 amount in controversy required…" (Motion to Remand, p. 1, lines 5-11.) This is a startling statement by HARRAH'S given that the FAC specifically stated that "Defendants have been calling Plaintiff's number assigned to a paging service…on at least 7 occasions during the statutory period of the last 4 years." (FAC, ¶ 15.) HARRAH'S explains away this inconsistency by claiming that the FAC "mentions seven telephone calls that are at issue, but does not quantify the total number of telephone calls." (Motion to Remand, p. 2, lines 2-4.)

This simply makes no sense. The number of known calls made by HARRAH'S stated in the FAC is entirely consistent with the declarations of Plaintiff's counsel referenced by HARRAH'S. As stated in the FAC and the declarations filed by Plaintiff's counsel, Plaintiff has

3

*recordings* of 7 TCPA-violative calls made by HARRAH'S. However, as also stated in the FAC, there may be additional calls made by HARRAH'S and revealed during discovery which are not yet known to Plaintiff because he was not able to record them. Therefore, the "total number of telephone calls" is not yet known, will not be known until Plaintiff propounds discovery and may be far in excess of the 7 of which Plaintiff is currently aware. Therefore, there are a *minimum* of 7 calls at issue and an as of yet unknown number of other calls made by HARRAH'S.

However, as already conceded by HARRAH'S in its Notice of Removal, it is facially apparent that Plaintiff's prayers for damages, including attorney's fees, put the amount in controversy in this case over the required $75,000.

Even assuming for the sake of argument that more TCPA-violative calls are not revealed during discovery, the amount in controversy in this case obviously exceeds $75,000. The statutory penalties Plaintiff may recover under the TCPA, with trebling, amount to $10,500. While there are no fixed statutory penalties for violations of Cal. Civ. Code § 1770(a)(22)(A), that statute is analogous to the TCPA and it is therefore reasonable to expect that if Plaintiff recovers $10,500 under the TCPA he would also recover the same or a similar amount under the Civil Code counterpart. This would amount to a statutory recovery of $21,000, *exclusive* of punitive damages and attorney's fees. Adding a fair estimate of attorney's fees that will be required to take this matter to judgment to a statutory recovery of $21,000 puts the amount in controversy over $75,000, without even considering a potential punitive damages award. However, even assuming *arguendo* that Plaintiff recovers no attorney's fees in this case, a single

digit multiplier punitive damages award could put the amount in controversy up to $210,000. *State Farm v. Campbell*, 538 U.S. 408 (2003).

HARRAH'S also ignores the fact that Plaintiff's counsel stated in his declaration, filed in support of Plaintiff's Motion to File a First Amended Complaint, **dated December 28, 2007** that Plaintiff had tape recordings of 7 TCPA-violative calls made by Harrah's entities. (Exh. B, ¶ 3.) Plaintiff's counsel also stated in his declaration, filed in support of Plaintiff's opposition to Defendant HARRAH'S ENTERTAINMENT, Inc.'s Motion to Dismiss, **dated December 21, 2007** that Plaintiff had tapes of 7 calls made by Harrah's entities. (Exh. C, ¶ 3.) Subsequent to those two declarations being filed and served on defendants, the various Harrah's defendants have filed 2 motions to dismiss as well as a motion to declare Plaintiff a vexatious litigant and requesting a $75,000 bond. All of those motions were unsuccessful. HARRAH'S now apparently wishes to strike the chessboard to the ground and start the game anew back in state court.

As HARRAH'S acknowledges, in determining the amount in controversy the Court may consider Plaintiff's prayer for punitive damages. This is the case so long as punitive damages are recoverable as a matter of state law (which is the case here) **and it cannot be said to a <u>legal certainty</u>** that plaintiff would not be entitled to recover the jurisdictional amount (an incredibly high burden HARRAH'S cannot possibly meet). *Anthony v. Security Pac. Fin'l Services, Inc.* (7th Cir. 1996) 75 F3d 311, 315; *Watson v. Blankinship* (10th Cir. 1994) 20 F3d 383, 386–387; *St. Paul Reinsurance Co., Ltd. v. Greenburg* (5th Cir. 1998) 134 F3d 1250, 1253–1254.

Further, although punitive damages are closely scrutinized where they make up the *bulk* of the amount in controversy, such is not the case in this action. <u>Anthony v. Security Pac. Fin'l Services, Inc.</u>, supra, 75 F3d at 315; <u>Packard v. Provident Nat'l Bank (3rd Cir. 1993) 994 F2d 1039, 1048</u>. As stated above, the statutory penalties under the TCPA and California Civil Code counterpart could well be in the range of $21,000, if not more, since penalties for violations of Cal. Civ. Code § 1770(a)(22)(A) are not fixed. Given that statutory penalties and attorney's fees alone may exceed the jurisdictional amount in this case, punitive damages do not comprise the bulk of the amount in controversy. HARRAH'S reliance on <u>Anthony v. Security Pac. Fin'l Services, Inc.</u> is therefore misplaced.

Finally, although Courts may view punitive damages claims with skepticism, they do so particularly when those damages are asserted for the apparent purpose of meeting the jurisdictional minimum. <u>State of Missouri ex rel. Pemiscot County, Mo. v. Western Sur. Co. (8th Cir. 1995) 51 F3d 170, 173</u>; <u>Miller v. European American Bank (SD NY 1996) 921 F.Supp. 1162, 1167</u>; <u>H & D Tire & Automotive–Hardware, Inc. v. Pitney Bowes Inc. (5th Cir. 2000) 227 F3d 326, 329</u>. That is obviously not the case here as Plaintiff prayed for punitive damages in his initial complaint, filed in *state* court.

/ / /

/ / /

/ / /

/ / /

6

CASE NO. 07 CV 2132 DMS (AJB)

### III. CONCLUSION

For all of the reasons stated above, Plaintiff respectfully requests that the Court deny Defendants' motion to remand.

DATED: May 30, 2008

By: /s/ Chad Austin
CHAD AUSTIN, Esq., Attorney for
Plaintiff, JAMES M. KINDER
Email: chadaustin@cox.net