Chad Austin, Esq. SBN 235457
4632 Berwick Drive
San Diego, CA 92117
Telephone: (619) 992-7100
Facsimile: (619) 295-1401

Attorney for Plaintiff, JAMES M. KINDER, an individual

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. KINDER,<br><br>        Plaintiff,<br><br>v.<br><br>HARRAH'S ENTERTAINMENT, Inc.; HARRAH'S OPERATING COMPANY, Inc.; HARRAH'S MARKETING SERVICES CORPORATION; HARRAH'S LICENSE COMPANY, LLC; HARRAH'S LAUGHLIN, Inc.; HBR REALTY COMPANY, Inc. and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No. 07 CV 2132 DMS (AJB)<br>[Consolidated with 07CV2226 DMS (AJB)]<br><br>Judge:      Hon. Dana M. Sabraw<br>Mag. Judge:  Hon. Anthony J. Battaglia<br><br>**DECLARATION OF CHAD AUSTIN IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO REMAND**<br><br>[NO ORAL ARGUMENT]<br><br>Date:       June 13, 2008<br>Time:      1:30 p.m.<br>Courtroom: 10 |

I, CHAD AUSTIN, declare as follows:

      1.     I am an attorney at law duly licensed and admitted to practice before all courts of the State of California, the United States District Court, Southern District of California and the Ninth Circuit Court of Appeals and have been attorney of record for Plaintiff in this matter since its inception. If called as a witness, I could and would competently testify to all facts within my

1

CASE NO. 07 CV 2132 DMS (AJB)

1  personal knowledge except where stated on information and belief. The facts stated in this
2  declaration are true, of my own personal knowledge.

4      2.    Attached hereto as Exhibit A is a true and correct copy of the Notice of Removal
5  filed by defendant Harrah's Entertainment, Inc. on November 21, 2007

8      3.    Attached hereto as Exhibit B is a true and correct copy of my declaration dated
9  December 28, 2007 and filed in support of Plaintiff's Motion to File First Amended Complaint,
10 naming additional defendants.

13     4.    Attached hereto as Exhibit C is a true and correct copy of my declaration dated
14 December 21, 2007 and filed in support of Plaintiff's Opposition to Defendant Harrah's
15 Entertainment, Inc.'s Motion to Dismiss.

18     I declare under penalty of perjury under the laws of the State of California and the laws of
19 the United States that the foregoing is true and correct and that this declaration was executed by
20 me on May 30, 2008 in San Diego, California.

21 DATED: May 30, 2008

                                                  By: /s/ Chad Austin_____
                                                  CHAD AUSTIN, Esq., Attorney for
                                                  Plaintiff, JAMES M. KINDER
                                                  Email: chadaustin@cox.net

2

CASE NO. 07 CV 2132 DMS (AJB)

James M. Kinder v. Harrah's Entertainment, Inc. et al.
Case No. 07CV2132 DMS (AJB)
Consolidated with 07CV2226 DMS (AJB)

Index of Exhibits

Exhibit A    Pages 1-3

Exhibit B    Pages 4-7

Exhibit C    Pages 8-13

MARIA C. ROBERTS, State Bar No. 137907
RONALD R. GIUSSO, State Bar No. 184483
SHEA STOKES, A LAW CORPORATION
510 MARKET STREET, THIRD FLOOR
SAN DIEGO, CALIFORNIA 92101-7025
TELEPHONE:   (619) 232-4261
FACSIMILE:   (619) 232-4840

Attorneys for *Specially Appearing* Defendant HARRAH'S ENTERTAINMENT, INC.

FILED
07 NOV 21 PM 1:13
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY:           DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. KINDER,<br><br>Plaintiff,<br><br>vs.<br><br>HARRAH'S ENTERTAINMENT, INC. and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. '07 CV 2226 H (RBB)<br><br>NOTICE OF REMOVAL OF CIVIL ACTION<br><br>[Pursuant to 28 U.S.C. §§ 1332, 1441(b)] |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that *Specially Appearing* Defendant HARRAH'S ENTERTAINMENT, INC. hereby removes to the United States District Court, Southern District of California, San Diego County Superior Court Case No. 37-2007-00076114-CU-MC-CTL (the "State Action").

