MARIA C. ROBERTS, State Bar No. 137907
mroberts@sheastokes.com
RONALD R. GIUSSO, State Bar No. 184483
rgiusso@sheastokes.com
SHEA STOKES ROBERTS & WAGNER, ALC
510 MARKET STREET, THIRD FLOOR
SAN DIEGO, CALIFORNIA 92101-7025
TELEPHONE:    (619) 232-4261
FACSIMILE:    (619) 232-4840

Attorneys for HARRAH'S ENTERTAINMENT, INC.; HARRAH'S OPERATING COMPANY, INC.; HARRAH'S MARKETING SERVICES CORPORATION; HARRAH'S LAUGHLIN, INC.; HARRAH'S LICENSE COMPANY, LLC; and HBR REALTY COMPANY, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. KINDER,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>HARRAH'S ENTERTAINMENT, INC.; HARRAH'S OPERATING COMPANY, INC.; HARRAH'S MARKETING SERVICES CORPORATION; HARRAH'S LICENSE COMPANY, LLC; HARRAH'S LAUGHLIN, INC.; HBR REALTY COMPANY, INC. and DOES 1 through 100, inclusive,<br><br>　　　　Defendants. | CASE NO. 07-CV-2132-DMS (AJB)<br>[Consolidated with 07 CV 2226 DMS (POR)]<br><br>Judge:　　　　Hon. Dana M. Sabraw<br>Mag. Judge:　Hon. Anthony J. Battaglia<br><br>**REPLY IN SUPPORT OF MOTION BY DEFENDANTS TO REMAND ACTION TO STATE COURT DUE TO LACK OF DIVERSITY JURISDICTION**<br><br>Date:　　　June 13, 2008<br>Time:　　　1:30 p.m.<br>Courtroom:　12 |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

I.

## INTRODUCTION

KINDER is well-versed with the Telephone Consumer Protections Act as he has sued using this law enacted by Congress many times. Such lawsuits, including the present action, must abide by all the rules, including the rules which mandate whether or not this Court has diversity jurisdiction over this action. The laws governing diversity jurisdiction are not gratuitous; they are clear mandates of Congress. To re-cap, diversity jurisdiction exists **only** "where the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs . . . ." (28 U.S.C. §1332(a).) If it is shown that the amount in controversy was less than $75,000 at the time of removal, the matter is appropriately remanded to state court. (*Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).)

In his opposition to the motion to remand, KINDER concedes that the sum total of telephone calls at issue is 7. Even if KINDER makes out "willful" violations of the Telephone Consumer Protections Act ("TCPA"), the maximum he could recover for each such telephone call is $1,500. Factoring in a very liberal estimate for attorneys' fees on top of that, the $75,000 threshold amount in controversy required for this Court to maintain diversity jurisdiction is clearly not met. Given KINDER's and his counsel's judicial admissions regarding the number of telephone calls, the total amount in controversy at the time of removal was far short of this Court's jurisdictional threshold. It is not even a close call. Therefore, this case must be remanded to the San Diego County Superior Court as the District Court patently lacks diversity jurisdiction under 28 U.S.C. §1332(a).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## II.

### KINDER'S OPPOSITION DOES NOT CHANGE THE FACT THAT THERE IS A SUM TOTAL OF 7 TELEPHONE CALLS AT ISSUE.

Reading KINDER's opposition, one might think the total number of telephone calls allegedly made by "Harrah's" might actually be in dispute. "… [T]here may be additional calls made by HARRAH'S and revealed during discovery which are not yet known to Plaintiff because he was not able to record them." (Oppo., p. 4:2-3.) This argument (*i.e.*, that discovery may reveal additional calls to push the amount in controversy from $10,500 to $75,000) is contradicted by the sworn declaration of Attorney Chad Austin. Because KINDER himself has not submitted any evidence in opposition to the motion to remand, all that the Court has to consider from Plaintiff in this regard is the sworn declaration of KINDER's attorney, which reads:

> Plaintiff has in his possession and I have personally listened to the tape recordings of **each and every call (7 in total) made by Defendants to Plaintiff's number assigned to a paging service 619-999-9999**, a San Diego, California wireless telephone number.

(Exh. 3, ¶3 (emphasis added).) There is no ambiguity in these words. There are a total of 7 telephone calls that JAMES M. KINDER alleges "Harrah's" made which violated the TCPA. KINDER, through his attorney, swears that "each and every call (7 in total)" are the calls that are at issue in this case. (*Id.*) No spin on this undisputed fact or hope that more calls **may be** "revealed during discovery" can make the amount in controversy come remotely close to $75,000. Without that jurisdictional threshold amount, this Court lacks diversity jurisdiction and that result is inescapable.

