1
2
3
4
5
6
7
8              **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   JAMES M. KINDER,                          CASE NO. 07CV2132 (Individual case
                                               no. 07cv2226 consolidated with master
12                          Plaintiff,         case no. 07cv2132)

13        vs.                                  **ORDER DENYING**
                                               **DEFENDANTS' MOTION TO**
14                                             **REMAND**
                                               [Doc. 66]
15

16   HARRAH'S ENTERTAINMENT, INC.,

17                          Defendant.

18

19        Pending before the Court is Defendants' motion to remand.  Defendants removed this action

20   to federal court on November 21, 2007, based on diversity jurisdiction.  Now, Defendants move for

21   remand, arguing that while the parties are diverse, the amount in controversy does not exceed the

22   jurisdictional threshold of $75,000.  Plaintiff opposes the motion.

23        Where diversity jurisdiction is absent, either party may move to remand – even the defendant

24   who initially caused the removal.  *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 7 (1951).  If, as here,

25   the complaint is unclear or ambiguous as to the amount in controversy, the party wishing to remain

26   in federal court must prove by a preponderance of evidence that the amount in controversy meets the

27   jurisdictional threshold.  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

28   While the Court may consider evidence acquired after removal, the jurisdictional facts that support

                                       - 1 -                                    07CV2226

1    removal must be judged *at the time* of removal. *Sierminski v. Transouth Fin'l Corp.*, 216 F.3d 945,

2    949 (11th Cir. 2000).  The Court must therefore determine whether removal was proper at the time

3    Defendants removed the action.

4        Plaintiff's original complaint alleges violations of the federal Telephone Consumer Protection

5    Act of 1991 (TCPA), Section 17200 of the California Business and Professions Code, and California

6    Civil Code § 1770(a)(22)(A).  It also alleges a claim for Trespass to Chattel.  Based upon these claims,

7    Plaintiff seeks statutory and common law damages, punitive damages, injunctive relief, and attorney's

8    fees.  In the removal papers, Defendants acknowledged that it is "facially apparent [from the

9    complaint] that Plaintiff's claims more likely than not exceed $75,000 based on the list of damages."

10   (Case No. 07cv2226, Doc. 1 at 2-3).

11       Nonetheless, Defendants now argue Plaintiff's attorney's subsequent declarations provide

12   evidence that the damages in controversy are limited to those recoverable under the TCPA for seven

13   phone calls.  (Mot. at 5).  In particular, Defendants point to Plaintiff's attorney's declaration that he

14   has "personally listened to the tape recordings of each and every call (7 in total) made by Defendants

15   to Plaintiff's number assigned to a paging service . . . ." (D's Exh. 3).  Defendants calculate the total

16   award for seven calls would be no more than $10,500 in statutory damages, even if all seven phone

17   calls were deemed to be "willful."  It is not clear, however, that Plaintiff's attorney intended to admit

18   that Defendants made only seven calls.  Instead, given the context of the declaration, it appears he

19   merely intended to represent, for purposes of authenticating attached transcripts of calls, that he

20   *personally listened* to all seven *recorded* calls.  In addition, even if the imprecise wording of this

21   declaration has the effect of limiting the amount of statutory damages under the TCPA, the original

22   complaint alleges numerous state law claims and prays for compensatory and punitive damages

23   thereon, as well as attorney's fees.  These allegations are sufficient to meet the threshold jurisdictional

24   requirements at the time of removal.  Defendants' motion to remand is therefore denied.

25   / / /

26   / / /

27   / / /

28   / / /

07CV2226

1    **IT IS SO ORDERED.**

2

3    DATED:  July 2, 2008

4    _____

5    HON. DANA M. SABRAW
     United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07CV2226