1    DAVID J. KAMINSKI, ESQ. (State Bar No. 128509)
    KaminskiD@cmtlaw.com
2    STEPHEN WATKINS, ESQ. (State Bar No. 205175)
    WatkinsS@cmtlaw.com
3    CARLSON & MESSER LLP
    5959 W. Century Boulevard, Suite 1214
4    Los Angeles, California 90045
    (310) 242-2200 Telephone
5    (310) 242-2222 Facsimile

6    Attorneys for Defendant,
    ASSET ACCEPTANCE, LLC

7

8

                UNITED STATES DISTRICT COURT

9

            SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| JAMES M. KINDER, an individual, ) | CASE NO. 07-cv2132-DMS-AJB |
| ) | |
| Plaintiff, ) | **MEMORANDUM OF POINTS AND** |
| ) | **AUTHORITIES IN SUPPORT OF** |
| vs. ) | **DEFENDANTS' MOTION FOR AN** |
| ) | **ORDER REQUIRING PLAINTIFF POST A** |
| ASSET ACCEPTANCE, LLC and DOES ) | **BOND AS A VEXATIOUS LITIGANT** |
| 1 through 100, inclusive, ) | **PURSUANT TO C.C.P. § 391.1, OR, IN** |
| ) | **THE ALTERNATIVE TO ALLOW** |
| Defendants. ) | **DEFENDANTS TO FILE A MOTION TO** |
| ) | **REQUIRE THAT PLAINTIFF POST A** |
| ) | **BOND AS A VEXATIOUS LITIGANT** |
| ) | |
| ) | Date:      May 1, 2009 |
| ) | Time:      1:30 |
| ) | Courtroom: 10 |
| ) | |
| _____ ) | |

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER
TO REQUIRE PLAINTIFF TO POST A BOND
05670.00/152019                                 CASE NO. .3:07-cv2132-DMS-AJB

1

## TABLE OF CONTENTS

2
PAGE NO.

3   I.      INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

4   II.     KINDER'S VEXATIOUS LITIGANT STATUS IN STATE COURT DOOMED HIS
           STATE COURT TCPA ACTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

5
           1.      Kinder Was Deemed a Vexatious Litigant in the Superior Court of San Diego
6                  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

7          2.      Kinder's State Court TCPA Actions Were Dismissed Because He Failed to Post
                   a Bond as a Vexatious Litigant . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

8
    III.    ARGUMENT

9
           A.      The TCPA Mandates That This Court Apply California's Vexatious Litigant
10                 Statute Because the TCPA is to be Treated As If It Were State Law . . . . . . . . 4

11         B.      As the TCPA Requires that a Plaintiff Comply With State Law, This Court
                   Should Apply California's Vexatious Litigant Statute . . . . . . . . . . . . . . . . . . 7
12
                   1.      California's Vexatious Litigant Bond Requirement Bars Actions
13                         Pursuant to State Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

14                 2.      The Vexatious Litigant Bond Requirement Has Already Deterred
                           Kinder's TCPA Claims in State Court Pursuant to State Law . . . . . . . 8
15
           C.      This Court Should Apply California's Vexatious Litigant Statute Pursuant to
16                 Erie As It Would Prove Determinative of the Outcome of This Case . . . . . . . . 9

17                 1.      Application of the Requirement for a State Court Vexatious Litigant to
                           Post a Bond Does Not Conflict With Any Federal Rules . . . . . . . . . . . 11
18
                   2.      Application of the Requirement for a State of Vexatious Litigant to Post
19                         A Bond Serves a Substantive State Interest . . . . . . . . . . . . . . . . . 11

20                 3.      Application of the Requirement for a State Court Vexatious Litigant to
                           Post a Bond Discourages Forum Shopping . . . . . . . . . . . . . . . . . . 13
21
                   4.      Application of the Requirement for a State Court Vexatious Litigant to
22                         Post a Bond Avoids Inequitable Administration of the Law . . . . . . . . 14

23         D.      Defendants Can Show That Kinder Must Post a Bond Under the Vexatious
                   Litigant Statute . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
24
                   1.      Kinder is Clearly a Vexatious Litigant . . . . . . . . . . . . . . . . . . . . . . 15
25
                   2.      The Finding of the State Court in the Kinder State Cases That Kinder
26                         Did Not Have a Reasonable Probability of Success is Collateral
                           Estoppel In This Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

    a. The Issues Decided in the Kinder State Cases Are Identical With the Current Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .16

    b. There Was a Final Judgment on the Merits in the Kinder State Cases . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .17

    c. Kinder Was a Party to the Prior Litigation . . . . . . . . . . . . . . . . . . . . .18

  E. If This Court Does Not Hold That Collateral Estoppel Supports a Finding That Kinder Does Not Have a Reasonable Probability of Prevailing on the Merits, Defendants Request Leave to File a Motion to Require that Kinder Post a Bond . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .18

IV. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .18

1

**TABLE OF AUTHORITIES**

2
**PAGE NOS.**

3
*Allen v. McCurry,*
　　449 U.S. 90, 102-05, 66 L. Ed. 2d 308, 101 S. Ct. 411 (1980). . . . . . . . . . . . . . . . . .  15

4
*Bonime v. Avaya, Inc.*
　　547 F.3d 497 (2d Cir. N.Y. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4,5,6,7,8

5

6
*Camerado Ins. Agency, Inc. v. Superior Court*
　　(1993) 12 Cal. App. 4th 838 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8,12

7
*Clark v. Nevans*
8
　　2007 U.S. Dist. LEXIS 76898 (E.D. Cal. Oct. 16, 2007) . . . . . . . . . . . . . . . . . . . . . 12

9
*Cohen v. Beneficial Indus. Loan Corp.*
　　337 U.S. 541, 93 L. Ed. 1528, 69 S. Ct. 1221 (1949) . . . . . . . . . . . . . . . . . . . . . . . 11

10
*Erie R.R. v. Tompkins*
11
　　304 U.S. 64, 82 L. Ed. 1188, 58 S. Ct. 817 (1938) . . . . . . . . . . . . . . . . . . . . . . . . 3,4,5,9

12
*Feldman v. Allstate Ins. Co.*
　　322 F.3d 660 (9th Cir. Cal. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

13
*Gasperini v. Ctr. for Humanities, Inc.*
14
　　518 U.S. 415, 116 S. Ct. 2211, 135 L. Ed. 2d 659 (1996) . . . . . . . . . . . . . . . . . . . . . .5

15
*Gottlieb v. Carnival Corp.*
　　436 F.3d 335 (2d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

16
*Grey v. Fibreboard Paper Products Co.*
17
　　65 Cal. 2d 240 (1966). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .17