Removal is based upon diversity jurisdiction in that the Plaintiff and *Specially Appearing* Defendants are citizens of different states. (28 U.S.C. §§ 1332, 1441(b).)

/ / /
/ / /
/ / /

Exhibit A    1

Pursuant to 28 U.S.C. §1446, attached hereto collectively as Exhibit A are the Summons and Complaint in the State Action, Civil Case Cover Sheet, and Notice of Case Assignment. Plaintiff's Complaint did not include a Stipulation to Use of Alternative Dispute Resolution Process. No further proceedings have been had or documents filed in the Superior Court for the County of San Diego.

This Notice of Removal is timely in that it has been filed within thirty (30) days of *Specially Appearing* Defendant's receipt of the Summons and Complaint, on or about October 24, 2007.

A.   **Removal is Proper Based on Diversity Jurisdiction.**

1.   Plaintiff James M. Kinder is a citizen of California. (*See*, Complaint, ¶1.)

2.   *Specially Appearing* Defendant HARRAH'S ENTERTAINMENT, INC. is, and has at all times relevant to this action been, a Delaware corporation. *Specially Appearing* Defendant is not a citizen of California because it is neither incorporated in California nor has its principal place of business in California.

3.   Plaintiff alleges that Defendants have made multiple calls to Plaintiff's number in violation of 47 U.S.C. §227(b)(1)(A)(iii), and that Plaintiff may recover up to $1,500 as a violation for each such call that was willful. (Complaint, ¶¶ 8-9). In addition, Plaintiff seeks damages and attorneys' fees pursuant to California *Civil Code* section 1780(d) and California *Code of Civil Procedure* section 1021.5. When attorneys' fees are recoverable by plaintiff by statute, the fee claim is included in determining the amount in controversy for purposes of diversity jurisdiction, regardless of whether the fee award is mandatory or discretionary. (*Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-1156 (9th Cir. 1998); *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1265 (11th Cir. 2000).) As such, it is facially apparent that Plaintiff's claims more likely
///

1  than not exceed $75,000 based on the list of damages.  (*Sanchez v. Monumental Life Ins. Co.*, 95
2  F.3d 856, 860 (9th Cir. 1996).)
3
4        WHEREFORE, pursuant to 28 U.S.C. §§1331, 1332, and 1441, *Specially Appearing*
5  Defendant removes this case from the Superior Court of the State of California in and for the
6  County of San Diego to the United States District Court for the Southern District of California.
7
8                            SHEA STOKES, ALC
9
10 Dated: November 21, 2007        By: _____
                                    Maria C. Roberts
11                                  Ronald R. Giusso
                                    Attorneys for *Specially Appearing* Defendant
12                                  HARRAH'S ENTERTAINMENT, INC.

```
Chad Austin, Esq. SBN 235457
3129 India Street
San Diego, CA 92103-6014
Telephone: (619) 297-8888
Facsimile: (619) 295-1401

Attorney for Plaintiff, JAMES M. KINDER, an individual
```

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. KINDER, | Case No. 07 CV 2226 DMS (AJB) |
| Plaintiff, | Judge: Hon. Dana M. Sabraw |
| | Mag. Judge: Hon. Anthony J. Battaglia |
| v. | **DECLARATION OF CHAD AUSTIN IN SUPPORT OF PLAINTIFF'S MOTION TO FILE FIRST AMENDED COMPLAINT** |
| HARRAH'S ENTERTAINMENT, Inc. and DOES 1 through 100, inclusive, | |
| Defendants. | Date: January 25, 2008 |
| | Time: 1:30 p.m. |
| | Courtroom: 10 |

I, CHAD AUSTIN, declare as follows:

1. I am an attorney at law duly licensed and admitted to practice before all courts of the State of California, the United States District Court, Southern District of California and the Ninth Circuit Court of Appeals and have been attorney of record for Plaintiff in this matter since its inception. If called as a witness, I could and would competently testify to all facts within my personal knowledge except where stated on information and belief.