## III.

### A MAXIMUM OF $1,500 PER VIOLATION TIMES 7 TELEPHONE CALLS DOES NOT EQUAL $75,000 - NO MATTER HOW YOU DO THE MATH.

KINDER acknowledges that the most he could possibly recover under the TCPA is $10,500 ($1,500 per violation x 7 telephone calls). (Oppo., p. 4:15-16.) KINDER next argues that he might recover an additional $10,500 by way of his claims under California Civil Code

§1770(a)(22)(A). KINDER cites no case law or other precedent to support the argument that he can recover twice, under two different statutes, for the same 7 telephone calls. ***What makes further analysis of this point utterly unnecessary is that even if KINDER were correct, then the total amount in controversy would still only be $21,000 – a whopping $54,000 short of the threshold amount necessary for diversity jurisdiction.***

The other basis for recovery, of course, is attorneys' fees. However, if KINDER is arguably entitled to $10,500 (which he is only entitled to if he can make out "willful" violations of the TCPA), then one would have to multiply that recovery <u>over six-fold</u> to come up with a number even close to the jurisdictional threshold amount. If attorneys' fees are recoverable by a plaintiff by a statute, the fee claim is included in determining the amount in controversy. (*Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).) That does not mean that inclusion of attorneys' fees is a rubber stamp for the amount in controversy requirement.

Lastly, KINDER pins his hopes to reach the $75,000 threshold amount on an award of punitive damages. KINDER concedes that "punitive damages are closely scrutinized where they make up the *bulk* of the amount in controversy ..." (Oppo., p.6:1-2 (italics in original).) But then, using what could best be described as "fuzzy math," KINDER states without any factual, declaratory, or legal support that: "given that statutory penalties and attorney's fees alone may exceed the jurisdictional amount in this case, punitive damages do not comprise the bulk of the amount in controversy." (Oppo., p. 6:7-10.) It does not take a math whiz to comprehend that if the maximum damages KINDER can recover under the statute is $10,500[1], then if punitive damages made up the remainder of the amount needed to reach the threshold of $75,000, those punitive damages would be the **bulk** of the recovery, even factoring in a reasonable amount of attorneys' fees.

---

[1] Even if one assumes, for argument's sake, that KINDER is entitled to $21,000 for duplicative recovery, punitive damages would obviously make up the bulk of the recovery in order to meet the threshold of $75,000.

1  Maintaining diversity jurisdiction by a speculative punitive damages claim is closely
2  scrutinized by the trial court. (*Anthony v. Security Pacific Financial Services, Inc.*, 75 F.3d 311,
3  315 (7th Cir. 1996); *State of Missouri ex. rel. Pemiscot County v. Western Surety Company*, 51
4  F.3d 170, 173 (8th Cir. 1995); *Miller v. European American Bank*, 921 F.Supp. 1162, 1167 (SD
5  NY 1996); *H&D Tire and Automotive Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 329
6  (5th Cir. 2000).) Moreover, considering the facts of this case, if proven by KINDER, are
7  essentially that some "Harrah's" entity made 7 phone calls to a pager number that KINDER set up
8  to operate as a litigation business and which was never even answered by KINDER, it is very
9  unlikely that such facts would lead a trier of fact to award punitive damages. In any event,
10 KINDER's math (adding in duplicative recovery under multiple statutes and over a 600% factor of
11 attorneys' fees) is unconvincing and does nothing to meet the jurisdictional threshold for this Court
12 to maintain diversity jurisdiction.

## IV.

### KINDER'S IMPLICIT ARGUMENT THAT THE MOTION TO REMAND IS UNTIMELY IS UNSUPPORTED BY LAW OR FACT.

KINDER makes much ado about the fact that one of the Moving Defendants, Harrah's Entertainment, Inc., initially removed this case to the District Court.[2] KINDER basically re-cites the history of motions in this action (which were denied without prejudice). Such procedural history does not satisfy the amount in controversy requirement for this Court to exercise diversity jurisdiction. He then goes on to argue that Harrah's should have been aware for quite some time that only 7 telephone calls were at issue. (Oppo, p. 5:4-16.) KINDER's implicit argument in this regard, that somehow the motion to remand is untimely, is entirely a red herring, and there is no law to support it.

/ / /

---

[2] KINDER's opposition incorrectly names a single Moving Defendant as "Harrah's Entertainment, Inc." The motion to remand was brought by all named defendants.

1   The law is unambiguous and is as follows: If it is shown that the amount in controversy
2   was less than $75,000 **at the time of removal**, the matter is appropriately remanded to state court.
3   (*Sierminski,* 216 F.3d at 949.) The law is not, and KINDER has cited none in this regard, that a
4   defendant must constantly evaluate whether the facts alleged by the plaintiff continue to support
5   diversity, every week the case is pending. Rather, it is well settled that jurisdiction cannot be
6   waived. (*Mansfield, Coldwater & Lake Michigan Railway Co. v. Swan,* 111 U.S. 379, 382
7   (1884).) Even the party which invoked federal jurisdiction may later challenge it. (*American Fire*
8   *& Casualty Co. v. Finn,* 341 U.S. 6, 17-18 (1951).) Federal jurisdiction must be rejected if there is
9   any doubt as to the right of removal in the first instance. (*Libhart v. Santa Monica Dairy Co.,* 592
10  F.2d 1062, 1064 (9th Cir. 1979).) In deciding whether to remand, a district court is not limited to
11  the state of evidence at the time the petition for removal was filed, but it can rely upon calculations
12  of the amount in controversy provided by the defendant subsequent to the removal. (*Sierminski,*
13  216 F.3d at 947-948.)