18
*Guaranty Trust Co. v. York*
　　326 U.S. 99, 89 L. Ed. 2079, 65 S. Ct. 1464 (1945) . . . . . . . . . . . . . . . . . . . . . 5, 9, 10

19
*Hanna v. Plumer*
20
　　380 U.S. 460, 85 S. Ct. 1136, 14 L. Ed. 2d 8 (1965) . . . . . . . . . . . . . . . . . . . . . . . 5,10

21
*International Science & Tech. Inst. v. Inacom Communs.*
　　106 F.3d 1146 (4th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

22
*Luckett v. Keylee*
23
　　147 Cal. App. 4th 919 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

24
*Murphey v. Lanier*
　　204 F.3d 911 (9th Cir. Cal. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

25

26
*Powell v. Alleghany Corp.*
　　2001 U.S. Dist. LEXIS 25411 (C.D. Cal. June 21, 2001) . . . . . . . . . . . . . . . . . . . . 12

27

28

iii

1

*Sanders v. Cleannet of S. Cal., Inc.*
    135 Fed. Appx. 936 (9th Cir. Cal. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

2

*Singh v. Lipworth*
    132 Cal. App. 4th 40 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8,13

3

*Snead v. Metropolitan Prop. & Cas. Ins. Co.*
    237 F.3d 1080 (9th Cir. Or. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9,10

4

5

*Stolz v. Bank of America*
    15 Cal. App. 4th 217 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8,15, 16, 17

6

7

*United States ex rel. Newsham v. Lockheed Missiles & Space Co.*
    190 F.3d 963 (9th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10,11,13,14

8

*Walker v. Armco Steel Corp.*
    446 U.S. 740, 753 (U.S. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

9

10

*Wilcox v. Superior Court*
    27 Cal. App. 4th 809 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

11

12

*Wolfe v. George*
    385 F. Supp. 2d 1004 (N.D. Cal. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

13

*Wolfe v. San Francisco Food Bank*
    2007 Cal. App. Unpub. LEXIS 3419 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*PAGE NOS.*

*STATUTES*

**California Civil Code**

*Cal. Civ. Proc.* § 391.1 ............................................................. 3,7,8,10,13,15

*Cal Civ. Proc.* § 391.3 ............................................................. 13

*Cal. Civ. Proc.* § 391.4 ............................................................. 13

*Cal. Civ. Proc.* § 391.6. ............................................................. 13

*Cal. Civ. Proc* § 425.16(b) ............................................................. 10, 11

*Cal. Civ. Proc* § 425.16(c) ............................................................. 10, 11

**New York Civil Practice Law and Rules**

**(CPLR) Section 901(b)** ............................................................. 5,6

**Federal Statutes**

**47 U.S.C. §227 (b)(3)** ............................................................. 4,6,8

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

The cases currently before this court are but a fraction of the extensive questionable litigation initiated by Plaintiff James M. Kinder ("Kinder") in the state courts of California.  Since early 2000, Kinder has filed hundreds of state court lawsuits in California, alleging nearly identical violations of the Telephone Consumer Protection Act ("TCPA").  Not surprisingly, in 2003, the Superior Court of San Diego declared Kinder a vexatious litigant and precluded him from filing any new state court litigation based on the TCPA.  (*See* October 7, 2003, Order of Judge John S. Einhorn in Superior Court Case No. GIC 818820, denying vexatious litigant Plaintiff from even filing such actions, attached as Exhibit "A" to Defendants' Request for Judicial Notice ("RJN") in Support of Motion.)

Undaunted, commencing in 2007, Plaintiff brought 74 new lawsuits in the San Diego Superior Court (the "Kinder State Cases").  However, the defendants in those cases successfully brought a motion pursuant to *Code of Civil Procedure* section 391.1 to require that Kinder to post a bond to maintain the Kinder State Cases because (1) Kinder was previously deemed a vexatious litigant and (2) defendants demonstrated Kinder had no reasonable probability of prevailing.  *(See* May 6, 2008 Minute Order, Ex. 2 to RJN.)

After Kinder failed to furnish the court-ordered security, the Kinder State Cases were eventually dismissed on July 28, 2008 and judgment of dismissal entered on October 28, 2008. *(See* October 28, 2008 Judgement of Dismissal, Ex. 2 to RJN.)

Nine of the Kinder cases filed in the San Diego Superior Court in 2007 were removed to the United States District Court for the Southern District of California (the "Kinder Federal Cases") and were not part of the Kinder State Cases mentioned above.

Kinder's legion of TCPA actions filed in the state courts has resulted in a gross manipulation of a statutory penalty intended for small claims courts into potentially ruinous liability for numerous defendants.  Despite the removal of the Kinder Federal Cases to this court sitting in diversity, defendants in this action are facing the same questionable claims as were the defendants in Kinder's previous state court litigation.  As shown below, the statutory mandates of

1   the TCPA that bar claims that cannot be brought under state law and the doctrine of *Erie R.R. v.*

2   *Tompkins*, 304 U.S. 64, 82 L. Ed. 1188, 58 S. Ct. 817 (1938) require this court to apply the

3   California state law requirement that a vexatious litigant be required to post a bond.  Therefore,

4   Defendants request that this Court issue an Order requiring that Kinder furnish security as a

5   vexatious litigant pursuant to *Code of Civil Procedure* section 391.1, or in the alternative, permit

6   Defendants to file a motion to request that Kinder furnish security as a vexatious litigant pursuant

7   to section 391.1, in order to avoid the inequitable administration of law between state and federal

8   forums.

9   **II.**   **KINDER'S VEXATIOUS LITIGANT STATUS IN STATE COURT DOOMED HIS**

10         **STATE COURT TCPA ACTIONS**

11         **1.**   **Kinder Was Deemed a Vexatious Litigant in the Superior Court of San Diego**

12         Kinder was declared a vexatious litigant by the Superior Court of San Diego as of May 21,

13   2003.  (*See* RJN, Ex. "1".)  Therefore, Kinder was subject to a requirement that he post a bond to

14   furnish security, upon the successful motion of the defendants in his state court actions.  *Cal. Civ.*

15   *Proc* § 391.1.

16         **2.**   **Kinder's State Court TCPA Actions Were Dismissed Because He Failed to Post**

17         **a Bond as a Vexatious Litigant**

18         Beginning on or about 2007-2008, Kinder brought 74 different TCPA actions in the San

19   Diego Superior Court.  These state court actions were consolidated on February 14, 2008 (the

20   "Kinder State Cases").  The defendants in the Kinder State Cases brought a motion pursuant to

21   California *Code of Civil Procedure* section 391.1 for an order requiring Kinder to post a bond due

22   to his vexatious litigant status, and due to the fact he could not demonstrate a reasonable

23   probability of prevailing on the merits, the state court granted the motion, and required Kinder post

24   a bond in the amount of $1,500,000.  (*See* RJN, Exhibits 2, 3.)  Kinder never furnished the ordered

25   security, and the Kinder State Cases were therefore dismissed on July 28, 2008 (*See* RJN, Ex. "3".)