///

1

CASE NO. 07 CV 2226 DMS (AJB)

Exhibit B    4

2. I am fully familiar with all of the facts and circumstances surrounding this case. This declaration is submitted in support of Plaintiff's Motion to File First Amended Complaint. The matters stated in this declaration are true, of my own personal knowledge.

3. I have personally listened to the tape recordings of each and every call (7 in total) made by Defendant to Plaintiff's number assigned to a paging service 619-999-9999.

4. One of the 7 calls made to Plaintiff's number assigned to a paging service, which was made on December 9, 2003 at 10:19 a.m., was what clearly appeared to be a prerecorded telemarketing call which stated that it was made on behalf of "Harrah's Rincon Casino." That casino is located in Valley Center, San Diego County, California. My investigation has revealed that the Harrah's Rincon Casino is owned by the Rincon band of Mission Indians and operated by one or more of several Harrah's entities, including but not necessarily limited to HARRAH'S ENTERTAINMENT, Inc. (a Delaware corporation), HARRAH'S OPERATING COMPANY, Inc. (a Delaware corporation), HARRAH'S MARKETING SERVICES CORPORATION (a Nevada corporation) and HARRAH'S LICENSE COMPANY, LLC (a Nevada limited liability company).

5. My investigation of public title documents has revealed that HARRAH'S LAUGHLIN, Inc. (a Nevada corporation) owns "Harrah's Laughlin Casino." Two (2) of the unlawful prerecorded telemarketing calls complained of in this action were calls promoting the Harrah's Laughlin Casino in Laughlin, Nevada.

2

CASE NO. 07 CV 2226 DMS (AJB)

6. My investigation of public title documents has revealed that HARRAH'S OPERATING COMPANY, Inc. owns "Harrah's Las Vegas Casino." Two (2) of the unlawful prerecorded telemarketing calls complained of in this action were calls promoting the Harrah's Las Vegas Casino in Las Vegas, Nevada.

7. My investigation of public title documents has revealed that HBR REALTY COMPANY, Inc. (a Nevada corporation) owns "Harrah's Council Bluffs Casino." One (1) of the unlawful prerecorded telemarketing calls complained of in this action was a call promoting the Harrah's Council Bluffs Casino in Council Bluffs, Iowa.

8. One (1) of the unlawful prerecorded telemarketing calls complained of in this action was a call promoting the Harrah's Metropolis Casino in Metropolis, Illinois. I do not yet know which Harrah's entity or entities own Harrah's Metropolis Casino, but I believe that owner to be HBR REALTY COMPANY, Inc., the same entity who owns Harrah's Council Bluffs Casino.

///
///
///
///
///
///
///

3

CASE NO. 07 CV 2226 DMS (AJB)

1  9. I visited each of the websites for the Harrah's Casinos (Harrah's Laughlin Casino, Harrah's Las Vegas Casino, Harrah's Rincon Casino, Harrah's Metropolis Casino and Harrah's Council Bluffs Casino). Each of those websites lists at the bottom of the page "© 2007 Harrah's License Company, LLC. All rights reserved." Therefore, I am informed and believe that Harrah's License Company, LLC is or may be a necessary party to this action.

I declare under penalty of perjury under the laws of the State of California and the laws of the United States that the foregoing is true and correct and that this declaration was executed by me on December 28, 2007 in San Diego, California.

DATED: December 28, 2007

By: /s/ Chad Austin
CHAD AUSTIN, Esq., Attorney for
Plaintiff, JAMES M. KINDER
Email: chadaustin@cox.net

4

CASE NO. 07 CV 2226 DMS (AJB)