15  The fact remains that when this case was removed, KINDER's original Complaint never
16  mentioned the total number of telephone calls he alleged were made by "Harrah's" for which he
17  was seeking recovery. (Exh. 1.) The closest he ever got, in his First Amended Complaint, was
18  alleging that there were "at least 7 occasions during the statutory period of the last 4 years,
19  pursuant to 28 U.S.C. section 1658" on which such calls were made to his pager. (Exh. 2, ¶15.)
20  Now, KINDER concedes several times that the sum total of telephone calls at issue is only 7.
21  (Oppo., p. 5:4-10; Exh. 3, ¶3.) Therefore, the only conclusion that these facts lead to is that at the
22  time of removal, based on the 7 telephone calls at issue, the jurisdictional threshold amount was
23  not met in this action. Therefore, this action must be remanded to state court. (28 U.S.C. §
24  1332(a); *Sierminski,* 216 F.3d at 949.)
25  / / /
26  / / /
27  / / /
28  / / /

## V.

## **CONCLUSION**

In some parts of his opposition, KINDER argues that maybe there are more than 7 telephone calls that will be eventually discovered and at issue. And, in other parts, KINDER argues that Harrah's should have been aware for a long time that he was only ever alleging a grand total of 7 telephone calls. Neither of these arguments, nor any of the points raised in KINDER's opposition, contradict the judicial admissions of KINDER who concedes repeatedly that the total number of calls made by "Harrah's entities" to his client's pager number is 7. (Exhs. 3, 4.) Based on these undisputed admissions, it is apparent that, at the time of the removal of this action, because there were only **seven** telephone calls made by any "Harrah's entity" to KINDER's number, the jurisdictional threshold of $75,000 was never met. (28 U.S.C. § 1332(a); *see*, *Singer v. State Farm*, 116 F.3d at 373, 376 (1997).) This Court is respectfully requested to remand this action forthwith to the Superior Court of San Diego County, as it is apparent that diversity jurisdiction is lacking.

SHEA STOKES ROBERTS & WAGNER, ALC

Dated: June 6, 2008         By:  s/Maria C. Roberts
                                 Maria C. Roberts
                                 Ronald R. Giusso
                                 Attorneys for HARRAH'S ENTERTAINMENT, INC.; HARRAH'S OPERATING COMPANY, INC.; HARRAH'S MARKETING SERVICES CORPORATION; HARRAH'S LAUGHLIN, INC.; HARRAH'S LICENSE COMPANY, LLC; and HBR REALTY COMPANY, INC.

*Kinder v. Harrah's Entertainment, Inc.*
United States District Court, Southern District of California Case No. 07 CV 2132 (DMS (AJB)
[Consolidated with Case No. 07 CV 02226 DMS (POR)]

## PROOF OF SERVICE

I, Maria C. Roberts, caused the attorney(s) on the service list to be served via the Court's electronic filing system per local Rule 5.4.

On June 6, 2008, I served the following document(s) described as:

- **REPLY IN SUPPORT OF MOTION BY DEFENDANTS TO REMAND ACTION TO STATE COURT DUE TO LACK OF DIVERSITY JURISDICTION**

**Chad Austin**
chadaustin79@hotmail.com
chadaustin@cox.net

**DFS SERVICES LLC**
HMoore@bidnakeys.com

**David Israel**
disrael@sessions-law.biz
dblack@sessions-law.biz

**Debbie P Kirkpatrick**
dpk@sessions-law.biz,mmw@sessions-law.biz,amc@sessions-law.biz

**Bryan C Shartle**
bshartle@sessions-law.biz

**Jonathan Andrews Boynton**
jboynton@knlh.com,vperez@knlh.com

**Mark E Ellis**
mellis@ecplslaw.com,restrella@ecplslaw.com

**David J Kaminski**
kaminskid@cmtlaw.com

**John Winfield Klein**
jklein@pnbd.com

**Harvey Michael Moore**
HMOORE@BIDNAKEYS.COM,JTHOMPSON@BIDNAKEYS.COM

-1-   CASE NO. 07-CV-2132-DMS (AJB)
[Consolidated with 07 CV 2226 DMS (POR)]

1  **Tom Roddy Normandin**
   tnormandin@pnbd.com,jwade@pnbd.com,bkemmis@pnbd.com
2
       Executed on June 6, 2008, at San Diego, California.
3
       I declare under penalty of perjury under the laws of the United States that the foregoing is
4  true and correct.
5
6                                              s/Maria C. Roberts
                                               Maria C. Roberts
7