26         In granting the motion of the Kinder State Court Defendants, the San Diego Superior Court

27   recognized Kinder's vexatious litigant status and that "there was not a reasonable probability that

28   [Kinder] would prevail in this litigation" pursuant to section 391.1 (*See* RJN, Exhibits 2, 3.)

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER
TO REQUIRE PLAINTIFF TO POST A BOND
05670.00/152019                                    CASE NO. .3:07-cv2132-DMS-AJB

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

1  Similarly, this Court should apply the relevant State law, recognize Kinder's vexatious litigant

2  status, and require that Kinder post a bond in this action pursuant to section 391.1, or in the

3  alternative, allow Defendants to file a motion to request that Kinder post bond pursuant to section

4  391.1, as shown below.

5  **III.    ARGUMENT**

6      **A.    The TCPA Mandates That This Court Apply California's Vexatious Litigant**

7         **Statute Because the TCPA is to be Treated As If It Were State Law**

8        Congress's stated purpose in enacting the TCPA was to "protect the privacy interests of

9  residential telephone subscribers  by placing restrictions on unsolicited, automated telephone calls

10  to the home and to facilitate interstate commerce by restricting certain uses of facsimile (fax)

11  machines and automatic dialers." *Bonime v. Avaya, Inc.*, 547 F.3d 497, 499 (2d Cir. N.Y.

12  2008)(citing S. Rep. No. 102-178, at 1 (1991).)  The legislative history of the TCPA "indicates that

13  Congress intended the TCPA to provide interstitial law preventing evasion of state law by calling

14  across state lines." *Gottlieb v. Carnival Corp.*, 436 F.3d 335, 342 (2d Cir. 2006) (internal quotation

15  marks omitted).  Therefore, although the TCPA is a federal statute, the private right of action

16  created by the TCPA allows a person or entity to, "if otherwise permitted by the laws or rules of

17  court of a State, bring in an appropriate court of that State," an action for a violation of the TCPA.

18  (See 47 U.S.C. § 227(b)(3).)

19        The Fourth Circuit has held that private actions under the TCPA should "be treated as small

20  claims best resolved in state courts designed to handle them, so long as the states allow such

21  actions." *International Science & Tech. Inst. v. Inacom Communs.*, 106 F.3d 1146, 1151 (4th Cir.

22  1997).  The Ninth Circuit has followed the Fourth Circuit's recognition of the unique nature of the

23  TCPA as a federal statute to be interpreted by state courts to decline federal jurisdiction of a TCPA

24  action on the grounds that state courts had exclusive jurisdiction.  *Murphey v. Lanier*, 204 F.3d

25  911, 915 (9th Cir. Cal. 2000). In doing so, the Ninth Circuit stated "We join the Second, Third,

26  Fourth, Fifth, and Eleventh Circuits in 'the somewhat unusual conclusion that state courts have

27  exclusive jurisdiction over a cause of action created by' a federal statute, the Telephone Consumer

28  Protection Act of 1991.'" *Id.* (citations omitted).

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

4

Similarly, citing section 227(b)(3), the Second Circuit has noted "While the TCPA is not state law, Congress has clearly indicated that the courts should treat it as though it were." *Bonime*, 547 F.3d at 501.

In *Bonime*, Plaintiff brought a putative class action in federal court in New York alleging violations of the TCPA. *Id.* at 497. The district court dismissed the complaint on the grounds that New York law did not permit private actions for violations of the TCPA to be brought as class actions. *Id.* The Second Circuit upheld the district court's ruling.

At issue was New York Civil Practice Law and Rules ("CPLR") Section 901(b) which denied class actions where there was no statute that specifically authorized a penalty for the class action claims. *Id.* at 500. As the TCPA did not specifically authorize recovery of statutory damages in a class action, CPLR 901(b) barred the plaintiff's action under New York state law. *Id.* The plaintiff argued that CPLR 901(b) did not apply because the TCPA was a federal statute and CPLR was a state procedural law. The Second Circuit rejected both arguments. *Id.* at 501.

The *Bonime* court noted that pursuant to *Erie R.R. v. Tompkins*, 304 U.S. 64, 82 L. Ed. 1188, 58 S. Ct. 817(1938), "federal courts sitting in diversity apply state substantive law and federal procedural law." *Id.* (citing *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427, 116 S. Ct. 2211, 135 L. Ed. 2d 659 (1996). Although Plaintiff asserted that *Erie* did not apply to his TCPA claims because his TCPA claims arose under federal law and not state law, the *Bonime* court strongly disagreed. The Second Circuit held that pursuant to Section 227(b)(3), "Because the TCPA functionally operates as state law, we must apply the *Erie* doctrine to the TCPA, though the requirement to do so derives from Congressional instruction, and not from the Supreme Court's decision in *Erie*." *Id.*

With respect to the plaintiff's argument that CPLR 901(b) was state procedural law, not substantive law, the *Bonime* court performed an *Erie* analysis. The Second Circuit noted that, as explained by the Supreme Court, the twin aims of the *Erie* rule are the "discouragement of forum-shopping and avoidance of inequitable administration of the laws." *Id.* (citing *Hanna v. Plumer*, 380 U.S. 460, 468, 85 S. Ct. 1136, 14 L. Ed. 2d 8 (1965))

The Second Circuit held that pursuant to *Erie*, CPLR 901(b) was substantive and not

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

5

procedural in nature, because allowing plaintiff to file federal TCPA class actions when denied by New York state courts, would encourage forum-shopping in clear opposition to the directives of the *Erie* decision. *Id.* at 502.

Moreover, the Second Circuit held that a "second, ***independent*** [of *Erie*] reason reinforce[d] their conclusion." *Id.* (emphasis added). It noted that Section 227(b)(3) of the TCPA provides that a party may bring a TCPA action "***if otherwise permitted by the laws or rules of court of a State***" *Id.* (citing 47 U.S.C.§ 227(b)(3))(emphasis added). The *Bonime* court held that "This statutory language is unambiguous–a claim under the TCPA **cannot be brought if not permitted by state law.**" *Id.* (emphasis added). The Second Circuit held that Section 227(b)(3) was therefore "an express limitation on the TCPA which federal courts are required to respect."

Therefore, pursuant to *Bonime*, this Court has *two* bases for applying the California vexatious litigant statute–pursuant to proper statutory construction of the TCPA statue or pursuant to the *Erie* doctrine.