7

```
Chad Austin, Esq. SBN 235457
3129 India Street
San Diego, CA 92103-6014
Telephone: (619) 297-8888
Facsimile: (619) 295-1401

Attorney for Plaintiff, JAMES M. KINDER, an individual
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. KINDER,<br><br>             Plaintiff,<br><br>v.<br><br>HARRAH'S ENTERTAINMENT, Inc. and DOES 1 through 100, inclusive,<br><br>             Defendants. | Case No. 07 CV 2226 DMS (AJB)<br><br>Judge:         Hon. Dana M. Sabraw<br>Magistrate:  Hon. Anthony J. Battaglia<br><br>**DECLARATION OF CHAD AUSTIN IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Date:         January 7, 2008<br>Time:        10:30 a.m.<br>Courtroom: 13 |

I, CHAD AUSTIN, declare as follows:

   1.   I am an attorney at law duly licensed and admitted to practice before all courts of the State of California, the United States District Court, Southern District of California and the Ninth Circuit Court of Appeals and have been attorney of record for Plaintiff in this matter since its inception. If called as a witness, I could and would competently testify to all facts within my personal knowledge except where stated on information and belief.

///

1

CASE NO. 07 CV 2226 DMS (AJB)

Exhibit C

8

2. I am fully familiar with all of the facts and circumstances surrounding this case. This declaration is submitted in support of Plaintiff's Opposition to Defendant's Motion to Dismiss. The matters stated in this declaration are true, of my own personal knowledge.

3. Plaintiff has in his possession and I have personally listened to the tape recordings of each and every call (7 in total) made by Defendant to Plaintiff's number assigned to a paging service 619-999-9999, a San Diego, California number.

4. One (1) of the unlawful prerecorded telemarketing calls complained of in this action, which was made on December 9, 2003 at 10:19 a.m., was what clearly appeared to be a prerecorded telemarketing call. The prerecorded message stated that it was made on behalf of "Harrah's Rincon Casino," located in Valley Center, San Diego County, California. My investigation has revealed that the Harrah's Rincon Casino is owned by the Rincon band of Mission Indians and operated by one or more of several Harrah's entities, including but not necessarily limited to defendant HARRAH'S ENTERTAINMENT, Inc. (a Delaware corporation), HARRAH'S OPERATING COMPANY, Inc. (a Delaware corporation), HARRAH'S MARKETING SERVICES CORPORATION (a Nevada corporation) and HARRAH'S LICENSE COMPANY, LLC (a Nevada limited liability company). However, discovery will ultimately be required in order to determine exactly which Harrah's entity operates the Harrah's Rincon Casino. A true and correct verbatim transcript of the December 9, 2003 at 10:19 a.m. call is attached hereto as Exhibit B.

///

2

CASE NO. 07 CV 2226 DMS (AJB)

9

5. One (1) of the unlawful prerecorded telemarketing calls complained of in this action, which was made on February 15, 2007 at 2:53 p.m., included what clearly appeared to be a man's prerecorded voice. The prerecorded voice message promoted the Harrah's Las Vegas Casino. The gentleman said in the prerecorded message that he was "Scott with **Harrah's Entertainment**." A true and correct verbatim transcript of that prerecorded message is attached hereto as Exhibit C.

6. On December 11, 2007, I accessed the website for the North County times and found an article entitled "Gambling growth could lead to unfriendly competition," a true and correct copy of which is attached hereto as Exhibit D, which stated, *inter alia*, "**Rincon**, which has partnered with Las Vegas giant **Harrah's Entertainment**, has said that its casino with 1,600 slot machines can't compete with its neighbors without more slots."

7. On December 3, 2007, I accessed the Harrah's website. Specifically, under "CORPORATE : INVESTOR RELATIONS – PROPERTY STATS" [http://investor.harrahs.com/[phoenix.zhtml?c=84772&p irol-PropertyStats], I found a listing of properties and various statistics related thereto. At the top of the table read "**HARRAH'S ENTERTAINMENT** › INVESTOR RELATIONS › **PROPERTY STATS**." [bold and underlining of "HARRAH'S ENTERTAINMENT" added for emphasis]. The subheading read "STATISTICAL DATA AS OF JUNE 30, 2007." One of the entries in that table related to "Rincon," referring to Harrah's Rincon Casino. According to the table, Harrah's Rincon Casino has 61 table games, 12 poker tables, 1,600 slot machines, 69,949 square feet of casino, 552 hotel

3

1  rooms (non-suite), 101 hotel suites, 653 total rooms/suites and 7,648 convention center square