In terms of simple statutory construction, Section 227(b)(3) bars actions that cannot be brought under state law. As shown below, Kinder should be required to post a bond in this case, or, in the alternative, Defendants should be allowed to file a motion to require that Kinder post a bond in this case, as he has been deemed a vexatious litigant in state court, and has no reasonable probability of success in the current action. *See* Section III.D, *infra.* Therefore, if state law was applied to Kinder's case, and if he failed to post a bond, the current action would be barred. *See* Section III.B, *infra.*

With respect to the *Erie* doctrine, the *Bonime* court held that (1) *Erie* applied to TCPA actions, because the TCPA was to be treated as a state law for *Erie* purposes; (2) under *Erie*, the New York state law barring state TCPA class actions (CPLR 901(b)) was substantive in nature; and (3) therefore CPLR 901(b) applied to plaintiff's action. Similarly, in the present consolidated actions, (1) *Erie* applies to Kinder's TCPA action; (2) under *Erie*, the vexatious litigant bond requirement is substantive in nature; and (3) and therefore the vexatious litigant bond requirement applies to the consolidated actions. *(See* Section III.C, *infra.)*

Therefore, this Court should apply the vexatious litigant bond requirement of Section 391.1

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

6

1  to the current action.

2      **B.**    <u>As the TCPA Requires that a Plaintiff Comply With State Law, This Court</u>

3      <u>Should Apply California's Vexatious Litigant Statute</u>

4      The Second Circuit in *Bonime* held the "statutory language [of Section 227(b)(3)] is

5  unambiguous–a claim under the TCPA **cannot be brought if not permitted by state law.**"

6  *Bonime,* 547 F.3d at 501.  (emphasis added).  As shown below, if Section 391.1 was applied to this

7  action, Kinder would be required to post a bond.  If he is not able to furnish such security, his

8  action would be subject to dismissal, just as his 74 TCPA cases in the San Diego Superior Court

9  were dismissed in the Kinder State Cases for failure to post a bond.  (*See* Ex. "3", RJN.)  As the

10  TCPA mandates that Kinder comply with state law, he should be subject to the security posting

11  requirement of Section 391.1.

12      **1.**    <u>California's Vexatious Litigant Bond Requirement Bars Actions Pursuant to</u>

13      <u>State Law</u>

14      Upon the motion of a defendant, a vexatious litigant such as Kinder is required to furnish

15  security before proceeding with his pending litigation where, as here, there is not a reasonable

16  probability that the vexatious litigant will prevail on the merits of his alleged claims.  As set forth

17  in *Code of Civil Procedure* section 391.1, in pertinent part:

18      "In any litigation pending in any court of this state, at any time until final judgment

19      is entered, *a defendant may move the court, upon notice and hearing, for an order*

20      *requiring the plaintiff to furnish security*. The motion must be based upon the

21      ground, and supported by a showing, *that the plaintiff is a vexatious litigant and*

22      *that there is not a reasonable probability that he will prevail* in the litigation

23      against the moving defendant."

24  *Cal. Civ. Proc.* § 391.1 (emphasis added).

25      If the defendant shows that plaintiff is (1) a vexatious litigant and (2) there is not a

26  reasonable probability that the plaintiff will prevail, the court shall require the plaintiff post

27  security of:

28      "[A]n undertaking to assure payment, to the party for whose benefit the undertaking

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

7

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

is required to be furnished, **of the party's reasonable expenses, including**

**attorney's fees and not limited to taxable costs**, incurred in or in connection with

a litigation instituted, caused to be instituted, or maintained or caused to be

maintained by a vexatious litigant."

*Cal. Civ. Proc.* § 391 (emphasis added).

The Court of Appeal has recognized that the purpose of the bond requirement is to deter

lawsuits by a vexatious litigant:

" 'The vexatious litigant statutes were enacted to require a person found a vexatious

litigant to put up security for the reasonable expenses of a defendant who becomes

the target of one of these obsessive and persistent litigants whose conduct can cause

serious financial results to the unfortunate object of his attack.' **The legislative**

**purpose would be frustrated by a construction of the statute which would**

**permit a vexatious litigant to avoid the protection afforded potential targets**

**simply by obtaining counsel.** "

*Camerado Ins. Agency, Inc. v. Superior Court* (1993) 12 Cal. App. 4th 838, 842. (emphasis added).

It is clear that in practice, Section 391.1 serves to deter vexatious litigants, as courts

routinely dismiss cases pursuant to the failure of a vexatious litigant to furnish security pursuant to

Section 391.1. *See Singh v. Lipworth*, 132 Cal. App. 4th 40, 43 (2005)(affirming dismissal for

failure to post a bond); *Stolz v. Bank of America*, 15 Cal. App. 4th 217 (1993)(same).  Moreover, as

shown below, Kinder has already had claims identical to those asserted in this case dismissed for

failure to post a security.

2.      <u>The Vexatious Litigant Bond Requirement Has Already Deterred Kinder's</u>

<u>TCPA Claims in State Court Pursuant to State Law</u>

Section 227(b)(3) of the TCPA provides that a party may bring a TCPA action "if otherwise

permitted by the laws or rules of court of a State." 47 U.S.C.§ 227(b)(3).  *See also Bonime,* 547

F.3d at 501.  The defendants in the Kinder State Cases brought a motion pursuant to California

*Code of Civil Procedure* section 391.1 for an order requiring Kinder to post a bond due to his

vexatious litigant status.  The state court granted the motion, and required Kinder post a bond in

8

1   the amount of $1,500,000.  (*See* RJN, Exhibits 2, 3.)  Kinder never furnished the ordered security,

2   and the Kinder State Cases were therefore dismissed on July 28, 2008.   (*See* Ex. "3 ", RJN.)

3   Kinder's failure to furnish security in the Kinder State Cases barred his action as a matter of state

4   law.

5          In our case, as shown below, (*See* Section III.D, *infra*)  Kinder has been deemed a vexatious

6   litigant under state law, and Defendants can show good reason why Kinder should be required to

7   post a bond or otherwise not be permitted to proceed with his case as a matter of state law.

8   Therefore, as a matter of pure statutory construction of Section 227(b)(3), because Defendants can

9   show that Kinder's action would not be permitted under state law, he should be required to furnish

10  security in this case.  In addition to the clear statutory mandates of the TCPA, the *Erie* doctrine

11  also requires that Kinder be required to furnish security in this case.

12   **C.**      **This Court Should Apply California's Vexatious Litigant Statute Pursuant to**

13          ***Erie* As It Would Prove Determinative of the Outcome of This Case**

14          "In diversity cases, a federal court must conform to state law to the extent mandated by the

15  principles set forth in the seminal case of *Erie R.R. v. Tompkins*, 304 U.S. 64, 82 L. Ed. 1188, 58 S.