2  feet. A true and correct copy of the website printout is attached hereto as Exhibit E.

4      8.    On or about December 11, 2007, I accessed, via the internet, the document a true
5  and correct copy of which is attached hereto as Exhibit F. The document, entitled "Capturing the
6
7  Benefits of Casino Gaming: An Economic Development Initiative for Rhode Island Submitted by
8  **Harrah's Entertainment, Inc.** to the Rhode Island Special House Commission to Study
9  Gaming, March 14, 2003" [http://www.rilin.state.ri.us/gen assembly/gaming/whiteversion.doc]
10 was accessed by me on the State of Rhode Island General Assembly's website,
11
12 http://www.rilin.state.ri.us/gen_assembly/. In that document appeared the following language:
13 "In December 2002, **Harrah's Entertainment, Inc. ("Harrah's")**, the owner/operator of 26
14 casinos in 13 states, announced a partnership with Rhode Island's Narragansett Tribe…" (Page 1,
15 third full paragraph). On Page 10 of that document, in the third paragraph, was the following
16
17 language: "**Harrah's has witnessed it on tribal lands with the** Ak Chin Indian reservation
18 outside of Phoenix, the Cherokee reservation in North Carolina, the Prairie Band of Pottawatomi
19 Indians in Kansas **and the Rincon band of Mission Indians outside of San Diego. And, the**
20 **same can be said for Harrah's *other* properties** in Missouri, Louisiana, Atlantic City, New
21 Jersey, Nevada, and Iowa." [Bold and italics added for emphasis.]
22

24     9.    On December 20, 2007, I accessed the website for Harrah's Rincon Casino in
25 Valley Center, San Diego County, California. [http://www.harrahs.com/casinos/harrahs-rincon-
26 san-diego/hotel-casino/property-home.shtml] In the window in the top, center of the page
27                                4
28                                           CASE NO. 07 CV 2226 DMS (AJB)

11

immediately read **"Harrah's Entertainment ® Loading Content."** The window then said **"Las Vegas Action, San Diego Style!"**

10. It is absolutely untrue that Plaintiff filed a "Declaration of James M. Kinder in Support of Filing By Vexatious Litigant in" in *James M. Kinder v. Sprint PCS Assets, LLC, et al.*, United States District Court, Southern District of California, Case No. 07CV2049 WQH JMA. No such declaration was filed in that case.

11. It is true that, in some previous TCPA matters, I filed Declarations by my client to support the initial complaint filed therewith. That is because the clerk's office at the San Diego Superior Court ("civil business office") erroneously required same before they would accept a new filing. After jumping through the unnecessary hoop several times, as in *James M. Kinder v. Allied Interstate*, San Diego Superior Court Case No. GIC 850543, which filing was approved by then Presiding Judge Janis Sammartino on February 26, 2007, the civil business no longer required my client to submit a declaration to be approved by the Presiding Judge. At some point on a date I cannot recall, a clerk with the court stated that the Court's in-house legal department had advised them that as long as my client filed through counsel, no approval from the Presiding Judge was necessary. Since then, no such approval has been required by the court in any new filing by Mr. Kinder, whether the action was for violations of the TCPA or not.

12. The fact that no court approval should have ever been required when my client filed through counsel was ratified by then Presiding Judge Sammartino on June 28, 2007. In

1  *James M. Kinder v. Adecco, Inc.*, San Diego Superior Court Case No. GIC882000, Adecco filed
2  a Notice of Vexatious Litigant, affecting an automatic stay of that litigation. I timely filed an
3  opposition and Judge Sammartino lifted the stay, holding that the pre-filing order and CCP §
4  391.7 did not apply because Mr. Kinder had filed that action through counsel and not *In Propria*
5  *Persona*. A true and correct copy of Judge Sammartino's Order is attached hereto as Exhibit A.
6
7
8      I declare under penalty of perjury under the laws of the State of California and the laws of
9  the United States that the foregoing is true and correct and that this declaration was executed by
10 me on December 21, 2007 in San Diego, California.
11
12
13 DATED: December 21, 2007

                                             By: /s/ Chad Austin
                                               CHAD AUSTIN, Esq., Attorney for
                                               Plaintiff, JAMES M. KINDER
                                               Email: chadaustin@cox.net