16  Ct. 817(1938)."  *Feldman v. Allstate Ins. Co*, 322 F.3d 660, 666 (9th Cir. Cal. 2003).  Pursuant to

17  *Erie* and its progeny, federal courts sitting in diversity apply state substantive law and federal

18  procedural law.  *Id.*

19          As stated by the Supreme Court, "classification of a law as "substantive' or "procedural"

20  for Erie purposes is sometimes a challenging endeavor."  *Snead v. Metropolitan Prop. & Cas. Ins.

21  Co.,* 237 F.3d 1080, 1090 (9th Cir. Or. 2001)(citing *Gasperini*, 518 U.S. at  427).  The Ninth

22  Circuit has recognized that the Supreme Court has propounded an "outcome determination" test."

23  *Id*.  Under that test, the following question is asked: " 'Does it significantly affect the result of a

24  litigation for a federal court to disregard a law of a state that would be controlling in an action upon

25  the same claim by the same parties in a State court?' "  *Id.* (quoting *Guaranty Trust Co. v. York*, 326

26  U.S. 99, 109, 89 L. Ed. 2079, 65 S. Ct. 1464 (1945)).

27          The Supreme Court in *Gasperini* noted that it had previously qualified the *Guaranty Trust*

28  "outcome-determination" test, holding that it "*must not be applied mechanically* to sweep in all

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

9

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

1  manner of variations." *Gasperini*, 518 U.S. at 427 (citing *Hanna*, 380 U.S. 460 at 468). (emphasis

2  added).  In light of this authority, whether disregard of state law would affect the outcome of an

3  action "must be guided by the twin aims of the *Erie* rule: discouragement of forum-shopping and

4  avoidance of inequitable administration of the law."  *Snead*, 237 F.3d at 1090.

5        If the federal rules and state procedural rules do not conflict, and the state procedural rules

6  serve a substantial state interest, the court may apply state law.  *See United States ex rel. Newsham*

7  *v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 973 (9th Cir. 1999).  The Ninth Circuit in

8  *Newsham* recognized that the California anti-SLAPP[1] statute, although seemingly procedural in

9  nature, had a substantive impact.

10        In *Newsham*, the Ninth Circuit addressed whether two subsections of the California

11  Anti-SLAPP statute may properly be invoked in federal court. The subsections in question were the

12  special motion to strike SLAPP suits (CCP § 425.16(b)), and the availability of fees and costs to a

13  prevailing party in an Anti-SLAPP suit (CCP § 425.16(c)).  *Id.*

14        The *Newsham* court held that these provisions clearly sought the expeditious weeding out

15  of meritless claims before trial, and therefore should be applied in federal court as they served a

16  substantive state interest.  Similarly, in our case, the vexatious litigant statute was enacted "to

17  restrain misuse of the legal system by self-represented parties who continually relitigate the same

18  issues." *Luckett v. Keylee*, 147 Cal. App. 4th 919, 924 (2007).

19        Moreover the anti-SLAPP statutes at issue in *Newsham* (CCP §§ 425.16(b),(c)) would

20  allow a defendant to strike a SLAPP suit if a plaintiff could not show "that there is a probability"

21  he or she would prevail on the claim and entitled a defendant that prevailed in a SLAPP suit to fees

22  and costs.   The bond requirement of the California vexatious litigant statute similarly requires that

23  a defendant show that plaintiff does not have a "reasonable possibility" of success, and authorizes

24  potential payment of fees and costs to a defendant in the form of a bond. *See Cal. Civ. Proc. §*

25  391.1.  Therefore, the Ninth Circuit's reasoning in *Newsham* should apply to this case.

26  _____

27      [1]SLAPP refers to the name and focus of the statute - "Strategic Lawsuit Against Public
Participation."  SLAPP lawsuits are aimed at "preventing citizens from exercising their political rights or
punishing those who have done so,"and only seek to gain an economic advantage over the defendant, not to
28  assert a viable right of the plaintiff. *Wilcox v. Superior Court*, 27 Cal. App. 4th 809, 816 (1994)

As shown below, the *Erie* analysis in *Newsham* supports Defendants' position that the California vexatious litigant bond requirement be imposed in the present case because (1) the bond requirement does not conflict with any federal rules; (2) the California vexatious litigant statute serves a substantive state interest; (3) application of the state vexatious litigant bond requirement discourages forum shopping; and (4) application of the state vexatious litigant bond requirement would avoid inequitable administration of the law.

**1.    Application of the Requirement for a State Court Vexatious Litigant to Post a Bond Does Not Conflict With Any Federal Rules**

The Ninth Circuit in *Newsham* recognized that the California Anti-SLAPP statute and Federal Rules 8, 12, and 56, in some respects, served similar purposes, namely the expeditious weeding out of meritless claims before trial.  *Newsham*, 190 F.3d 963, 973.  However, the court noted that this "commonality of purpose," however, does not constitute a "direct collision" as there was no indication that the Federal Rules were intended to "occupy the field" with respect to pretrial procedures aimed at weeding out meritless claims. *Id.*  The Ninth Circuit recognized that the California Anti-SLAPP statute was crafted to serve an interest not directly addressed by the Federal Rules: the protection of "the constitutional rights of freedom of speech and petition for redress of grievances." *Id.* (citing *Cal. Civ. Proc* § 425.16(a).)

Similarly, in our case, Kinder cannot point to any federal rule in conflict with the state law mandate that Kinder may be required to post a bond as a state court vexatious litigant.  *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 556, 93 L. Ed. 1528, 69 S. Ct. 1221 (1949) (holding that a state law requiring posting of a bond in shareholder derivative suits could be enforced in addition to, and consistently with, Rule 23).  Therefore, this factor supports applying bond requirement in C.C.P. § 391.1 to Kinder.

**2.    Application of the Requirement for a State Court Vexatious Litigant to Post a Bond Serves a Substantive State Interest**

As stated above, the Ninth Circuit held that the very language of the Anti-SLAPP statute set forth a substantive state interest--the protection of "the constitutional rights of freedom of speech and petition for redress of grievances." *Newsham*, 190 F.3d 963, 973 (citing *Cal. Civ.*

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

11

CARLSON & MESSER LLP

5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

1   *Proc* § 425.16(a).)  Similarly, the vexatious litigant bond requirement serves a substantive state

2   interest:

3        "The vexatious litigant statutes were enacted to require a person found a vexatious

4        litigant to put up security for the reasonable expenses of a defendant who becomes

5        the target of  one of these obsessive and persistent litigants whose conduct can cause

6        serious financial results to the unfortunate object of his attack." The legislative

7        purpose would be frustrated by a construction of the statute which would permit a

8        vexatious litigant to avoid the protection afforded potential targets simply by

9        obtaining counsel.

10  *Camerado Ins. Agency, Inc. v. Superior Court* (1993) 12 Cal. App. 4th 838, 842.

11       The Northern District in *Wolfe v. George*, 385 F. Supp. 2d 1004, 1014 (N.D. Cal. 2005)

12  held that California's vexatious litigant statute did not violate the constitution as it was not

13  overbroad or vague, and it served the state's interest "in controlling the unfettered abuse of the legal

14  system" by overriding "a litigant's personal interest in filing frivolous pleadings."

15       The United States District Court for the Central District of California (the "Central

16  District") has already recognized the state substantive interest embodied in California's vexatious

17  litigant statute.  Specifically, Central District Local rule 83-8.4 provides: "[t]he Court may, at its

18  discretion, proceed by reference to the Vexatious Litigant statute of the State of California, Cal.

19  Code Civ. Proc. §§ 391 - 391.7."  Referring to the California vexatious litigant statute, the Central

20  District declared a plaintiff a vexatious litigant based on his two state court actions and one federal

21  court action.  *See Powell v. Alleghany Corp.*, 2001 U.S. Dist. LEXIS 25411 at *15 (C.D. Cal. June

22  21, 2001)

23       Similarly, the Eastern District has held that a plaintiff was a vexatious litigant under C.C.P.

24  § 391 based on the plaintiff's frivolous pleadings in both state and federal court.  *See Clark v.

25  Nevans*, CIV S-07-1086 FCD KJM PS, 2007 U.S. Dist. LEXIS 76898 (E.D. Cal. Oct. 16, 2007);

26  *See also Sanders v. Cleannet of S. Cal., Inc.*, No. 04-56887, 135 Fed. Appx. 936, 937-38 (9th Cir.

27  Cal. 2005)(holding that the district court did not abuse its discretion by entering a vexatious litigant

28  order against plaintiff because it was the fifth time he attempted to litigate his claims and had

12

1    previously been declared a vexatious litigant by a California state court)

2        In light of the substantive state interest served by the bond requirement of the vexatious

3    litigant statute, this Court should apply this requirement to Kinder.

4    **3.    Application of the Requirement for a State Court Vexatious Litigant to Post a**

5        **Bond Discourages Forum Shopping**

6        The Court of Appeal in *Newsham* noted that although Federal Rules 12 and 56 allowed a

7    litigant to test the opponent's claims before trial, California's "special motion to strike" added an

8    additional, "unique weapon to the pretrial arsenal, a weapon whose sting is enhanced by a

9    entitlement to fees and costs." *Newsham*, 190 F.3d 963, 973.  It found that if the state anti-SLAPP

10   provisions were held not to apply in federal court, a litigant "interested in bringing meritless

11   SLAPP claims would have a significant incentive to shop for a federal forum." *Id.*

12       Similarly, the requirement of a vexatious litigant to post a bond under California state law

13   is also a "unique weapon to the pretrial arsenal."  An order requiring the vexatious litigant to post

14   such a bond is mandatory and only requires a showing that (1) the plaintiff has been declared a

15   vexatious litigant and (2) there is no "reasonably probability" that the plaintiff will prevail in the

16   current litigation. *See Cal. Civ. Proc.* § 391.3.  Upon the filing of a motion, the litigation is

17   automatically stayed until after the motion is heard. *See Cal. Civ. Proc.* § 391.6.  If the motion is

18   granted, the security must be posted or the case must be dismissed.  In addition, in the event the

19   defendant ultimately prevails in the litigation, the statute authorizes an award of attorney's fees and

20   costs against the plaintiff. *See Singh v. Lipworth* (2005) 132 Cal. App 4th 40, 43.  Conversely, if

21   the security is not timely posted, the litigation must be dismissed. *See Cal. Civ. Proc.* § 391.4.

22       Kinder has already been forced to post a bond in the Kinder State Cases.  He failed to

23   furnish security and those cases were dismissed. (*See* Ex. "3" to RJN.)  Therefore, Kinder would

24   certainly prefer a federal forum to avoid any potential bar to his claims before this court.  This is

25   the exact reason why section 391.1 of the *Code of Civil Procedure* should apply in this case  - to

26   prevent a vexatious litigant whose case could be barred in the California State Court from

27   obtaining an unrestricted forum in the Federal Courts merely because his cases are pending in a

28   Federal forum.

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

13

**4.      Application of the Requirement for a State Court Vexatious Litigant to Post a Bond Avoids Inequitable Administration of the Law**

The Ninth Circuit in *Newsham* also recognized the inequitable administration of the law that would arise if a litigant otherwise entitled to the protections of the state Anti-SLAPP statute would have considerable disadvantage in a federal proceeding without said statute. *Newsham*, 190 F.3d 963, 973.  Similarly, if Kinder is required to post a bond in state court, but not in federal court, this would subject Defendants to a considerable disadvantage in this federal proceeding within California.

As noted by the U.S. Supreme Court in opining on the issue of inequitable administration of the law:

> There is simply no reason why, in the absence of a controlling federal rule, an action based on state law which concededly would be barred in the state courts by the state statute of limitations ***should proceed through litigation to judgment in federal court solely because of the fortuity that there is diversity of citizenship between the litigants***. The policies underlying diversity jurisdiction do not support such a distinction between state and federal plaintiffs, ***and Erie and its progeny do not permit it.***

*Walker v. Armco Steel Corp.*, 446 U.S. 740, 753 (U.S. 1980)(emphasis added).

The present Kinder consolidated cases are pending in the Federal Court by virtue of diversity jurisdiction.  According to the Supreme Court in *Walker, supra,* the equitable administration of justice mandates the imposition of the California vexatious litigant bond requirement upon Kinder in the present Federal litigation.  As all four of the factors recited in the *Newsham* decision favor the imposition of the state vexatious litigant bond requirement, this Court should apply the State statute in the consolidated Federal cases.

**D.      Defendants Can Show That Kinder Must Post a Bond Under the Vexatious Litigant Statute**

As shown above, clearly this Court must apply the bond requirement of the vexatious litigant statute to this case.  If Kinder is (1) deemed to be a vexatious litigant and (2) found not to

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

14

1   have a reasonable probability of success in this case, Defendants can require him to furnish

2   security. *See Cal. Civ. Proc.* § 391.1. Defendants can establish both elements, as shown below.

3       **1.     Kinder is Clearly a Vexatious Litigant**

4       It is beyond dispute that Kinder is a vexatious litigant for the purposes of Section 391.1.

5   Pursuant to Section 391(b)(4), a vexatious litigant means a person who "[h]as previously been

6   declared to be a vexatious litigant by any state or federal court of record in any action or

7   proceeding based upon the same or substantially similar facts, transaction, or occurrence." *See*

8   *Cal. Civ. Proc.* § 391(b)(4).  Kinder has already been declared a vexatious litigant in the Kinder

9   State Cases (*See* Ex. "2" to RJN), which, as shown below, present the substantially the same facts

10  as those in the Kinder Federal Cases.

11      **2.     The Finding of the State Court in the Kinder State Cases That Kinder Did Not**

12             **Have a Reasonable Probability of Success is Collateral Estoppel In This Case**

13      Collateral estoppel applies if (1) the issue decided in the prior case is identical with the one

14  now presented; (2) there was a final judgment on the merits in the prior case; and (3) the party to

15  be estopped was a party to the prior adjudication. *Stolz v. Bank of America*, 15 Cal. App. 4th 217,

16  222 (1993)(citations omitted).  Moreover, with respect to issue preclusion, where the judgment is

17  rendered by a state court, the state judgment is given the same issue preclusive effect in federal

18  court as it would have in the courts of the rendering state. *Allen v. McCurry*, 449 U.S. 90, 102-05,

19  66 L. Ed. 2d 308, 101 S. Ct. 411 (1980).

20      The decision in *Stolz* provides a critical framework for the application of collateral estoppel

21  in this case.  In *Stolz*, the trial court entered an order finding plaintiff to be a vexatious litigant

22  within the meaning of Section 391(b)(1).  *Id.* at 221.  The trial court made its vexatious litigant

23  determination in part based on the collateral estoppel effect of the court's previous holding that

24  plaintiff was a vexatious litigant in another case, *Stolz v. KROY 96.9 FM Radio* ("the KROY

25  litigation").  *Id.*  In the *KROY* litigation, plaintiff had also been declared a vexatious litigant, and

26  his case was dismissed for failure to post security.  *Id.* at 222 & n.6.  Mirroring the court's decision

27  in the KROY litigation, the trial court in *Stolz* found plaintiff had no reasonable probability of

28  prevailing in the current action before the court, and the court ordered him to furnish security.  *Id.*

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

15

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

1    at 221.  When plaintiff failed to furnish security, the court ordered the action dismissed, and

2    entered judgment for defendant.  *Id.*

3       On appeal, the plaintiff objected to the trial court's judicial notice of the *KROY* litigation to

4    make its collateral estoppel determination.  *Id.* at 222.  The Court of Appeal rejected this

5    argument.  It held that the determination in the KROY litigation was " final and conclusive." *Id.*

6    at 223.  It also held that to extent that the determination of whether plaintiff was a vexatious

7    litigant were the same in the current case before the court and the KROY litigation, plaintiff

8    "cannot challenge anew such determinations."  *Id.*

9       As shown below, pursuant to *Stolz*, the principles of collateral estoppel clearly establish

10    that Kinder does not have a reasonable probability of success in this action.

11      a.     **The Issues Decided in the Kinder State Cases Are Identical With the Current**

12          **Case**

13       Both the Kinder State Cases and the current action are TCPA cases based on calls alleged

14    made to the same "999-9999" number alleged assigned to a paging device.  (See Exhibit "2"to RJN

15    & Declaration of Chad Austin in Support of Opposition to Defendant Harrah's Motion to Declare

16    Plaintiff a Vexatious Litigant, attached as Exhibit "1" to the Declaration of Stephen A. Watkins.)

17    The court in the Kinder State Cases held that there was no reasonable probability that Kinder

18    would prevail based on the grounds that (1) the Kinder State Cases were brought in contravention

19    of the intent of the TCPA statute and (2) based on Defendants' defense of assumption of risk.  This

20    holding was based on evidence that Kinder intentionally used the "999-9999" number to subject

21    himself to calls that allegedly violated the TCPA.  (*See* May 6, 2008 Order, Ex. "2" to RJN.)  The

22    defendants in the Kinder State Cases argued that Kinder had disconnected the paging function for

23    the "999-9999" number such that the number would be used only as a stand-alone voicemail to

24    receive calls.  (*See* RJN, Ex. "2".)

25       With respect to its holding that the Kinder State Cases clearly conflicted with the intent of

26    the TCPA statute, the San Diego Superior Court held as follows:

27        "The TCPA is not intended to apply to circumstances such as is presented in this
         case where the Plaintiff ***intentionally subjects himself to unwanted telephone calls***

28        ***and disconnects the number from his pager device,*** connects the number to a voice

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER
TO REQUIRE PLAINTIFF TO POST A BOND

mail tape-recording systems and employs a staff to listen to the voice mail message and catalog the calls for the sole purpose of filing lawsuits."

(*See* May 5, 2008 Order, pg. 3)

The court held that it found "Plaintiff's conduct intentionally subjecting himself to unwanted telephone calls, as a matter of policy, precludes Plaintiff's recovery under the TCPA." (*Ibid.*, pg. 4).

The court also embraced the defense raised by the Kinder State Cases Defendants of assumption of risk, whereby there may be no liability if the "plaintiff voluntarily undertakes to encounter a specific known risk imposed by defendant's conduct." (Ibid., pg. 3).(citing *Grey v. Fibreboard Paper Products Co.*, 65 Cal. 2d 240, 244 (1966).) In particular, the court held "the court finds applying assumption of the risk as a bar to Plaintiff's TCPA consistent with the express language of 47 U.S.C. §227(b)(3)(if otherwise permitted by the laws or rules of court of a State") as recognized by case law." (Ibid., pg. 5.)

The San Diego Superior Court held that Kinder would not have a reasonable probability of success based on findings that Kinder voluntarily subjected himself to calls on his "999-9999" number that would possibly violate the TCPA. It is this same "999-9999" number that is at issue in this case (*See* Watkins Decl., Ex. "1") and therefore this presents an identical issue for the purposes of collateral estoppel.

**b.**   <u>**There Was a Final Judgment on the Merits in the Kinder State Cases**</u>

As shown above, the determinations the court made in the Kinder State Cases are final for the purposes of collateral estoppel. See *Stolz, supra at 223; Wolfe v. San Francisco Food Bank*, Nos. CGC-05-447769, CGC-06-450243, 2007 Cal. App. Unpub. LEXIS 3419 at *22 (holding "there was a final judgment on the limited question of [plaintiff] meeting the requirements of section 391 [in a previous action dismissed for failure to furnish a bond] and, as already settled in *Stolz*, such a determination is final for the purposes of collateral estoppel.")

**c.**   <u>**Kinder Was a Party to the Prior Litigation**</u>

Without question, Kinder was a party to the Kinder State Cases, and is the plaintiff in the current action. Therefore, this element of collateral estoppel is satisfied.

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

**E.** **If This Court Does Not Hold That Collateral Estoppel Supports a Finding**
**That Kinder Does Not Have a Reasonable Probability of Prevailing on the**
**Merits, Defendants Request Leave to File a Motion to Require that Kinder**
**Post a Bond**

As shown above, both the statutory language of the TCPA, and the *Erie* doctrine, mandate that this Court apply the California vexatious litigant statute in this case.  Moreover, as shown in Section III.D, *supra*, Defendants maintain that the court in this case is bound to make the same ruling as held in the Kinder State Cases--that Kinder has no reasonable probability of success on his TCPA claims and therefore he is obligated to post a bond pursuant to Section 391.1.

However, if this Court holds that it is not bound by the previous ruling of the San Diego Superior Court, Defendants request leave of court to file a motion that Kinder be required to furnish security pursuant to Section 391.1.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER
TO REQUIRE PLAINTIFF TO POST A BOND

05670.00/152019                                           CASE NO. .3:07-cv2132-DMS-AJB

1   **IV.**   **CONCLUSION**

2          The TCPA expressly bars actions that cannot be maintained under state law.  Moreover, the

3   California vexatious litigant statute clearly serves a substantive state interest for the purposes of

4   *Erie* analysis, as it barred Kinder's previous cases in the San Diego Superior Court for failure to

5   post a bond.  Therefore, this Court should require that Kinder furnish security in this action

6   pursuant to  the California *Code of Civil Procedure* Section 391.1, or, in the alternative, allow

7   Defendants to file a Motion for an Order that requests Kinder furnish security in this action

8   pursuant to Section 391.1, pursuant to proper statutory construction of the TCPA and pursuant to

9   the *Erie* doctrine.

10

11   DATED: March 20, 2009                    CARLSON & MESSER LLP

12

13                                            By   /s/ David J. Kaminski
                                                  David J. Kaminski, Esq.
14                                                Stephen Watkins, Esq.
                                                  Attorneys for Defendant,
15                                                ASSET ACCEPTANCE, LLC

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER
TO REQUIRE PLAINTIFF TO POST A BOND
05670.00/152019                                      CASE NO. 3:07-cv2132-DMS-AJB

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                             )   ss.
COUNTY OF LOS ANGELES        )

I am employed in the County of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action; my business address is 5959 W. Century Blvd., Suite 1214, Los Angeles, California 90045.

On **March 20, 2009**, I served the foregoing document described as: **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR AN ORDER REQUIRING PLAINTIFF POST A BOND AS A VEXATIOUS LITIGANT PURSUANT TO C.C.P. § 391.1, OR, IN THE ALTERNATIVE TO ALLOW DEFENDANTS TO FILE A MOTION TO REQUIRE THAT PLAINTIFF POST A BOND AS A VEXATIOUS LITIGANT** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒   (**VIA U.S. MAIL**)
       I sealed such envelope(s) and placed it (them) for collection and mailing on this date following the ordinary business practices of Carlson & Messer LLP. I am "readily familiar" with the business practices of Carlson & Messer LLP for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence would be deposited with the United States Postal Service at Los Angeles, California this same day in the ordinary course of business with postage thereon fully prepaid.

☐   (BY PERSONAL SERVICE)
       By causing to be personally delivering the document(s) listed above to the person(s) at the address(es) set forth on the attached service list.

☒   (Federal)
       I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐   (State)
       I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed this **20th day of March, 2009**, at Los Angeles, California.

_____
Linda Brooks

05670.00/152231

**Kinder v.  Asset Acceptance**
Our File No. 05670.00

| | |
|---|---|
| Chad Austin, Esq.<br>3129 India Street<br>San Diego, CA  92103-6014<br>Tel.:  (619) 297-8888<br>Fax:  (619) 295-1401 | Attorney for Plaintiff, James M. Kinder |
| Jonathan Andrews Boynton, Esq.<br>Kirby, Nooran, Lance & Hoge LLP<br>350 Tenth Avenue, Suite 1300<br>San Diego, CA  92101-8700<br>(619) 231-8666<br>(619) 23109593 | Attorney for Defendant, Bankfirst |
| Ronald R. Giusso, Esq.<br>Shea, Stokes, Roberts & Wagner, ALC<br>510 Market Street, Third Floor<br>San Diego, CA  92101<br>(619) 232-4261<br>(619) 232-4840 | Attorney for Defendants,<br>Harrah's Entertainment, Inc.; HBR Realty<br>Company, Harrah's Laughlin, Inc.; Harrah's<br>License Company, LLC; Harrah's Marketing<br>Services Corporation; Harrah's Operating<br>Company, Inc. |
| David Israel, Esq.<br>Sessions, Fishman, Nathan & Israel, L.L.P.<br>Lakeway Two, Suite 200<br>3850 North Causeway Blvd.<br>Metairie, LA  7002-7227 | Attorney for Defendant,<br>Nationwide Recovery Systems, LTD |

S

| | |
|---|---|
| Debbie P. Kirkpatrick, Esq.<br>Sessions, Fishman, Nathan and Israel<br>3667 Voltaire Street<br>San Diego, CA  92106-5018<br>(619) 758-1891<br>(619) 222-3667 | Attorney for Defendant,<br>Nationwide Recovery Systems, LTD |

05670.00/152231

| | |
|---|---|
| 1 | John Winfield Klein, Esq.        Attorney for Defendant, |
| 2 | Prenovost, Normandin, Bergh & Dawn    Enhanced Recovery Corporation |

John Winfield Klein, Esq.
Prenovost, Normandin, Bergh & Dawn
APC
2122 N. Broadway, Suite 220
Santa Ana, CA  92706
(714) 547-2444
(514) 835-2889

Attorney for Defendant,
Enhanced Recovery Corporation

Harvey Michael Moore, Esq.
The Moore Law Group APC
P.O. Box 25145
Santa Ana, CA  92799-5145
(800) 506-2652
(714) 754-9569

Attorney for Defendant
Discover Card Services, Inc.

Tom Roddy Normandin
Prenovost, Normandin, Bergh & Dawe
2122 N. Broadway, Suite 220
Santa Ana, CA  92706
(714) 547-2444
(514) 835-2889

Attorney for Defendant,
Enhanced Recovery Corporation

Marie C. Roberts
Shea, Stokes, Roberts & Wagner, ALC
510 Market Street, Third Floor
San Diego, Ca  92101
(619) 232-4261
(619) 232-4840

Attorney for Defendants,
Harrah's Entertainment, Inc.; HBR Realty
Company, Harrah's Laughlin, Inc.; Harrah's
License Company, LLC; Harrah's Marketing
Services Corporation; Harrah's Operating
Company, Inc.

05670.00/152231